# U.S. District Court - District of Colorado
## District of Colorado (Denver)
### CRIMINAL DOCKET FOR CASE #: 1:19-mj-00277-NYW-1

Case title: USA v. Goettsche

Other court case number: 19-877-CCC District of New Jersey in Newark

Date Filed: 12/10/2019

Assigned to: Magistrate Judge Nina Y. Wang

**Defendant (1)**

**Matthew Brent Goettsche**

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| 18 U.S.C. § 1349 CONSPIRACY TO COMMIT WIRE FRAUD, 18 U.S.C. § 371 CONSPIRACY TO OFFER AND SELL UNREGISTERED SECURITIES | |

**Plaintiff**

**USA**                              represented by **David Alan Tonini**
U.S. Attorney's Office-Denver
1801 California Street
Suite 1600
Denver, CO 80202
303-454-0100
Fax: 303-454-0403
Email: David.Tonini@usdoj.gov

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Federal Agency Attorney*

**Pegeen Denise Rhyne**
U.S. Attorney's Office-Denver
1801 California Street
Suite 1600
Denver, CO 80202
303-454-0323
Fax: 303-454-0409
Email: pegeen.rhyne@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Federal Agency Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/10/2019 | 2 | Arrest of Matthew Brent Goettsche. Initial Appearance - Rule 5 set for 12/10/2019 02:00 PM in Courtroom A 502 before Magistrate Judge Nina Y. Wang. (Text Only entry)(nmarb, ) (Entered: 12/10/2019) |
| 12/10/2019 | 3 | COURTROOM MINUTES for Initial Appearance, and Identity Hearing as to Matthew Brent Goettsche held on 12/10/2019 before Magistrate Judge Nina Y. Wang. Defendant present in custody with private counsel. Defendant advised. Government is seeking detention, and requests three days. Parties argue the application of 18 U.S.C §3142(f)(2) in this matter. Defendant WAIVES Identity Hearing. Waiver tendered. A Detention Hearing is set for 12/13/2019 02:00 PM in Courtroom A 401 before Magistrate Judge Kristen L. Mix. Defendant remanded. (Total time: 16 minutes, Hearing time: 2:25-2:41)<br><br>**APPEARANCES**: David Tonini on behalf of the Government, Patrick Ridley on behalf of the defendant, Amber Dodson on behalf of pretrial. FTR: Courtroom A-502. (bwilk, ) Text Only Entry (Entered: 12/10/2019) |
| 12/10/2019 | 4 | WAIVER of Rule 5 & 5.1 Hearings by Matthew Brent Goettsche. Waiver of Identity Hearing and production of the warrant. (bwilk, ) (Entered: 12/10/2019) |
| 12/10/2019 | 5 | NOTICE OF ATTORNEY APPEARANCE David Alan Tonini appearing for USA. Attorney David Alan Tonini added to party USA(pty:pla) (nmarb, ) (Entered: 12/11/2019) |
| 12/13/2019 | 6 | MOTION to Detain by USA as to Matthew Brent Goettsche. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K)(Tonini, David) (Entered: 12/13/2019) |
| 12/13/2019 | 7 | MOTION to Unrestrict Case by USA as to Matthew Brent Goettsche. (Attachments: # 1 Exhibit)(Tonini, David) (Entered: 12/13/2019) |
| 12/13/2019 | 8 | COURTROOM MINUTES for Detention Hearing as to Matthew Brent Goettsche held on 12/13/2019 before Magistrate Judge Kristen L. Mix. Defendant present in custody. Defendant wishes to proceed today rather than respond to the Government's motion 6 in writing. 7 Motion to Unrestrict Case as to Matthew Brent Goettsche as specified is |

|  |  |  | GRANTED. Parties proceed to hearing on Detention.

2:49 p.m. Government's argument. Government tenders Exhibits A through N to the court. Exhibits A-N admitted.

3:26 p.m. Defendant's argument. Defendant tenders exhibit to the court.

4:09 p.m. Rebuttal arguments.

4:24 p.m. 6 Motion to Detain as to Matthew Brent Goettsche is GRANTED. Defendant ORDERED detained. Defendant remanded for transport to the District of New Jersey - Newark. (Total time: 1 hour 45 minutes, Hearing time: 2:44-4:29)

**APPEARANCES**: David Tonini and Jamie Hoxie on behalf of the Government, Patrick Ridley and Kristen Frost on behalf of the Defendant, Tommie Anderson on behalf of Pretrial Services. FTR: Courtroom A-401. (bwilk, ) Text Only Entry (Entered: 12/13/2019) |
|---|---|---|---|
| 12/13/2019 | 9 | ORDER OF DETENTION as to Matthew Brent Goettsche by Magistrate Judge Kristen L. Mix on 12/13/19. (lgale, ) (Entered: 12/16/2019) |
| 12/13/2019 | 10 | COMMITMENT TO ANOTHER DISTRICT as to Matthew Brent Goettsche by Magistrate Judge Kristen L. Mix on 12/13/2019. Defendant committed to District of New Jersey - Newark. (bwilk, ) (Entered: 12/16/2019) |
| 12/13/2019 | 11 | Notice to New Jersey of Rule 5 Initial Appearance/Detention Hearing as to Matthew Brent Goettsche Your case number is: 19-877-CCC. Please use PACER court links to access the public docket and documents. If you wish to designate a different email address for future transfers, please send your request to InterdistrictTransfer_TXND@txnd.uscourts.gov. (Text Only Entry) (bwilk, ) (Entered: 12/16/2019) |
| 12/24/2019 | 13 | TRANSCRIPT of Detention Hearing as to Matthew Brent Goettsche held on December 13, 2019 before Magistrate Judge Mix. Pages: 1-58.

