UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Claire C. Cecchi |
| | : | |
| v. | : | Crim. No. 19-877 (CCC) |
| | : | |
| MATTHEW BRENT GOETTSCHE, | : | |
| [DEFENDANT TWO] | : | |
| JOBADIAH SINCLAIR WEEKS, | : | |
| JOSEPH FRANK ABEL, | : | |
| SILVIU CATALIN BALACI | : | |

**GOVERNMENT'S MOTION FOR ALTERNATIVE VICTIM NOTIFICATION UNDER 18 U.S.C. § 3771(d)(2)**

The United States of America (Craig Carpenito, United States Attorney for the District of New Jersey, by Anthony P. Torntore, Assistant United States Attorney) hereby respectfully moves this Court, pursuant to Title 18, United States Code, Section 3771(d)(2), for authorization to employ the victim notification procedures described below, in lieu of those prescribed by sections 3771(a), (b) and (c), on the grounds that the number of potential victims in this case makes it impracticable to accord all of the victims the rights described in subsection 3771(a).

BACKGROUND

On December 5, 2019, a grand jury sitting in the District of New Jersey returned an Indictment charging defendants Matthew Brent Goettsche ("Goettsche"), Jobadiah Sinclair Weeks ("Weeks"), Silviu Catalin Balaci ("Balaci") and one additional co-defendant with one count each of wire fraud conspiracy, in violation of 18 U.S.C. § 1349, and conspiring to promote the sale of an unregistered security, contrary to 15 U.S.C. § 77e and 77X, in violation of

18 U.S.C. § 371  (Crim. No. 19-877) (the "Indictment" or "Ind. ¶") (Ex. A). The Indictment additionally charged defendant Joseph Frank Abel ("Abel") with conspiring to promote the sale of an unregistered security, contrary to 15 U.S.C. § 77e and 77X, in violation of 18 U.S.C. § 371.  The charges contained in the indictment relate to the defendants' operation and promotion of Bitclub Network ("BCN").

As alleged in the indictment, BCN was a worldwide fraudulent scheme that solicited money from investors in exchange for shares of pooled investments in cryptocurrency mining and that rewarded existing investors for recruiting new investors.  Founded in 2014, BCN held itself out as a profit-seeking business venture.  Investors paid a $99 membership fee to be a part of BCN and then were provided the option to pay additional money for shares in what BCN purported were three mining pools that BCN would sustain using investor funds by, for example, purchasing mining equipment and computer power and engaging in cryptocurrency mining.

In fact, BCN solicited early investment by "faking" mining -- i.e., claiming that BCN operated a cryptocurrency mining pool when it in fact did not.  BCN further made and caused others to make materially false and fraudulent pretenses, representations, and promises to, and concealed material facts from, investors regarding aspects of BCN's investment products, including the information that was displayed to BCN's investors as proof of "bitcoin mining earnings" that purportedly were generated through BCN's bitcoin mining pool.

Through this scheme, BCN defrauded a significant number of investors in the United States and around the world.

## THE CRIME VICTIMS' RIGHTS ACT

The Crimes Victims' Rights Act ("the Act"), codified at Title 18, United States Code, Section 3771, provides certain rights to victims in federal criminal proceedings. Among these rights is the right to "reasonable, accurate, and timely notice" of public court proceedings. 18 U.S.C. § 3771(a). The Act requires "[o]fficers and employees of the Department of Justice and other departments and agencies of the United States engaged in the detection, investigation, or prosecution of crime shall make their best efforts to see that crime victims are notified of, and accorded, the rights described in subsection [3771](a)," 18 U.S.C. § 3771(c)(1), and it instructs the Court to "ensure that the crime victim is afforded" those rights. 18 U.S.C. § 3771(b). The Act defines a crime victim as "a person directly and proximately harmed as a result of the commission of a Federal offense," 18 U.S.C. § 3771(e), and recognizes that, for crimes involving multiple victims, the Court has discretion to adopt procedures to accord victim rights without unduly interfering with the criminal proceedings. Thus, 18 U.S.C. §3771(d)(2) provides:

> In a case where the court finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in subsection (a), the court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings.

The Act places no limitations on the alternative procedures which a Court may fashion other than that the procedures be reasonable to effectuate the Act and that they not unduly complicate or prolong the proceedings. *Id.*

Here, the "direct and proximate" victims of the charged conspiracy are the individual investors who purchased shares in BCN. Throughout the investigation and during the time period leading up to and following the indictment, special agents of the Federal Bureau of Investigation and the Internal Revenue Service, and others involved in the investigation, have worked to identify potential victims of the scheme, including interviewing investors and reviewing email and social media account records and other documents relating to the BCN conspiracy. This review revealed that there are likely thousands of victims in this case; that is, individuals who purchased shares of BCN in reliance on the various false and fraudulent misrepresentations made by the defendants and others. The Government has not yet fully identified or located all of the potential victims in this case.

This number of victims makes compliance with the notification requirements outlined in section 3771(a), (b) and (c) impracticable. Neither the Government nor the Court has the resources to accord all of the victims the notice required by subsection 3771(a). Indeed, it is unlikely that the Government will be able to identify, locate, and provide timely and accurate notification to all of the victims in this case prior to its conclusion. Accordingly, the task of tracking down and individually notifying the victims is likely to be cost-prohibitive relative to any potential recovery by the victim.

However, rather than seek a complete waiver of the notice provisions of the Act, the United States proposes that the Court authorize it to satisfy its notice obligations by providing notice by publication, which the Government has done online at a website managed by the U.S. Department of Justice since the unsealing of the Indictment. Notice by publication is a reasonable procedure that will give effect to the Act and will not unduly complicate or prolong the proceedings.

Federal courts around the country have approved similar notices in cases involving numerous victims. *See, e.g., United States v. Freedman*, No. 5:08CR335, 2009 WL 3784961 (N.D. Ohio Nov. 10, 2009) (permitting victim notification via a national news release in mail fraud case); *United States v. Peralta*, No. 3:08CR233, 2009 WL 2998050 (W.D.N.C. Sept. 15, 2009) (permitting victim notification to approximately 2,500 victims via publication); *United States v. Saferstein*, Crim. No. 07-CR-557, 2008 WL 4925016 (E.D. Pa. Nov. 18, 2008) (overruling defendant's objections and permitting victim notification in a telecommunications fraud case through continued publication in a national newspaper and website). *See also United States v. Saltsman*, No. 07-CR-641-NGG, 2007 WL 4232985 (E.D.N.Y. Nov. 27, 2007) (website); *United States v. Stokes*, No. 3:06-00204, 2007 WL 1849846 (M.D. Tenn. June 22, 2007) (national publication).

The Government's online publication directs potential victims to the U.S. Attorney's website, where links provide victims with continuous updates about the status of the case. Given the large number of victims, notification

by publication in this matter is a reasonable procedure that will give effect to the Act and will not unduly complicate or prolong the proceedings.

## CONCLUSION

Based on the foregoing, the government requests that the Court determine that notice by publication in this matter is a reasonable procedure to satisfy the Government's obligations under 18 U.S.C. § 3771.  A proposed order is attached.