# EXHIBIT M

**United States District Court**
## EASTERN DISTRICT OF NEW YORK

~~Standard Conditions of Release~~

| UNITED STATES OF AMERICA | **ORDER SETTING CONDITIONS** |
|---|---|
| V. | ~~OF RELEASE AND BOND~~ |

_Alejandro Burzaco_
**Defendant**

Case No.: 15-CR-252 (RJD)

### RELEASE ORDER

20,000,000

It is hereby ORDERED that the above-named defendant be released as follows, **subject to the Standard Conditions of Bond on the reverse** and:

[ ] Upon **Personal Recognizance Bond** on his/her promise to appear at all scheduled proceedings as required, or

[ ] Upon **Unsecured Bond** executed by defendant in the amount of $_____, or

[✓] Upon **Secured Appearance Bond** as provided herein.

**Additional Conditions of Release**

Upon finding that release under the standard conditions detailed on the reverse will not by themselves reasonably assure the appearance of the defendant and the safety of other persons and the community, IT IS FURTHER ORDERED that the defendant is subject to the following additional conditions of release:

[✓] 1. The defendant must remain in and may not leave the following areas without Court permission: _See Attachment A_

[✓] 2. The defendant shall avoid all contact and not associate with any of the following persons or entities: _See Attachment A_

[✓] 3. The defendant shall avoid and not go to any of the following locations: _See Attachment A_

[✓] 4. The defendant shall surrender any and all passports to the ~~U.S. Pretrial Services Agency~~ FBI by _7/31/15_ and shall not apply for any other passport.

[✓] 5. Defendant is placed under the express supervision of the Pretrial Services Agency, subject to the Special Conditions on the reverse, if applicable, and:

    [✓] is subject to random visits by a Pretrial Services officer at defendant's home and/or place of work;

    [✓] must report to that agency ( ) in person_____ times per _____ and/or ( ) by telephone_____ times per ____ _as directed by PTS_

    [ ] is subject to home detention with electronic monitoring with the following conditions: _See Attachment A_

    [ ] must undergo [ ] random drug testing [ ] evaluation and/or [ ] treatment for: [ ] substance abuse [ ] alcoholism [ ] mental health problems.

    [✓] must pay the cost of treatment and/or electronic monitoring by with personal funds and/or insurance. _GPS_

[✓] 6. Other Conditions: _See Attachment A_

### APPEARANCE BOND

The undersigned defendant and sureties jointly and severally acknowledge that I/we and my/our personal representatives, jointly and severally, are bound to pay to the United States of America the sum of $ ~~20,000~~ _20,000,000_. The undersigned agree(s) that this obligation is secured with his/her/their interest in the following property ("Collateral") which he/she/they represent is/are free and clear of liens except as otherwise indicated:

[✓] cash deposited in the Registry of the Court the sum of $ _3,300,000_ ;

[✓] premises located at: _See Attachment B_ owned by _____

[✓] I/We also agree to execute a confession of judgment in form approved by the U.S. Attorney which shall be duly filed with the proper local and state authorities on or before _8/14/15_

[✓] Other Conditions: _See Attachments A & B_

_Andrea Burzaco_ **Surety**    Address: _____

_Eva L.A. Dzierzanowska_ **Surety**    Address: _____

_Juana Giacuinto Santucci_ **Surety**    Address: _____

_Eugenio Burzaco_    Address: _____

The Court has advised the defendant of the conditions of release per 18:3142(h)(1) and (h)(2). This bond is conditioned upon the appearance of the defendant and is subject to the **Standard Conditions of Bond** set forth on the reverse. If the defendant fails to appear as ordered or notified, or any other condition of this bond is not met, this bond shall be due forthwith.

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth on the reverse of this form.

Release of the Defendant is hereby ordered on _7/31_, 20_15_

Signature of Defendant _____

s/Vera Scanlon

USMJ

_Pablo Higuens_   Address   _DNG_

_Mariano M. KIharzu_   Address   _D.H.DNG_

**Distribution:**    White-Original    Canary - Courtroom Deputy    Pink - Pretrial Services    Goldenrod - Defendant

## **Attachment A**

1.  The defendant must remain in and may not leave the Eastern and Southern Districts of New York. See additional conditions in paragraph 5, below.

