# EXHIBIT N

## United States District Court, Eastern District of New York

UNITED STATES OF AMERICA

v.

_Rafael Callejas_ , Defendant.

### ORDER SETTING CONDITIONS OF RELEASE AND APPEARANCE BOND

Case Number: 15-252 (S-1) (RJD)

### RELEASE ORDER

It is hereby ORDERED that the above-named defendant be released subject to the Standard Conditions of Release on the reverse and as follows:
[ ] Upon Personal Recognizance Bond on his/her promise to appear at all scheduled proceedings as required, or
[✓] Upon Bond executed by the defendant in the amount of $ 4,000,000 , and
secured by [ ] financially responsible sureties listed below and/or [ ] collateral set forth below.

### Additional Conditions of Release

The Court finding that release under the Standard Conditions of Release on the reverse will not by themselves reasonably assure the appearance of the defendant and/or the safety of other persons and the community, IT IS FURTHER ORDERED as follows:

[✓] 1. The defendant must remain in and may not leave the following areas without Court permission: [ ] New York City; [ ] Long Island, NY; _See attached_
   [ ] New York State; [ ] New Jersey; [ ] and travel to and from this Court and the permitted areas.
[✓] 2. The defendant must avoid all contact with the following persons or entities: _See attached_
[ ] 3. The defendant must avoid and not go to any of the following locations: _already done_
[✓] 4. The defendant must surrender all passports to Pretrial Services by FBI and not obtain other passports or international travel documents.
[✓] 5. The defendant is placed under the supervision of the Pretrial Services Agency subject to the Special Conditions on the reverse and:
   [✓] a. is subject to random visits by a Pretrial Services officer at defendant's residence and/or place of work; _and the FBI_
   [✓] b. must report [ ] as directed by Pretrial Services or [ ] in person _____ times per _____ and/or [ ] by telephone _____ times per _____
   [ ] c. must undergo [ ] testing, [ ] evaluation and/or [ ] treatment for substance abuse, including alcoholism, as directed by Pretrial Services.
   [ ] d. must undergo evaluation and treatment for mental health problems, as directed by Pretrial Services.
   [ ] e. is subject to the following location restriction program with location monitoring, as directed by Pretrial Services: _as directed by_
      [ ] home incarceration: restricted to home at all times, except for attorney visits, court appearances and necessary medical treatment; _PTS and FBI_
      [ ] home detention: restricted to home at all times, except for attorney visits, court appearances, medical treatment, [ ] religious services,
         [ ] employment, [ ] school or training, [ ] other activities approved by Pretrial Services, [ ]
      [ ] curfew: restricted to home every day from _____ to _____, or [ ] as directed by Pretrial Services.
   [ ] Defendant must pay all or part of the cost of any required testing, evaluation, treatment and/or location monitoring with personal funds,
      based upon ability to pay as determined by the Court and the Pretrial Services Agency, and/ or from available insurance.
[✓] 6. Other Conditions: _See attached_

### APPEARANCE BOND

I, the undersigned defendant, and each surety who signs this bond, acknowledge that I have read this Appearance Bond and, and have either read all
the other conditions of release or have had those conditions explained. I further acknowledge that I and my personal representatives, jointly and
severally, are bound to pay the United States of America the sum of $ 4,000,000 and that this obligation is secured with the below
interest in the following property ("Collateral") which I represent is/are free and clear of liens except as otherwise indicated:
[✓] cash deposited in the Registry of the Court in the sum of $ 910,000 posted today, $247,000 by COB 12/18/15
[✓] premises located at: _See attached_ owned by
[ ] I also agree to execute a confession of judgment, mortgage or lien in form approved by the U.S. Attorney which shall be duly filed with the
proper local and state authorities on or before

Each owner of the above Collateral agrees not to sell the property, allow further claims or encumbrances to be made against it, or do anything to
reduce its value while this Appearance Bond is in effect.

