SMITH | VILLAZOR

Smith Villazor LLP
250 West 55th Street, 30th Floor
New York, NY 10019
www.smithvillazor.com

**RODNEY VILLAZOR**
T 212 582 4400
D 212 377 0852
rodney.villazor@smithvillazor.com

February 21, 2020

**VIA ECF**
The Honorable Claire C. Cecchi
U.S. District Judge for the District of New Jersey
50 Walnut Street
Newark, New Jersey 07102

  **Re:** *United Stated v. Matthew Brent Goettsche, et al.*, **19-cr-877 (CCC)**

Dear Judge Cecchi:

  In response to the Court's Order (dkt. 43) and the government's submission (dkt. 51), the undersigned, on behalf of Matthew Goettsche, respectfully joins in counsel for defendant Jobadiah Weeks' proposed scheduling order, objects to several provisions of the the government's proposed scheduling order and objects to a Speedy Trial Act continuance until October 31, 2020. Mr. Goettsche does not waive at this time his constitutional right to a speedy trial.

  Mr. Goettsche has been ordered detained at the government's request pending trial. He intends to seek the Court's review of the magistrate's order pursuant to 18 U.S.C. § 3145(b). However, at this point in time, Mr. Goettsche's objective is to have a trial as soon as possible with a sufficient amount of time to prepare. What a sufficient amount of time is, however, cannot be known until the government does the following two things: (1) return the items or copies of the items seized from defendant on December 10, 2019; and (2) provide immediate and specific discovery pursuant to the Rules of Criminal Procedure. Once we receive the above, we will be in a position to advise Mr. Goettsche regarding whether or not to waive his constitutional right to a speedy trial and, if so, when specifically to request this Court to set the case down for trial.

  The government's proposed scheduling order asks all defendants to blindly accede to its unilateral judgment that the first status conference should be scheduled for October 2020. In the meantime, the government should have carte blanche to produce Rule 16(a) discovery at its self-determined pace. In addition, the government asks the Court to make a complex case order finding on motion over defendants' objection, that a Speedy Trial Act continuance should be entered until October 31, 2020 which inevitably sets the stage for trial in 2021. This is untenable given the paucity of evidence we presently have and that Mr. Goettsche would be required to reside for more than a year in a detention facility over 2000 miles from his family that is designed for short periods of pre-trial detention.

Hon. Claire C. Cecchi
February 21, 2020
Page Two

Our specific objections to the government's proposed scheduling order are as follows:

*First*, the government's proposed scheduling order is devoid of any deadline to return Mr. Goettsche's personal electronic devices seized on December 10, 2019. Since the arraignment on January 15, 2020, the undersigned requested on several occasions the return of Mr. Goettsche's electronic devices. The government advised of the ongoing process of copying these electronic devices and indicated that the devices that could be copied "bit-for-bit" (and unencrypted if necessary) would be returned in due course. To date, no such device that has already been imaged bit-for-bit has been returned. The government's explanation that such copying is "not possible for the majority of the devices in this case" still does not account for the rest that have been imaged "bit-for-bit." Dkt. 51 at 71. Under Federal Rule of Criminal Procedure 41(g), Mr. Goettsche is an aggrieved party who is entitled to the return of those electronic devices. Written and oral requests have been made. The delay in returning the bit-for-bit copied devices is unreasonable.

*Second,* paragraph 5 of the government's proposed scheduling order permits the production of Rule 16(a) discovery under a generous timeframe of production from March 17, 2020 until August 28, 2020. This affords the government unfettered discretion in what discovery will be produced and when it gets produced during this timeframe. In particular, there is no clear deadline for the government to produce discovery that is available for immediate production, namely the evidence obtained during the covert phase of the government's investigation, 1.8M documents by the government's estimate. Within those 1.8M documents are likely the critical email and chats referenced in the indictment and heavily relied upon by the government through proffer only at the detention hearing to the significant disadvantage of the undersigned. The government's proposal leaves defense counsel with no clear timetable for when these vital email and chats will be produced, and the government the unchecked power to produce them in August 2020.

Related to our objection to paragraph 5, the government's representation that it takes "2-4 weeks" for the 1.8M records to be finalized and produced conveniently ignores that the government has likely been in possession of all or most of the 1.8M documents before Mr. Goettsche's December 10, 2019 arrest. The coordinated arrest of all the defendants evince a clear plan by the government to present an indictment to the grand jury and simultaneously arrest the defendants in multiple districts.[1] Rule 16(a) discovery obligations were thus obvious and inevitable. But unlike the AUSAs involved in the detention hearings, the law enforcement and technical personnel dedicated to finalizing the 1.8M documents for production were not devoted to court hearings. Indeed, they have had ample time to process the discovery for production since December 2019. Moreover, the government's supposed 154 hours spent to wipe the 10 terabyte hard drive provided by us was an unnecessary, wasteful step that cannot be relied upon

---

[1] For example, the time between the December 10, 2019 arrest and the January 15, 2020 arraignment, excluded under the Speedy Trial Act for the transportation of the defendants, afforded ample time under the "2-4 weeks" timetable for the government to prepare this particular discovery for production. 18 U.S.C. 3161(h)(1)(F).

by the government to show the time-consuming nature of discovery production.² On January 30, 2020, we delivered a blank, ***brand new*** 10 terabyte hard drive to the government. There was no need to wipe a new hard drive. To date, we have not received the requested copy of the server, and we are learning for the first time in the government's submission that they wasted 154 hours of government technical staff's time to "wipe" a new, blank hard drive that could have been avoided with a phone call.

