UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Claire C. Cecchi |
| v. | : | Mag. No. 19-877 (CCC) |
| MATTHEW BRENT GOETTSCHE, [DEFENDANT TWO] JOBADIAH SINCLAIR WEEKS, JOSEPH FRANK ABEL, and SILVIU CATALIN BALACI | : | **PROTECTIVE ORDER** |

This matter having come before the Court on the joint application of the United States, by Craig Carpenito, United States Attorney for the District of New Jersey (David W. Feder, Jamie L. Hoxie, and Anthony P. Torntore, Assistant U.S. Attorneys, appearing), and defendants MATTHEW BRENT GOETTSCHE (Rodney Villazor, Esq., Benjamin Sauter, Esq., Hartley West, Esq., and Andrew Lourie, Esq., appearing), JOBADIAH SINCLAIR WEEKS (Simon Gaugush, Esq., Michael L. Yaeger, Esq., Andrew M. Hinkes, Esq., and Adam P. Schwartz, Esq., appearing), and JOSEPH FRANK ABEL (Jason J. Leboeuf, Esq., appearing), for a protective order concerning the use of discovery materials, including any documents or other information subject to the Government's disclosure obligations pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Title 18, United States Code, Section 3500, *Brady v. Maryland*, and *United States v. Giglio*, that contain the following information: (1) a third party's (a) name or likeness; (b) social security number; (c) taxpayer-identification number; (d) birth date; (e) financial-account number, including cryptocurrency wallets and private keys; (f) home or business address; (g) telephone number; (h) email address; and (i) social media account identifiers; (2) the applications and/or affidavits in support of search warrants, arrest warrants, pen registers, 18 U.S.C. § 2703(d) orders, *ex parte* tax orders, and Mutual Legal Assistance requests obtained during the investigation; and (3) any other

discovery materials that the parties designate as "confidential" (hereinafter, "Confidential Discovery Materials"); AND

The parties having agreed that the procedure to regulate the disclosure and use of the Confidential Discovery Materials will not impede the Defendants' preparation of defenses, but merely will protect against the improper dissemination or use of any Confidential Discovery Materials; AND

For good cause shown,

IT IS on this __10__ day of March, 2020,

ORDERED that:

1. In addition to making the Confidential Discovery Materials available to the defense for inspection, review, and copying, the Government is authorized to provide defense counsel with a copy of the Confidential Discovery Materials to facilitate preparation for trial.

2. The Confidential Discovery Materials shall be used by defense counsel only in the preparation of the defense in this case.

3. Access to the Confidential Discovery Materials will be restricted to personnel authorized by the Court, namely, (1) the Defendants and counsel of record, and associated attorneys, paralegals, investigators, experts (retained pursuant to a written retainer agreement, by the Defendants and/or their counsel in connection with the criminal case, and the experts' employees and support personnel), and secretaries employed by counsel of record and performing services on behalf of the Defendants (collectively, the "Defense"), (2) individuals who the Defense in good faith believes may either be a prospective witness in the action, or who may be able to provide the Defense with leads for purposes of defending this action, (3) third-party consultants (and their employees and support personnel), and/or litigation support vendors or services,

including outside copying services or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, and (4) such other persons as hereafter may be authorized by the Court upon a Defendant's motion.

4. Notwithstanding the provisions of Paragraph 3, the Defense may discuss or review Confidential Discovery Materials with other individuals, including prospective witnesses and their counsel, as necessary to prepare the defense, but the Defense shall not permit such individuals to possess or retain Confidential Discovery Materials or duplicate versions.

5. The following restrictions will be placed on the individuals described in paragraph 4 unless further ordered by the Court. These individuals shall not:

    a. Duplicate Confidential Discovery Materials for, or allow copies of any kind to be made by, any other person not described in Paragraph 3, or allow Confidential Discovery Materials to be otherwise disseminated;

    b. Allow any person to read, view, or possess Confidential Discovery Materials except as provided in Paragraphs 3 and 4; or

    c. Use Confidential Discovery Materials for any other purpose other than in connection with the preparation of a defense against the charges in this matter.

6. Defense counsel shall advise any person to whom Confidential Discovery Materials are disclosed by defense counsel that such information should be held in strict confidence and that the person must comply with the restrictions of paragraph 5 above.

7. Except as provided in Paragraphs 3 and 4, the Defense shall not disclose Confidential Discovery Materials to any person without leave of Court obtained on application to the Court and with notice to the Government.

8. If any party, including the Government, includes any Confidential Discovery Materials in connection with the filing of a motion, that party shall file such

materials provisionally under seal. Any party shall have ten days from the date of such filing to file a formal motion to seal any or all such materials, which may be opposed by any other party. If the Court grants the motion to seal, the materials at issue in the motion to seal shall remain under seal. If no motion to seal is filed, or such motion is denied, the materials shall be unsealed.

9. The Defense may disclose the Confidential Discovery Materials for use at trial, subject to Fed. R. Crim. P. 49.1 and any other applicable law or rules.

10. This stipulation is binding on all future and successor counsel.

11. Within a reasonable period of time following the conclusion of this litigation (*i.e.*, when the Defendant has exhausted any rights of direct appeal from any judgment and conviction resulting from a trial or guilty plea, and the conclusion of any habeas proceedings; or the one-year limitation period to bring a petition pursuant to 28 U.S.C. §2255, if no such petition is filed prior to that time), the Defendant's counsel shall collect and return to counsel for the United States, or destroy and certify to counsel for the United States such destruction, all additional copies of the materials containing Confidential Discovery Materials (excluding any materials over which the Defendant has a proprietary or ownership interest), except for copies of Confidential Discovery Materials that remain in defense counsel's files and which are stored within defense counsel's offices or in a secure file storage facility.

12. This Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

Consented to as to form and entry:

_____
David W. Feder
Jamie L. Hoxie
Anthony P. Torntore
Assistant U.S. Attorneys

_____
Rodney Villazor, Esq.
Benjamin Sauter, Esq.
Hartley West, Esq.
Andrew Lourie, Esq.
Counsel for defendant Matthew Brent Goettsche

_____
Simon Gaugush, Esq.
Michael L. Yaeger, Esq.
Andrew M. Hinkes, Esq.
Adam P. Schwartz, Esq.
Counsel for defendant Jobadiah Sinclair Weeks

_____
Jason J. Leboeuf, Esq.
Counsel for defendant Joseph Frank Abel

12. This Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

March 10, 2020

_____
Honorable Claire C. Cecchi
United States District Judge

Consented to as to form and entry:

_____
David W. Feder
Jamie L. Hoxie
Anthony P. Torntore
Assistant U.S. Attorneys


_____
Rodney Villazor, Esq.
Benjamin Sauter, Esq.
Hartley West, Esq.
Andrew Lourie, Esq.
Counsel for defendant Matthew Brent Goettsche

_____
Simon Gaugush, Esq.
Michael L. Yaeger, Esq.
Andrew M. Hinkes, Esq.
Adam P. Schwartz, Esq.
Counsel for defendant Jobadiah Sinclair Weeks


_____
Jason J. Leboeuf, Esq.
Counsel for defendant Joseph Frank Abel

5