# Exhibit B

2020 WL 1457877
Only the Westlaw citation is currently available.
United States District Court, D. Connecticut.

UNITED STATES OF AMERICA,
v.
HENRY A. FELLELA, JR., Defendant.

No. 3:19-cr-79 (JAM)
|
Filed 03/20/2020

### ORDER GRANTING EMERGENCY MOTION FOR TEMPORARY RELEASE FROM CUSTODY

Jeffrey Alker Meyer United States District Judge

**\*1** Defendant Henry A. Fellela, Jr., is currently detained at the Donald W. Wyatt Detention facility in Rhode Island. He is awaiting sentencing following his plea of guilty to federal charges of access device fraud and aggravated identity theft, as well as sentencing for violation of the conditions of supervised release from a prior federal criminal conviction. Fellela has a lengthy history of property crimes, mostly involving credit card fraud and larceny.

Fellela has filed an emergency motion for release from custody in light of his peculiar vulnerability to harm from the COVID-19 virus that is presently the subject of a rapidly escalating global pandemic. Fellela is 62 years old, weighs 300 pounds, and is afflicted with diabetes among several other ailments. His age, physical, and medical condition make him within the highest risk group of death if he were to become infected with the COVID-19 virus.[1]

[1] *See* Centers for Disease Control and Prevention, *Coronavirus Disease (COVID-19) – How to Protect Yourself* (noting with warning exclamation point that "[o]lder adults and people who have severe underlying chronic medical conditions like heart or lung disease or diabetes seem to be at higher risk for developing more serious complications from COVID-19 illness"), *available at* https://www.cdc.gov/coronavirus/2019-ncov/prepare/prevention.html (last accessed Mar. 20, 2020). The CDC's webpage goes on to state "[p]ut distance between yourself and other people if COVID-19 is spreading in your community. This is especially important for people who are at higher risk of getting very sick." *Ibid.* (emphasis omit).

In accordance with my oral ruling following a teleconference hearing today and in light of my consideration of the entire record in this case to date, I will grant the emergency motion for release. Although I understand that no one has yet tested positive for the virus at Wyatt and I credit the Government's representations about the precaution being taken by Wyatt personnel, this does not change the fact that Fellela continues to be subject to close quarters confinement at Wyatt. According to an inquiry through the U.S. Marshals Service of the Wyatt facility, there are more than 700 prisoners housed at Wyatt of which more than 500 prisoners are housed in two-person cells and more than 150 prisoners are housed in more-than-two-person cells. There are between 20 to 70 persons at one time in general dayroom areas, and up to 15 persons are allowed in the recreation area at one time.

All levels of government nationwide have recently taken drastic measures in light of the COVID-19 pandemic to promote "social distancing" and to prohibit the congregation of large numbers of people with one another. But, as is true for most jails and prisons, the conditions of confinement at Wyatt are not compatible with these safeguards.

In any event, Fellela's motion requires me to consider whether he has established by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community. *See* 18 U.S.C. § 3143(a)(1); Fed. R. Crim. P. 32.1(a)(6). I conclude that he has done so, provided that he is subject to continuous home confinement with electronic monitoring. He has shown he would not flee. Flight would be enormously more risky and complicated in light of the travel and commercial restrictions brought on by the COVID-19 virus. He has also shown that he is not a genuine risk to commit more of the kinds of crimes he has engaged in before. So far as I can tell from the presentence report, his crimes have depended on him being at large outside his house and in the community rather than subject to electronic lockdown at home. The current COVID-19 environment of restricted travel and commercial activities would make it that much more difficult for any attempted fraud activities to succeed.[2]

[2] In view that I have determined that Fellela is subject to release in accordance with the explicit requirements of 18 U.S.C. § 3143(a)(1), I need not further determine whether the COVID-19 virus presents a "compelling reason" for release pursuant to 18 U.S.C. § 3142(i) or an "exceptional reason" for release pursuant to 18 U.S.C.

§ 3145(c), or the extent to which these statutes apply at all to a defendant who is subject to release pending sentencing under 18 U.S.C. § 3143(a)(1).

**\*2**  I have received adequate assurance including through inquiry of the U.S. Probation Office in Rhode Island that Fellela can be subject to 24-hour electronic monitoring if released to his home and custody of his spouse in Rhode Island. Fellela will be permitted to leave his home only for a health or medical emergency and for no other reason absent written permission of the U.S. Probation Office. Of course, if Fellela decides to disregard the conditions of electronic home confinement, then he should understand that he would likely be detained again and he would fully assume the risk to his health that may result.

This matter is referred to U.S. Magistrate Judge Robert M. Spector for entry of an order of release on Monday, March 23, 2020, and which release conditions shall include 24-hour home confinement subject to continuous electronic monitoring along with other conditions of release consistent with those proposed by Fellela in his motion and as modified or adjusted in Judge Spector's discretion.

## CONCLUSION

For the reasons set forth above, the Court GRANTS defendant's motion for emergency release from custody pending sentencing and in accordance with the order of release to be entered on March 23, 2020, by U.S. Magistrate Judge Robert M. Spector.

Dated at New Haven this 20th day of March 2020.

**All Citations**

Slip Copy, 2020 WL 1457877

---

**End of Document**             © 2020 Thomson Reuters. No claim to original U.S. Government Works.