# Exhibit C

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES,

     v.

DAVID HARRIS,

      *Defendant.*

Criminal Action No. 19-356

## **ORDER**

This matter is before the Court on Defendant David Harris's emergency motion to be released pending sentencing pursuant to 18 U.S.C. § 3345(c). Dkt. 28. For reasons the Court will explain in a forthcoming opinion, the Court concludes the 18 U.S.C. 3145(c) applies in these circumstances. The Court further finds by clear and convincing evidence, based on the evidence the defendant has offered, including the expert opinion of Dr. Kraft, that it is extremely unlikely the defendant would attempt to access or to distribute child pornography while on release pending sentencing, and that conclusion is reinforced by the strict measures that Defendant's counsel has proposed, and that the Court will accept, to ensure that Defendant does not have access to an internet-capable device. That absence of risk, when combined with the risk that would be posed to Defendant and to the community by his continued confinement pending sentencing provide sufficient basis to trigger the exceptional-reasons standard. The Court is convinced that incarcerating Defendant while the current COVID-19 crisis continues to expand poses a far greater risk to community safety than the risk posed by Defendant's release to home confinement on these strict conditions. All responsible government agencies have advised of the risk of transmission posed by large gatherings, and the Court understands Defendant is housed in

a unit with dozens of other detainees and inmates. The risk of the spread of the virus in the jail is palpable, and the risk of overburdening the jail's healthcare resources, and the healthcare resources of the surrounding community is real. On the other hand, if Defendant is confined at home, has no contact with any minor, is subject to his father's supervision, has no access to any internet-capable devise, and must abide by the other conditions of release pending sentencing, the risk to Defendant and to others will be reduced.

Accordingly, the Court concludes that it has statutory authority to grant Harris's motion under 18U.S.C. § 3145(c), finds by clear and convincing evidence that Harris is not likely to flee or pose a danger to the safety of any other person or the community if released, and find that Harris has clearly shown that there are exceptional reasons why his detention would not be appropriate. Accordingly, it is hereby **ORDERED** that the Defendant's emergency motion for release from custody, Dkt. 28, is **GRANTED**; it is further **ORDERED** that Harris shall be released from custody pending sentencing; and it is further **ORDERED** that upon released to Defendant shall abide by the following conditions of release:

1. Harris shall be released to the custody and shall be confined to the home of his father, Mr. David Farmer, at 4711 Deanwood Dr. Capitol Heights, MD 20743, with the exception of legal meetings, emergency medical visits or with the prior permission of his Pretrial Services Agency supervision officer.

2. Harris shall maintain his residence at the address above and may not change his residence without prior notification to, and approval of, the Court or the Pretrial Services Agency.

3. Harris shall report to 633 Indiana Avenue, NW, 9th Floor, in Washington, D.C. on the day he is released – or on the next business day after his release if he is released after 4:00 p.m. – for the installation of the ankle bracelet, and he must follow the instructions he

receives there concerning orientation. He must report immediately after that to the Pretrial Services Agency for the United States District Court at 333 Constitution Avenue, NW, Office 2507 in Washington, D.C., and he must sign the orientation contract.

4. Harris shall follow all of the rules, regulations, and requirements of the Program listed in the orientation contract, which is incorporated herein by reference. He must maintain reporting requirements as directed by the Pretrial Services Agency, abide by an electronically-monitored curfew, participate in all drug testing / drug program requirements, and abide by all other conditions imposed by the Court and as directed by Pretrial Services Agency. Any other violation of his program requirements will subject him, at a minimum, to administrative sanctions.

5. Harris shall be supervised by a type of electronic monitoring device to be determined by Pretrial Services Agency. He is required to properly maintain and charge the monitoring device each day. Any attempt to tamper with or mask the device's monitoring capability may result in removal from the program and/or additional criminal charges

6. Harris shall not access the internet or make use of any internet-capable device, this includes any smartphone, computer, laptop, or video game console or any other device which would enable Harris to contact or share data with any other individual.

7. Harris shall refrain from having any contact with minors under the age of 18.

8. Harris shall participate in mental health treatment as directed by Pretrial Services.

9. Harris shall not possess any firearm, destructive device or other dangerous weapon.

10. Mr. Farmer shall have in his residence only one computer and one smartphone.

11. Mr. Farmer shall keep the computer in a locked area and to otherwise ensure that Harris cannot independently access the computer. Photos of the lock on the door and the

3

supplemental padlock that Mr. Farmer has installed for the door to Mr. Farmer's office is attached, Exhibit B.

12. Mr. Farmer shall place his smartphone in a locked and secured area that Harris cannot access or on his person unless the phone is in Mr. Farmer's actual possession.

13. Every four business days but at least once per week, Mr. Farmer shall submit to Harris's counsel a declaration, a copy of which is attached as Exhibit A.

14. Defense counsel shall inspect Mr. Farmer's residence to ensure that Mr. Farmer's computer is secured in the locked office and that Harris will have no access to the internet.

The Court is to be notified of any violations of this Order.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: March 26, 2020

4

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA :

                             :

       v.                           **1:19-cr-356 (RDM)**

                             :

DAVID HARRIS               :

## DECLARATION OF MR. DAVID FARMER

Under 28 U.S.C. §1746, I, Mr. David Farmer, state the following:

1. I am the third-party custodian for Mr. David Harris.  By order of the Court, Mr. Harris is confined to my home at 4711 Deanwood Dr. Capitol Heights, MD 20743.

2. From the period of _____, 2020 to _____, 2020, all electronic devices within my house have been either in my actual possession or under lock and key.

3. I attest that David Harris has not accessed any electronic devices with any internet capability in my home during that period of time.

4. I attest that if Mr. Harris does access or attempt to access any electronic devices with internet capability while he is in custody, or violate any other conditions of release, I will immediately report this information to the Pretrial Services Agency at 202 442-1000.


I so declare, under penalty of perjury, that the foregoing is true and correct.

Executed on: _____, 2020




                                    _____

                                    Mr. David Farmer

# EXHIBIT B

Case 1:19-cr-00356-RDM   Document 35-1   Filed 03/26/20   Page 4 of 4

