

          **U.S. Department of Justice**

          *United States Attorney*
          *District of New Jersey*

---

| | | |
|---|---|---|
| *Jamie L. Hoxie*<br>*Assistant United States Attorney* | *970 Broad Street, 7th floor*<br>*Newark, New Jersey 07102* | *973-645-2700*<br>*Direct: 973-645-2791* |

August 20, 2020

**VIA ECF**
The Honorable Claire C. Cecchi
United States District Judge
Martin Luther King Jr. Federal Building and U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

      **Re:   United States v. Matthew Brent Goettsche (01)**
            **Crim. No. 19-877**

Dear Judge Cecchi:

    Please accept this letter motion in lieu of a more formal submission. The Government respectfully requests that the Court schedule a hearing to conduct an inquiry pursuant to *Missouri v. Frye*, 132 S. Ct. 1399 (2012) (a "*Frye* hearing").

    As this Court knows, the operative Indictment in this case currently charges defendant Matthew Brent Goettsche ("Goettsche") with one count of conspiracy to commit wire fraud and one count of conspiracy to offer and sell unregistered securities. On July 17, 2020, the Government offered a plea to Goettsche, which he rejected.

    In light of the above, the Government respectfully moves to request that the Court conduct a *Frye* hearing with Goettsche.

    As this Court is aware, the Supreme Court in *Missouri v. Frye*, 132 S. Ct. 1399 (2012), held that defense counsel's failure to inform and properly advise a client about a plea offer from the Government can amount to ineffective assistance. Recognizing that this holding would create an opportunity for defendants to manipulate the process, the Court went on to suggest that trial courts consider adopting procedures to deter such mischief:

> The prosecution and the trial courts may adopt some measures to help ensure against late, frivolous, or fabricated claims after a later, less advantageous plea offer has been accepted or after a trial

> leading to conviction with resulting harsh consequences. . . . [:] formal offers can be made part of the record at any subsequent plea proceeding or before a trial on the merits, all to ensure that a defendant has been fully advised before those further proceedings commence.

*Id.* at 1408-09.

In this case, the Government extended a plea offer to Goettsche by emailing the plea offer to defense counsel on July 17, 2020. On August 11, 2020, the undersigned was informed by Goettsche's counsel that Goettsche had rejected the plea offer.

In light of the Supreme Court's decision in *Frye*, the Government believes it appropriate for the Court to conduct an inquiry designed to prevent the defendant from claiming that counsel failed to convey and advise him about the Government's plea offer and to make a sufficient record that counsel fulfilled those obligations.

Specifically, the Government suggests that, after the Government sets forth on the record that a formal plea offer was sent to defense counsel by letter dated July 17, 2020, the Court address Goettsche as set forth below and ask Goettsche the following questions:

> I am going to ask you some questions. Do not disclose any communications with your attorney. Do not tell me the terms of any plea offer made by the Government. The Court is not involved in any plea negotiations, and it has no opinion regarding your decision whether to plead guilty or proceed to trial. When I ask you these questions, please give me a yes or no answer to each question—nothing more.
>
> 1. Did you receive the proposed plea agreement dated July 17, 2020?
>
> 2. Did you have a sufficient opportunity to consult with your attorneys about that proposed plea agreement?
>
> 3. Do you understand that it is exclusively your decision whether to accept or reject the proposed plea agreement, but that you should make that decision in consultation with your attorneys?
>
> 4. Did you, in fact, reject the proposed plea agreement?
>
> The Government believes that this proposed procedure will effectively

ferret out and ameliorate any *Frye* problems without compromising or intruding upon the attorney-client relationship.

                                Respectfully submitted,

                                CRAIG CARPENITO
                                United States Attorney

                                  s/Jamie L. Hoxie
                                By:  Jamie L. Hoxie
                                Anthony P. Torntore
                                Assistant U.S. Attorneys