

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

Anthony Torntore
Assistant United States Attorney

970 Broad Street, Suite 700
Newark, New Jersey 07102

Direct Dial: (973) 645-2726
Facsimile: (973) 297-2045

August 5, 2020

Jason J. LeBoeuf, Esq.
Ziegler, Zemsky & Resnick
651 Old Mount Pleasant Avenue, Suite 150
Livingston, NJ 07039

    Re:   <u>Plea Agreement with Joseph Frank Abel</u>
            19-CR-877 (CCC)-04

Dear Mr. LeBoeuf:

    This letter sets forth the plea agreement between your client, Joseph Frank Abel, and the United States Attorney for the District of New Jersey ("this Office"). This plea offer will expire if an executed copy is not received by this Office by 5 p.m. on August 14, 2020.

<u>Charge</u>

    Conditioned on the understandings specified below, this Office will accept a guilty plea from Joseph Frank Abel ("Abel") to (a) Count Two of the Indictment, Crim. No. 19-877 (CCC), which charges Abel with conspiring to offer and sell unregistered securities, contrary to Title 15, United States Code, Sections 77e and 77x, in violation of Title 18, United States Code, Section 371; and (b) an Information charging Abel with one count of subscribing to a false tax return, in violation of Title 26, United States Code, Section 7206(1). If Abel enters a guilty plea and is sentenced on the above charges, this Office will not initiate any further criminal charges against Abel based upon (a) his involvement, from in or around 2013 through in or around December 2019, in the BitClub Network, as further detailed in the Indictment; or (b) his filing or non-filing of taxes during the taxable periods 2015 through 2018. Further, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Abel agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Abel may be commenced against him,

notwithstanding the expiration of the limitations period after Abel signs the agreement.

Sentencing

The violation of 18 U.S.C. § 371 charged in Count Two of the Indictment to which Abel agrees to plead guilty carries a statutory maximum term of five years' imprisonment and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The violation of 26 U.S.C. § 7206 charged in Count One of the Information to which Abel agrees to plead guilty carries a statutory maximum prison sentence of 3 years imprisonment and a statutory maximum fine of not more than $100,000.

The sentence on each count may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Abel is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Abel ultimately will receive.

Further, in addition to imposing any other penalty on Abel, the sentencing judge: (1) pursuant to 18 U.S.C. § 3013, will order Abel to pay an assessment of $100 per count ($200 total), which assessment must be paid by the date of sentencing; (2) with respect to both counts, must order Abel to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) with respect to Count One of the Information, may order Abel to pay the costs of prosecution; and (4) with respect to both counts, pursuant to 18 U.S.C. § 3583, may require Abel to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should Abel be placed on a term of supervised release for either count and subsequently violate any of the conditions of supervised release before the expiration of its term, Abel may be sentenced to not more than two years' imprisonment for each count, which may be concurrent or consecutive, regardless of the statutory maximum term of imprisonment set forth above and without credit

for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Abel by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Abel's activities and relevant conduct with respect to this case.

Stipulations

This Office and Abel agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Abel from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Restitution

Pursuant to 18 U.S.C. §§ 3663(a)(3) and 3663A(b)(1)(B), this Office and Abel agree that Abel shall pay restitution to all victims of Count Two of the Indictment in such an amount as the parties will agree or, if no agreement can be reached, the Court shall determine following an evidentiary hearing. Abel

understands and agrees that the losses and restitution computed may exceed the loss amount agreed upon by the Government for purposes of the advisory Sentencing Guidelines computation, and the Government is permitted to provide the Court with information about the loss and restitution that will exceed the figures reflected in the negotiated, agreed-upon range reflected in Schedule A used to determine Abel's advisory guidelines range of imprisonment.

Pursuant to 18 U.S.C. § 3663(a)(3), Abel further agrees to pay restitution for losses beyond those directly caused by the offense of conviction charged in Count Two of the Indictment. This Office and Abel agree, pursuant to 18 U.S.C. § 3663(a)(3), that Abel shall pay restitution, in amounts to be agreed upon by the parties or, if no agreement can be reached, as determined by the Court following an evidentiary hearing, to all victims of Abel's conduct charged in Count Two of the Indictment. This Office and Abel agree to be bound by the Court's determinations regarding the victims of Abel's conduct charged in Count Two of the Indictment and the restitution to be paid to each.

