UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Claire C. Cecchi, U.S.D.J. |
| v. | : | Crim. No. 19-877 |
| MATTHEW BRENT GOETTSCHE, | : | STIPULATION AND ORDER OF INTERLOCUTORY SALE AND |
| Defendant. | : | MODIFICATION OF POST INDICTMENT RESTRAINING ORDER |
| | : | (Country Club Drive, Mountain Village, Colorado) |

WHEREAS, on December 5, 2019, a federal grand jury in the District of New Jersey returned an Indictment (the "Indictment") charging Matthew Brent Goettsche ("Goettsche") and others with conspiracy to commit wire fraud, contrary to 18 U.S.C. § 1343, in violation of 18 U.S.C. § 1349 (Count One); and conspiracy to offer and sell unregistered securities, contrary to 15 U.S.C. §§ 77e and 77x, in violation of 18 U.S.C. § 371 (Count Two);

WHEREAS, the Indictment contained a forfeiture allegation as to Count One that gave notice of the United States' intent to forfeit, upon conviction, all right, title, and interest of Goettsche in all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the wire fraud conspiracy offense, and all property traceable thereto, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c);

WHEREAS, on or about July 20, 2021, the Court entered a Post-Indictment Restraining Order (the "Restraining Order") restraining Goettsche and others from transferring or encumbering certain properties, as well as from

1

taking any action that would diminish the value of the property, including the following:

> the real property located at Country Club Drive, Mountainview, Colorado, more specifically described as Lot 126R, Lot 152R, Tract OSP-118 and Tract OSP-126, Telluride Mountain Village, as shown on a replat of lots 118, 126, 130, 152A, 152B, 152C and Tract OS-1, Town of Mountain Village in San Miguel County, Colorado, assessor's parcel numbers 456534301029 and 456534301032, which is owned by MV Holdings LLC

(hereinafter referred to the as the "Subject Property");

WHEREAS, on or about July 22, 2021, the United States filed a Third Forfeiture Bill of Particulars alleging that the properties set forth in the Restraining Order, including the Subject Property, are subject to forfeiture in this action pursuant to Federal Rule of Criminal Procedure 32.2(a), 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c);

WHEREAS, on or about July 22, 2021, the Government filed a Notice of Pendency against the Subject Property to preserve its interest therein;

WHEREAS, on or about July 22, 2021, the United States of America served notice upon all persons and entities believed to have an interest in the Subject Property;

WHEREAS, the value of the Subject Property is subject to dissipation;

WHEREAS, the Office, Goettsche, MV Holdings LLC ("MV Holdings"), and Southlight Funding LLC agree that the Subject Property should be sold to preserve its value pending a final adjudication on the merits; and

WHEREAS, the Government, Goettsche, and MV Holdings have agreed that the Subject Property is to be liquidated or sold by MV Holdings before the

conclusion of the forfeiture proceedings, with the net proceeds of the sale to be held as substitute res pending further order of this Court;

WHEREAS, the interlocutory sale of depreciable forfeitable property on consent, and with the Court's authorization, is authorized by 21 U.S.C. § 853(e)(1) and Fed. R. Crim. P. 32.2(b)(7) (incorporating the provisions of Rule G(7)(b)(i)-(iv) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"));

WHEREAS, 21 U.S.C. § 853(g) confers broad power upon the Court to take any action necessary to protect the interest of the United States in property named in an order of forfeiture; and

NOW, THEREFORE, it is hereby STIPULATED, ORDERED AND AGREED by and between the United States of America, by and through its counsel, Rachael A. Honig, United States Attorney for the District of New Jersey, Joseph N. Minish, appearing (the "Office"), and Matthew Goettsche, by and through his counsel, Rodney Villazor, Esq., Southlight Funding LLC, and Kevin Keranen, on behalf of MV Holdings LLC, by and through its counsel, Jerry Bernstein, Esq. (hereinafter referred to collectively as the "Parties"):

1.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(g), the United States, Goettsche, Southlight Funding LLC, and Kevin Keranen, individually and on behalf of MV Holdings LLC, each agree to the interlocutory sale of the Subject Property.

2.      MV Holdings represents that it has entered into a contract with a prospective non-party buyer who has offered to purchase the Subject Property for $10,500,000.00.

3.      In furtherance of the interlocutory sale, the parties agree to execute promptly any documents which may be required to complete the interlocutory sale of the Subject Property.

4.      The net proceeds from the sale of the Subject Property will include all monies realized from the sale of the Subject Property, except for the following:

    a.      Real estate commissions;

    b.      Escrow fees;

    c.      Title fees;

    d.      MV Holdings' reasonable real estate attorney fees, if any, with respect to the sale of the Subject Property;

    e.      All unpaid principal due to Southlight Funding LLC from the date of nonpayment to the time of closing under the terms of the Modified Deed of Trust recorded in the land records of the Clerk's Office of San Miguel County, Colorado, at reception number 459275 and recorded on July 1, 2019 (the "Mortgage") (said amount being approximately $7,229,282 as of September 20, 2021);

    f.      With respect to paragraph 5(j) above, all unpaid interest at the contractual base rate (1 month Libor + 8%), and at the rate of 14% beginning on July 1, 2020 under the Mortgage (said amount being approximately $1,256,690 as of September 20, 2021);

    g.      Advances for taxes, homeowners' association dues, and insurance premiums (said amount being

4

approximately $359,680.40 as of September 20, 2021);

h.      Property inspections, appraisal fees and other advances in the amount of $14,971; and

i.      Reasonable attorney's fees and costs, in the amount of $4,690 for Ragonetti & $3,016.27 for Brownstein and $35,879 for Southlight Funding, LLC.

