

TRUE AND CERTIFIED COPY
J. Baker
4:12 pm, Sep 22 2021

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JOBADIAH SINCLAIR WEEKS<br><br>Defendant. | Criminal No. 19-877 (CCC) |

### [PROPOSED] ORDER MODIFYING CONDITIONS OF RELEASE

THIS MATTER, being before the Court upon the government's motion to revoke the bail of defendant Jobadiah Sinclair Weeks ("Weeks"), and the Court having reviewed Weeks' response to that motion, and upon the subsequent agreement of the parties, and for good cause shown;

AND WHEREAS, in lieu of deciding the government's motion to revoke bail and making findings on the issues raised by that motion, the Court accepts the parties' agreed-upon modifications to Weeks's conditions of release;

On this 22nd day of September, 2021, it is hereby found and ORDERED that the following additional conditions of release will assure that Weeks will not flee or pose a danger to the safety of any other person or the community, and that Weeks will abide by such conditions, and such conditions are hereby imposed:

1. Weeks may possess a phone that has call and text capabilities, but no access to or capability to access the internet (*i.e.*, Weeks shall not possess a "smart" phone).

2. Weeks shall not use the internet to communicate with others except (a) through one or more e-mail addresses specifically disclosed to Pretrial Services and the government; (b) through the Airbnb app; or (c) as otherwise approved by Pretrial Services.

3. Weeks shall provide 72 hours' advance notice to the government of any visitors to his house, other than family, counsel, and guests who will be staying on other parts of Weeks' property who have booked through Airbnb.

4. Weeks shall provide updated financial statements to the government on a quarterly basis.

5. In addition, Weeks shall provide notice to Pretrial Services and the government of any transaction he makes, directly or indirectly, in any cryptocurrency or similar vehicle, within 72 hours or making such a transaction. Where practicable, Weeks shall provide advance notice to Pretrial Services of any such transaction.

6. Weeks shall not directly or indirectly promote or otherwise encourage others to invest in any cryptocurrency or other investment vehicle, including those that employ a multi-level marketing strategy. For purposes of this condition, Weeks shall be deemed to be promoting or otherwise encouraging investment if, among other things, he stands to benefit financially from the investment of a third party, such as through a referral fee. Nothing in this condition is intended to restrict Weeks from transacting in his own assets.

7. Weeks shall not direct any other person to engage in any restricted activity on his behalf.

It is further ordered, pursuant to Rule 502 of the Federal Rules of Evidence, that any disclosure of attorney-client communications to Pretrial Services as a result of the internet monitoring ordered above will not operate as a waiver of any applicable privileges or protections in this litigation or any other federal, state, or other proceeding.

It is further ordered that the above conditions of release are in addition to, and not in place of, the conditions set forth in this Court's November 6, 2020 order [ECF No. 153], as modified by its orders of March 19, 2021 [ECF No. 189] and August 23, 2021 [ECF 206].

s/Michael A. Hammer
Michael A. Hammer
United States Magistrate Judge