UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : Hon. Claire C. Cecchi, U.S.D.J. |
| v. | : Crim. No. 19-877 |
| MATTHEW BRENT GOETTSCHE, | : STIPULATION AND MODIFICATION OF POST INDICTMENT RESTRAINING |
| Defendant. | : ORDER (purchase of Hard Fork Holdings Inc.'s interest in Cryptowatt |
| | : Mining, LLC and Cryptowatt Investment Partners, LLC) |

WHEREAS, on December 5, 2019, a federal grand jury in the District of New Jersey returned an Indictment ("Indictment") charging Matthew Brent Goettsche ("Goettsche") and others with conspiracy to commit wire fraud, contrary to 18 U.S.C. § 1343, in violation of 18 U.S.C. § 1349 (Count One); and conspiracy to offer and sell unregistered securities, contrary to 15 U.S.C. §§ 77e and 77x, in violation of 18 U.S.C. § 371 (Count Two);

WHEREAS, the Indictment contained a forfeiture allegation as to Count One that gave notice of the United States' intent to forfeit, upon conviction, all right, title, and interest of Goettsche in all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the wire fraud conspiracy offense, and all property traceable thereto, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c);

WHEREAS, on or about July 20, 2021, the Court entered a Post-Indictment Restraining Order ("Restraining Order") restraining Goettsche and

1

others from transferring or encumbering certain assets, as well as from taking any action that would diminish the value of the asset, including the following:

> Any and all ownership interest held in the name, on behalf or for the benefit of Matthew Brent Goettsche ... and Hard Fork Holdings LLC in the assets of ... Cryptowatt Mining, LLC and Cryptowatt Investment Partners, LLC ("Subject Asset");

WHEREAS, on or about July 22, 2021, the United States filed a Third Forfeiture Bill of Particulars alleging that the assets set forth in the Restraining Order, including the Subject Asset, are subject to forfeiture in this action pursuant to Federal Rule of Criminal Procedure 32.2(a), 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c);

WHEREAS, on or about July 22, 2021, the United States served notice upon all person and entities then believed to have an interest in the Subject Asset;

WHEREAS, on or about August 23, 2020, Goettsche; Hard Fork Holdings Inc. ("Hard Fork");[1] Kevin Washington ("Washington"); CryptoWatt Management, LLC; Cryptowatt Investment Partners, LLC; Cryptowatt Mining, LLC; Rick Tabish; and FX Solutions, Inc. executed a settlement agreement ("Settlement Agreement");

WHEREAS, the Settlement Agreement required Washington, Atlas Power, LLC, or Atlas Power Holdings, LLC (collectively with Washington and Atlas

---

[1] The Restraining Order references Hard Fork Holdings LLC, which entity does not exist, instead of Hard Fork Holdings Inc., which is a party to the Settlement Agreement. For the purposes of this Stipulation only, the parties agree that the Government's use of Hard Fork Holdings LLC in the Restraining Order is meant to refer to Hard Fork Holdings Inc. Goettsche otherwise reserves all rights.

2

Power LLC, "Atlas") to pay $7,500,000 to Hard Fork for Hard Fork's interest in the Subject Asset;

WHEREAS, pursuant to the Settlement Agreement, Atlas has thus far paid $3,993,141.50 to Hard Fork;

WHEREAS, Kobre & Kim LLP currently holds that $3,993,141.50 in its attorney trust account;

WHEREAS, pursuant to the Settlement Agreement, Atlas agreed to make an additional payment of $2,000,000 to Hard Fork on or before January 15, 2022;

WHEREAS, pursuant to the Settlement Agreement, Atlas agreed to make an additional payment of $1,500,000 to Hard Fork on or before January 15, 2023.

WHEREAS, the United States, Atlas, Hard Fork, Goettsche, and Kobre Kim LLP have agreed that all additional payments for the Subject Asset made pursuant to the Settlement Agreement shall be held in the Kobre & Kim LLP's attorney trust account as substitute res pending further order of this Court;

WHEREAS, 21 U.S.C. § 853(g) confers broad power upon the Court to take any action necessary to protect the interest of the United States in an asset named in an order of forfeiture; and

NOW, THEREFORE, it is hereby STIPULATED, ORDERED AND AGREED by and between the United States, by and through its counsel, Philip R. Sellinger, United States Attorney for the District of New Jersey, Joseph N. Minish, appearing; Goettsche individually; Goettsche's counsel, Benjamin J.A.

3

Sauter; Goettsche on behalf of Hard Fork; Benjamin J.A. Sauter on behalf of Kobre & Kim, LLP; and Kevin Washington on behalf of Atlas (collectively, "Parties"):

1. Hard Fork and Atlas represent that they entered into the Settlement Agreement which requires Atlas to pay Hard Fork a total of $7,500,000 for the Subject Asset.

