UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | : Hon. Claire C. Cecchi, U.S.D.J. |
| v. | : Crim. No. 19-877 |
| MATTHEW BRENT GOETTSCHE, | : STIPULATION AND MODIFICATION OF POST INDICTMENT RESTRAINING |
| Defendant. | : ORDER (Hard Fork Holdings Inc.'s interest in settlement monies) |
| | : |

WHEREAS, on December 5, 2019, a federal grand jury in the District of New Jersey returned an Indictment ("Indictment") charging Matthew Brent Goettsche ("Goettsche") and others with conspiracy to commit wire fraud, contrary to 18 U.S.C. § 1343, in violation of 18 U.S.C. § 1349 (Count One); and conspiracy to offer and sell unregistered securities, contrary to 15 U.S.C. §§ 77e and 77x, in violation of 18 U.S.C. § 371 (Count Two);

WHEREAS, the Indictment contained a forfeiture allegation as to Count One that gave notice of the United States' intent to forfeit, upon conviction, all right, title, and interest of Goettsche in all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the wire fraud conspiracy offense, and all property traceable thereto, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c);

WHEREAS, on or about July 20, 2021, the Court entered a Post-Indictment Restraining Order ("Restraining Order") restraining Goettsche and

1

others from transferring or encumbering certain assets, as well as from taking any action that would diminish the value of the asset, including the following:

> The proceeds due on the loans, promissory notes, receivables, security, or financing agreement, or other contribution, by or from, directly or indirectly, defendant Matthew Brent Goettsche [and] Hard Fork Holdings LLC . . . [including] the principal sum of $8.75 million transferred to or for the benefit of Burrell Diversified Investments, LLC from Hard Fork Holdings LLC, with interest accruing from December 7, 2018 ("Subject Asset");

WHEREAS, on or about July 22, 2021, the United States filed a Third Forfeiture Bill of Particulars alleging that the assets set forth in the Restraining Order, including the Subject Asset, are subject to forfeiture in this action pursuant to Federal Rule of Criminal Procedure 32.2(a), 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c);

WHEREAS, on or about July 22, 2021, the United States served notice upon all persons and entities then believed to have an interest in the Subject Asset;

WHEREAS, on or about April 1, 2021, Goettsche; Hard Fork Holdings Inc. ("Hard Fork");[1] Burrell Diversified Investments LLC ("BDI"); and Daniel Burrell ("Burrell") (all together, the "Parties") executed a settlement agreement related to the Subject Asset ("Settlement Agreement");

---

[1] The Restraining Order references Hard Fork Holdings LLC, which entity does not exist, instead of Hard Fork Holdings Inc., which is a party to the Settlement Agreement. For the purposes of this Stipulation only, the parties agree that the Government's use of Hard Fork Holdings LLC in the Restraining Order is meant to refer to Hard Fork Holdings Inc. Goettsche otherwise reserves all rights.

2

WHEREAS, effective as of March 31, 2022, the Parties executed an amendment to the Settlement Agreement, which amendment relates exclusively to the timing of payments due under the Settlement Agreement;

WHEREAS, the Settlement Agreement required BDI and Burrell (together, the "BDI Parties") to pay $3,750,000.00 to Hard Fork;

WHEREAS, pursuant to the Settlement Agreement, the BDI Parties have thus far paid $1,500,000.00 to Hard Fork;

WHEREAS, Kobre & Kim LLP currently holds that $1,500,000.00 in its attorney trust account;

WHEREAS, pursuant to the Settlement Agreement and amendment thereto, the BDI Parties have agreed to make an additional payment of $1,250,000.00 to Hard Fork on or before August 1, 2022;

WHEREAS, pursuant to the Settlement Agreement and amendment thereto, the BDI Parties have agreed to make an additional payment of $1,000,000.00 to Hard Fork on or before April 1, 2023.

WHEREAS, the United States, Goettsche, Hard Fork, BDI, Burrell, and Kobre Kim LLP have agreed that all additional payments made pursuant to the Settlement Agreement shall be held in Kobre & Kim LLP's attorney trust account as substitute res pending further order of this Court;

WHEREAS, 21 U.S.C. § 853(g) confers broad power upon the Court to take any action necessary to protect the interest of the United States in an asset named in an order of forfeiture; and

NOW, THEREFORE, it is hereby STIPULATED, ORDERED AND AGREED by and between the United States, by and through its counsel, Philip R. Sellinger, United States Attorney for the District of New Jersey, Joseph N. Minish, appearing; Goettsche individually; Goettsche's counsel, Benjamin J.A. Sauter; Goettsche on behalf of Hard Fork; Benjamin J.A. Sauter on behalf of Kobre & Kim, LLP; Burrell, individually; and Burrell on behalf of BDI (collectively, "Parties"):

1. Hard Fork and the BDI Parties represent that they entered into the Settlement Agreement and amendment thereto, which requires the BDI Parties to pay Hard Fork a total of $3,750,000.00.

