UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------- X
                                                               :

UNITED STATES OF AMERICA,
                                                               :

       -against-                                           Crim. No. 2:19-cr-877-CCC
                                                               :

MATTHEW BRENT GOETTSCHE,
RUSS MEDLIN,                                          :              **[Proposed] Sealing Order**
JOBADIAH SINCLAIR WEEKS,
JOSEPH FRANK ABEL, and              :
SILVIU CATALIN BALACI
                                                               :

              Defendants.
-------------------------------------------------------- X

THIS MATTER having come before the Court on the motion of Defendant Matthew Brent Goettsche, through counsel, to seal the unredacted version of his Motion to Modify Conditions of Pretrial Release (the "Filing), the Court having considered the position of all parties and having read and considered all documents submitted in connection with this motion, hereby adopts the following Findings of Fact and Conclusions of Law:

## I.   FINDINGS OF FACT

1. Defendant Goettsche seeks to permanently seal, and/or redact certain confidential or sensitive information.

2. Local Civil Rule 5.3(c) requires the moving party to show:

    a. The nature of the materials or proceedings at issue;

    b. The legitimate private or public interest which warrant the relief sought;

    c. The clearly defined and serious injury that would result if the relief sought is not granted;

    d. Why a less restrictive alternative to the relief sought is not available;

    e. Any prior order sealing the same materials in the pending action; and

    f. The identify of any party or nonparty known to be objecting to the sealing request.

3. The Court finds that the unredacted Filing contains information that, if disclosed, would violate the Protective Order and Local Civil Rule 5.2(16)-(17).

4. The Court finds that, because the Filing addresses issues raised and provisionally redacted by Defendant Goettsche in the Filing, a less restrictive alternative to redaction is not available.

5. The Government expressed that it does not intend to object to Defendant Goettsche's sealing motion.

## II. CONCLUSIONS OF LAW

6. Generally, "[t]here is a strong presumption of public access to judicial records and documents." *In re Zimmermann*, 739 F.App'x 101, 103 (3d Cir. 2018). That presumption, however, "is not absolute" and is rebuttable. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (internal quotation marks and citations omitted). The party moving to seal the records bears the burden of demonstrating why restriction is necessary. *Id.* In order to rebut the presumption of public access, the party seeking confidentiality must demonstrate "good cause" by establishing that disclosure will cause a "'clearly defined and serious injury to the party seeking closure.'" *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (*quoting Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)).

7. "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988) (*quoting Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). The District Court has discretion to balance the factors for and against access to court documents. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 781 (3d Cir. 1994). The sealing of confidential documents and information is an accepted practice in the District of New Jersey. *See, e.g., In re Gabapentin Patent Litig.*, 312 F. Supp. 2d 653 (D.N.J. 2004).

8. Accordingly, the Court finds that good cause exists to seal the unredacted Filling under the considerations set forth in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 9d Cir.

1994).  The Court therefore permits the unredacted Filing to be maintained under seal until further Order of this Court.

**THEREFORE,** for the above reasons, it is on this ___ day of _____, 2022,

**ORDERED** that the unredacted version of Defendant Goettsche's Motion to Modify Conditions of Pretrial Release be permanently sealed pursuant to Local Civil Rule 5.3(c) and maintained under seal by the Court.

Dated:  
                                                                           HON. MICHAEL A. HAMMER  
                                                                           United States Magistrate Judge