UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MATTHEW BRENT GOETTSCHE | Hon. Michael A. Hammer<br><br>Crim. No. 19-877 |

## GOVERNMENT'S OPPOSITION TO DEFENDANT GOETTSCHE'S MOTION TO MODIFY PRETRIAL RELEASE CONDITIONS

PHILIP R. SELLINGER
United States Attorney

On the Brief:

Jamie H. Solano
Assistant United States Attorney

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................... 1

PROCEDURAL BACKGROUND .................................................................................. 2

ARGUMENT ....................................................................................................... 3

I.  The Defendant's Motion Should Be Denied Because He Has Failed to Show a Requisite Change in Circumstances. ........................................... 3

    A.  Goettsche's Compliance Is Not a Changed Circumstance or a Reason for Bail Modification. ....................................................... 5

    B.  The Other Circumstances That Goettsche Highlights Do Not Have a Material Bearing on His Flight Risk. ............................................. 6

II. The Requested Modifications Should Be Denied. ................................... 8

CONCLUSION ................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*United States v. Day,*
  2017 WL 5457983 (D.N.J. Nov. 13, 2017) ................................................. 3, 5

*United States v. Esposito,*
  354 F. Supp. 3d 354 (S.D.N.Y. 2019) ....................................................... 4, 6

*United States v. Falcetti,*
  2002 WL 31921179 (E.D.N.Y. Oct. 31, 2002) ............................................... 4

*United States v. Hare,*
  873 F.2d 796 (5th Cir. 1989) ..................................................................... 4

*United States v. Johnson,*
  2022 WL 375319 (D.N.J. Feb. 8, 2022) ................................................... 3, 6

*United States v. Lafrance,*
  2016 WL 3882845 (D. Mass. July 13, 2016) ............................................ 4, 6

*United States v. Lewis,*
  2016 WL 6902198 (S.D.N.Y. Nov. 16, 2016) ............................................... 4

*United States v. Merola,*
  2008 WL 4449624 (D.N.J. Sept. 30, 2008) .................................................. 3

*United States v. Nestor,*
  678 F. App'x 73 (3d Cir. 2017) .................................................................. 5

*United States v. Peralta,*
  849 F.2d 625 (D.C. Cir. 1988) ................................................................... 4

*United States v. Quinones,*
  2016 WL 1694998 (W.D.N.Y. Apr. 28, 2016) .............................................. 6

*United States v. Rodriguez-Adorno,*
  606 F. Supp. 2d 232 (D.P.R. 2009) ............................................................ 4

**Statutes**

18 U.S.C. § 3142(c)(3) ................................................................................. 3

18 U.S.C. § 3142(f) .................................................................................. 3, 5

**PRELIMINARY STATEMENT**

Defendant Matthew Brent Goettsche stands charged of creating and operating what became a $2 billion pyramid scheme with thousands of victims around the world. Goettsche accomplished much of the scheme from the comfort of his home while working with a web of international cohorts over the Internet. As a result of his illegal conduct, Goettsche made millions of dollars, which he has scattered throughout a complex web of cryptocurrency, "business" entities, and other financial accounts. He was initially detained pending trial and now must abide by carefully considered conditions of pretrial release.

Nothing has materially changed since the Court imposed its bail conditions. Nevertheless, Goettsche now seeks to have his conditions modified, primarily citing his court-ordered compliance with those conditions. His requested relief should be denied on several grounds.

First, Goettsche is incorrect that a defendant in this District seeking to modify his conditions of pretrial release may seek to do so without showing a change in circumstance. Several courts, both in this District and elsewhere, agree, and Goettsche does not meaningfully explain why this Court should not follow the same course.

Second, while he points to a handful of things that have changed over the past year—including bad acts from people he committed illegal activity with and the result of the Government's continued investigation—Goettsche has failed to show a material change in his circumstances that would warrant modifying his bail conditions.

