PS 8
(12/04)

# UNITED STATES DISTRICT COURT
## for the
## District of New Jersey

U.S.A. vs. **Jobadiah Weeks**                                                       Docket No. **19cr877-3**

### Petition for Action on Conditions of Pretrial Release

COMES NOW DAVID HERNANDEZ PRETRIAL SERVICES OFFICER, presenting an official report upon the conduct of defendant **Jobadiah Weeks** who was placed under pretrial release supervision by the **HONORABLE MICHAEL A. HAMMER** sitting in the Court at Newark, New Jersey on **November 6, 2020**, under the following conditions:

*$2,000,000 Appearance Bond secured by the available equity in the property located at 11627 West 74th Way, Arvada, CO, 80005; 15200 County Road 353C, Buena Vista, CO 81211; Sangre De Cristo Ranch, 86 Hamilton Creek Road, Coaldale, Co 81222 and Tract of land in County of Island, State of Washington waiving the local rule, and co-signed by Nathaniel Weeks and Silence Weeks. Pursuant to local rule, defense counsel shall perfect a lien on the property in that jurisdiction prior to the defendant's release.*

1. The defendant shall be released into the third-party custody of Nathaniel Weeks, Silence Weeks and Stephanie Stolba.
2. Home Incarceration, with electronic monitoring (GPS): 24 hour lock-down except for medical necessities and court appearances, or other activities specifically approved by the court. Surrender all passports/travel documents. Do not apply for new travel documents.
3. The defendant's wife and daughter shall surrender all passport and documents and not apply for new travel documents.
4. Travel restricted to New Jersey, Colorado unless otherwise approved by Pretrial Services.
5. The defendant shall maintain residence at the Arvada Colorado property.
6. Surrender/do not possess any firearms. All firearms in any home in which the defendant resides shall be removed, in compliance with New Jersey state law, within 24 hours and verification provided to Pretrial Services. The defendant shall also surrender all firearm purchaser's identification cards and permits to Pretrial Services.
7. The defendant shall provide a full accounting of all financial holdings including domestic and foreign bank accounts, as well as Crypto currency holdings to Pretrial Services and the Government.
8. No contact with any and all co-conspirators unless in the presence of counsel.
9. The defendant shall not be released until Pretrial Services is provided with a travel itinerary and at least one third party custodian arrives in New Jersey to accompany the defendant to Colorado

On November 20, 2020, an *Informational Memorandum* was submitted to the Court outlining noncompliance with the defendant and his participation in the location monitoring program. Specifically, the defendant proceeded to a steakhouse following his release on bail and arrival in Denver; contrary to the restrictions the Court imposed under home incarceration.

On March 19, 2021, the defendant's location monitoring condition was modified to home detention with employment.

On August 23, 2021, a Bail Revocation Hearing was held, and the Court modified the defendant's bail conditions to the following. The revocation hearing was continued to August 27, 2021.

1. Defendant consents to Pretrial Services' use of electronic detection devices to evaluate the defendant's access to wi-fi connections.
2. Defendant is subject to the following computer/internet restrictions which may include manual inspection and/or the installation of computer monitoring software as deemed appropriate by Pretrial Services: Computer With Internet Access: defendant is permitted use of computers or connected devices at his home only, and is permitted access to the Internet (World Wide Web, FTP Sites, IRC Servers, Instant Messaging, etc.) for legitimate and necessary purposes pre-approved by Pretrial Services
3. With the Consent of Other Residents: by consent of other residents in the home, any computers in the home utilized by other residents shall be approved by Pretrial Services, password protected by a third-party custodian approved by Pretrial Services, and subject to inspection for compliance by Pretrial Services.
4. Defendant must disclose any and all cryptocurrency holdings acquired or held

On September 22, 2021, and in lieu of revocation proceedings initiated by the U.S. Attorney's Office, the defendant's bail conditions were modified via consent order, which included the following restrictions:

1. Weeks may possess a phone that has call and text capabilities, but no access to or capability to access the internet (i.e., Weeks shall not possess a "smart" phone).
2. Weeks shall not use the internet to communicate with others except (a) through one or more e-mail addresses specifically disclosed to Pretrial Services and the government; (b) through the Airbnb app; or (c) as otherwise approved by Pretrial Services.
3. Weeks shall provide 72 hours' advance notice to the government of any visitors to his house, other than family, counsel, and guests who will be staying on other parts of Weeks' property who have booked through Airbnb.
4. Weeks shall provide updated financial statements to the government on a quarterly basis.
5. In addition, Weeks shall provide notice to Pretrial Services and the government of any transaction he makes, directly or indirectly, in any cryptocurrency or similar vehicle, within 72 hours of making such a transaction. Where practicable, Weeks shall provide advance notice to Pretrial Services of any such transaction.
6. Weeks shall not directly or indirectly promote or otherwise encourage others to invest in any cryptocurrency or other investment vehicle, including those that employ a multi-level marketing strategy. For purposes of this condition, Weeks shall be deemed to be promoting or otherwise encouraging investment if, among other things, he stands to benefit financially from the investment of a third party, such as through a referral fee. Nothing in this condition is intended to restrict Weeks from transacting in his own assets.
7. Weeks shall not direct any other person to engage in any restricted activity on his behalf.

- On August 15, 2022, the defendant's location monitoring condition was modified from home detention to curfew.

On June 21, 2023, the defendant's location monitoring condition was modified to stand alone monitoring and allowed for travel outside the state of Colorado for business and personal reasons, with 72-hour notice to Pretrial Services and a detailed itinerary furnished to Pretrial and the Government.

- On November 31, 2023, the defendant's wife was removed as third-party custodian.

On January 25, 2024, an order was submitted to Your Honor to remove a lien from the property in Island County, Washington, and remove the defendant's parents as third-party custodians. This order remains unsigned.

Respectfully presenting petition for action of Court and for cause as follows:

### [SEE ATTACHED ADDENDUM]

PRAYING THAT THE COURT WILL ORDER **the condition of location monitoring be amended to home incarceration and travel restricted to the District of Colorado, until which time, a Bail Review Hearing to address the violations set forth has been heard by Your Honor.**

ORDER OF COURT

Considered and ordered this __22nd__ day of __February__, __2024__ and ordered filed and made a part of the records in the above case.

_____
Honorable Michael A. Hammer
United States Magistrate Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____2/22/2024_____

_____
David Hernandez
Senior United States Pretrial Services Officer

**There will be a Bail Review Hearing on 3/11/2024 at 3:30 p.m. in Newark - Courtroom 2C.**