# STONE MAGNANINI

## COMPLEX LITIGATION

September 5, 2024

**VIA CM/ECF**
Hon. Michael A. Hammer
Martin Luther King Building and U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

Re:   *United States v. Jobadiah Weeks,* 19-cr-877-CCC

Dear Judge Hammer:

On August 27, 2024, the Court entered an Order requiring that we specifically set forth the changes and conditions that we are requesting in one filing setting forth Mr. Weeks' specific proposal to modify his conditions of release and we do so now. We have had a number of conversations with Pretrial Services in an attempt to resolve this matter by addressing any concerns and modified this motion accordingly. However, Pretrial Services has advised that it still objects to this request. The government has advised it is deferring to Pretrial Services.

When we last appeared in this matter the Court imposed extremely restrictive bail conditions which required Mr. Weeks to remain 24 hours/day in his residence in Colorado without access to any internet, among other conditions. [*See* DKT. 331]. Pretrial Services has construed this Order extremely restrictively. For example, the office indicated to us that it was their position that the internet restriction even included watching programs streaming on Netflix, unless a third party custodian physically used the remote control. In addition, at that time the Order was entered we advised the Court that when Mr. Weeks was arrested the government seized the majority of Mr. Weeks' assets and as of this date they have yet to be returned. Today, Mr. Weeks has virtually no liquid assets, no bank accounts, and he is basically in a position where he cannot engage in any business employment since he cannot leave his home for any reason and his only means of communication with the outside world is by a telephone with no internet capabilities.

In the Court's Order setting Mr. Weeks' conditions of release, the Court indicated that it would revisit the extremely harsh bail conditions in September, particularly if it was likely that Mr. Weeks's sentencing was not going to be held in September as was scheduled at the time that the Order was entered. Since that time the sentencing has been adjourned to November and it appears that as a result of developments in related cases it will be further adjourned. From the time that the Order was entered, Mr. Weeks has complied with all of the extremely restrictive conditions imposed by the Court. However, recently and through his third party custodian (Dashama Gordon), Mr. Weeks learned of potential employment opportunity which could serve as a potential long term source of income and employment for Mr. Weeks both prior to and following his sentencing, if appropriate.

This opportunity involves a new company that was created by a scientist, Paul Isom, to develop a new non-invasive commercial tree species in Idaho which is designed to revolutionize the area of forestry and help prevent global warming. The species in development will be designed to grow quickly; to produce valuable and lightweight hardwood lumber; to produce over 100 liters of honey each year; to sequester large amounts of carbon dioxide and to produce large amounts of oxygen; and to regenerate itself completely in only three to five years. Mr. Isom's offer to work with his company is contingent on both Mr. Weeks and his third party custodian (Ms. Gordon) working on site at the factory. (See Ampliphy Farms letter attached hereto as Exhibit A). As noted in the offer letter, it is anticipated that Mr. Weeks will receive compensation either in the form of equity or other compensation after Mr. Weeks has an opportunity to work with the company and the value of what Mr. Weeks can bring to the company can be ascertained. In the interim, Mr. Isom has agreed to pay for food and lodging for Mr. Weeks and for his third party custodian, Ms. Gordon. Initially, they intend to live at a rental property located at 4471 E. 39th N., Rigby, Idaho 83442, which is a short distance from the company's facility until they can find another suitable location which will be precleared with Pretrial Services and will comply with all of the other conditions including the requirement that all devices at the residence and the work site are password protected.

In light of this valuable offer and the fact that Mr. Weeks has no other means of income under his current release conditions, Mr. Weeks has requested that we petition the Court to allow him and his custodian to accept the job offer(s) and to live and work in Idaho pending sentencing. Accordingly, because Mr. Weeks will need to travel to work, we are specifically requesting that the Court modify Mr. Weeks' conditions of release to permit him to reside at his current address in Colorado (11627 West 74th Way, Arvada, Colorado 80005) or, alternatively, to live at 4471 E. 39th N., Rigby, Idaho 83442, subject to approval by Pretrial Services. We further request that Mr. Weeks' release conditions be modified to curfew to permit Mr. Weeks to travel back and forth from his residence to work, to attend church or the gym, if one is available, during the hours permitted by his curfew and subject to approval by Pretrial Services. We also note that recently, on August 15, 2024, this Court entered an order granting co-defendant Matthew Goettsche's motion to modify his conditions of pretrial release from home incarceration to curfew to allow him to work.

We are also providing in our proposed order that one of Mr. Weeks' authorized third party custodians will continue to supervise him at all times, including when he is at the work site. Mr. Weeks will continue to wear his GPS monitoring device and, except as modified in our proposed order, all other conditions will remain in place including, for example, that all internet connected devices remain under password protection at both the residence and the work site.

