# STONE ⸎ MAGNANINI

## COMPLEX LITIGATION

September 17, 2024

**VIA CM/ECF**
Hon. Michael A. Hammer
Martin Luther King Building and U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

Re: *United States v. Jobadiah Weeks,* 19-cr-877-CCC

Dear Judge Hammer:

We write to respectfully request modifications to Mr. Weeks bail conditions including: (1) adding additional residences; and, (2) modifying his level of release to curfew with conditions. We have conferred with the Government and Pretrial Services, and we have attempted to come to an agreement with them on suitable conditions of release but we were unable to do so, and the Government and Pretrial Services object to these requests. Mr. Weeks also seeks additional modifications to his release conditions including: (1) permission to use a personal computer to video conference with counsel and to review documents in preparation for sentencing; and, (2) permission to use a personal computer to review the voluminous electronic discovery in this matter. It is our understanding that the Government and Pretrial Services have no objection to these additional two proposed modifications.

When we last appeared in this matter the Court imposed extremely restrictive bail conditions which required Mr. Weeks to remain 24 hours/day in his residence in Colorado without access to any internet, among other conditions. [*See* DKT. 331]. Pretrial Services has construed this Order extremely restrictively. For example, the office indicated to us that it was their position that the internet restriction even included watching programs streaming on Netflix, unless a third party custodian physically used the remote control. In addition, at that time the Order was entered we advised the Court that when Mr. Weeks was arrested the government seized the majority of Mr. Weeks' assets and as of this date they have yet to be returned. Today, Mr. Weeks has virtually no liquid assets, no bank accounts, and he is basically in a position where he cannot engage in any business employment since he cannot leave his home for any reason and his only means of communication with the outside world is by a telephone with no internet capabilities.

When bail was originally arranged in this case Mr. Weeks had a home in Colorado that he shared with his now ex-wife and his parents also lived in Colorado. Therefore, it was natural for Mr. Weeks to be released on conditions in Colorado, including the requirement that he remain in the presence of a third party custodian at all times, who were all Colorado residents. Since that time, Mr. Weeks is now divorced and he has been living with his parents, in his parents' home, for one year. Recently, Mr. Weeks has become engaged to be married to his previously approved third party custodian – Dashama Gordon – and they do not want to live with Mr. Weeks' parents.

Ms. Gordon has previously lived in Florida and so the most natural place for them to live now is Florida.

In the Court's Order setting Mr. Weeks' conditions of release in March 2024, the Court indicated that it would revisit the extremely harsh bail conditions in September 2024, particularly if it was likely that Mr. Weeks's sentencing was not going to be held in September 2024 as was scheduled at the time that the Order was entered. Since that time Mr. Weeks' sentencing has been adjourned to November 2024 and it appears likely that, as a result of developments in related cases, it will be further adjourned until at least January 2025. From the time that the Order was entered in March 2024, Mr. Weeks has complied with all of the extremely restrictive conditions imposed by the Court.

Given the long amount of time that Mr. Weeks has been released on bail (close to four years) and the fact that Mr. Weeks will not likely be sentenced until January 2025, the earliest, Mr. Weeks has requested that we petition the Court to allow him to reside with Ms. Gordon in Florida, or at an alternate address in Colorado. Mr. Weeks and his custodian can arrange for compliance with all of the other conditions such as the internet restriction.

As we previously advised the Court, and considering the fact that Mr. Weeks has no other means of possible income under his current and very restrictive release conditions, Mr. Weeks also seeks to have his conditions modified to curfew which would allow him to leave his intended residence to locate work and to perform work.

Mr. Weeks and Ms. Gordon have located a rental property in Florida where they can live and grow their own food and they expect to be able to find employment there. The Florida location is very close to Orlando, which would make it relatively easy for Pretrial Services to make arrangements to monitor Mr. Weeks' compliance with his bail conditions. Accordingly, we are specifically requesting that the Court modify Mr. Weeks' conditions of release to permit him to reside in any of the following residences: (1) his parents' primary address in Colorado (11627 West 74th Way, Arvada, Colorado 80005) (2) his parents' condominium (442 S. Frontage Road E, Vail, Colorado 81657), (3) Mr. Weeks' residence (86 Hamilton Creek Road, Coaldale, Colorado 81222) or, (4) at a rental home located at 7960 Old Melbourne Highway, St. Cloud, Florida 34771, subject to approval by Pretrial Services.

