**[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO COMPEL DISCOVERY**

THIS MATTER having come before the Court upon the **Motion to Compel Discovery** filed by **Defendant Jobadiah Weeks, acting pro se**, and the Court having reviewed the submissions and arguments presented therein;

## IT IS HEREBY ORDERED that:

**I. Immediate Production of Discovery**

The **United States Attorney's Office for the District of New Jersey** shall immediately produce all outstanding discovery requested by Defendant, including but not limited to:

1. **Any DOJ, BOP, and IRS records** relating to Defendant's prosecution and plea negotiations.
2. **The original and unaltered Special Agent's Report (SAR)**, including all versions, drafts, and referenced exhibits.
3. **All communications** from **AUSA Justin Hoxie or other government officials** regarding Defendant's interactions with co-defendants **Goettsche and Abel**.
4. **All grand jury materials** relevant to the charges against Defendant.

**If any of the requested records are withheld**, the Government shall:

- Provide a **privilege log within seven (7) days** of this Order, specifying the legal basis for each exemption.
- Submit withheld documents for **in-camera review** for judicial determination of privilege.

**II. Return of Unlawfully Retained Assets**

The **Government shall return all unlawfully retained assets**, including **cryptocurrency, gold, silver, and stock certificates**, **within ten (10) business days**, unless forfeiture proceedings have been properly initiated.

Failure to comply **may result in evidentiary preclusion and adverse inferences** against the Government.

**III. Judicial Determinations & Evidentiary Hearing**

The Court shall make a **formal judicial determination** on whether the **Government engaged in fraud, obstruction of justice, and suppression of material evidence**, including but not limited to:

- **Suppression of Exculpatory Evidence & Plea Manipulation**
    - Whether the **Government's suppression of the SAR, Brady materials, and grand jury records** impacted Defendant's ability to make an informed plea decision, warranting plea withdrawal.

- ○ Whether the **deliberate withholding of SAR-related interviews, exhibits, and investigative records** justifies **an adverse inference against the Government**.
    - ○ Whether DOJ officials knowingly withheld evidence in **violation of Brady v. Maryland, 373 U.S. 83 (1963)**, warranting **sanctions, evidentiary preclusion, or dismissal of charges** under **United States v. Chapman, 524 F.3d 1073 (9th Cir. 2008)**.
- **Fraud on the Court & False Statements**
    - ○ Whether the **Streamlined SAR** was **altered, fabricated, or post-dated** to justify prosecution strategies, constituting **fraud on the court** under **Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)**.
    - ○ Whether DOJ officials **knowingly made false statements to the Court** in violation of **18 U.S.C. § 1001 (False Statements)**.
- **Evidence Manipulation & Witness Tampering**
    - ○ Whether the **Government deliberately placed Defendant near key witnesses (Goettsche & Abel)** without attorney consultation, violating **Defendant's Sixth Amendment right to counsel** under **United States v. Henry, 447 U.S. 264 (1980) and Massiah v. United States, 377 U.S. 201 (1964)**.
    - ○ Whether the **Government's opposition to plea withdrawal (Docket Entry 399)** contained **material misrepresentations regarding the voluntariness of Defendant's plea**, constituting **fraud on the court**.
- **Obstruction of Justice & Selective Prosecution**
    - ○ Whether DOJ officials **engaged in obstruction of justice** by knowingly suppressing material discovery and selectively providing evidence to the defense, in violation of **18 U.S.C. § 1519 (Obstruction of Justice)**.
    - ○ Whether the withheld evidence **supports Defendant's selective prosecution claim**, justifying **expanded discovery** under **United States v. Armstrong, 517 U.S. 456 (1996)**.
- **Fraudulent Asset Seizure & Reporting**
    - ○ Whether the **Crypto-Seizures Memorandum (Exhibit L)** dated **December 10, 2019** contains **fraudulent asset seizure reporting** as outlined in **Exhibit K (February 26, 2025, Letter to AUSA Torntore)**.
    - ○ Whether the **Government unlawfully transferred seized cryptocurrency**, including **discrepancies in the unaccounted-for 4.99995661 BTC transaction**, which may constitute **evidence tampering**.

## IV. Sanctions for Prosecutorial Misconduct

If fraud, perjury, or prosecutorial misconduct is established, the Court shall impose the following sanctions:

1. **Preclusion of key Government evidence** related to plea negotiations, tax calculations, and cryptocurrency seizures.
2. **An adverse inference against the prosecution** regarding witness interactions, SAR alterations, and withheld discovery.
3. **Dismissal of charges** if misconduct is deemed sufficiently egregious under **United States v. Kojayan, 8 F.3d 1315 (9th Cir. 1993)**.

## V. Additional Judicial Actions

The Court shall:

1. **Immediately refer all responsible DOJ officials** for criminal investigation under **18 U.S.C. § 1001 (False Statements) and 18 U.S.C. § 1519 (Obstruction of Justice)**.
2. **Issue sanctions and initiate contempt proceedings** against DOJ officials who knowingly participated in:
   - The **suppression of exculpatory evidence**.
   - The **falsification of records**.
   - The **obstruction of judicial proceedings**.
3. **Determine whether DOJ officials may be subject to civil liability** under **Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971)**.

## VI. Show Cause Hearing for AUSA Anthony Torntore

AUSA **Anthony Torntore shall appear for a Show Cause Hearing** to **explain why exculpatory evidence was withheld and whether this constitutes prosecutorial misconduct**.

This hearing shall be scheduled upon conclusion of the evidentiary hearing to ensure findings are established before requiring AUSA Torntore's response.

## VII. Request for Immediate Bail Termination or Modification

Given the misconduct surrounding Defendant's pretrial treatment, Defendant requests that the Court:

1. **Terminate Bail Conditions Entirely** – The prosecution has misrepresented evidence, failed to disclose exculpatory material, and selectively enforced harsher pretrial restrictions on Defendant compared to co-defendants. Defendant requests immediate termination of all bail conditions due to these violations.
2. **Alternatively, Modify Bail Conditions** – If full termination is denied, Defendant requests a reduction of restrictive measures, including but not limited to:
   - Removal of the ankle bracelet (GPS monitoring).
   - Elimination of travel restrictions.
   - Reduction of reporting requirements.

The Court **shall immediately reconsider Defendant's bail conditions** in light of prosecutorial misconduct and due process violations and issue a ruling by March 15, 2025.

## VIII. Stay of Sentencing & Bail Ruling

1. **Sentencing shall be stayed** until:
   - **All outstanding discovery violations are resolved.**
   - **The Court has ruled on Defendant's Motion to Withdraw Plea.**
2. **The Court shall rule on Defendant's bail modification request no later than March 15, 2025, or schedule a bail hearing by March 20, 2025.**

The Court **shall immediately reconsider Defendant's bail conditions** in light of prosecutorial misconduct and due process violations and issue a ruling by March 15, 2025.

### IX. Compliance & Future Proceedings

1. **If the Government fails to comply** with this Order, the Court shall impose additional sanctions, including:
    - **Contempt proceedings.**
    - **Evidentiary preclusion against the prosecution.**
    - **Adverse inferences against the Government.**
2. **The Court shall hold a status conference within fourteen (14) days** to ensure compliance with this Order.


IT IS SO ORDERED.

DATED: _____, 2025

**Hon. Claire C. Cecchi**
United States District Judge