**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

**United States of America,**
**v.**
**Jobadiah Weeks, Defendant.**

**Case No. 19-cr-877-CCC**
**Hon. Claire C. Cecchi**

# I. ORDER TO PRODUCE DISCOVERY

IT IS HEREBY ORDERED that the Government shall immediately produce all discovery materials relevant to Defendant's claim of **Selective Prosecution**, including but not limited to:

- **DOJ, IRS, SEC, and FBI internal records** discussing charging decisions, evidentiary concerns, and alterations to investigative materials such as the **Special Agent's Report (SAR).**
- **All grand jury transcripts and prosecution memoranda** explaining the decision to charge Defendant **while similarly situated individuals (Medlin, Hidalgo, Fairclough) were not charged or received reduced penalties.**
- **Communications between prosecution and Defendant's prior counsel (Carlton Fields, Stone Magnanini, Boies Schiller Flexner LLP),** regarding selective prosecution, coercive plea agreements, and failure to challenge government misconduct.

**Deadline:** Full compliance is required **within five (5) business days** of this order.

**Failure to comply shall result in immediate sanctions, including:**

- **Adverse inference rulings, assuming withheld evidence favors the defense.**
- **Exclusion of prosecution evidence derived from undisclosed materials.**
- **Monetary sanctions against the prosecution.**
- **Referral for contempt proceedings.**

## II. ORDER FOR EVIDENTIARY HEARING

IT IS FURTHER ORDERED that an **evidentiary hearing shall be held on March 27, 2025,** to address:

- **The Government's failure to disclose exculpatory evidence, including investigative reports and plea deal inconsistencies.**
- **Whether the selective prosecution of Defendant constitutes an Equal Protection and Due Process violation** under *Oyler v. Boles*, 368 U.S. 448 (1962), and *United States v. Armstrong*, 517 U.S. 456 (1996).
- **Fraud and perjury** committed by the prosecution, including misrepresentation of evidence and falsification of records (*Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Kojayan*, 8 F.3d 1315 (9th Cir. 1993)).
- **The role of external pressures (media, political, or personal influences) in the Government's decision to charge Weeks but not similarly situated individuals.**

### Witnesses to be subpoenaed:

- **AUSA Anthony Torntore** – To justify charging decisions and explain why similarly situated individuals were not prosecuted.
- **DOJ Internal Review Officials** – To confirm whether selective prosecution concerns were internally raised.
- **FBI/IRS Agents** – To clarify whether tax charges were selectively applied to force a plea.
- **Defense Counsel from Carlton Fields, Stone Magnanini, and Boies Schiller Flexner LLP** – To determine ineffective assistance of counsel and conflicts of interest.

**Hearing Date:** March 27, 2025, before the **Honorable Claire C. Cecchi, United States District Judge.**

## III. ORDER TO SHOW CAUSE ON PROSECUTORIAL MISCONDUCT

IT IS FURTHER ORDERED that if the Government fails to provide the discovery materials as required under Section I of this Order, the Government shall file a written response **no later than March 15, 2025**, explaining:

1. **Why it failed to provide discovery materials requested under Brady v. Maryland.**
2. **Whether it knowingly misrepresented evidence or omitted exculpatory materials** (*United States v. Kojayan*).
3. **Why it charged Defendant more aggressively than other similarly situated individuals** (*Oyler v. Boles*).
4. **Whether external pressures (e.g., career motivations, personal biases, media influence) played a role in its charging decisions.**

Failure to comply **shall result in immediate court sanctions, including evidentiary restrictions and monetary fines.**

## IV. IMMEDIATE TERMINATION OF DEFENDANT'S BAIL CONDITIONS DUE TO GOVERNMENT MISCONDUCT

IT IS FURTHER ORDERED that, based on **prosecutorial misconduct, fraud on the court, and perjury**, the Court finds that Defendant's continued pretrial restrictions are **legally unjustifiable** and shall be **immediately terminated**, given that:

