```
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
```

**UNITED STATES OF AMERICA,**

               Plaintiff,

v.

**JOBADIAH SINCLAIR WEEKS, et al.,**

               Defendants.

**Criminal No. 2:19-cr-00877-CCC**

# NOTICE OF OBJECTION TO GOVERNMENT'S EXTENSION REQUEST (DKT. 412)

Defendant Jobadiah Weeks, appearing pro se, hereby submits this objection to the Government's April 2, 2025 request (Dkt. 412) seeking an additional two-week extension to respond to Defendant's pending motions and submissions.

### I. Background

The Government's request must be evaluated in the context of its sustained pattern of delay, obstruction, and noncompliance throughout these proceedings. Since 2020, and repeatedly in recent months, the Government has consistently failed to meet discovery obligations and ignored formal, detailed requests submitted by Defendant. Specifically, the Government has not responded to:

- Defendant's letter dated **September 5, 2024**, requesting production of specific discovery materials;

- Defendant's letter dated **February 13, 2025**, requesting disclosure of material facts disproving fraud and perjury;

- Defendant's letter dated **February 21, 2025**, requesting disclosure related to selective prosecution and disparate treatment;

- Defendant's letter dated **February 26, 2025**, demanding the return of seized assets, including cryptocurrency and valuables;



- Defendant's letter dated **February 27, 2025**, requesting records of bail conditions and pretrial restrictions;

- Defendant's follow-up letters dated **March 9, 2025 (Exhibit A), March 12, 2025 (Exhibit B), March 19, 2025 (Exhibit C), and March 31, 2025 (Exhibit D)**, requesting specific discovery items, clarification on pending issues, and disclosure of critical materials.

Copies of Defendant's discovery request letters dated March 9, 12, 19, and 31, 2025 are attached hereto as **Exhibits A, B, C, and D** for the Court's reference.

## II. Basis for Objection

The Government's refusal to respond to these formal and detailed requests, combined with its prior delays in discovery production and procedural compliance, demonstrates a clear and sustained pattern of obstruction. The Government's current extension request does not cite any new or compelling circumstances beyond the complexity of Defendant's motions—complexity created, in large part, by the Government's own concealment and misconduct.

The continued granting of extensions, without accountability, severely prejudices Defendant and perpetuates the procedural and financial burden caused by the Government's actions.

## III. Relief Requested

Accordingly, Defendant respectfully requests that the Court:

1. **Deny the Government's extension request;** or, in the alternative,

2. **Limit any extension to no more than five (5) days;** and

3. **Order that the May 8, 2025 hearing schedule and related deadlines remain unaffected.**

Defendant further requests that the Court take into account the Government's procedural history of delay in its evaluation of Defendant's pending motions.


**Respectfully submitted,**

**Jobadiah Weeks, Pro Se**
Electronically Signed via DocuSign
Date: April 3, 2025
Address: 11627 West 74th Way, Arvada, Colorado 80005
E-mail: silenceweeks1@gmail.com

Signed by:
Joby Weeks
87866A420DB4490...

April 2, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2025, a true and correct copy of the foregoing **Notice of Objection to Government's Extension Request** and attached Exhibits A–D were served via ECF filing and e-mail upon:

**Anthony P. Torntore, Assistant U.S. Attorney**
Office of the United States Attorney
District of New Jersey
970 Broad Street, Suite 700
Newark, NJ 07102
anthony.torntore@usdoj.gov

**Attachments:**
 Exhibit A – Defendant's Letter dated March 9, 2025
 Exhibit B – Defendant's Letter dated March 12, 2025
 Exhibit C – Defendant's Letter dated March 19, 2025
 Exhibit D – Defendant's Letter dated March 31, 2025



Signed by:
Joby Weeks
87866A420DB4490...

# EXHIBIT A.

**March 9, 2025**

AUSA Anthony Torntore
United States Attorney's Office
District of New Jersey
970 Broad Street, 7th Floor
Newark, New Jersey 07102
Anthony.Torntore@usdoj.gov

**Subject: Fraud, Perjury, and Prosecutorial Misconduct in Grand Jury Proceedings and Plea Negotiations**

Dear Mr. Torntore,

I am writing to formally address serious concerns regarding fraud, perjury, and prosecutorial misconduct related to my indictment and plea process in *United States v. Jobadiah Weeks.* As you are aware, I have already filed a **Motion to Compel Discovery** on February 26, 2025, a **Motion on Selective Prosecution** on March 2, 2025, and a **Motion to Compel for Supplementary Information** on March 5, 2025, to retrieve further evidence. None of these motions have received a response, nor have my previous letters.

