## LETTER TO JUDGE HAMMER

**Honorable Michael A. Hammer**
United States Magistrate Judge
Martin Luther King Jr. Building and United States Courthouse
50 Walnut Street
Newark, New Jersey 07101

**Re: United States v. Jobadiah Sinclair Weeks, Crim. No. 19-877 (CCC)**

Dear Judge Hammer,

I respectfully write to request permission to travel from **April 19 through May 7, 2025**, for the purpose of meeting with three licensed attorneys in Miami, who are personal contacts of my wife, for limited legal consultation. I also request permission to travel to New Jersey from **May 7 to May 9** to attend the hearing scheduled in this matter.

I had expected my McKenzie friend to travel to the United States at the end of April to assist with strategy discussions and to support me at the May 8 hearing. However, his ability to assist has become limited, as he now fears traveling to the U.S. in light of legal threats issued by my former counsel. Mr. Jagtenberg responded to this message in writing on March 24, 2025, clarifying his limited consulting role and confirming that he is not serving as legal counsel to Mr. Weeks (see attached **Exhibit A**). As a result, I now require professional guidance from licensed attorneys to ensure I continue representing myself in a manner that complies with legal and procedural standards.

These consultations are not intended to alter my pro se status, but to support my efforts to act responsibly and lawfully in my preparation and participation in upcoming hearings.

As shown in **Exhibit B**, I have provided my travel details, places of stay, and the information of the legal counsels I plan to meet.

A proposed form of order is enclosed. I respectfully request the Court's approval of this request.

Thank you for your consideration.

Respectfully submitted,
**Jobadiah Weeks**
Defendant Pro Se
Electronically Signed via DocuSign
Date:April 15, 2025
Address:
11627 West 74th Way
Arvada, Colorado 80005
Email: silenceweeks1@gmail.com

Signed by:
*Joby Weeks*
87866A420DB4490...

## CERTIFICATE OF SERVICE

I hereby certify that on April 15,2025, I served a true and correct copy of the foregoing letter, proposed order, and Exhibit B to:

- **AUSA Anthony Torntore** via email at *Anthony.Torntore@usdoj.gov*

- **U.S. Pretrial Services (David Hernandez)** via email at *David_Hernandez@njpt.uscourts.gov*

- **U.S. Pretrial Services (Seth Junker)** via email at *seth_junker@cod.uscourts.gov*

Respectfully submitted,
**Jobadiah Weeks**
Defendant Pro Se

Signed by:
*Joby Weeks*
87866A420DB4490...

## ORDER PERMITTING TRAVEL

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

UNITED STATES OF AMERICA,
   v.
JOBADIAH SINCLAIR WEEKS,
      Defendant.

**Honorable Michael A. Hammer** United States Magistrate Judge
Crim. No. 19-877 (CCC)

## ORDER PERMITTING TRAVEL

THIS MATTER having been opened to the Court by Defendant **Jobadiah Sinclair Weeks**, appearing pro se, for an Order Permitting Travel; and with notice to the United States Attorney's Office (AUSA Anthony Torntore, appearing) and the United States Pretrial Services Agency; and for good cause shown,

**IT IS on this ___ day of April, 2025,**

**ORDERED** that the Defendant shall be permitted to travel to **Miami, Florida from April 19, 2025 through May 7, 2025** to consult with three licensed attorneys; and it is further

**ORDERED** that the Defendant shall be permitted to travel to **New Jersey from May 7, 2025 through May 9, 2025** to attend the hearing scheduled in this matter; and it is further

**ORDERED** that the Defendant shall provide his itinerary and other pertinent information to Pretrial Services in advance of travel; and

**ORDERED** that Pretrial Services shall temporarily return the Defendant's United States Passport to permit this travel forty-eight (48) hours before Defendant's scheduled departure; and it is further

**ORDERED** that the Defendant shall return his United States Passport within forty-eight (48) hours of returning to Colorado; and it is further

**ORDERED** that all other terms and conditions of pretrial release previously imposed remain in full force and effect, except as modified by this Order.


**HONORABLE MICHAEL A. HAMMER**
United States Magistrate Judge

# EXHIBIT A.

**From:** David Stone DStone@smcomplex.com  
**Subject:** U.S v. Weeks  
**Date:** 21 March 2025 at 17:06  
**To:** Wim Jagtenberg miwjagtenberg@gmail.com  
**Cc:** Eric Cohen ECohen@smcomplex.com, David Boies dboies@bsfllp.com



Wim in reviewing your recent emails to us and based on our review of the docket, we wanted to remind you of certain provisions of New Jersey law that could apply in this situation. We do not represent you or Mr. Weeks anymore so this email is for your information and it does not constitute legal advice.

