**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**UNITED STATES OF AMERICA**
v.
**JOBADIAH SINCLAIR WEEKS**
Criminal No. 19-cr-877 (CCC)

## SUPPLEMENT IN SUPPORT OF MODIFICATION OF BAIL CONDITIONS

Defendant **Jobadiah Sinclair Weeks**, proceeding pro se, respectfully submits this supplement in further support of the request for modification of pretrial conditions set for hearing on **May 20, 2025** (**Dkt. 411**, filed March 27, 2025).

## I. Background

As the Supreme Court emphasized in *United States v. Salerno*, 481 U.S. 739, 755 (1987), "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." Continued use of severe pretrial conditions—particularly without individualized judicial review—must be narrowly justified.

In Dkt. 411, Defendant requested a temporary modification of pretrial release conditions while Dkt. 407 — a formal motion to remove all conditions — remains pending. In Dkt. 425, Defendant specifically asked the Court to allow him to travel to Florida, where his pregnant wife currently resides in Miami, so that he may be present for the birth of their child and assist with essential caregiving responsibilities. While the Court has now scheduled a hearing on these matters for May 20, 2025, no interim ruling or relief has been granted to date.

Mr. Weeks has now been subject to restrictive bail conditions for over **four years**, including:

- GPS monitoring (ankle bracelet),
- A ban on cryptocurrency and related financial activity,
- Restricted use of electronic devices,
- Limited travel authority,
- Ongoing reputational and economic harm without conviction or trial.

Despite raising repeated constitutional and procedural objections through multiple filings, these conditions have remained in place. This longstanding principle reflects the presumption in favor of liberty under the Bail Reform Act. See *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985) ("Only in rare circumstances should release be denied, and doubts regarding the propriety of release are to be resolved in favor of the defendant."). This supplement is submitted in connection with the pending motion at **Dkt. 411**, and in anticipation of the Court's upcoming hearing.

## II. Comparative Treatment – *United States v. Scanlon*

In *United States v. Christopher James Scanlon*, No. 2:24-cr-00682 (D.N.J.), also before this Court and initially prosecuted by AUSA **Anthony Torntore**, the defendant was charged with operating an unlicensed money transmitting business under 18 U.S.C. § 1960.

Scanlon's case moved swiftly. He was charged in April 2023, and within four months, was permitted to file a motion to modify his bail conditions. Scanlon was:

- Released on a **$5 million bond with electronic monitoring**,
- Granted multiple bail modifications between September 2023 and April 2024 through formal orders (see **Exhibit A**, Orders at Dkt. 23, 28, 35, and 38)
- Granted substantial relief to:
    - Remove the GPS monitor,
    - Restore internet and computer access,
    - Travel more freely to care for his family and resume work.

Ultimately, the Government voluntarily dismissed the case without prejudice under **Rule 48(a)** on April 30, 2025 (see **Exhibit B**, Scanlon Dkt. 73), while Scanlon remained on **less restrictive bail terms**.

## III. Application to Mr. Weeks

### 1. Bail Conditions Were Harsher and Never Reviewed

Mr. Weeks has been under pretrial restraint since 2019 — nearly six years, compared to two years in Scanlon. While Scanlon received relief from GPS monitoring, technology restrictions, and travel limitations (Exhibit A), Mr. Weeks has had no comparable opportunity for modification. His conditions have remained static, despite the absence of any identified victim, restitution claim, or public safety concern.

### 2. No Victims; Indictment Remains Active Without Review

Scanlon's case involved no identified victims or restitution process. The Government dismissed that indictment without prejudice under Rule 48(a) while allowing the defendant to remain on liberalized bail terms. In contrast, Mr. Weeks continues to be subject to maximum

pretrial restrictions, even as the Government remains silent and inactive on multiple pending motions.

### 3. Lack of Procedural Accommodation or Dialogue

Mr. Weeks's case has now spanned nearly six years, with pretrial conditions in place for over four. In contrast, Mr. Scanlon spent zero days in pretrial detention, obtained bail relief less than one year after arrest, and received full dismissal of charges within two years of being charged. This stark timeline disparity underscores the continued hardship and lack of meaningful review afforded to Mr. Weeks.

Mr. Weeks has received no comparable accommodation to address family needs, business continuity, or resolution pathways. Scanlon was permitted international travel, participated in plea discussions, and obtained structured judicial review. Weeks, facing longer restrictions, more severe economic harm, and prolonged delay, has been afforded no such pathway — despite repeated letters (April 25 and May 11) and the Court's current review of motions on the papers.

Mr. Weeks respectfully asserts that continued use of an ankle monitor and accompanying financial restrictions **no longer serve any compelling governmental interest** and amount to disproportionate pretrial punishment, particularly in light of the Government's refusal to engage in settlement discussions or consider dismissal — as it did in *Scanlon*. See *United States v. Farias*, 618 F. Supp. 2d 736, 739 (S.D. Tex. 2009) (granting motion to modify conditions and remove GPS monitor where restrictions exceeded statutory purpose and were not narrowly tailored).

## IV. Relief Requested

In light of the Government's conduct in *Scanlon* and the factors outlined above, Mr. Weeks respectfully requests:

1. Immediate removal of GPS monitoring,
2. Restoration of limited economic and financial freedoms,
3. Authority to travel within the United States subject to notice (not pre-approval),
4. Any other relief the Court deems just and proper.

Respectfully submitted,
/s/ Jobadiah Sinclair Weeks
**Jobadiah Sinclair Weeks**
Pro Se Defendant
11627 West 74th Way
Arvada, Colorado 80005
silenceweeks1@gmail.com

Signed by:
*Joby Weeks*
87866A420DB4490...

**Dated:** May 14, 2025