

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, 7th floor*      *973-645-2700*
*Newark, New Jersey 07102*

June 18, 2025

Honorable Michael A. Hammer
United States Magistrate Judge
District of New Jersey
Martin Luther King Building
 & United States Courthouse
50 Walnut Street
Newark, New Jersey 07102

      Re:    United States v. Jobadiah Sinclair Weeks
               Crim. No. 19-877 (CCC)

Dear Judge Hammer:

      The Government submits this letter brief in opposition to Motion to Terminate Release Conditions (Doc. No. 444) filed by Defendant Jobadiah Sinclair Weeks ("Weeks"). Weeks' umpteenth frivolous submission appears to rest[1] on three meritless arguments.

      *First*, Weeks appears to claim that because (i) he pled guilty to an offense carrying a 5-year maximum term of imprisonment and (ii) he has been on pretrial release for more than 5 years, he should be freed of his pretrial release conditions. However, the 5-year statutory maximum penalty Weeks faces applies only to periods of incarceration and Weeks has been detained for approximately 11 months. As a result, the statutory maximum penalty that Weeks faces has no bearing on the continued imposition of pretrial release conditions.

      *Second*, Weeks appears to claim that the Government has failed to provide him with any verified victim or loss evidence and that somehow means Weeks

---

[1] To the extent the Court identified a plausible argument set forth in the Motion to Terminate Release Conditions (Doc. No. 444) that is not addressed herein, the Government incorporates by reference the arguments set forth in the Government's brief in opposition to Weeks' various motions (Doc. No. 417) and the arguments the Government made on the record during the May 20, 2025 bail hearing.

should be relieved of his pretrial release conditions.[2] In crafting the conditions of release, the Court must order Weeks not to commit a Federal, State, or local crime during the period of release and subject Weeks "to the least restrictive further condition, or combination of conditions, that [the Court] determines will reasonably assure the appearance of [Weeks] as required and the safety of any other person and the community," 18 U.S.C. § 3142(c)(1)(B). What evidence the Government has provided to Weeks logically cannot inform the Court's assessment of what conditions will assure Weeks' appearance and the safety of any other person and the community. Thus, it is not a proper basis for modifying Weeks' conditions of release.

*Third*, Weeks claims that he is facing "profound personal hardship arising from the imminent birth of [his] child." *See* Doc. No. 444 at p.2. Weeks fails to specify how his pretrial release conditions prevent him from "support[ing] [his] wife" or "rais[ing] [his] son"—presumably, a newborn infant—"in the spirit of the values of America." *See* Doc. No. 444 at p.2. Nor could Weeks plausibly do so. Defendants who are parents regularly are released with conditions. Simply put, there is no "parental exception" to pretrial release conditions. *See* 18 U.S.C. § 3142(c)(1).

Accordingly, the Government respectfully requests that the Court deny the Motion to Terminate Release Conditions (Doc. No. 444).

                                                                          Respectfully submitted,

                                                                          ALINA HABBA
                                                                          UNITED STATES ATTORNEY

                                                                          */s/ Vinay S. Limbachia*

By:    Vinay S. Limbachia
        Assistant U.S. Attorney

---

[2] This contention is contrary to Weeks' guilty plea, in which he admitted that he defrauded more than 10 victims out of at least $3,500,000 in losses. *See* Doc. No. 148 at p. 10.