UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

United States of America,

v.

**Jobadiah Sinclair Weeks**,

Defendant.

Crim. No. 19-cr-877 (CCC)

**REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO TERMINATE RELEASE CONDITIONS**

Defendant **Jobadiah Sinclair Weeks** respectfully submits this reply to the Government's opposition (Dkt. 449) to his **Motion to Terminate Release Conditions**. The Government's filing, while colorful in tone, fails to meaningfully address the substantive basis for the requested relief and relies on conclusory assertions unsupported by evidence or proper procedure.

**I. The Government Mischaracterizes the Statutory and Procedural Basis of Defendant's Argument**

The Government incorrectly argues that Defendant's reference to the **five-year statutory maximum** is irrelevant because he has only been incarcerated for 11 months. This misstates the issue. Defendant's argument is that the imposition of **stringent pretrial restrictions**—including home confinement, GPS monitoring, travel bans, and other liberty limitations—for nearly five years amounts to a **deprivation of liberty** that, while technically pretrial, functionally mirrors punitive sanction. As the Supreme Court held in *United States v. Salerno*, 481 U.S. 739 (1987), **pretrial liberty restrictions must be narrowly tailored and temporary**. Continued pretrial restraint after such an extensive period is neither. See also *United States v. Scott*, 450 F.3d 863, 874 (9th Cir. 2006) (recognizing that pretrial release conditions can constitute a significant deprivation of liberty).

**II. The Absence of Verified Victim Loss Undermines the Government's Rationale for Detention**

The Government asserts that the absence of **verified victims or loss documentation** is irrelevant to release conditions. This ignores the fact that **risk assessments** under 18 U.S.C. §3142 are grounded in the **nature and seriousness of the offense**. The Government has repeatedly justified its restrictions by invoking the scale of alleged investor harm. Yet, in over five years, it has failed to produce a single affidavit, restitution claim, or IRS filing from any victim. As detailed in prior filings, including the **Post-Hearing Statement** (Dkt. 441-1), this continued evidentiary gap **undermines the legitimacy** of any asserted risk and calls into question the Government's **selective and inconsistent charging practices**.

Moreover, the existence of **actual or intended victim loss** is an **essential element** of the very offense charged in Count 1—it is the **foundational basis and core pillar** of the indictment itself. The Government's inability to substantiate this element—either through discovery or sworn statements—casts **serious doubt** on both the **factual and legal foundation** for its pretrial risk assessments. See, e.g., *United States v. Binday*, 804 F.3d 558, 570 (2d Cir. 2015) (requiring proof of a scheme to defraud, material misrepresentation, intent, and actual or intended harm for wire fraud).

### III. Personal Hardship Is Not the Sole Basis—But It Is Constitutionally Relevant

The Government dismisses Defendant's **family hardship** as legally irrelevant, mocking the idea that impending fatherhood could justify relief. Defendant does not seek a "parental exception" to pretrial conditions. Rather, he raises the **human cost** of extended restriction in the context of the Government's **failure to substantiate ongoing risk**. Continued **ankle monitoring**, **restricted travel**, and **financial incapacitation** serve no compelling interest at this point.

### IV. The Government Ignores Procedural History and Fails to Rebut the Record

Despite labeling Defendant's motion as **frivolous**—a term also used by AUSA Torntore in his **April 22, 2025 letter**—which stated that Defendant's motions were "riddled with unintelligible and frivolous sovereign citizen-style rhetoric" and urged the Court to deny all pending motions, the Government fails to address or correct **multiple docketed filings** that directly contradict its opposition.

- The Government has not answered the **April 25, 2025 letter** refuting the **Florida travel allegation** and detailing **Brady violations**.

- It failed to engage with the **Post-Hearing Statement (Dkt. 441-1)** summarizing the **evidentiary failures**, **reliance on hearsay**, and use of **improper sealed material**.

- Although AUSA Trombly stated in open court that a response to **Docket 435** would be forthcoming, the Government has still not filed any reply to that submission. The Government's failure to respond to Dkt. 435 is particularly telling. That submission **rebutted the allegations** in the Government's **sealed November 2024 motion to revoke bail**, demonstrated Defendant's **ongoing compliance**, and highlighted both the **disproportionate nature of continued restrictions** and the **lack of evidence** underlying the Government's claims. It further emphasized the **procedural imbalance**, comparing the treatment of Defendant to **similarly situated financial defendants** who were not detained and whose cases were dismissed without contest. Despite the Government's in-court assurances, the record remains unchallenged.

This procedural silence is not merely strategic—it reflects a **failure to meet the burden** of justification for continued liberty restrictions. The Government has not demonstrated any **danger to the community** or **flight risk**, nor has it rebutted Defendant's **evidence of compliance and hardship**.

**V. Conclusion**

For the foregoing reasons, and those stated in the original motion, Defendant respectfully requests that the Court **terminate all remaining pretrial release conditions**, or at a minimum, **remove GPS monitoring, travel restrictions, and the prohibition on use of internet and smartphone**. Additionally, Defendant requests that the frequency of drug testing be reduced from twice per week to once per month, in light of his consistent compliance and absence of any related infractions. The Government has failed to offer a **legal or evidentiary basis** for continued restriction.

Dated: June 18, 2025
 Respectfully submitted,

**/s/ Jobadiah Weeks**
**Jobadiah Sinclair Weeks**
**Pro Se Defendant**
2301 Collins Avenue
Miami Beach, FL 33139
Email: silenceweeks1@gmail.com
**Electronically Signed via DocuSign**

