# CLARK SMITH VILLAZOR

Clark Smith Villazor LLP
666 Third Avenue, 21st Floor
New York, New York 10017
www.csvllp.com

**RODNEY VILLAZOR**
D: 212.377.0852
rodney.villazor@csvllp.com

**VIA ECF**
Honorable Michael A. Hammer
United States District Court for the
  District of New Jersey
Martin Luther King Courthouse
50 Walnut Street Room 2C
Newark, NJ 07101

      Re:    *United States v. Matthew Goettsche, et al.*, 19-CR-877 (CCC)
              Proposed Modification of Pretrial Release Order

Dear Judge Hammer:

      Please accept this letter in lieu of a more formal motion on behalf of Defendant Matthew Goettsche. We respectfully move to modify the following bail conditions: (1) his prohibition against internet use and related conditions of any authorized use, (2) his curfew bail condition, (3) his travel limited to local distances in the District of Colorado, and (4) his third-party custodian presence requirement during curfew hours. If modified as proposed, Mr. Goettsche will be placed on standalone monitoring, the third-party custodian condition will be eliminated, he will be permitted to travel within the contiguous United States as preapproved by Pretrial Services, and he will be permitted to access the internet through one internet-enabled device that is subject to Pretrial Services software monitoring and review. Pretrial Services and the government, through AUSA Vinay Limbachia, have no objection to these proposed modifications.

      The Court's Order Setting Conditions of Release dated December 11, 2020 (dkt. 171) ("Release Order"), in relevant part, prohibits Mr. Goettsche from internet access and the possession and/or use of computers or internet-connected devices at any location unless in the presence of counsel. The Release Order also allows Pretrial Services to approve his possession of any cellular telephone and to regulate the cellular provider and capabilities. Finally, the Release Order mandates that Pretrial Services be notified of the start and conclusion of any conferences over the internet between Mr. Goettsche and the undersigned counsel. Since the Court issued the Release Order in December 2020, Pretrial Services has approved Mr. Goettsche's possession of cellular telephone with no internet capabilities, Mr. Goettsche has only utilized a computer with internet capabilities in the physical or virtual presence of counsel to review discovery, attorney work product and to participate in virtual meetings. Pretrial Services has been duly notified of such use. There have been no bail violations.

Hon. Michael A. Hammer
June 27, 2025
Page 2

We respectfully propose to remove the internet restriction condition to allow Mr. Goettsche to possess and use one internet-enabled device. That device shall be subject to manual inspection and the installation of computer monitoring software, as deemed appropriate by Pretrial Services. The parties agree that any brief or inadvertent access by Pretrial Services of any attorney-client communication or attorney work product shall not constitute a waiver of privilege. This modification would ease the burden on Mr. Goettsche's spouse from being the exclusive internet user managing routine household obligations and their children's activities. The proposed modification would also facilitate the ability of the undersigned counsel to communicate and share attorney work product more efficiently with Mr. Goettsche.

The Court's other relevant bail conditions are: (1) Mr. Goettsche is subject to curfew with hours of restriction at his home in Lafayette, Colorado as directed by Pretrial Services (dkt. 355), and (2) that he remains in the presence of a third-party custodian during those restricted curfew hours (dkt. 361). Because Mr. Goettsche's residence for curfew is in Lafayette, Colorado, that necessarily restricts his movement to local travel to ensure he returns to his Lafayette home during the restricted curfew hours. Prior interstate travel to meet with the undersigned counsel has been subject to a proposed bail modification expressly authorized by the Court and has been without incident. In those orders, Mr. Goettsche provided Pretrial Services with a detailed travel itinerary in advance, and his hotel in New York served as the residence for purposes of compliance with the applicable bail conditions. *See, e.g.,* dkts. 225, 229, 274, 283.

We respectfully propose to modify these bail conditions to allow Mr. Goettsche to travel within the contiguous United States excluding Alaska and Hawaii as preapproved by Pretrial Services in its sole discretion and on the condition that he provide a detailed travel itinerary to Pretrial Services at least seven days in advance. We also propose to modify his present curfew condition to standalone monitoring at both his primary residence and at any out-of-state hotel during any approved travel and to eliminate the third-party custodian requirement during curfew hours. These modifications will afford him the ability to attend his upcoming children's out-of-state sporting events and will relieve the parties of obtaining Court approval each time he needs to travel out of state and, in particular, to New York to meet with the undersigned counsel.

The Court previously approved other consent bail modifications (dkts 187, 193, 196, 221, 225, 229, 241, 252, 258, 270, 274, 281, 283, 288, 290, 305, 311, 323, 348, 355, 360, 368, 375). The Court previously denied a motion to modify bail conditions (dkt. 268). The aforementioned bail conditions would be in addition to, and not in place of, all other bail conditions ordered or modified by the Court. Thank you in advance for the consideration.

Very truly yours,

/s/

Rodney Villazor, Esq.
**CLARK SMITH VILLAZOR LLP**

CLARK SMITH VILLAZOR

Hon. Michael A. Hammer
June 27, 2025
Page 3

cc:   Matthew Menchel, Esq.
      Carolina Leung, Esq.
      Government counsel of record (via ECF and e-mail)
      U.S. Pretrial Services Officer David Hernandez (via e-mail)
      U.S. Pretrial Services Officer Troy Ruplinger (via e-mail)

CLARK SMITH VILLAZOR