**Honorable Michael A. Hammer**
United States Magistrate Judge
Martin Luther King Jr. Building
& United States Courthouse
50 Walnut Street
Newark, New Jersey 07101

**Re: United States v. Jobadiah Sinclair Weeks**
**Crim. No. 19-877 (CCC)**

**Dear Judge Hammer,**

In advance of the online meeting scheduled for **4:00pm today, August 6, 2025**, I respectfully submit this letter in response to the Government's filing dated **August 5, 2025** (Doc. No. 462), which objects to my travel request (**Doc. No. 460**) and raises several allegations of noncompliance. I write to clarify key facts, place those allegations in proper context, and respectfully request that the Court grant the travel authorization to Lake Jackson, Texas.

Following the **May 20, 2025** bail hearing, Pretrial Services unilaterally increased my drug testing frequency from **once per month** to as often as **two to three times per week**, despite:

- **No drug-related charges** in this case;
- **No history of substance abuse**;
- A **clean testing record** for over four years;
- And **no triggering event**, failed test, or hearing on the record to justify the change.

These tests are conducted **20 miles** from my residence and require over **three hours of round-trip travel** each time, making compliance unduly burdensome. This significant expansion of conditions was **never discussed during the May 20 hearing** and was **not ordered by the Court**.

Additionally, according to pre-trial services, I am now prohibited from even opening the door of my apartment to access fresh air. While under prior supervision in Denver, I was permitted to step outside into a private yard. Now, I am confined more restrictively than if I were in a detention facility, where outdoor time is typically available. This intensified restriction was **not imposed by the Court** and raises serious concerns about the fairness and practicality of the current terms. **Even in detention facilities, access to fresh air and outdoor movement is considered a basic minimum under U.S. correctional standards, and courts have found that extended denial of outdoor access may implicate constitutional rights under the Eighth or Fifth Amendments, depending on the context.**

I previously submitted a written letter objecting to these newly imposed restrictions, but **received no response**.

1

As for the alleged violations cited by the Government—including presence in pool or beach areas—I confirm that I was on the grounds of the residential complex but **not on the public beach**. **In Denver, at the house of my parents**, I was allowed to access outdoor areas such as the yard. These areas are now considered off-limits under revised restrictions. While I understand the rules as they have been communicated, I believe they are **unreasonable and unnecessarily punitive**, which is why I have filed a motion asking the Court to rule on these expanded conditions. That motion is scheduled to be addressed in **September**. **To this day, I have not received formal notice of any of these "violations" from Pretrial Services or the Government.**

The Government's objection to the travel request appears to rely directly on these alleged violations—yet those are based on restrictions that were **not imposed by the Court** and are currently the subject of a **pending motion**. Denying travel on this basis risks enforcing conditions whose **legality and reasonableness have not yet been reviewed by the Court**. I respectfully submit that the travel request should be considered **independently** of those unresolved and disputed supervision terms.

With respect to the current travel request, I made repeated efforts to seek approval through the appropriate channels:

- I emailed Pretrial Services on **Thursday, July 25** (**Exhibit B**);
- I first called on **Wednesday** to obtain Pretrial Services' consent and called **several times that same day**, receiving **no response**;
- I sent a second follow-up email on **Monday**;
- Ultimately, I received **no communication** from Pretrial Services, but instead an email from the AUSA stating that the request was **not permitted**.

Unfortunately, this pattern has been consistent. Since **February 2025**, none of my motions or letters have received a response—except those concerning bail or travel requests. This **lack of communication** has made compliance more difficult and undermines my ability to seek fair adjustments through proper channels.

I remain fully committed to abiding by this Court's orders. The alleged violations stem from **overly burdensome and newly imposed administrative expansions** of the Court's conditions, **not from willful disregard**. I respectfully ask that the Court consider these facts in evaluating the travel request.

Thank you for your attention and consideration.

/s/ Jobadiah Sinclair Weeks
**Jobadiah Sinclair Weeks**
Pro Se Defendant
*Signed by DocuSign*
Dated: July 15, 2025
2301 Collins Avenue
Miami Beach, FL 33139
silenceweeks1@gmail.com


Signed by:
Joby Weeks
87866A420DB4490...

2