**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**UNITED STATES OF AMERICA,**
    Plaintiff,

v.

**JOBADIAH SINCLAIR WEEKS,**
    Defendant.

**Criminal No. 2:19-cr-00877-CCC**

## DEFENDANT'S SUPPLEMENTAL SUBMISSION IN SUPPORT OF MOTION TO WITHDRAW PLEA AND REQUEST FOR EXPEDITED RULING

Defendant respectfully submits this supplemental memorandum to address a constitutional defect in the plea that was not fully developed in prior briefing. This filing supplements and should be read in conjunction with Defendant's earlier Motion to Withdraw Guilty Plea (ECF No. 401), which is still pending before this Court.

### I. Retroactive Securities Classification

One of the charges to which Defendant pleaded guilty alleged unregistered securities sales based on interpretations of federal securities law that did not exist at the time of the alleged conduct (2014–2017). At that time, the SEC had not issued binding guidance identifying the charged activities — including cooperative mining pool participation and profit-sharing — as securities transactions. No court had adopted such a classification, and no statute expressly prohibited the conduct.

The securities theory used in this prosecution emerged only later, as part of evolving enforcement positions in the digital asset space. Retroactively applying such a classification violates the Fifth Amendment's Due Process Clause because the Constitution requires clear advance notice — before a person acts — that their conduct is illegal. *Bouie v. City of Columbia*, 378 U.S. 347, 350–51 (1964); *United States v. Lanier*, 520 U.S. 259, 266 (1997).

At the time of the alleged conduct (2014–2017), no statute, SEC rule, court decision, or DOJ policy identified the charged activities as securities transactions. Under the Department of Justice's own current standards — as set forth in the 2025 Blanche Memo — such a case would not be brought today. **Without advance notice, the prosecution was unconstitutional, and any plea based on that charge is invalid.**

Defendant incorporates by reference the arguments and authorities set forth in his *Motion Regarding Retroactivity, Count Two, and Lack of Fair Notice* (filed June 19), which further develop the constitutional and statutory defects described above.

Initial JW

In consultation with constitutional scholar, Felix Frankfurter Professor of Law, Emeritus, Harvard Law School (the legend) **Alan M. Dershowitz**, Defendant confirmed that the retroactive application of the securities theory, combined with the coercive circumstances of the plea, raises serious Fifth Amendment due process concerns.

## II. Coercion and the Voluntariness of the Plea

The unconstitutional retroactive charge was compounded by coercive pretrial conditions, including the prolonged seizure of assets without a forfeiture judgment. This deprived Defendant of the ability to retain chosen counsel and mount a full defense.

Facing the risk of conviction under a legal theory that did not exist when the conduct occurred — and without access to resources for trial — Defendant was pressured into accepting a plea. Such structural coercion undermines the voluntariness of any plea and violates the standards set forth in *Brady v. United States*, 397 U.S. 742, 748 (1970).

## III. Request for Expedited Ruling

Defendant respectfully requests that the Court grant the motion to withdraw the plea and issue its ruling on an expedited basis. The continued enforcement of the plea causes ongoing constitutional harm, prejudices trial preparation, and undermines the integrity of the proceedings. The matter is fully briefed, factually developed, and capable of resolution on the papers without further delay.

**WHEREFORE**, Defendant respectfully requests that the Court:

This request is made in light of, and in addition to, the grounds set forth in the pending Motion Regarding Retroactivity, Count Two, and Lack of Fair Notice (filed June 19).

1. **Grant the motion and recognize the rescission of the guilty plea** in its entirety, on the ground that the securities charge was based on a retroactive and unconstitutional application of law, entered without the constitutionally required advance notice; and

2. **Issue** this ruling on an **expedited basis** to prevent further constitutional prejudice and restore this matter to the trial calendar without delay.

This request is made in addition to, and in support of, the relief sought in Defendant's prior Motion to Withdraw Guilty Plea (ECF No. 401).

Respectfully submitted,

/s/ Jobadiah Weeks
**Jobadiah Sinclair Weeks**
Pro Se Defendant
2301 Collins Avenue
Miami Beach, FL 33139
Email: silenceweeks1@gmail.com
Electronically Signed via DocuSign
Dated: August 11, 2025


Signed by:
Joby Weeks
87866A420DB4490...