

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

_____

*970 Broad Street, 7ᵗʰ floor*                    *973-645-2700*
*Newark, New Jersey 07102*

August 12, 2025

The Honorable Michael A. Hammer
United States District Court
Martin Luther King Building
and U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

     *Re:*   *United States v. Jobadiah Sinclair Weeks*, Crim. No. 19-cr-877

Dear Judge Hammer:

     The Government submits this letter brief in opposition to Defendant Jobadiah Sinclair Weeks' ("Weeks") (1) Motion to Modify Conditions of Release (Doc. No. 459), and (2) Letter requesting modification of the current home incarceration conditions to allow for scheduled access to the grounds and facilities (Doc. No. 470) and seeks to revoke Weeks' bail. The Government moves to revoke Weeks' bail based on his continued failure to comply with the most basic conditions of pre-trial release imposed by this Court. Specifically, Weeks has continued to ignore the restrictions of his home incarceration and has tested positive for cocaine in blatant violation of the current conditions of his pre-trial release.

     As Your Honor is already familiar with the underlying facts of this case, this submission will only cover the circumstances arising after the May 20, 2025 bail revocation hearing (the "Hearing"). At the Hearing, Your Honor denied Defendant's Motion to Modify Conditions (Doc. No. 407), Defendant's Motions for Bond (Doc. No. 411, 425), and the Government's Motion to Revoke Bail (Doc. 437). At the conclusion of the Hearing, Your Honor granted Weeks' request to permanently relocate to Florida but made clear that "the current bail conditions, including home incarceration with location monitoring and stringent restrictions on his access to and use of any sort of internet-connected device is necessary and appropriate." Tr.[1] 47:23 – 48:2.

_____

1. "Tr." refers to the transcript from the bail revocation hearing before Judge Hammer on May 20, 2025.

## I.     Continued Violations

Just two days after the Hearing, Weeks tested positive for cocaine in the Southern District of Florida.[2] As confirmed by one of the supervising officers in Florida, it is district policy to impose drug testing twice a week following a positive drug test.

In addition to testing positive for cocaine, Weeks has violated the location monitoring conditions imposed by Your Honor on at least four different occasions. Specifically, on July 23, 2025, Pretrial Services conducted an unannounced visit to Weeks' residence. Weeks' wife and nanny claimed that Weeks was in the shower, so the officer stood outside to wait. While outside, the officer saw Weeks exiting a private elevator to his residence. In addition, according to location monitoring reports, Weeks appeared to be at the pool and beach areas of his apartment complex for between 30-45 minutes on July 26, July 29, and July 30, in clear violation of his condition of home incarceration.

These violations, and especially the violation on July 23, 2025, highlight that Weeks' third-party custodian, Dasha Weeks, cannot be trusted to continue in that role. Ms. Weeks agreed to serve as a third-party custodian to ensure Weeks' compliance with his pretrial conditions, and therefore, each time that Weeks left the apartment, Ms. Weeks was under an obligation to report that violation and failed to do so. Most concerningly, on July 23, when explicitly asked about Weeks' location, Ms. Weeks lied to the Pretrial Officer conducting the home visit. This is not the first time that the Court has been forced to question Ms. Weeks' ability to serve as a third-party custodian. In fact, during the Hearing, Your Honor specifically admonished[3] Dasha Weeks, calling her communications to Pretrial Services in Colorado "unacceptable" and stating that the communications "actually caused [Your Honor] to reconsider [the] ruling [ ] if only in want of a responsible third party." Tr. 49:13-25. Your Honor made clear during the Hearing that "Mr. Weeks' continued release on bail is co-extensive with the cooperation of his third-party custodians" and warned that if "Weeks does not have third-party custodians in whom the Court and Pretrial Services can repose its trust to carry out the conditions that the Court has set, that the Court will have no choice but to revoke Mr. Weeks' bail for want of a responsible third-party custodian." Tr. 50:1-9.

---

2. The sample was tested locally and sent out for national testing, which confirmed that the sample was positive for cocaine.
3. Dasha Weeks was not in attendance at the Hearing, but Your Honor still specifically reviewed her conduct as a third-party custodian.

## II.    Weeks' Requests[4]

The Government's responses to Weeks' five bulleted requests as required by the Court's order, (Doc. 458), are detailed below.

1. **Acknowledge the Court's Order requiring a Government response by August 14, 2025** – This letter brief serves as the Government's response to the Court's Order.

2. **Enforce the May 20, 2025 Order by removing restrictions imposed afterward that were not expressly authorized by the Court** – This request seemingly refers to (a) elimination of access to outdoor areas, (b) increase in drug testing, and (c) denial of permission to attend pediatric and family-related medical appointments.[5] The Government is seeking revocation and objects to any modifications to Weeks' pretrial conditions.

