**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**UNITED STATES OF AMERICA**
v.
**JOBADIAH SINCLAIR WEEKS**
Criminal No. 2:19-cr-00877-CCC

**DEFENDANT'S MOTION TO UNSEAL SEARCH WARRANT MATERIALS AND TO COMPEL PRODUCTION OF CHAIN-OF-CUSTODY, FORENSIC, AND ASSET-HANDLING DOCUMENTS**

### INTRODUCTION

Defendant respectfully **moves this Court for an Order unsealing and compelling production** of documents and materials related to search warrants executed in this case. The Government's seizures included precious metals, cryptocurrency, and electronic devices. To ensure due process, transparency, and proper safeguarding of assets, Defendant seeks disclosure of (1) **the warrants and affidavits** supporting judicial authorization, (2) complete and accurate inventory lists, and (3) all associated chain-of-custody, forensic, and asset-handling records.

### BACKGROUND

Defendant previously filed a motion on June 6, 2025 (**Dkt. 446**) seeking related relief, including access to warrant materials and inventories. Despite that filing, the Government has not provided supplemental inventories, annexes, or chain-of-custody records. On August 22, 2025, undersigned sent an email to the Government requesting copies of the **search warrants and inventory lists**; no response was received (Annex 1). Property seized included gold coins, bullion, digital devices, and cryptocurrency wallets. The Government noticed that inventory lists were filed, but they remain under seal. For the Court's convenience, an overview of prior motions concerning seized assets is attached as Annex 3.

### LEGAL STANDARD

Federal Rule of Criminal Procedure 41(f)(1)(D) requires the Government to provide a detailed inventory of items seized to permit meaningful review and safeguard property rights.[1]

**Brady/Giglio.** The Government must disclose evidence favorable to the defense, including material affecting the credibility of evidence handling and asset tracing.[2]

---

[1] See *United States v. Abrams*, 615 F.2d 541, 543 (1st Cir. 1980); *United States v. Gustafson*, 528 F.3d 587, 591 (8th Cir. 2008).
[2] Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 150 (1972); see also United States v. Risha, 445 F.3d 298 (3d Cir. 2006).

**Right of Access.** The common law and First Amendment also provide a qualified right of access to judicial records, including warrant materials. Blanket sealing is improper; limited redactions suffice.[3]

**Rule 41(g).** Property may be returned if unlawfully seized or if inventories are inaccurate or incomplete.[4]

**ARGUMENT**

**Pillar 1 – Rule 41(f) Violation: Inadequate Inventory**
The Government's inventory is impermissibly vague. Rule 41(f)(1)(D) requires a "**detailed inventory**" of property seized to ensure accountability.[5] The only inventory ever provided by the former AUSA (Annex 2) illustrates this problem. It includes generic or incomplete entries such as:

- "Possible gold/silver coins" (no breakdown of number, weight, or denomination);
- "BTC Cold Storage Coin" (no make, model, serial number, or wallet address);
- "Electronic devices" (no serial numbers or forensic identifiers).

Notably, the list omits reference to the computers and cellphones seized in Miami, for which Defendant provided passwords at the time of seizure.

As shown in **Annex 2**, these entries lack the specificity Rule 41(f)(1)(D) requires. Without supplemental inventories and annexes listing detailed identifiers, Defendant cannot verify what was seized or whether it has been properly safeguarded.

**Pillar 2 – Brady/Giglio Obligations: Chain of Custody and Authenticity**
The Government must disclose material affecting **credibility and authenticity**.[6] Chain-of-custody records, forensic reports, and asset-handling protocols fall squarely within this duty. Defendant is entitled to know whether seized coins are genuine, wallets are correctly attributed, and digital evidence has remained unaltered.

**Pillar 3 – Missing Assets and Prejudice**
The only accounting Defendant has received regarding seized assets came in December 2024, following repeated requests for information. That disclosure showed that at least **five (5) Bitcoin** seized on December 10, 2019 remain unaccounted for in the Government's current inventories. The Government, however, has produced no documents clarifying the holdings associated with the seized devices.[7]

---

[3] In re Application of Newsday, Inc., 895 F.2d 74, 79 (2d Cir. 1990); United States v. Sealed Search Warrants, 868 F.3d 385 (5th Cir. 2017).
[4] United States v. Chambers, 192 F.3d 374, 377 (3d Cir. 1999).
[5] *United States v. Abrams*, 615 F.2d 541, 543 (1st Cir. 1980); *United States v. Gustafson*, 528 F.3d 587, 591 (8th Cir. 2008).
[6] *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); *United States v. Risha*, 445 F.3d 298 (3d Cir. 2006).
[7] Defendant estimates, based on seized devices and account access points (including hardware wallets, cold storage devices, computers, and saved passwords), that the total cryptocurrency

**Pillar 4 – Right of Access and Tailored Redactions**
The common law and **First Amendment** grant a qualified right of access to warrant materials. Blanket sealing is improper; limited redactions suffice.[8] Defendant also relies on **Rule 41(g)**, which authorizes return or accounting where inventories are incomplete.[9]

**REQUESTED RELIEF**
Defendant respectfully requests that the Court **order the Government to unseal and produce** the sealed warrant materials and associated records, together with related unsealed documentation necessary to make the inventories intelligible and complete. These categories are organized into three groups for clarity:

**I. Judicial Records**

- **Warrants and Supporting Affidavits**: Full text of each search warrant and supporting affidavit(s), with only necessary redactions.
- **Inventory Lists**: All initial and supplemental inventories filed under Fed. R. Crim. P. 41(f); any amended or corrected inventories following forensic analysis; any supplemental itemized lists prepared after further examination of seized property.

