**UNITED STATES DISTRICT COURT**
 **DISTRICT OF NEW JERSEY**


**United States of America,**
 Plaintiff,

v.

**Jobadiah Sinclair Weeks,**
 Defendant.

Criminal No. 19-cr-877-CCC


**DEFENDANT'S RESPONSE TO GOVERNMENT'S AUGUST 25, 2025 LETTER (DOC. 476)**

Honorable Michael A. Hammer
United States District Judge
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101


## Introduction

I, Jobadiah Sinclair Weeks, respectfully submit this response to the Government's August 25, 2025 supplemental letter (Doc. 476). That letter urges revocation of my bail based on an interview recorded at the hospital during the birth of my child. The Government's claims misstate the facts, misapply the conditions of release, and appear motivated not by genuine concerns over compliance, but by retaliation for my recent discovery requests.


## Point-by-Point Response

> *"…on the day that his child was born, Weeks met at the hospital with an individual from an online platform entitled 'Broken Truth.'"*

**Answer:** That is not accurate. My son was born on June 29, and I briefly spoke with a visitor the following day at the hospital. There is nothing in my release conditions prohibiting me from meeting with or speaking to individuals in person, nor was the Court's modification limited to silent presence at the hospital. Accordingly, this allegation is both factually inaccurate and legally without consequence.

1

> *"…this demonstrates Weeks' continued disregard for court-ordered restrictions. To start, Your Honor approved a modification to allow for Weeks to be present at the hospital for the birth of his child, and Weeks capitalized on this modification to sit for an hour-long interview about this case."*

**Answer:** Respectfully, this characterization is incorrect. I complied with the Court's order by being present at the hospital for the birth of my child. The Government's suggestion that I violated "the spirit" of the order. This interpretation effectively rewrites the condition after the fact, which is not permissible under established bail standards. The Court did not prohibit me from speaking with visitors or restrict me from expressing views in person.

> *"Second, it seems unlikely that Weeks was being supervised by his third-party custodian during the interview since the footage appears to be in a common area of the hospital, and the third-party custodian had given birth just hours before."*

**Answer:** This is speculation. The Government overlooks that my custodian's focus was understandably on giving birth, not on monitoring my every moment in the hospital. I remained present with my family during this critical time, and when not physically beside my wife, I was holding my newborn son. I have complied reasonably and in good faith with my bail conditions. Expecting unbroken supervision during childbirth is an impossible standard

> *"Finally, meeting with an individual to conduct an interview with an online platform to be published on the internet (YouTube) is meant to circumvent the pretrial condition preventing Weeks from accessing the internet."*

**Answer:** There was no circumvention. I did not access the internet. I spoke in person to someone physically present, which is not prohibited. If a third party later chose to upload that recording to YouTube, that is their independent action, not me "using the internet." Expanding the condition to forbid speaking to anyone who might later post online would impose an unconstitutional gag order and infringe upon my First Amendment rights.

## Applicable Legal Standard

Bail revocation is governed by **18 U.S.C. § 3148(b)**, which permits detention only if the Court finds (1) probable cause of a new crime or clear and convincing evidence of a violation of release conditions, and (2) that no condition or combination of conditions will reasonably assure the defendant's appearance or the safety of the community. Courts in this Circuit have likewise cautioned that revocation is a severe remedy reserved for clear violations, not speculation or disagreement over conditions.

The Second Circuit has made clear that revocation requires more than technical disputes or speculative concerns: *"Revocation of bail is an extreme sanction and should not be imposed absent a clear showing of necessity." United States v. Gatti*, 794 F.2d 773, 778 (2d Cir.

1986). See also *United States v. LaFontaine*, 210 F.3d 125, 130 (2d Cir. 2000) (revocation demands clear and convincing evidence of a violation).

Here, the Government has not shown any new crime, nor has it produced clear and convincing evidence of an actual violation. Instead, it relies on conjecture about supervision, and an overbroad interpretation of the internet condition that goes beyond the Court's order.

## Motivation Behind the August 25 Letter

The Court should also consider the timing and context of the Government's filing. The interview video was publicly posted on or about July 1, 2025. The Government was clearly aware of this by August 12, when it filed Docket 472, yet it did not raise the interview at that time. Only after my August 22 request for production of executed search warrants (including attachments and schedules) and warrant returns/inventories did the Government submit this "supplemental" letter on August 25 (Exhibit).

This sequence strongly suggests the filing was reactive to my discovery requests rather than prompted by any genuine new concern. In effect, the Government's August 25 submission appears to be a response to my exercise of the right to seek judicial relief, rather than to any violation of conditions. Such timing raises a serious concern of retaliation, which is inconsistent with due process and cannot provide a valid basis for revoking bail.

## Conclusion

For these reasons, I respectfully request that the Court reject the Government's August 25, 2025 letter as a basis for revocation and reaffirm that my conduct remains in compliance with all conditions of release.

**Respectfully submitted,**

/s/ Jobadiah Sinclair Weeks
Jobadiah Sinclair Weeks, Pro Se
2301 Collins Avenue
Miami Beach, FL 33139
Email: silenceweeks1@gmail.com
Dated: August 29, 2025



Signed by:
87866A420DB4490...

3