**NOTICE - REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**

Transcript may only be viewed at the court public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (Patterson Transcription Company, ) (Entered: 12/24/2019) |

AO 466A (Rev. 12/09) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
for the
District of Colorado

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 19-mj-00277-NYW |
| | ) | |
| MATTHEW BRANT GOETTSCH | ) | Charging District's Case No. |
| Defendant | ) | |

## WAIVER OF RULE 5 & 5.1 HEARINGS
(Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* NEW JERSEY

I have been informed of the charges and of my rights to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2) an identity hearing to determine whether I am the person named in the charges;

(3) production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4) a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;

(5) a hearing on any motion by the government for detention;

(6) request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☒ an identity hearing and production of the warrant.

☐ a preliminary hearing.

☐ a detention hearing.

☐ an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district. I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 12/10/19

_____
Defendant's signature

_____
Signature of defendant's attorney

PATRICK L. RIDLEY
Printed name of defendant's attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 19-mj-00277-NYW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MATTHEW BRENT GOETTSCHE,

    Defendant.

---

ORDER OF DETENTION

---

    THIS MATTER came before the Court for a detention hearing on December 13, 2019. Present were the following: David Tonini and Jamie Hoxie, Assistant United States Attorneys; Patrick Ridley and Kristen Frost, counsel for the defendant; and the defendant. The Court reviewed the Pretrial Services Report and considered the comments of counsel.

    The Court has concluded that no condition or combination of conditions of release will reasonably assure the appearance of the defendant and the safety of the community, based upon the attached findings.

    IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

    IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

    IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purposes of an appearance in connection with this proceeding.

    DATED and ENTERED this 13th day of December, 2019.

                                                BY THE COURT:

                                                s/ Kristen L. Mix
                                                U.S. Magistrate Judge
                                                Kristen L. Mix

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.  19-mj-00277-NYW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MATTHEW BRENT GOETTSCHE,

    Defendant.

---

FINDINGS OF FACT, CONCLUSION OF LAW and REASONS FOR
ORDER OF DETENTION

---

    THIS MATTER came before the Court for a detention hearing on December 13, 2019.  The Court has taken judicial notice of the Pretrial Services Report and considered the comments of counsel.

    In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; <u>or</u> (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community.  The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

    The Bail Reform Act, 18 U.S.C. § 3142(g), directs the Court to consider the following factors in determining whether there are conditions of release that reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1)    [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2)    the weight of the evidence against the person;

(3)    the history and characteristics of the person, including –

    (A)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B)    whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law;

        and

(4)      the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

In making my findings of fact, I have taken judicial notice of the information set forth in the entire court file and have considered the comments of counsel. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the defendant has been charged with violating 18 U.S.C. § 1349, conspiracy to commit wire fraud, and 18 U.S.C. § 371, conspiracy to offer and sell unregistered securities.

Second, the government made the following proffer: defendant and co-conspirators created and ran a Ponzi scheme based on sales of shares of pooled investments in cryptocurrency mining. In connection with the scheme, the business took in approximately $722 million in Bitcoin from investors, and defendant had access to cold storage wallets that have transferred at least $246 million in cryptocurrency. Defendant owns a private airplane, several properties around the world including an island in Belize, two properties in Costa Rica and an interest in a condominium in St. Kitts. Between May of 2016 and November 30 of 2019, defendant traveled internationally to at least 14 countries, including Costa Rica, Belize, Mexico, England, Canada, Germany, the Bahamas, Jamaica, Macedonia, Iceland, Japan, South Korea, Dubai and Hong Kong. Defendant applied for citizenship in St. Kitt's and recently supplemented his application, then withdrew it after his arrest. In the course of the scheme, defendant authored emails and other messages reflecting his directions to falsify business information to customers and auditors. Defendant engaged in obstructive behavior at the time of execution of a search warrant at his home and his arrest.

After considering all of the factors set forth in the Bail Reform Act and the offenses charged in this case, I find that no condition or combination of conditions of release will reasonably assure the appearance of the defendant and the safety of the community. In support of that finding, I note the factors listed above, as well as the lengthy sentence that could be imposed if the defendant is found guilty of the charged offense.

DATED and ENTERED this 13th day of December, 2019.

                                                BY THE COURT:

                                                s/ Kristen L. Mix
                                                U.S. Magistrate Judge
                                                Kristen L. Mix

AO 94 (Rev. 06/09) Commitment to Another District

# UNITED STATES DISTRICT COURT
for the
District of COLORADO

| | |
|---|---|
| United States of America<br>v.<br><br>MATTHEW BRENT GOETTSCHE<br>*Defendant* | )<br>)<br>) Case No. 19-mj-00277-NYW<br>)<br>) Charging District's<br>) Case No. 19-877-CCC |

## COMMITMENT TO ANOTHER DISTRICT

The defendant has been ordered to appear in the _____ District of NEW JERSEY ,
*(if applicable)* NEWARK division. The defendant may need an interpreter for this language:

_____ .

The defendant: ☒ will retain an attorney.

☐ is requesting court-appointed counsel.

The defendant remains in custody after the initial appearance.

**IT IS ORDERED:** The United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant. The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled. The clerk of this district must promptly transmit the papers and any bail to the charging district.

Date: December 13, 2019

_____
Judge's signature

Kristen L. Mix, U. S. Magistrate Judge
*Printed name and title*