2.  The defendant will not directly or indirectly associate or have contact with his co-defendants or any individual employed by or associated with the following entities: (i) any sports marketing company identified in the indictment in this case, including without limitation Torneos y Competencias S.A., Full Play S.A. and the Traffic Group or any subsidiary or affiliates of the foregoing companies; (ii) CONCACAF and any affiliated or constituent entity; (iii) CONMEBOL and any affiliated or constituent entity; and (iv) FIFA and any affiliated or constituent entity.

3.  See paragraph 5, below.

4.  The defendant shall surrender any and all passports to the FBI.

5.  The defendant is subject to electronic monitoring and home detention at a residence approved by the FBI and the Office of Pretrial Services ("PTS"). The residence must be within 50 miles of the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York. The defendant may leave his residence only upon approval in writing by the FBI and PTS, and under terms and conditions approved in writing by the FBI and PTS, except that the defendant may leave his residence without prior approval for medical emergencies. Attorney visits, court dates, religious services, and shopping for food and other necessities may be undertaken with notice to the FBI and PTS. Both PTS and the FBI shall receive any electronic monitoring alerts. The cost of the electronic monitoring shall be borne solely by the defendant.

6.  A private security service, approved by the U.S. Attorney's Office and the FBI, will monitor the defendant's physical location and provide security 24 hours per day, 7 days per week. The private security service shall accompany the defendant during all transit to and from his residence. The defendant may have private meetings with his counsel of record in this case with the security service in sufficiently close proximity to perform its duties.

*Very Well* [handwritten]
*7/31/15* [handwritten]
*For public filing* [handwritten]

## Attachment B

I. Cash Securing the Bond

    a. USD $3,300,000 in cash to be deposited with the clerk of the court

        i. These funds belong to and are pledged by

            1. Eugenio Burzaco (Mr. Burzaco's brother)

            2. Pablo Miguens (Mr. Burzaco's attorney and friend)

            3. Mariano Mendilaharzu (Mr. Burzaco's attorney and friend)

            4. Alejandro Burzaco

        ii. USD $1,000,000 of the funds shall be wired to the Court by Wednesday, August 5, 2015

        iii. The remaining USD $2,300,000 will be deposited by October 1, 2015

II. Real Property Securing the Bond

    a. ███████████████ (owned by Andrea Burzaco, with equity in excess of $200,000)

    b. ███████████████ (owned by Andrea Burzaco, with equity in excess of $200,000)

    c. ███████████████ (occupied by Pablo Miguens, owned by Dagos LLC, with equity in excess of $200,000)

*To be posted by 8/14/15* [handwritten]

III. Other Assets Securing the Bond (which are not to be transferred, sold, liquidated or hypothecated)

*Immediately surrender at Certificate* [handwritten]

    a. Torneos y Compentencias Stock Certificate (owned by Alejandro Burzaco, with equity in excess of $15,000,000) deposited with the Court

IV. Signatories

    a. Andrea Burzaco (Mr. Burzaco's sister)

Case 1:15-cr-00252-PKC-RML Document 53 Filed 02/31/19 Page 5 of 5 PageID #: 439

      i. Annual Income: ███████████

      ii. Net worth: ███████████

  b. Eva L.A. Dziewanowska (Mr. Burzaco's mother)

      i. Annual Income: ███████████

      ii. Net worth: ████████████████████████████████████████

                 ████████

  c. Juan Facundo Santucci (Godfather to Mr. Burzaco's child)

      i. Annual Income: ███████████

      ii. Net worth: ███████████

  d. Eugenio Burzaco

      i. Annual Income: ███████████

      ii. Net worth: █████████

  e. Pablo Miguens

      i. Annual Income: ███████████

      ii. Net worth: █████████

  f. Mariano Mendilaharzu

      i. Annual Income: ███████████

      ii. Net worth: █████████

  g. Alejandro Burzaco

V.    Security (to be paid for by Mr. Burzaco)

  a. 24 hour home confinement with electronic monitoring

  b. 24 hour guard presence supplied by a private security service approved by the United States Attorney's Office and the FBI.