_Forfeiture of the Bond._ This Appearance Bond may be forfeited if the defendant fails to comply with any of the conditions set forth above and on the
reverse. The defendant and any surety who has signed this form also agree that the court may immediately order the amount of the bond surrendered
to the United States, including any security for the bond, if the defendant fails to comply with the above agreement. The court may also order a
judgment of forfeiture against the defendant and against each surety for the entire amount of the bond, including any interest and costs.

| | | Date |
|---|---|---|
| CECILIA WILSON _Cecilia Wilson_ , Surety, Address: | | 17 DEC 2015 |
| Martha Kaemper _M. Kaemper_ , Surety, Address | | 12/17/2015 |
| Roy Meerian _Roy Meerian_ , Surety, Address | | 12/17/2015 |

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release and of the penalties and sanctions set
forth on the front and reverse sides of this form.

Release of the Defendant is hereby ordered on _____ 20____ .

Signature of Defendant

_____ , US___ J

Distribution:   Canary - Court   Pink - Pretrial Services   Goldenrod - Defendant

Docket No. ___15 - 252___          PAGE _2_ OF _5_

## ORDER SETTING CONDITIONS OF RELEASE AND BOND

Defendant: __Rafael Callejas__          Amount of Bond:$ __4 million__

Each of the following additional surety or sureties acknowledges and agrees to pay the bond on the first page of this Order Setting Conditions of Release and Bond and, to the extent indicated below, to securing the bond with his/her/their interest in the property or properties described below:

|  | Address | Date | Acknowledged Before |
|---|---|---|---|
| _Lisandro Flores Alfaro_ Surety: | | 12-DEe-2015 | USMJ |
| _Roberto R Castillo Escoto_ Surety: | --- | 12-17-15 | USMJ |
| _Migsel Leupheni M_ Surety: | | 12-17-15 | USMJ |
| _Mark Ramiro Hargreaves_ Surety: | | 12/17/15 | USMJ |
| Surety: | | | USMJ |
| Surety: | | | USMJ |

Signed and Acknowledged _Mark Hargeaves_
~~by all the above sureties~~
before me on __December 17__, 20_15_          USMJ

JENNIFER STOUT
NOTARY PUBLIC - STATE
My Comm. Exp. 03/03/2016
Commission # 654229

The bond shall be secured by the interest of the surety in the following property or properties:

Premises located at : _____

Owned by : _____

Premises located at : _____

Owned by : _____

Premises located at : _____

Owned by : _____

*Page 3 of 5*

## Attachment A

1. The defendant is subject to electronic monitoring and home detention at a location approved by the FBI and the Office of Pretrial Services ("PTS"). Until further amendment of this bond, the residence must be within 20 miles of the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York. The defendant may leave his residence only for attorney visits, court appearances, medical appointments and religious services upon approval by PTS and also limited to the Eastern and Southern Districts of New York. The cost of the electronic monitoring shall be borne solely by the defendant.

2. The defendant will not directly or indirectly associate or have contact with his co-defendants, or any individual employed by or associated with, including but not limited to through consulting agreements, the following entities: (i) any sports marketing company identified in the indictment in this case, including without limitation Media World and Traffic Group or any subsidiary or affiliates of the foregoing companies; (ii) CONCACAF and any affiliated or constituent entity, including but not limited to FENAFUTH; (iii) CONMEBOL and any affiliated or constituent entity; and (iv) FIFA and any affiliated or constituent entity.

Page 4 of 5

## Attachment B

Real Properties Securing the Bond:

1.                                        1 (owned by Mark Romero Hargreaves)

2.                                        (owned by Roberto Ramón Castillo)


Other Assets Securing the Bond (which are not to be transferred, sold, liquidated or hypothecated):

1. Templeton Growth Fund Account                        (owned by Mark Romero Hargreaves)

2. Templeton World Fund Account                         (owned by Mark Romero Hargreaves)

3. 401K held at Fidelity Investments, Deutsche Bank, Account             wned by Ruy Axel Merriam)

Security on the real properties shall be perfected no later than January 6, 2015. Security on the other assets listed above shall be perfected no later than January 18, 2015. Security shall be perfected in a form acceptable to the U.S. Attorney's Office.

*Page 595*

## Attachment C

Co-Signors on the Bond:

1. Lisandro Flores Alfaro

2. Miguel Emilio Canahuati

3. Cecilia Wilson

4. Martha Kaemper

5. Mark Romero Hargreaves

6. Roberto Ramon Castillo Callejas

7. Ruy Axel Merriam