Our proposed revisions, embodied in Mr. Weeks' submitted scheduling order, are modest and reasonable. First, the government must return Mr. Goettsche's personal electronic devices that have been imaged bit-for-bit to date by March 6, 2020. In total, the government will have had almost three months to complete that task. Second, paragraph 5 of the scheduling order imposes a deadline of March 6, 2020 for the government to produce a copy of the server and the evidence obtained during the investigatory phase, both of which require no search term review or filter review and the government has had ample time to prepare for production.

Finally, Mr. Goettsche objects on several grounds to the government's request that the Court deprive defendant of his constitutional right to a speedy trial while he sits in jail for nearly a year and enter a Speedy Trial Act continuance until October 31, 2020.

*First*, the government seems to suggest that one reason the Court should enter a Speedy Trial Act continuance until October 31, 2020 pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) is because the government itself has not had a chance to review the evidence it seized on the day of his arrest, December 10, 2019. This is because the government chose to indict and arrest Mr. Goettsche instead of executing a search warrant and reviewing the evidence first. This was its choice, as was the decision to insist upon pre-trial detention. Section 3161 does not provide the government relief from its tactical decisions to indict before it has reviewed all of its own evidence. To the contrary, when the government indicts a person after a lengthy investigation, it is expected to have reviewed the evidence and be ready to produce Rule 16(a) discovery. This is even more critical when the government seeks the pre-trial detention of the defendant. A continuance over the defendant's objection under Section 3161(h)(7)(b) is not available to the government because its investigation was covert which resulted in a "take down" before it reviewed the evidence it seized.

*Second*, the government has flip-flopped dramatically on its position about the complexity of this case from the bail hearing to the instant request for a Speedy Trial Act continuance. When it suited their purposes to keep the defendant detained, the government argued the lack of complexity of the case. In response to our argument that Mr. Goettsche could not effectively help counsel prepare for trial from his jail cell, the government stated in its brief that the instant case "at bottom" was not all that complicated because it was merely about "lying" and failing to "register with the SEC." *See* Dkt. 39 at 18. Specifically, the government wrote:

> While the methods by which Goettsche accomplished his criminal endeavors were sophisticated and intentionally complicated, at bottom, Goettsche faces criminal liability

---

² On January 28, 2020, the government advised the undersigned that they had a copy of the BitClub Network server and backups of the server. The undersigned immediately advised that we would want a copy of the server as soon as possible.

Hon. Claire C. Cecchi
February 21, 2020
Page Four

> because he and others discussed lying to investors and promoted the scheme without registering it with the SEC. ***These concepts are not complicated***. Goettsche is capably represented by four partners at major law firms—three of whom are former federal prosecutors—who will undoubtedly be able to understand the pyramid scheme that Goettsche and his coconspirators created and failed to register with the SEC.

*Id.* (emphasis added).

Since Mr. Goettsche has been ordered detained by Magistrate Judge Michael Hammer, the government pivots its position on complexity. Now, it claims that the case is so complex that this Court should disregard an accused's constitutional right to speedy trial under section 3161(h)(7)(b), even before the government produces any discovery or returns seized property that would permit the defense to assess the complexity under the Speedy Trial Act.

*Third*, the government suggests that because they have multiple terabytes of information seized from BitClub Network servers that somehow establishes the type of complexity that serves as grounds for the Court to continue this case over the defendant's objection until October 31, 2020. However, the size of the server says nothing as to how much of the information contained on the servers is actually relevant. In reality, the defense certainly cannot and does not intend to review every byte of data. To the contrary, after performing targeted searches for relevant data, the defense will be be able to advise the Court how complex the case is from a defense perspective. More importantly, the undersigned will be better positioned to advise the Court how much time the defense needs to prepare so that a trial can be scheduled as soon as practicable. A detained defendant is entitled to no less. As for the government, even if it intends to review all the information it imaged, which is unlikely, that is not a basis under section 3161 to continue this matter. The government is not entitled to investigate its case post-indictment while the defendant sits in jail cloaked in the presumption of innocence.

As we discussed with the government, we presently have a limited view of the case and have no Rule 16(a) discovery. As such, we are unable to agree to a complex case finding under 18 U.S.C. 3141(h)(7)(B)(ii). Instead, we respectfully request that the government produce the requested discovery by March 6, 2020, and the Court schedule the first status conference on this matter in early April subject to the Court's availability. At that first status conference, we will have had a meaningful opportunity to make an assessment of the discovery and applicable law and will be in a position to advise the Court of any continued need for a Speedy Trial Act continuance and when the defense can be ready for trial.[3]

Respectfully submitted,

/s/  Rodney Villazor

Rodney Villazor, Esq.
**Smith Villazor LLP**

---

[3] The parties entered Speedy Trial Act continuances until March 15, 2020 (Dkts. 27-29).

Hon. Claire C. Cecchi
February 21, 2020
Page Five

                                                         Andrew Lourie, Esq.
                                                         Benjamin Sauter, Esq.
                                                         **Kobre & Kim LLP**
                                                         *Counsel for Matthew Goettsche*

cc:    AUSA Jamie Hoxie
        AUSA Anthony Torntorre
        AUSA David Feder
        Simon Gaugush, Esq.