If the Court imposes a schedule of payments, Abel understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods available to the United States to enforce the judgment.

In addition to the foregoing, and pursuant to 18 U.S.C. § 3663(a)(3), Abel agrees to pay restitution in the amount of $4,306,873.00 to the Internal Revenue Service ("IRS") based on the offense conduct charged in Count One of the Information. Abel understands and agrees that this figure does not include interest under 26 U.S.C. § 6601, which will be assessed by the IRS pursuant to Title 26. Abel agrees that the total amount of restitution reflected in this Agreement results from his criminal conduct. The restitution amount is based upon the total amount of loss for calendar years 2015 through 2018 and shall be paid according to a payment plan established by the Court. If the Court orders Abel to pay restitution to the IRS for the failure to pay tax, either directly as part of the sentence or as a condition of supervised release, the IRS will use the restitution order as the basis for a civil assessment. *See* 26 U.S.C. § 6201(a)(4)(a). Abel does not have the right to challenge the amount of this assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor Abel's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

Abel further agrees that $44,300.00 in United States currency located in Abel's residence on December 10, 2019 shall be applied to the tax loss attributed to Abel as a result of his guilty plea to Count One of the Information.

Forms and Waivers

Prior to the date of sentencing, Abel shall: (1) sign and file with the IRS a Form 870 Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment in lieu of filing returns or amended returns, for calendar years 2015 through 2018; (2) sign and file with the IRS a Form 2054 Agreement to Assessment and Collection of Additional Tax and Acceptance of Overassessment in lieu of filing returns or amended returns, for calendar years 2015 through 2018; (3) provide all appropriate documentation to the IRS in support of such Form 870 and 2504 waivers, upon request; (4) pay to the IRS all taxes and any penalties owed on those returns, or, if unable to do so, make satisfactory repayment arrangements with the IRS; and (5) fully cooperate with the IRS and comply with the tax laws of the United States. Further, Abel agrees to allow the contents of his IRS criminal file to be given to civil attorneys and support staff of the IRS to enable them to investigate, if applicable, any and all civil penalties that may be due and owing by Abel. With respect to disclosure of the criminal file to the IRS, Abel waives any rights under Title 26, United States Code, Section 7213, Federal Rule of Criminal Procedure 6(e), and any other right of privacy with respect to Abel's tax returns and return information. Further, Abel agrees not to file any claims for refund of taxes, penalties, and interest for calendar years 2015 through 2018 or for any other amounts paid in accordance with this Agreement. Abel agrees that the provisions set forth in this Agreement concerning his tax obligations, including those obligations set forth under the caption "Other Provisions" of this Agreement, are appropriate conditions of probation or supervised release.

Abel further agrees that within ten (10) days of the execution of this plea agreement, he shall complete and submit the attached Financial Disclosure Statement provided by the United States (the "Financial Disclosure Statement"), along with all documents supporting his stated assets and liabilities. It is the intention of the parties that Abel shall disclose all of his virtual currency holdings, including those held on exchanges and on cold storage wallets. Abel agrees to cooperate fully with Financial Litigation personnel of the Asset Recovery and Money Laundering Unit ("ARMLU") with respect to requests for additional information pertaining to the Abel's assets and liabilities, and agrees, if necessary, to appear for a deposition concerning his assets and liabilities and his ability to pay restitution. Abel understands that compliance with these requests will be taken into account when the United States makes a recommendation to the Court regarding Abel's acceptance of responsibility.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Abel waive certain rights to file an appeal, collateral attack, writ, or motion after resentencing, including but

not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Venue

Abel agrees to waive and forego any and all challenges to venue in the District of New Jersey. Abel understands and agrees that the charge in the Information will be filed and adjudicated in the District of New Jersey. Abel further agrees not to assert in any appeal, motion or collateral attack, including a motion brought pursuant to 28 U.S.C. § 2255, any claim or argument challenging venue in the District of New Jersey to the charge in the Information, as set forth above.