5.      The net proceeds realized from the sale of the Subject Property, and any and all income or interest accrued thereon, shall be the substitute res for the Subject Property.  The net proceeds shall be transferred to the United States within ten days of the closing in accordance with directions to be provided by the United States Attorney's Office, the Federal Bureau of Investigation, or the United States Marshals Service.  The net proceeds shall be deposited and shall be held by the United States Marshals Service (or its designee) in the Asset Forfeiture Fund pending further order of the Court.  The Restraining Order is hereby deemed amended accordingly.

6.      The substitute res shall be treated as the equivalent of the Subject Property and all claims and defenses applicable to the Subject Property shall apply to the substitute res.  Nothing in this agreement shall be construed to be a waiver of any rights, claims or interests held by Goettsche, MV Holdings, or Kevin Keranen in connection with the Subject Property.

7.      Should Goettsche be convicted of the charges in the Indictment, upon the disposition of any petitions filed pursuant to 21 U.S.C. § 853, the Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n)

and 18 U.S.C. § 982(b)(1), in which all interests in the substitute res will be addressed.

8.   The payment made at closing for the Subject Property to Southlight Funding LLC shall be in full settlement and satisfaction of all prospective claims by Southlight Funding LLC arising from and relating to the forfeiture of the Subject Property.

9.   Southlight Funding LLC understands and agrees that it waives any rights to litigate further its interest in the Subject Property and further pursue remission or mitigation of the forfeiture of the Subject Property.

10.   Each party agrees to bear its costs and attorneys' fees except as set forth in paragraph 4.

11.   Goettsche, Southlight Funding LLC, and Kevin Keranen, individually and on behalf of MV Holdings, are each hereby barred from asserting any claim against the United States of America, its departments and agencies, officers, employees, and agents, in their individual and official capacities, in connection with or arising out of, the United States' actions against and relating to the Subject Property.

12.   The United States will provide an original cancellation of the notice of *lis pendens* to the closing attorney or title company that is issuing title insurance policy for the purchaser of the Subject Property to hold in escrow until the sale closes in conformance with the terms and conditions set forth in this Stipulation and Order.

13.     The undersigned individuals signing this Stipulation and Order on behalf of Goettsche, Southlight Funding LLC, and Kevin Keranen, individually and on behalf of MV Holdings LLC, each represent and warrant that they have full authority to execute this Stipulation and Order.  The United States signatory represents that the undersigned is signing this Stipulation and Order in his/her official capacity and that the undersigned is authorized to execute this Stipulation and Order. The undersigned individuals further represent that each of them has obtained all consents, approvals or other acts of any kind required to be obtained or done in order to enable it lawfully to enter into this Stipulation.

14.     The Office reserves the right, in its discretion, to terminate the forfeiture at any time and release the Subject Property.  In either event, the Office shall promptly notify the other Parties of such action.  A discretionary termination of forfeiture shall not be a basis for any award of attorney's fees or costs.

15.     The signature pages of this Stipulation and Order may be executed in one or more counterparts and transmitted by facsimile or electronic means. Counterparts will be deemed an original, and all of them together will constitute the same instrument.

16.     This Stipulation and Order constitutes the complete agreement between the signatories hereto and may not be amended except by written consent thereof.

17.     This Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this Stipulation and Order authorizing the sale of the Subject Property.


**AGREED AND CONSENTED TO BY:**

For the United States:

RACHAEL A. HONIG
Acting United States Attorney


__/s/ Sarah Devlin_____
By:    JOSEPH N. MINISH                              Dated:
        SARAH DEVLIN
Assistant United States Attorneys

For Matthew Brent Goettsche:


_____
MATTHEW BRENT GOETTSCHE,                    Dated:
Defendant


_____
RODNEY VILLAZOR                                      Dated:
Counsel for defendant Matthew Brent
Goettsche



For MV Holdings:


_____
By:    KEVIN KERANEN,                         Dated: 09 / 15 / 2021

8

17.    This Court shall retain jurisdiction in this matter to take additional

action and enter further orders as necessary to implement and enforce this

Stipulation and Order authorizing the sale of the Subject Property.


**AGREED AND CONSENTED TO BY:**

For the United States:

RACHAEL A. HONIG
Acting United States Attorney


__/s/ Sarah Devlin_____
By:    JOSEPH N. MINISH                                    Dated:
         SARAH DEVLIN
Assistant United States Attorneys

For Matthew Brent Goettsche:


MATTHEW BRENT GOETTSCHE,                  Dated:   9/15/21
Defendant


RODNEY VILLAZOR                                   Dated:   09/15/2021
Counsel for defendant Matthew Brent
Goettsche



For MV Holdings:


By:    KEVIN KERANEN,                                 Dated:

8

Member MV Holdings

Jerry Bernstein, Esq.
Counsel for MV Holdings

Dated: 9/15/21

For Southlight Funding LLC:

By: CDL GP, LLC, its Manager

By:    Timothy J. Reimink
Member Southlight Funding LLC

Dated:

## **ORDER**

Having reviewed the foregoing Stipulation and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED, AND DEGREED that the Stipulation is

SO ORDERED.

ORDERED this ____ day of September 2021.

HON. CLAIRE C. CECCHI, U.S.D.J.

9

Member MV Holdings

_____

Jerry Bernstein, Esq.                          Dated:
Counsel for MV Holdings

<u>For Southlight Funding LLC:</u>

<u>By: CDL GP, LLC, its Manager</u>

_____

By:    Timothy J. Reimink                       Dated:  9/15/2021
Member Southlight Funding LLC

## <u>**ORDER**</u>

Having reviewed the foregoing Stipulation and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED, AND DEGREED that the Stipulation is

SO ORDERED.

ORDERED this ____ day of September 2021.

_____

HON. CLAIRE C. CECCHI, U.S.D.J.

9