2. Atlas and Hard Fork represent that, pursuant to the Settlement Agreement, $3,993,141.50 has thus far been paid by Atlas to Hard Fork for the Subject Asset.

3. Kobre & Kim LLP represents that the $3,993,141.50 paid by Atlas is held in its attorney trust account and will be maintained in its attorney trust account pending further order of the Court.

4. Hard Fork agrees that the $2,000,000 due to be paid to Hard Fork on or before January 15, 2022 pursuant to the Settlement Agreement shall held in the Kobre & Kim LLP attorney trust account pending further order of the Court.

5. Kobre & Kim LLP represents that when received the $2,000,000 shall be maintained in its attorney trust account pending further order of the Court.

6. Hard Fork agrees that the $1,500,000 due to be paid to Hard Fork on or before January 15, 2023 pursuant to the Settlement Agreement shall held in the Kobre & Kim LLP attorney trust account.

7. Kobre & Kim LLP represents that when received the $1,500,000 shall be maintained in its attorney trust account pending further order of the Court.

8. The settlement proceeds, and any and all income or interest accrued thereon, shall be the substitute res for the Subject Asset. The Restraining Order is hereby deemed amended accordingly.

9. The substitute res shall be treated as the equivalent of the Subject Asset and all claims and defenses applicable to the Subject Asset shall apply to the substitute res. Nothing in this Stipulation shall be construed to be a waiver of any rights, claims, or interests held by Goettsche or Hard Fork in connection with the Subject Asset.

10. Should Goettsche be convicted of the charges in the Indictment, and should the Court make a finding of a nexus, upon the disposition of any petitions filed pursuant to 21 U.S.C. § 853, the Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n) and 18 U.S.C. § 982(b)(1), in which all interests in the substitute res will be addressed.

11. Atlas understands and agrees that it waives any rights to litigate further its interest in the Subject Asset and further pursue remission or mitigation of the forfeiture of the Subject Asset.

12. Each of the Parties agrees to bear its costs and attorneys' fees.

13. Goettsche and Hard Fork are each hereby barred from asserting any claim against the United States, its departments and agencies, officers, employees, and agents, in their individual and official capacities, in connection

with or arising out of, the United States' actions against and relating to the Subject Asset.

14. The individuals signing this Stipulation and Order on behalf of Hard Fork and Atlas each represent and warrant that they have full authority to execute this Stipulation and Order. The United States signatory represents that the undersigned is signing this Stipulation and Order in his/her official capacity and that the undersigned is authorized to execute this Stipulation and Order. The undersigned individuals further represent that each of them has obtained all consents, approvals, or other acts of any kind required to be obtained or done to enable it lawfully to enter into this Stipulation and Order.

15. The United States reserves the right, in its discretion, to terminate the forfeiture at any time and release the Subject Asset. In either event, the United States shall promptly notify the other Parties of such action. A discretionary termination of forfeiture shall not be a basis for any award of attorneys' fees or costs.

16. The signature pages of this Stipulation and Order may be executed in one or more counterparts and transmitted by facsimile or electronic means. Counterparts will be deemed an original, and all of them together will constitute the same instrument.

17. This Stipulation and Order constitutes the complete agreement between the signatories hereto and may not be amended except by written consent thereof.

18. This Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this Stipulation and Order authorizing the modification of the Restraining Order.

**AGREED AND CONSENTED TO BY:**

For the United States:

Philip R. Sellinger
United States Attorney

_s/ Joseph N. Minish_
By: Joseph N. Minish
Sarah Devlin
Assistant United States Attorneys

Dated: 3/7/22

For Matthew Brent Goettsche:

_____
Matthew Brent Goettsche
Defendant

Dated: 3/2/22

_____
Benjamin J.A. Sauter
Counsel for defendant
Matthew Brent Goettsche

Dated: 3/01/2022

7

For Hard Fork Holdings, Inc.:

_____
By:   Matthew Brent Goettsche
      Chief Executive Officer
      Hard Fork Holdings, Inc.

Dated: 3/2/22

For Kobre & Kim LLP:

_____
By:   Benjamin J.A. Sauter, Esq.

Dated: 03/01/2022

For Kevin Washington:

_____
Kevin Washington

Dated: 03.02.2022

For Atlas Power, LLC:

_____
By:   Kevin Washington
      Sole Member, Atlas Power, LLC

Dated: 03.02.2022

For Atlas Power Holdings, LLC:

_____
By:   Kevin Washington
      Sole Member, Atlas Power Holdings, LLC

Dated: 03.02.2022

**ORDER**

Having reviewed the foregoing Stipulation and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED, AND DEGREED that the Stipulation is SO ORDERED.

ORDERED this __7__ day of __March__, 2022.

_____
Hon. Claire C. Cecchi, U.S.D.J.