2. Hard Fork and the BDI Parties represent that, pursuant to the Settlement Agreement, $1,500,000.00 has thus far been paid by the BDI Parties to Hard Fork.

3. Kobre & Kim LLP represents that the $1,500,000.00 paid by the BDI Parties is held in its attorney trust account and will be maintained in its attorney trust account pending further order of the Court.

4. Hard Fork agrees that the $1,250,000.00 due to be paid to Hard Fork on or before August 1, 2022 pursuant to the Settlement Agreement and amendment thereto shall be held in the Kobre & Kim LLP attorney trust account pending further order of the Court.

5. Kobre & Kim LLP represents that, when received, the $1,250,000.00 shall be maintained in its attorney trust account pending further order of the Court.

6.  Hard Fork agrees that the $1,000,000.00 due to be paid to Hard Fork on or before April 1, 2023 pursuant to the Settlement Agreement and amendment thereto shall be held in the Kobre & Kim LLP attorney trust account.

7.  Kobre & Kim LLP represents that, when received, the $1,000,000.00 shall be maintained in its attorney trust account pending further order of the Court.

8.  The settlement proceeds, and any and all income or interest accrued thereon, shall be the substitute res for the Subject Asset. The Restraining Order is hereby deemed amended accordingly.

9.  The substitute res shall be treated as the equivalent of the Subject Asset and all claims and defenses applicable to the Subject Asset shall apply to the substitute res. Nothing in this Stipulation shall be construed to be a waiver of any rights, claims, or interests held by Goettsche or Hard Fork in connection with the Subject Asset.

10. Should Goettsche be convicted of the charges in the Indictment, and should the Court make a finding of a nexus, upon the disposition of any petitions filed pursuant to 21 U.S.C. § 853, the Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n) and 18 U.S.C. § 982(b)(1), in which all interests in the substitute res will be addressed.

11. The BDI Parties understand and agree that they waive any rights to litigate further its interest in the Subject Asset and further pursue remission or mitigation of the forfeiture of the Subject Asset.

12. Each of the Parties agrees to bear its costs and attorneys' fees.

13. Goettsche and Hard Fork are each hereby barred from asserting any claim against the United States, its departments and agencies, officers, employees, and agents, in their individual and official capacities, in connection with or arising out of, the United States' actions against and relating to the Subject Asset.

14. The individuals signing this Stipulation and Order on behalf of Hard Fork and the BDI Parties each represent and warrant that they have full authority to execute this Stipulation and Order. The United States signatory represents that the undersigned is signing this Stipulation and Order in his/her official capacity and that the undersigned is authorized to execute this Stipulation and Order. The undersigned individuals further represent that each of them has obtained all consents, approvals, or other acts of any kind required to be obtained or done to enable it lawfully to enter into this Stipulation and Order.

15. The United States reserves the right, in its discretion, to terminate the forfeiture at any time and release the Subject Asset. In either event, the United States shall promptly notify the other Parties of such action. A discretionary termination of forfeiture shall not be a basis for any award of attorneys' fees or costs.

16. The signature pages of this Stipulation and Order may be executed in one or more counterparts and transmitted by facsimile or electronic means.

Counterparts will be deemed an original, and all of them together will constitute the same instrument.

17. This Stipulation and Order constitutes the complete agreement between the signatories hereto and may not be amended except by written consent thereof.

18. This Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this Stipulation and Order authorizing the modification of the Restraining Order.

**AGREED AND CONSENTED TO BY:**

For the United States:

Philip R. Sellinger
United States Attorney

By: *Joseph N. Minish*                    Dated: 4-7-22
    Joseph N. Minish
    Sarah Devlin
    Assistant United States Attorneys

For Matthew Brent Goettsche:

_____        Dated: 4/4/22
Matthew Brent Goettsche
Defendant

_____  Dated: 4/4/22
Benjamin J.A. Sauter
Counsel for defendant
Matthew Brent Goettsche

For Hard Fork Holdings, Inc.:

_____  Dated: 4/4/22
By:   Matthew Brent Goettsche
      Chief Executive Officer
      Hard Fork Holdings, Inc.

For Kobre & Kim LLP:

_____  Dated: 4/4/22
By:   Benjamin J.A. Sauter, Esq.
      Kobre & Kim LLP

For Daniel Burrell:

_____  Dated: 4/5/22
Daniel Burrell

For Burrell Diversified Investments LLC:

_____  Dated: 4/5/22
By:   Daniel Burrell
      Chief Executive Officer
      Burrell Diversified Investments LLC

8

## ORDER

Having reviewed the foregoing Stipulation and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED, AND DEGREED that the Stipulation is SO ORDERED.

ORDERED this __8__ day of __April__, 2022.

_____
Hon. Claire C. Cecchi, U.S.D.J.