1

Third, Goettsche has failed to show that his requested modifications are appropriate to reasonably secure his appearance at trial. The details provided in Goettsche's brief make clear that: (1) Pretrial Services and the Government have worked with Goettsche to reasonably accommodate circumstances as they have arisen while he remains on pretrial release; and (2) the Court-ordered pretrial release conditions have effectively ensured that he will appear at trial.

Accordingly, his motion should be denied.

## PROCEDURAL BACKGROUND

On December 10, 2019, Goettsche was arrested for wire fraud conspiracy and conspiring to offer and sell unregistered securities. Goettsche remained detained pretrial following orders from the District of Colorado and two orders from this Court. Goettsche appealed this Court's detention orders, which Judge Cecchi referred back to this Court.

On December 11, 2020, this Court conducted a bail hearing and granted Goettsche's motion for bail. In doing so, the Court imposed several important bail conditions, including that Goettsche: (1) remain subject to home incarceration with electronic monitoring; (2) remain in the presence of his third-party custodians at all times unless otherwise approved by Pretrial Services; (3) secure his appearance bond with several properties worth approximately $8.6 million; (4) place rental income in escrow; and (5) be prohibited from Internet access and the use of computers unless in his counsel's presence.

**ARGUMENT**

**I.    The Defendant's Motion Should Be Denied Because He Has Failed to Show a Requisite Change in Circumstances.**

Under the Bail Reform Act, the Court "may at any time amend the order [of pretrial release conditions] to impose additional or different conditions of release." 18 U.S.C. § 3142(c)(3). Subsection (f) provides further that a detention hearing:

> [M]ay be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f). As recently recounted by Judge Martini, "[c]ourts in this District have construed this latter provision strictly and have found that the broad authority to amend conditions of pretrial release provided in Section 3142(c)(3) must be read in conjunction with the more circumscribed authority to reopen bail hearings on the basis of new information set forth in Section 3142(f)." *United States v. Johnson*, 2022 WL 375319, at \*2 (D.N.J. Feb. 8, 2022) (citing *United States v. Merola*, 2008 WL 4449624, at \*2 (D.N.J. Sept. 30, 2008)). "Thus, a party may move to modify the conditions of bail or detention if circumstances have sufficiently changed so as to warrant such modification." *Johnson*, 2022 WL 375319, at \*2 (citing *United States v. Day*, 2017 WL 5457983, at \*6 (D.N.J. Nov. 13, 2017)). "The legislative history reports that 'this authorization is based on the possibility that a changed situation or new

3

information may warrant altered release conditions.'" *United States v. Lafrance*, 2016 WL 3882845, at *1 (D. Mass. July 13, 2016) (quoting S. Rep. No. 98-226 at 16 (1983)) (denying motion to modify bail modification of restriction of internet and computer usage in wire fraud and money laundering case).

Our District's interpretation is consistent with that of several other courts. *See, e.g.*, *United States v. Esposito*, 354 F. Supp. 3d 354 (S.D.N.Y. 2019); *United States v. Lewis*, 2016 WL 6902198, at *2 (S.D.N.Y. Nov. 16, 2016); *Lafrance*, 2016 WL 3882845, at *1; *United States v. Rodriguez-Adorno*, 606 F. Supp. 2d 232, 237-38 (D.P.R. 2009) ("the Court cannot fathom that Congress intended the possibility of detention status modification to be twisted into an open invitation for parties to bring motions for detention review at any and every stage of trial"); *United States v. Falcetti*, 2002 WL 31921179, at *1 (E.D.N.Y. Oct. 31, 2002) (denying motion to modify conditions where defendant failed to show a substantial change in circumstances from when bail was set); *see also United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989); *United States v. Peralta*, 849 F.2d 625, 626-27 (D.C. Cir. 1988).

Without addressing these authorities, Goettsche cites to three cases in support of his argument (relegated to a footnote) that he is not required to show a changed circumstance to modify his bail conditions.