We respectfully submit that in light of the foregoing, Mr. Weeks' modification request is reasonable and will permit Mr. Weeks to have potential access to gainful employment and funds to support his family pending the return of his personal property that was seized by the government and pending his sentencing by this Court. We have also included a provision that has been agreed to by Pretrial Services and the government that Mr. Weeks can communicate with his lawyers by secure internet sites to facilitate his preparation for sentencing.

Case 2:19-cr-00877-CCC   Document 362   Filed 09/06/24   Page 3 of 7 PageID: 4284

**STONE MAGNANINI**
COMPLEX LITIGATION

Hon. Michael A. Hammer
September 5, 2024
Page 3

We respectfully submit that the accommodation that Mr. Weeks is requesting is reasonable under the circumstances and that it poses no additional concern with regard to danger to the community or to risk of flight. Mr. Weeks has been subject to extremely restrictive conditions of release for much longer than was expected. We believe that it would be reasonable and fair to permit Mr. Weeks to obtain employment that is crucial not only for supporting himself but also as a means of staying positively engaged during this period. Mr. Weeks is committed to continuing to be compliant with any conditions and he will return directly to his home after work hours, adhering to all specific conditions or restrictions that the court may impose.

We assure the court that Mr. Weeks will take all necessary steps to ensure that his work-related activities do not interfere with the judicial process. He will remain in full compliance with all bail conditions and court orders. We have also provided a copy of this Court's order setting forth those conditions to Mr. Weeks' prospective employer and he is aware of them.

We thank the Court for its time and consideration of this matter.

Respectfully submitted,

*/s/ David S. Stone*
David S. Stone
Managing Partner

cc: AUSA Anthony Torntore *(via CM/ECF and email)*
David Hernandez *(via email only)*

# EXHIBIT A



## LEADERS IN EPIGENETICS



PAUL@AMPLIPHIFARMS.COM



801-502-9958

SUPERFARM:

4031 E. 461 N.
RIGBY IDAHO 83442

### OFFER LETTER

Dear Joby,

Ampliphi Farms has an opening that we would like to fill, and we would like to have you fill it. We would love to have you come work with us in our tree factory bringing the "Miracle Trees" to fix the world.

We will teach you how to set up green houses, irrigation methods, fertilizing, cloning, and remote treatment of the plant DNA.

We value your skill sets and acumen and believe that you would be an asset to our organization.

We will cover all your expenses and you can earn an equity position in our company based on your performance and time invested. We would love to have you start September 1st.

We will put you up in a home close to our property located at 4471 E. 39 N. Rigby Idaho, 83442

Let us know if you are interested in joining us on our "Miracle Tree Movement" to help leave the planet in a better place than we found it!

We look forward to welcoming you to Idaho and can't wait to start working with you soon!

Let me know if you have any further questions,

Paul Isom  -   Chief Scientist

Signed by:
*Paul Isom*  9/5/2024
044BFD3A358046C...

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA | Crim. No. 19-cr-877 |
| v. | |
| JOBADIAH SINCLAIR WEEKS | **[PROPOSED] ORDER GRANTING MOTION TO MODIFY CONDITIONS OF RELEASE** |
| Defendant. | |

THIS MATTER, having come before the Court upon the motion of Defendant Jobadiah Sinclair Weeks to modify conditions of pretrial release, and the Court having considered the objection of Pretrial Services and the Government's deferral to Pretrial Services, through AUSA Anthony Torntore, and having read and considered this motion, hereby adopts the following: Mr. Weeks home confinement condition shall be moved from home incarceration as modified by the Court to curfew with conditions. Mr. Weeks is specifically permitted to reside either at 11627 West 74th Way, Arvada, Colorado 80005, or at 4471 E. 39th N., Rigby, Idaho 83442, or such other address, as approved by Pretrial Services. Mr. Weeks is specifically permitted to leave his residence to travel to work, to attend church, and to visit the gym (subject to approval by Pretrial Services). Mr. Weeks must remain in the presence of a third party custodian at all times. Mr. Weeks will continue to wear a GPS monitoring device to be monitored by Pretrial Services at all times. All internet connected devices at any residence or work site where Mr. Weeks is present must be password protected at all times. Mr. Weeks is specifically permitted to communicate only with counsel using secure internet sites, as approved by Pretrial Services.

2

It is further ordered that, except as specifically modified above, the above conditions of release are in addition to, and not in place of, the conditions previously set forth by this Court.

SO ORDERED.

_____
Hon. Michael A. Hammer
United States Magistrate Judge