We further request that Mr. Weeks' release conditions be modified to curfew with conditions to permit Mr. Weeks to travel back and forth from the residence to locate work, to perform work, and to attend church or the gym, if one is available, during the hours permitted by his curfew and subject to approval by Pretrial Services. The attached proposed order provides that Mr. Weeks will give 48 hours' advance notice to Pretrial Services before traveling from one residence to the other and that all residences shall be subject to the other bail conditions in effect. We also note that recently, on August 15, 2024, this Court entered an order granting co-defendant Matthew Goettsche's motion to modify his conditions of pretrial release from home incarceration to curfew.

Mr. Weeks is committed to continuing to be compliant with any conditions and he will return directly to his home after work hours, adhering to all specific conditions or restrictions that the court may impose.

We respectfully submit that in light of the foregoing, Mr. Weeks' modification request is reasonable and will permit Mr. Weeks to have potential access to gainful employment and funds to support his family pending the return of his personal property that was seized by the government and pending his sentencing by this Court.

We have also included in the attached proposed form of order two provisions that had been previously agreed to by the Government and that Pretrial Services does <u>not</u> object to: (1) that Mr. Weeks can communicate with his lawyers by secure videoconferencing internet sites to discuss his case and to review documents and facilitate his preparation for sentencing; and, (2) that Mr. Weeks may use a personal computer to review the voluminous electronic discovery in this matter on a remote server provided he is in the presence of a custodian when he does so.

We respectfully submit that the accommodations that Mr. Weeks is requesting are reasonable under the circumstances and that they pose no additional concern with regard to danger to the community or to risk of flight. Mr. Weeks has been subject to extremely restrictive conditions of release for much longer than was expected. We believe that it would be reasonable and fair to permit Mr. Weeks to obtain employment that is crucial not only for supporting himself but also as a means of staying positively engaged during this period. We also believe that it would be reasonable and fair to permit Mr. Weeks to live with his third party custodian and fiancée, Ms. Gordon, in Florida (or at another location in Colorado) instead of with his parents in his parents' primary home.

We assure the Court that Mr. Weeks will take all necessary steps to ensure that any work-related activities do not interfere with the judicial process and Mr. Weeks will remain in full compliance with all bail conditions and court orders.

We thank the Court for its time and consideration of this matter.

Respectfully submitted,

<u>/s/ David S. Stone</u>
David S. Stone
Managing Partner

cc:   AUSA Anthony Torntore *(via CM/ECF and email)*
      David Hernandez *(via email only)*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA

v.

JOBADIAH SINCLAIR WEEKS

Defendant.

Crim. No. 19-cr-877

**[PROPOSED] ORDER GRANTING MOTION TO MODIFY CONDITIONS OF RELEASE**

THIS MATTER, having come before the Court upon the motion of Defendant Jobadiah Sinclair Weeks to modify conditions of pretrial release, and the Court having considered the objection of Pretrial Services and the Government, through AUSA Anthony Torntore, and having read and considered this motion, hereby adopts the following: Mr. Weeks home confinement condition shall be moved from home incarceration as modified by the Court to curfew with conditions. Mr. Weeks is specifically permitted to reside either at (1) 11627 West 74th Way, Arvada, Colorado 80005; or, (2) 442 S. Frontage Road E, Vail, Colorado 81657; or, (3) 86 Hamilton Creek Road, Coaldale, Colorado 81222; or, (4) 7960 Old Melbourne Highway, St. Cloud, Florida 34771, as approved by Pretrial Services. Mr. Weeks is specifically permitted to leave his residence to travel to work, to attend church, and to visit the gym (subject to approval by Pretrial Services). Mr. Weeks must remain in the presence of a third party custodian at all times. Mr. Weeks will continue to wear a GPS monitoring device to be monitored by Pretrial Services at all times. All internet connected devices at any residence or work site where Mr. Weeks is present must be password protected at all times. Mr. Weeks is specifically permitted to communicate only with counsel using secure internet videoconferencing sites, as approved by Pretrial Services; and,

1

2

Mr. Weeks is specifically permitted to use a personal computer only to view voluminous electronic discovery in this matter provided that he is in the presence of a custodian when he does so.

It is further ordered that, except as specifically modified above, the above conditions of release are in addition to, and not in place of, the conditions previously set forth by this Court.

SO ORDERED.


_____
Hon. Michael A. Hammer
United States Magistrate Judge