- **The Government's suppression of exculpatory evidence directly impacted bail determinations.**
- **Fraudulent risk assessments misled the Court into imposing harsher bail conditions than warranted.**
- **Similarly situated co-defendants (Russ Medlin, Joseph Abel, Silviu Catalin Balaci) were granted pretrial release under significantly less restrictive conditions.**
- **J. Oh, Vausē, Rojo, Ayodele Onesimus Adeoye were not prosecuted.**
- **The lack of a sentencing date has effectively turned pretrial detention into punitive confinement without conviction.**

**Failure to Provide Discovery & Further Justification for Bail Termination**
If the Government **continues to withhold** the discovery materials outlined in **Section I**, including but not limited to grand jury transcripts, prosecutorial charging memoranda, and Special Agent's Reports, **this ongoing noncompliance shall serve as additional grounds for the immediate termination of Defendant's pretrial restrictions.**

The Government's failure to provide evidence that directly impacts bail determinations further supports the finding that **Defendant's continued pretrial detention is legally unjustifiable** under *United States v. Salerno, 481 U.S. 739 (1987)*.

### Legal Basis for Bail Termination:

- **Fraud on the Court & Perjury:** The Government knowingly made false representations regarding Defendant's bail conditions, violating *Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)*.
- **Brady Violations & Prosecutorial Misconduct:** Failure to disclose exculpatory evidence justifies reconsideration of bail under *United States v. Chapman, 524 F.3d 1073 (9th Cir. 2008)*.
- **Excessive & Unjustified Bail Conditions:** Prolonged pretrial restrictions violate *United States v. Salerno, 481 U.S. 739 (1987)*, requiring that bail conditions be narrowly tailored and not punitive.

- **Selective Enforcement of Bail Restrictions:** The DOJ imposed disproportionately severe conditions compared to other BCN defendants, violating *United States v. Armstrong, 517 U.S. 456 (1996),* and *United States v. Bass, 536 U.S. 862 (2002).*

## V. SANCTIONS FOR NON-COMPLIANCE

IT IS FURTHER ORDERED that if the **Government fails to comply** with any provisions of this order, the Court reserves the right to impose the following **sanctions**:

- **Adverse inference rulings** that assume withheld evidence was **favorable to Defendant**.
- **Exclusion of all evidence derived from undisclosed materials.**
- **Monetary sanctions against the prosecution for violating due process.**
- **Judicial censure and contempt proceedings** against AUSA Anthony Torntore and any other officials responsible for withholding evidence.
- **Consideration of dismissal of the indictment** based on prosecutorial misconduct.

## VI. REFERRAL FOR CRIMINAL INVESTIGATION & ADDITIONAL JUDICIAL ACTIONS

IT IS FURTHER ORDERED that if, after the evidentiary hearing, sufficient evidence is found to support misconduct, the Court shall:

- **Refer all responsible DOJ officials for criminal investigation** under:
  - **18 U.S.C. § 1001** (False Statements).
  - **18 U.S.C. § 1519** (Obstruction of Justice).
- **Initiate contempt proceedings against DOJ officials** who knowingly participated in:
  - The suppression of exculpatory evidence.
  - The falsification of investigative reports.
  - The obstruction of judicial proceedings.

## VII. COURT-ORDERED CORRECTIVE PUBLIC STATEMENT

If the evidentiary hearing confirms **fraud, perjury, and suppression of exculpatory evidence**, the **Government shall issue a corrective public statement** acknowledging:

- **Significant prosecutorial misconduct occurred.**
- **Exculpatory evidence was withheld.**
- **False information about Defendant's role was presented to the public.**

**Deadline:** The Government must comply within **ten (10) business days** of the Court's determination.

### SO ORDERED.

**DATED:** March ___, 2025
**Hon. Claire C. Cecchi**
**United States District Judge**

5