This letter serves to raise additional misconduct concerns.

On July 14, 2024, my former legal counsel, David Stone, contacted your office to request information on the tax charges against me in order to facilitate a settlement with the IRS. Following this request, your office sent the Grand Jury Report dated October 8, 2020—a report I had never seen before.

Subsequently, on September 5, 2024, David Stone sent a letter based on the Grand Jury Report with 23 specific questions. In December 2024, your office responded by answering only three of these questions, leaving the majority unanswered.

Additionally, the email sent by your office in December 2024 included the **Streamlined Special Agent's Report (SAR).** This document has no date and was suggested to have been presented to the Grand Jury, yet it was actually created in 2021 or later—meaning it could not have been presented to the Grand Jury before my indictment.

Since the Streamlined SAR was not presented to the Grand Jury, and neither was the Grand Jury Report of October 8, 2020, the critical question remains: **What information, if any, was actually given to the Grand Jury?** Was any information presented at all? The failure to present accurate and complete evidence before the Grand Jury resulted in a deprivation of my constitutional rights, violating my right to due process under the Fifth Amendment.

Initial JW

To fully understand what transpired, I request that you provide:

- A copy of the email sent to David Stone in July 2024 that contained the Grand Jury Report and any related correspondence.
- A copy of the email sent to David Stone in December 2024 containing the Streamlined SAR and the search and seizure warrant from December 10, 2019, including the detailed inventory of items removed by the IRS, which contains significant discrepancies regarding Bitcoin transfers.

## 1. Legal Basis for Fraud on the Court, Fraud, and Perjury & Grounds for Dismissal

Fraud on the court, fraud, and perjury occur when the government knowingly misleads the Grand Jury, withholds material evidence, makes false statements, or fabricates evidence to obtain an indictment or plea agreement. The following legal principles apply:

- **Fraud on the Court**: If the government knowingly misrepresented facts to the Grand Jury or withheld critical evidence, it deprived me of a fair legal process.
- **Fraud**: Misrepresentation of evidence occurred, including the suggestion that the Streamlined SAR and October 8, 2020 Grand Jury Report were part of the Grand Jury's review when they were not.
- **Perjury**: If government officials knowingly provided false statements to the Court or in official filings, this constitutes perjury under **18 U.S.C. § 1621** and **18 U.S.C. § 1001** (False Statements).
- **Misrepresentation or Concealment of Material Evidence**: The Grand Jury was not given the completed investigative report before approving the indictment, meaning they made a decision without full and accurate information.
- **Improper Influence on the Grand Jury's Decision**: If the plea was signed before the Grand Jury's review was complete, then the prosecution effectively predetermined the outcome, invalidating the indictment.
- **Prosecutorial Misconduct as a Basis for Dismissal**: Under *United States v. Basurto*, **497 F.2d 781 (9th Cir. 1974),** an indictment must be dismissed if based on misleading or false evidence. The concealment of this Grand Jury Report from my legal counsel until July 2024 could qualify as such misconduct.
- **Due Process Violation**: If I was denied access to material evidence that would have influenced my plea decision, this constitutes a direct violation of *Brady v. Maryland*, **373 U.S. 83 (1963),** and undermines the voluntariness of my plea. The Supreme Court has consistently held that withholding exculpatory or material evidence from a defendant prior to entering a plea results in constitutional infirmities that require judicial intervention.

Given the procedural and constitutional violations, dismissal is the appropriate remedy. I rely on the motions already filed with the court to fully address the need for further factual development, including any potential evidentiary hearing, should the court deem it necessary.