Certain of your actions in representing Joby Weeks implicate various civil and criminal laws in New Jersey. By drafting motions that were filed and as acting as Joby's attorney you are in conflict with the law prohibiting the unauthorized practice of law in New Jersey. N.J.S.A. 2C:21-22(a) provides that it is a fourth degree crime if a "person knowingly engages in the unauthorized practice of law." The crime is upgraded to a third degree crime if the person knowingly engages in the unauthorized practice of law and "derives a benefit [or] in fact causes an injury to another." N.J.S.A. 2C:21-22(b)(2), (3). The phrase "in fact" indicates strict liability. N.J.S.A. 2C:21-22(c). In New Jersey, a conviction for a third degree crime carries a term of potential incarceration up to five years and a fine of up to $15,000, among other penalties. N.J.S.A. 2C:43-1. Further, N.J.S.A. 2C:21-22a establishes a private cause of action for persons injured by a wrongdoer's unauthorized practice of law. ("Any person who suffers any ascertainable loss of money or property… as a result of any action or inaction by a person who knowingly engaged in the unauthorized practice of law in violation of [N.J.S.A. 2C:21-22] may bring a civil action in any court of competent jurisdiction.")

In New Jersey, a person is considered to be practicing law "when that person's conduct whenever and wherever it takes place is of such a nature that legal knowledge, training, skill and ability are required." This definition of the practice of law is not limited to the conduct of cases in court. *See State v. Rogers*, 308 N.J. Super. 59, 66 (App. Div.) *certif. denied*, 156 N.J. 385 (1998).

Your various emails to our firm about the client's questioning fees arguably runs afoul of this statute. More importantly, in your February 28 letter, you wrote that you "drafted a letter on Joby's behalf, which he sent to the AUSA on February 27." You also wrote that you "drafted the motion to compel, which… was filed by Joby on February 23, 2025" and that "it took [you] 40 hours to research, draft and finalize [the] motion." You also indicated that "next week, [you] will finalize and file another motion addressing [selective prosecution]." We can see from the public docket that Joby did in fact file a motion on selective prosecution which, we presume, is the motion that you researched and drafted for him. We have reviewed those motions and they are very detailed. Your February 28 letter strongly suggests that you are engaging in the unauthorized practice of law in New Jersey. *See, e.g., L.L. v. Vineland Bd. of Educ.*, 128 F.App'x 916, 919 (3d. Cir. 2005)(a non-lawyer's preparation of filings in a federal case may constitute an unauthorized practice of law). It is our further understanding that Joby pledged to the Court during his Ferretta hearing that he would not use the assistance of any "shadow" counsel other than court-appointed standby counsel to draft court documents (such as motions) since Joby would be representing himself. We suggest you may want to review that transcript and the above law

himself. We suggest you may want to review that transcript and the above law before taking further actions.

Finally, to the extent you have entered into a contingent arrangement to perform this work in a criminal case you should be aware that the ABA Rules of Professional Conduct as well as the New Jersey Rules of Professional conduct prohibit contingency agreements in criminal cases. For example, ABA Model Rule 1.5(d) prohibits contingency fee agreements for domestic relations matters—such as divorce cases—and for the representation of a defendant in a criminal case. (See also New Jersey RPC 1.5(d) ("A lawyer shall not enter into an arrangement for, charge, or collect… a contingent fee for representing a defendant in a criminal case."))


David S. Stone
Senior Managing Partner
Stone & Magnanini LLP
400 Connell Drive
Suite 6200
Berkeley Heights, N.J.
07922
973-218-1111

**March 24, 2025**
**To:** David Stone
**CC:** Eric Cohen, David Boies, Joby Weeks, Ernesto Crimele

Dear David,

Thank you for your message of March 21. I appreciate your concerns and would like to take this opportunity to clarify my role, my intentions, and the nature of my work with Joby Weeks.

When we first met at the end of June 2024, I shared my background with you and provided my CV (attached again here for reference). As you know, I studied international tax law and worked at PwC until 1993. While I am experienced in international financial matters, I also explicitly noted that any U.S. tax issues would require a local tax attorney such as Richard Champion — something you acknowledged at the time.

On July 1, 2024, you received a copy of the consultancy agreement (attached) I entered into with Joby. Later that month, I was paid a retainer from your firm's trust account, pursuant to that agreement. My role has always been limited to financial, strategic, and administrative support. The agreement clearly defines the scope as consulting — not legal representation — and includes tasks such as analyzing crypto asset seizures, preparing internal memoranda, and organizing materials. Section 4.1 mentions assistance with legal document preparation only under the supervision of a U.S. attorney, which in this case, was you.

Between July and December 2024, I prepared a number of working drafts and memoranda, most of which were shared with both you and Eric, with Joby copied. These included:

- Analysis and draft correspondence related to cryptocurrency seizures

- A draft letter to Carlton Fields regarding Joby's prior counsel, Mr. Simon Gaugush and Mr. Michael Yaeger

- Draft letters addressed to AUSA Torntore regarding prison transfers, the December 10, 2019 interrogation, victims, tax issues, the AUSA Hoxie statement, and the Streamlined SAR

- A memorandum concerning the April 19, 2019 Ritz-Carlton meeting and inconsistencies in government filings

- A memo on selective prosecution highlighting other unindicted BCN figures

- Emails concerning return of seized assets

- Timeline and communication review from Joby's arrest to the October 8, 2020 report

To reiterate: **I did not draft or file any legal documents on Joby's behalf.** All decisions to file pro se motions were made by Joby. While he may have drawn upon information or concepts from my work, the motions were his, and filed under his name and control.