    (a) The elimination of access to outdoor areas is not the result of a Court imposed restriction, but rather the result of Weeks' own request to relocate from Colorado to Florida. Weeks requested permission during the Hearing to relocate to an apartment complex in Florida in order to live with his wife and child. However, due to the condition of home incarceration, Weeks is restricted to his personal apartment, and this condition does not extend to the apartment complex's outdoor facilities. In light of Weeks' continued violations, the Government does not consent to Weeks' request for any modification to his outdoor access.

    (b) The drug testing requirements imposed following the Hearing were imposed because Weeks tested positive for cocaine two days after the Hearing. The drug testing requirements are based on district policy in the Southern District of Florida. The Government defers to the expertise of the supervising officers as to the appropriate drug testing requirements.

    (c) The denial of permission to attend a medical appointment on July 3, 2025 was a misunderstanding on the part of the Pretrial Officer who was newly supervising Weeks. The misunderstanding was quickly remedied by informing Weeks that he did have permission to travel to

---

4. The Court ordered that Weeks specify "in bullet-point format, each specific modification that he seeks, and the reasons therefore." (Doc. No. 458). Weeks includes numerous bulleted lists in his submission, (Doc. No. 459), but the Government assumes that the ultimate list of requests is contained in the five numbered points in the Conclusion.

5. Weeks provides no clarity for his fourth bullet regarding the imposition of "additional internal restrictions imposed without court order or risk assessment," and the Government will not guess as to what Weeks intended.

the requested medical appointment. It is unfortunate that this miscommunication resulted in a missed medical appointment, but this issue has been addressed and requires no further consideration by the Court.

3. **Review conditions of release informed by a proportionality review in the interests of justice in regard to conditions applying to co-defendant Goettsche** – The Government respectfully submits that the correct analysis at this juncture is a review of conduct for revocation. Under Title 18, United States Code, Section 3148(b)(1)(B) and (b)(2)(B), this Court shall enter an order of revocation and detention if, after a hearing, the Court finds: (1) clear and convincing evidence that the person has violated any other condition of release; and (2) that the defendant is unlikely to abide by any condition or combination of conditions of release. The consideration of a co-defendant's bail conditions is not a requirement of the Court's analysis.

4. **Grant additional relief consistent with Petitioner's circumstances, compliance, and constitutional rights** – This request presumably refers to Weeks' request for (a) removal of curfew and third-party custodian, (b) permission to use internet-enable device, (c) expanded travel permission to travel within the United States subject to "7-day advance itinerary" and Pretrial approval, (d) cost-sharing for monitoring software, and (e) limited and scheduled access to the grounds and facilities of his residential complex. The Government is seeking revocation and objects to any modification of these conditions. Weeks has continued to deliberately violate the conditions of his pre-trial release and, as Your Honor stated during the Hearing, "[i]t would certainly be inappropriate to reward these violations by simply doing away with those conditions." Tr. 48:2-4.

5. **Declare that Dkt. 435 is now unopposed due to the Government's prolonged failure to respond, or in the alternative, order the Government to file a response within a defined timeframe** – Docket Entry 435 is a letter filed by Weeks on May 16, 2025 in response to the Government's Motion to Revoke Bail. The Government's motion, and Weeks' opposition, were addressed at the Hearing and should be considered terminated on the docket. *See* Tr. 5:2-10 (specifically referencing Docket Entry 435 as one of the motions under consideration).

## III.    Conclusion

It is clear that Weeks does not intend to abide by any condition or combination of conditions of release and will continue to deceive Pretrial Services unless and until his bail is revoked and he is in custody. Weeks has confirmed that the location

monitoring violations were not the result of a misunderstanding of the Court's decision at the Hearing. Weeks states "[w]hile I understand the rules as they have been communicated, I believe they are unreasonable and unnecessarily punitive, which is why I have filed a motion asking the Court to rule on these expanded conditions." (Doc. No. 463). By Weeks' own admission, he disagrees with the conditions set by this Court and has decided that he does not need to abide by them. The response to blatant, intentional, and repeated violations of the most basic conditions cannot be to reward this behavior by modifying the very conditions that Weeks chooses to ignore. The Government has no option but to move to revoke Weeks' bail.

Based on the foregoing, the Court should revoke Weeks' bail and order him detained pending sentencing in this matter.

Respectfully Submitted,

TODD W. BLANCHE
UNITED STATES DEPUTY
ATTORNEY GENERAL

ALINA HABBA
ACTING UNITED STATES ATTORNEY
SPECIAL ATTORNEY

By:    INGRID EICHER
       Assistant U.S. Attorney

- 5 -