**II. Chain-of-Custody & Handling**

- **Chain of Custody Documentation**: Complete chain-of-custody records for each seized item, including seal numbers, transfer forms, and storage logs; records showing interagency transfers (e.g., FBI → USMS → IRS-CI); documentation of storage locations, vault assignments, and evidence locker records.
- **Procedural and Supervisory Records**: Supervisory approvals and DOJ Asset Forfeiture Policy compliance records; interagency communications or transfer authorizations; records of any disposition (liquidation, auction, conversion to fiat currency).
- **Additional Related Materials**: Correspondence or memoranda concerning return or disposition of seized assets; any photographic, video, or documentary evidence of seizures not yet disclosed.

---

implicated may be on the order of approximately 1,000 Bitcoin. This rough estimate highlights the significance of the missing or inadequately described items. To date, the Government has produced zero documents clarifying the holdings associated with these devices. Without at least a base-level disclosure of wallet addresses and balances, Defendant cannot verify what was seized or how it has been handled, particularly in light of discrepancies already noted on the "cold wallet" entries in the Government's list.
[8] *In re Application of Newsday, Inc.*, 895 F.2d 74, 79 (2d Cir. 1990); *United States v. Sealed Search Warrants*, 868 F.3d 385 (5th Cir. 2017).
[9] *United States v. Chambers*, 192 F.3d 374, 377 (3d Cir. 1999).

### III. Asset-Specific Details

- **Physical Assets – Gold and Precious Metals**: Exact counts and weights for each coin, bar, or bullion item seized; serial numbers, mint marks, and identifying features of all gold bars or coins; photographic evidence of each item; laboratory or assay reports; appraisals or valuations; documentation of storage facility (vault, depository, or evidence room).

- **Physical Assets – Currency and Cash**: Complete denomination breakdown; separation by currency type (USD, EUR, other); photographs of seized bundles; bank deposit slips, USMS receipts, or Federal Reserve documentation if deposited.

- **Digital Assets – Cryptocurrency and Wallets**: Identification of each seized device (make, model, serial number); forensic imaging reports and hash values; extraction logs and forensic tool reports (e.g., Cellebrite, EnCase, Magnet AXIOM); wallet addresses and balances at time of seizure; blockchain tracing reports and transaction logs; records of attempts at access, decryption, or recovery; documentation of current storage (USMS or FBI wallet addresses and protocols).

- **Miscellaneous Items – Coins and Other Valuables**: Itemized identification of any "miscellaneous coins" listed generically; distinction between bullion and numismatic coins; condition reports (sealed, graded, packaged).

**PROMPT RELIEF**
Defendant continues to suffer prejudice from the Government's failure to provide **detailed inventories** and related records. Each day of delay increases the risk of further asset loss or evidentiary compromise.[10]

To date, the Government has not responded to Defendant's prior filings raising these same issues. In light of this silence, Defendant respectfully requests that the Court establish a **prompt schedule** for response and resolution of this Motion, so that these long-pending matters concerning seized assets can be addressed without further delay.

**CONCLUSION**
For the foregoing reasons, Defendant respectfully requests that this Court **grant this Motion**, order the Government to **unseal the warrant materials**, and compel production of the above-listed categories of documents. The inadequacies of the existing inventory and record.—including vague and impermissibly general inventory descriptions and the absence of supplemental annexes—underscore the need for full disclosure.[11]

Accordingly, the Court should compel unsealing of all **inventories, annexes, chain-of-custody records, and asset-handling documentation**, and grant such further relief as the Court deems just and proper.

---

[10] Without disclosure Defendant cannot file a meaningful Rule 41(g) motion, challenge evidentiary authenticity, or prepare a defense.
[11] See, e.g., Rule 41(f) (requiring detailed inventories); *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); *In re Application of Newsday, Inc.*, 895 F.2d 74 (2d Cir. 1990).

/s/ Jobadiah Weeks
**Jobadiah Sinclair Weeks**
*Pro Se Defendant*
2301 Collins Avenue
Miami Beach, FL 33139
Email: silenceweeks1@gmail.com
Electronically Signed via DocuSign
Dated: August 28, 2025



**Annex 1 –** Email August 22 (last Friday), email to the Government requesting copies of the search warrants and the corresponding inventory lists.

**Annex 2 –** Former AUSA Inventory List (Dkt. 446-1, pp. 96–97)

**Annex 3 –** Overview of Motions Concerning Seized Assets