Immigration Consequences

Abel understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Abel understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Abel wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Abel understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Abel waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Abel. This agreement does not prohibit the United States, any agency thereof (including the IRS and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against Abel.

No provision of this agreement shall preclude Abel from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or

motion claiming that Abel's guilty plea or sentence resulted from constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Abel and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: _____
ANTHONY P. TORNTORE
JAMIE L. HOXIE
Assistant U.S. Attorneys

Approved:

DAVID W. FEDER
Chief, Cybercrime Unit

I have received this letter from my attorney, Jason J. LeBoeuf, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, forfeiture, stipulations, waiver, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____    Date: 8/14/20
Joseph Frank Abel

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, forfeiture, stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____    Date: 8/14/20
Jason J. LeBoeuf, Esq.

Plea Agreement with Joseph Frank Abel

SCHEDULE A

1. This Office and Abel recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Abel nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Abel within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Abel further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case.

Count Two of the Indictment ("The Indictment Count")

3. The applicable guideline for the Indictment Count is U.S.S.G. § 2X1.1 because the offense is conspiracy in violation of Title 18, United States Code, Section 371. See U.S.S.G. Appendix A.

4. The applicable guideline for the base offense level for the Indictment Count is U.S.S.G. § 2B1.1, because the substantive offense is offering and selling unregistered securities.

5. Under U.S.S.G. § 2B1.1(a)(1), the base offense level is 6 because conviction of the Indictment Count carries a statutory maximum term of imprisonment of less than twenty years.

6. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(J) applies because the relevant loss amount that the parties have negotiated is more than $3,500,000 but not more than $9,500,000. This results in an increase of 13 levels.

7. Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(2)(A) applies because the offense involved 10 or more victims. This results in an increase of 2 levels.

8. Specific Offense Characteristic U.S.S.G. § 2B1.1 (b)(10)(C) applies because the offense involved sophisticated means. This results in an increase of 2 levels.

9.      The total adjusted level for Count Two of the Indictment is 28.

Count One of the Information ("The Information Count")

10.     The applicable guidelines for Count One of the Information, charging a violation of Title 26, United States Code, Section 7206(1), are U.S.S.G. §§ 2T1.1 and 2T4.1. Abel agrees that he filed a false tax return for the calendar year 2017. Abel further agrees that he is also responsible pursuant to the relevant conduct provision, U.S.S.G. § 1B1.3, for the loss created by his non-filing of tax returns for calendar years 2015, 2016, and 2018. The parties agree that combined the tax loss for the calendar years 2015 through 2018 is greater than $3,500,000, but less than $9,500,000. This corresponds to an Offense Level of 24 pursuant to U.S.S.G. § 2T4. 1(J).

11.     Because Abel failed to report and correctly identify the source of income exceeding $10,000 in any year from criminal activity, a two level upward adjustment is warranted pursuant to U.S.S.G. § 2T1. 1(b)(1).

12.     The total adjusted level for Count One of the Information is 26.

Grouping Analysis

13.     Count Two of the Indictment and Count One of the Information group pursuant U.S.S.G. § 3D1.2(d) as both offense levels are determined largely on the basis of the total amount of loss. Pursuant to U.S.S.G. § 3D1.3(b), the offense level corresponds to the aggregate quantity and the offense guideline that produces the highest offense level applies. The parties agree that combining the loss amounts for the two groups results in a loss amount of more than $3,500,000 but not more than $9,500,000. Thus, the offense level will be 28.

Acceptance of Responsibility

14.     As of the date of this letter, it is expected that Abel will enter a plea of guilty prior to the commencement of trial, will truthfully admit his involvement in the offense and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility. If all of these events occur, and Abel's acceptance of responsibility continues through the

date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate.  See U.S.S.G. § 3E1.1(a).

15.   As of the date of this letter, it is expected that Abel will assist authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently.  At sentencing, this Office will move for a further 1-point reduction in Abel's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Abel enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Abel's acceptance of responsibility has continued through the date of sentencing and Abel therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Abel's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

Agreed Total Guidelines Offense Level

16. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Abel is 25 (the "agreed total Guidelines offense level").

17.   The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein.  The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

Appeal Waiver

18.   Abel knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.  The

provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

19. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.