First, Goettsche cites to *United States v. Day* for the proposition that subsection (f) applies only to the issue of *whether* there are a combination of conditions, not what those conditions are. *See* Mot. at 15 n.9. *Day* does not

4

stand for that proposition and, in fact, Judge Mannion wrote that "either party may move to modify the *conditions for bail* or detention *if circumstances have changed.*" 2017 WL 5457983, at *6 (D.N.J. Nov. 13, 2017) (emphasis supplied).

Second, Goettsche cites to *United States v. Hutchins*, a case from the District of Wisconsin. Goettsche, however, does not explain why this Court should ignore the opinions of this District—including Judge Martini's recent opinion in *Johnson*—to instead follow *Hutchins*.

Third, Goettsche cites to *United States v. Nestor*, a Third Circuit case that does not involve pretrial release or the pertinent statutes at issue. The Third Circuit in *Nestor* noted that in the supervised release statutory framework, there is probably not a requirement for changed circumstances to modify supervised release provisions because the statute does not contain any such provision. 678 F. App'x 73 (3d Cir. 2017). As highlighted above, that is not the case with pretrial release statute, which means that *Nestor* is completely inapposite. *See* 18 U.S.C. § 3142(f).

In short, Goettsche is wrong; this Court must find that the defendant has shown new information that bears materially on the issue of Goettsche's bail conditions.

### A.   Goettsche's Compliance Is Not a Changed Circumstance or a Reason for Bail Modification.

Goettsche's primary argument in favor of his application is that because he has followed the Court's bail order to this point (as he is required to do), he should no longer be required to abide by the conditions. But a "[d]efendant's

5

record of compliance with such conditions does not warrant modification thereof." *Johnson*, 2022 WL 375319, at *2; *see also United States v. Esposito*, 354 F. Supp. 3d 354, 361 (S.D.N.Y. 2019) ("[defendant's] conclusion that his record of compliance constitutes evidence of his intent not to flee is his 'own evaluation of his character' and thus not a basis for reconsideration") (quoting *United States v. Quinones*, 2016 WL 1694998, at *1 (W.D.N.Y. Apr. 28, 2016)); *Lafrance*, 2016 WL 3882845, at *3 ("[C]omplying with conditions of release is not a change in circumstances. Rather, it is merely doing what Defendant himself agreed to do and what the law requires he does."). To find otherwise would invite endless petitions modifying terms of pretrial release not just in instances where a defendant has violated the terms of pretrial release, but also where a defendant successfully abides by the conditions of pretrial release. This merry-go-round would effectively eliminate subsection (f), and this Court should not accept Goettsche's invitation to do so.

### B. The Other Circumstances That Goettsche Highlights Do Not Have a Material Bearing on His Flight Risk.

While taking the position that he need not show a change of circumstance, Goettsche nonetheless relays factors other than his compliance that purportedly justify a modification, but none of these have a material bearing on whether Goettsche's conditions of pretrial release should be changed even though they are working:

> 1. Over a year ago, the Government obtained a restraining order for some of Goettsche's assets (Mot. at 7-8).

6

2. Co-defendant Joby Weeks violated the terms of his pretrial release (Mot. at 8-9), and Co-conspirator Brad Beckstead, who served as Goettsche's accountant, pleaded guilty to federal charges in another case pending in this District (Mot. at 9-10).

3. The Government seized cryptocurrency from some BitClub Network wallets (Mot. at 11-12).[1]

None of the three circumstances above materially alter whether Goettsche remains a flight risk.

First, Goettsche points to the Government's restraining order over several of his assets that has been in place for over a year. According to Goettsche, the existence of the restraining order has "substantially curtailed" his assets and decreases his overall wealth. Mot. at 7. But Goettsche fails to provide the Court with any real explanation or specificity as to *how* the restraining order has restrained his assets further in a manner that would warrant his drastically different bail modifications. Other than pointing out that some of his assets are further encumbered, he provides nothing to explain why he is less of a flight risk as a result.

---

[1] Goettsche also rehashes arguments that this Court previously considered in connection with settling on the current bail modification conditions. See Mot. at 10-11. Goettsche does not explain how his version of events that he has already relayed several times to this Court warrant further consideration by this Court as changed circumstances, and they are not.