2

## 2. Questions the Government Must Answer to Disprove Fraud and Perjury

Given the facts, I request that your office provide clear, documented responses to the following:

1. Why did your office answer only three of the 23 questions posed in David Stone's September 5, 2024 letter?
2. Provide copies of the email sent to David Stone in July 2024 and December 2024 regarding the Grand Jury Report and the Streamlined SAR.
3. Confirm and provide documentation regarding what evidence, if any, was actually presented to the Grand Jury. If the government contends that the Grand Jury was properly informed, produce a sworn declaration attesting to what was submitted, as well as a complete record of all documents reviewed.

The remaining legal and factual questions regarding the Grand Jury Report, the Streamlined SAR, withheld evidence, and prosecutorial misconduct have already been addressed in my **Motion to Compel Discovery** filed on February 26, 2025, and my **Motion on Selective Prosecution** filed on March 2, 2025. I expect a full response to the demands outlined in that motion.

## 3. Settlement

Given the substantial evidence of fraud, perjury, and prosecutorial misconduct, I urge the government to consider resolving this matter through voluntary dismissal of the indictment. A withdrawal at this stage would not only serve the interests of justice but also prevent unnecessary litigation that could further burden the Department of Justice and expose significant procedural violations to judicial scrutiny.

If the government does not address these issues in good faith, I will be left with no choice but to escalate the matter through formal complaints with the Office of Professional Responsibility, seek court-imposed sanctions, and pursue all available legal remedies. The government has an opportunity to resolve this matter now rather than prolong unnecessary litigation that may further expose these procedural violations.

I also recognize that decisions regarding a potential settlement may require discussion and approval from senior officials. If the government is seriously considering this option, I expect **immediate action to remove the ankle bracelet as an interim measure** while discussions are ongoing. Given the substantive legal deficiencies in this case, continued imposition of this restriction is unjustified.

## Conclusion

The government has an obligation to uphold the integrity of the judicial process and ensure that indictments are based on lawful and accurate evidence. The facts strongly indicate that fraud on the court, perjury, and prosecutorial misconduct have tainted these proceedings. If my indictment was based on misleading or incomplete information, the only just remedy is the **dismissal of the indictment and vacatur of my plea.**

If the government wishes to resolve this matter through a settlement, I am open to discussions that would provide a fair resolution. Any such resolution must address the procedural concerns raised, ensuring that constitutional and statutory rights are upheld. I welcome an opportunity to engage in constructive dialogue toward that end.

Given the severity of these issues, I expect a formal written response within **five days** if the government is considering a settlement. If no settlement is being considered, I expect a full response by **March 19, 2025**, addressing the government's position, intended corrective actions, or its decision regarding voluntary dismissal. Failure to respond will compel me to escalate this matter before the court through further motions and official complaints with the Office of Professional Responsibility.

Respectfully submitted,
**Jobadiah Weeks** Pro Se
Electronically Signed via DocuSign

**Address:**
11627 West 74th Way
Arcada, Colorado 80005

Signed by:
*Joby Weeks*
87866A420DB4490...

**E-mail:**
silenceweeks1@gmail.com

**Dated:** March 9, 2025

4

# EXHIBIT B.

**March 12, 2025**

**VIA EMAIL**

AUSA **Anthony Torntore**
United States Attorney's Office
District of New Jersey
970 Broad Street, 7th Floor
Newark, New Jersey 07102
Anthony.Torntore@usdoj.gov


**Subject: Request for Prioritizing outstanding questions**

Dear AUSA Torntore,

Judge Cecchi has scheduled a hearing for **May 8, 2025**, and I intend to focus on a few key issues during the proceedings. To ensure that both parties can adequately prepare, I request that the government **prioritize responses as listed** in this letter of the pending Motions.

# I.     Motion on Selective Prosecution

At the hearing, I seek clarity on:

- The government's targeted prosecution of me, while similarly or more culpable individuals received leniency.
- The government's disclosure (or non-disclosure) of exculpatory materials, including any withholding of key evidence.
- Whether the government knowingly presented false or misleading testimony in the case.
- Whether my pretrial detention conditions were disproportionately harsh compared to other BCN defendants.
- Whether my prior counsel failed to challenge selective prosecution and coercive plea tactics, affecting the fairness of my case.