You noted in your response: *"Your various emails to our firm about the client's questioning fees arguably runs afoul of this statute."* I want to be clear that I did not and do not represent Joby in any legal capacity. My communication regarding fees was not legal advocacy, but an attempt to resolve a billing misunderstanding that I was drawn into — in part through your own direct correspondence with me. If my language at any point became direct or frustrated, it was a reaction to the tone and content of the exchanges, not an attempt to assume a legal role.

To the question of compensation: my arrangement with Joby has always been based on a fixed retainer and hourly consulting fees. There is no contingency element, nor is any compensation tied to the outcome of his criminal case. Any suggestion to the contrary is mistaken.

In January 2025, you informed me that Joby had elected to proceed pro se. I expressed to both you and Joby that I believed this was not a wise decision, and I had made that clear to him more than once during 2024. Nonetheless, Joby proceeded on his own, using ChatGPT as a drafting aid and asking it questions in the style of "as a criminal lawyer" or "as a judge." I have supported him in organizing his thoughts and formatting documents — nothing more. As of now, I am functioning only as a **McKenzie Friend**, assisting Joby with document structure and administrative organization. I am not his legal representative, and I do not speak on his behalf.

Given the concerns raised in your letter, I will now withdraw from any discussion related to fee disputes. You and Joby may resolve this matter directly. My intention has always been to assist in good faith within the scope of a clearly defined consulting role — not to practice law or interfere with your client relationship.

Regarding the invoices I requested, kindly forward them directly to Joby.

Sincerely,
**Wim Jagtenberg**

# EXHIBIT B.

**TO:**
U.S. Pretrial Services Agency – District of New Jersey
Attn: David E. Hernandez
Senior U.S. Pretrial Services Officer

### Travel Itinerary: Jobadiah Weeks

**Flight to Miami (April 19, 2025)**

- **Airline:** United Airlines (UA)
- **Departure:** 10:09 AM (Denver Time)
- **Arrival:** 4:10 PM (Miami Time)

**Accommodation in Miami (April 19 – May 7, 2025):**
**Hotel:** 1 Hotel South Beach
**Address:** 2341 Collins Avenue, Miami Beach, FL 33139

**Flight to New Jersey (May 7, 2025)**

- **Airline:** United Airlines (UA)
- **Departure:** 12:27 AM (Miami Time)
- **Arrival:** 3:37 PM (New Jersey Time)

**Accommodation in Newark (May 7 – May 9, 2025):**
**Hotel:** DoubleTree by Hilton Newark
**Address:** 1048 Raymond Blvd, Newark, NJ 07102

**Return Flight to Denver (May 9, 2025)**

- **Airline:** United Airlines (UA)
- **Departure:** 2:00 PM (New Jersey Time)
- **Arrival:** 4:31 PM (Denver Time)

## Attorney Consultations Scheduled in Miami

### 1. David Oscar Markus

- **Firm:** Markus/Moss PLLC
- **Website:** markuslaw.com
- **Office Address:** 40 NW Third Street, Penthouse One, Miami, FL 33128
- **Phone:** (305) 992-5604
- **Meeting Location:** office
- **Meeting Dates:** April 21, 2025 (confirmed); second meeting TBD

### 2. David Marko

- **Firm:** Marko & Magolnick, P.A.
- **Website:** mm-pa.com
- **LinkedIn:** David Marko
- **Office Address:** 3001 S.W. 3rd Avenue, Miami, FL 33129
- **Phone:** (305) 285-2000 (main), (305) 992-5604 (direct)
- **Meeting Location:** office
- **Meeting Dates:** April 25, 2025 (confirmed); second meeting TBD

### 3. Valerio Spinaci

- **Firm:** Pathman Schermer Tandy, LLP
- **Website:** pathmanlaw.com
- **LinkedIn:** Valerio Spinaci
- **Office Address:** One Biscayne Tower, 2 South Biscayne Blvd., Suite 2400, Miami, FL 33131

- **Phone:** (305) 379-2425

- **Meeting Location:** 94 Palm Ave., Miami, FL

- **Meeting Date:** May 5 and 6, 2025 (confirmed)

## Pending Meeting:

**Bill Kennedy** *(Professional contact via wife, Dasha Weeks – meeting date TBD)*

- **Firm:** Kennedy Legal Team

- **Website:** [williamkennedy.org](williamkennedy.org)

- **Office Address:** 5421 N University Dr., Suite 101, Coral Springs, FL 33067

- **Phone:** (954) 271-3100

- **Proposed Meeting Location:** office

3