Second, Goettsche points to the behavior of several of his co-conspirators. He does not, however, explain how these defendants' behavior impact the analysis of *his* significant risk of flight.

Third, Goettsche notes that the Government was able to seize some cryptocurrency from identified BitClub Network wallets, but, again, does not explain how this is a changed circumstance material to Goettsche's bail conditions. That the illegally derived BitClub Network funds remained outstanding scattered in cryptocurrency wallets was a fact known to Goettsche during the course of his previous bail arguments. The fact that the Government was able to seize some cryptocurrency from some wallets does not present a change in *Goettsche*'s circumstances. While Goettsche notes that he did not move the cryptocurrency, he does not address the obvious point that the current bail conditions significantly restrict his access to funds, including cryptocurrency accounts.

## II.  The Requested Modifications Should Be Denied.

Even if this Court were to be inclined to consider Goettsche's requested modifications, they should be denied.

First, Goettsche requests that the Court eliminate his requirement of home incarceration and instead permit Goettsche to leave his home with a curfew. Mot. at 12-13. Goettsche does not meaningfully explain how a curfew will effectively mitigate his flight risk, but instead urges the Court to drop his home incarceration condition so he can "go[ ] to the hardware store or animal feed

8

stores."[2] Mot. at 13. Goettsche remains a significant flight risk; permitting him to leave his residence to run household errands that other family members are capable of doing is not appropriate under the circumstances of this case.

Second, Goettsche requests that he no longer be required to be in the presence of a third-party custodian while in his home. Again, he does not explain how eliminating this requirement will make him less of a flight risk, nor does he provide the Court with any specifics of why the individuals who initially agreed to serve as his third-party custodians—including his wife—are now in need of that "burden" to be reduced. Having a third-party custodian in Goettsche's presence is necessary, especially in light of the reality that he conducted the BitClub Network scheme largely from his house over the course of several years.

Third, Goettsche claims that he should have access to the Internet and a computer because he has to undertake a commute to review discovery at his lawyer's office, which he apparently would prefer to do from his house as opposed to in the office. Here, like many cases involving crime facilitated by the Internet, Goettsche has proven to be especially savvy in using computers and the Internet to facilitate wide-spread crime; permitting him unfettered computer access would provide him with access to financial accounts, cryptocurrency exchanges, and would provide him the ability to communicate with anyone around the

---

[2] Goettsche also makes reference to his ability to spend more time at his law firm's office to review discovery. The Government and Pretrial Services have accommodated Goettsche's prior requests to spend time at his law firm to prepare in his defense, eliminating his home incarceration requirement is not necessary to accomplish this goal.

world. Goettsche's specific request that he be permitted to research (from the comfort of his home and without the presence of counsel) various cryptocurrency transactions for the purpose of tracing funds is especially problematic in a case where, as here, Goettsche amassed a tremendous volume of cryptocurrency which he and his coconspirators intentionally laundered around the globe. His request essentially amounts to allowing him to track funds that he may then be able to access, which contributes to his incredible flight risk.

Finally, Goettsche urges this Court to release to him thousands of dollars unencumbered on a monthly basis. Goettsche does not provide the Court with anything other than vague generalities that he wants this money for his family's living expenses. Obviously, providing Goettsche with a steady stream of unencumbered cash increases his risk of flight, and he certainly has failed to provide any specifics that would support a finding that there has been some substantial change in the family's finances that would warrant this modification.

## CONCLUSION

For all of the reasons set forth above, the Government agrees with Pretrial Services that Goettsche's requested relief should be denied.

Respectfully submitted,

PHILIP R. SELLINGER

By:  s/ Jamie H. Solano
Jamie H. Solano
Anthony Torntore
Assistant U.S. Attorneys

Dated:   September 30, 2022

## CERTIFICATE OF SERVICE

    I certify that on September 30, 2022, I caused the foregoing document to be served on counsel of record by filing it through the Court's CM/ECF system.

s/ Jamie H. Solano  
Jamie H. Solano  
Assistant U.S. Attorney