## Priority Questions for Government Response

I request that the government provide clear and specific answers to the following:

**Declination Memo:** Internal DOJ/SEC/IRS/FBI communications regarding why Federico Hidalgo, J. Oh, Jason Vausē, Francisco Rojo, and Ayodele Onesimus Adeoye were not prosecuted. (#2)

**Plea & Charging Decisions:** Any records confirming whether Russ Medlin was offered a plea deal, a non-prosecution agreement, or was otherwise treated differently from other BCN members. He still has not been arrested. (#3)

1

**Prosecution Strategy & Case Delays:** Internal communications regarding the government's decision to prosecute me while delaying or dismissing charges for others. (#5)

**Full Prosecution Memorandum (PMA):** Why were Richard J. Oh, Jason Vausē, Francisco Rojo, and Ayodele Onesimus Adeoye, who played significant roles in managing customers and operations or promoting BCN, not prosecuted? (#8)

**Pretrial Detention Justification:** Any DOJ or BOP records explaining why I have been detained for over five years without sentencing. (#20) and Any DOJ or Pretrial Services communications discussing why I remained in custody while similarly situated defendants received pretrial release, including Medlin and Balaci. (#22)

**Plea Negotiations & Sentencing Disparities:** All DOJ, IRS, and SEC internal records regarding plea negotiations, charging decisions, and sentencing recommendations for BCN co-defendants. (#33)

## II. Taxes

The tax-related issues are a key pillar of my plea agreement, yet many fundamental questions regarding the IRS's assessment of BCN and its members remain unanswered. My legal counsel formally raised these issues in his **Letter of September 5, 2024**, but **20 out of 23 questions** were ignored. The government has yet to provide critical records, including:

- How the IRS viewed the relationship between BCN leadership and its members in terms of tax liability and responsibility.
- Whether BCN applied for or was classified under a specific tax designation (e.g., for-profit or non-profit).
- How the IRS determined the tax obligations of BCN, particularly in relation to its business activities.
- Whether the IRS classified earnings from BCN as wages, commissions, or other taxable income for its members.

### Key Internal IRS Reports That Address These Issues

The IRS maintains **internal reports** that should provide direct answers to these tax-related questions. Specifically, I request:

1. **IRS Criminal Investigation (CI) Reports** – Since BCN was flagged for tax fraud, these reports likely contain findings on BCN's financial structure.
2. **Internal IRS Audit Workpapers** – These documents cover the tax filings of BCN members, and I specifically request the **workpapers for Abel** to compare enforcement inconsistencies.
3. **IRS Third-Party Summons Logs** – The IRS had access to BCN member lists from **banks and payment processors**, which provide insight into how tax obligations were assessed.

### Request for Government to Provide These Internal Reports

Since many of the September 5, 2024 letter questions can be answered through these existing IRS reports, I request that the government prioritize their disclosure before the May 8 hearing.

### Priority Questions from the Motion on Selective Prosecution

Additionally, the following discovery requests from the Motion on Selective Prosecution remain unanswered:

1. Why were tax charges selectively applied to me after the fraud indictment, while others with similar tax liabilities were only subjected to civil enforcement? (#14)
2. What internal government discussions evaluated why supposed tax-related charges were used only against me, while others with known tax liabilities faced only civil penalties? (#27)

## III. Motion to Compel Discovery

In the hearing I want to focus and proof on the fraud and perjury that the government has engaged in, like the plea agreement was coerced, The government engaged in prosecutorial misconduct by withholding or altering evidence, the non the disclosure of any evidence material to the defense.failure to disclose exculpatory evidence violates due process.

For this reason I want to have the following questions answered with priority.

- **Full Special Agent's Report (SAR)** from April 19, 2019 (#1.3)
- **Grand Jury Materials** – All grand jury transcripts and exhibits related to tax enforcement decisions against Defendant, including records on the government's delay in bringing tax charges. (#1.4)
- **Transport Logs** – All records documenting Defendant's prison transfers and placement near key government witnesses. (#2.1)
- **Use of Transport to Pressure Defendant** (#2.2)
- **Proffer Session Transcripts** – Any and all interview transcripts or summaries of proffer sessions from co-defendants in this matter. (#.3.2)
- **Conduct an independent forensic audit** to verify whether seized cryptocurrency was misappropriated or unlawfully transferred.(#4.2)
- **Discovery Requests** – Defendant requests: (#5.4)
  - Any instructions given to Defendant regarding discussions with co-defendants while in detention.
  - Internal DOJ, FBI, or Bureau of Prisons (BOP) communications discussing the decision to place Defendant near key witnesses.
  - Records showing whether Defendant's legal counsel was informed of these interactions before plea negotiations.
  - Any documentation confirming that Defendant was properly advised of his rights in relation to these interactions.

3

## IV. Motion on Supplementary information

The questions from the Supplementary Motion are intended to further substantiate my claims and obtain critical missing discovery that the government has failed to provide. These materials are essential to confirming prosecutorial misconduct, selective evidence disclosure, and the suppression of exculpatory materials.

### Priority Discovery Requests

1. **Exact Email Confirming Limited Document Disclosure**
   - The government must provide the exact email in which it provided only 3 out of the 23 requested documents, including the Streamlined SAR.
   - This email was sent on or around December 6, 2024, in response to the September 5, 2024, letter to David Stone.
   - This is necessary to verify whether the government deliberately withheld key evidence and failed to comply with Brady v. Maryland disclosure obligations.

2. **Communications Between Prosecution & Former Counsel (Stone Magnanini)**
   - The government must provide all notes, memos, or summaries of phone calls between the prosecution and former defense attorneys at Stone Magnanini.
   - These records should cover the period from July 2024 to January 2025 and focus on discussions related to the September 5, 2024, discovery request.
   - This is critical to assessing whether former defense counsel properly pursued discovery requests and whether the prosecution misled the defense regarding available evidence.

3. **Full Grand Jury Expansion Request Letter (July 23, 2020)**
   - The government must disclose the full Grand Jury Expansion Request Letter submitted by the U.S. Attorney's Office on July 23, 2020.
   - This document is critical to determining whether the government manipulated the grand jury process by selectively presenting evidence.

4. **Confirmation of Prior Legal Counsel's Discovery Requests (#5)**
   - The government must confirm whether the Streamlined SAR, the full Grand Jury Expansion Request Letter (July 23, 2020), and all interviews conducted with Joby Weeks were ever requested by former defense counsel.
   - If requested, the government must disclose:
     - Who requested these documents.
     - When the requests were made.
     - Any responses provided by the government.

4

In regard to the phrase *"...and all interviews conducted with Joby Weeks,"* I specifically request the production of the **interview conducted on December 10, 2019**—the day of my arrest. This interview lasted approximately six hours and was attended by Amjad and Leo, both of whom were also present at the Ritz meeting on April 19, 2019, along with four additional government officials.

The government must:

- Provide the Special Agent's Report (SAR), FD-302, Memorandum of Interview (MOI), or any other official record documenting this interview.
- Whether any modifications, omissions, or suppressions were made to the original interview record.
- All internal DOJ, FBI, or IRS communications regarding the preparation, handling, or disclosure of this interview's documentation.

Given the significance of these issues, it is in the interest of both parties to be well-prepared for the hearing so that the proceedings can remain focused and conducted fairly.

It would be highly appreciated if the government could provide **clear and substantive responses** before the **April 8 deadline set by the court**, ensuring that both parties can adequately prepare for a **focused and fair hearing on May 8**.

**Sincerely,**

**Jobadiah Weeks, Pro Se**

Electronically Signed via DocuSign

Date: March 2, 2025

5

# EXHIBIT C.

**Subject:** Request for SAR and Video Recording of December 10, 2019 Interrogation

Dear AUSA Torntore,

I am following up on my previous email regarding my request for specific information.

As stated in my email dated March 12, 2025, I requested the **Suspicious Activity Report (SAR)** related to my interrogation on **December 10, 2019**. Upon reviewing documents provided by my former legal counsel, David Stone, I noticed that a **Memorandum of Interview (MOI)** exists regarding my request to contact Enzo during that interrogation. In this MOI, **Mr. Amjad Qaqish** is listed as a participant alongside me. The memorandum states:

*"SA CIS Jason Leighton provided SA Jonathan Helmstetter with a number for Enzo from the digital evidence seized from Weeks,"*

which confirms that **additional agents were present** during the interrogation.

During this interview, I did indeed request permission to contact Enzo. While my legal counsel apparently received a Memorandum of Interview documenting this request, **there is no MOI covering the entirety of the interrogation**.

I recall that **six agents** were present in total. The only other name I remember is **Leo Rovensky**, yet the MOI does not list him or the other agents as participants. The MOI itself, however, indicates the presence of additional agents. Please note that **all participating agents should be listed in the MOI**.

Furthermore, the interrogation lasted approximately **six hours**, and **a video recording was made**. Therefore, I formally request that you provide me with:

1. The **full video recording** of my interrogation on December 10, 2019.
2. The **complete Memorandum of Interview** covering the entire interrogation.
3. The **SAR** related to this interrogation.

Upon reviewing the **Memorandum of Interview dated August 25, 2020**, it is evident from the details provided that during my time in custody with **Mr. Goettsche and Mr. Abel**, our conversations were secretly recorded.

These recordings constitute **exculpatory and/or impeaching evidence**, creating a legal obligation to disclose them. Therefore, I formally request the following:

1. **All recordings** of my conversations with Mr. Goettsche and Mr. Abel.
2. **All memoranda** or reports derived from these recordings.


Initial

1

Please confirm receipt of this request and provide a timeline for the production of these materials.

Sincerely,
**Jobadiah Weeks**
Pro Se
*Electronically Signed via DocuSign*
*Date: March 19, 2025*

Signed by:
*Joby Weeks*
87866A420DB4490...

# EXHIBIT D.

**March 31, 2025**

**VIA EMAIL**

AUSA Anthony Torntore
United States Attorney's Office
District of New Jersey
970 Broad Street, 7th Floor
Newark, New Jersey 07102
Anthony.Torntore@usdoj.gov

**Re: Request for Disclosure Regarding AUSA Hoxie Instructions and Related Discovery U.S. v. Jobadiah Weeks (19-cr-877-CCC)**

Dear AUSA Torntore,

I write to follow up on the outstanding discovery requests addressed in the pending **Motion to Compel Discovery** and specifically related to the instructions allegedly issued by AUSA Hoxie concerning my interactions with co-defendants Matthew Goettsche and Joseph Abel.

In the Motion to Compel and in question 6.5 of the Questions to the Court, I have requested the disclosure of **any instructions given by AUSA Hoxie or other government officials regarding my placement with Mr. Goettsche and Mr. Abel, as well as any communications surrounding our joint detention and transport following our arrests on December 10, 2019.**

Over the past weeks, I have also contacted my former legal counsel from Carlton Fields, **requesting all documents and correspondence exchanged with the Government in general and specifically related to this matter. Unfortunately, my repeated inquiries were ignored.**

Specifically, I have asked my former counsel the following questions, which remain unanswered:

1. Were you informed that Mr. Goettsche, Mr. Abel, and I were detained together and transported together following our arrests on December 10, 2019? If so, please provide all related communications, statements, or reports.

2. Were you informed by AUSA Hoxie or any government official that I was instructed not to solicit information from Mr. Goettsche and Mr. Abel during our joint detention, as referenced in the Memorandum of Interview dated August 17, 2020?

3. Did AUSA Hoxie seek your consent or communicate with you regarding the decision to place Mr. Abel, Mr. Goettsche, and me together in the same detention facilities or during transport?

4. When did you first learn that I was detained with Mr. Abel and Mr. Goettsche?

1

As my former legal counsel have refused to provide this information, I hereby formally request that the Government disclose:

- Any communications between the United States Attorney's Office and my former legal counsel regarding these matters;

- Any records, reports, memoranda, or emails addressing the instructions allegedly issued by AUSA Hoxie, including the basis and timing of those instructions;

- Any documentation or correspondence regarding the decision to place me together with co-defendants Mr. Goettsche and Mr. Abel.

This information is essential to the pending motions, for my ability to prepare my defense, and for the hearing of May 8, 2025.

Respectfully submitted,
**Jobadiah Weeks, Pro Se**
Electronically Signed via DocuSign
Date: March 31, 2025
Address: 11627 West 74th Way, Arvada, Colorado 80005
E-mail: silenceweeks1@gmail.com

Signed by:
Joby Weeks
87866A420DB4490...