UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

United States of America,
    Plaintiff,

v.

 Jobadiah Sinclair Weeks,
    Defendant.

Crim. No. 2:19-cr-877 (CCC)

# MOTION TO DECLARE CONTINUANCE ORDER (DKT. 478) INVALID AS APPLIED TO DEFENDANT WEEKS

(18 U.S.C. § 3162(a)(2))

## I. Introduction

I move this Court under the Speedy Trial Act, 18 U.S.C. §§ 3161–3162, to declare that the August 29, 2025 continuance order (Dkt. 478) is invalid as applied to me. That order repeated the same boilerplate findings that have appeared in every prior continuance, without contemporaneous, case-specific justification as required by *Zedner v. United States*, 547 U.S. 489 (2006).

I have consistently asserted my Speedy Trial rights. I did not consent to Dkt. 478, and its rationales — "voluminous discovery," "Romanian servers," and "ongoing plea negotiations" — do not apply to me. I have never had meaningful discovery access despite multiple motions, Romanian servers contained only mining software with no victim data, and plea talks are not a valid statutory exclusion.

Accordingly, I respectfully ask this Court to declare Dkt. 478 invalid as applied to me, and to confirm that it shall not toll my Speedy Trial Act rights.

## II. Statutory Framework

The STA requires that a criminal trial begin within seventy days of indictment or first appearance, whichever occurs later. 18 U.S.C. § 3161(c)(1).

The statute provides limited exclusions. To qualify, an "ends of justice" continuance must be supported by contemporaneous, case-specific findings that the delay outweighs the interests of the defendant and the public in a speedy trial. *Zedner v. United States*, 547 U.S. 489, 507 (2006). Boilerplate language or generalized assertions are insufficient.

If the seventy-day deadline is exceeded, dismissal of the indictment is mandatory. 18 U.S.C. § 3162(a)(2). The only remaining question is whether dismissal should be with or without prejudice.

The constitutional guarantee runs in parallel. The Sixth Amendment secures a defendant's right to a speedy trial, and the Fifth Amendment's Due Process Clause bars oppressive delay. *Barker v. Wingo*, 407 U.S. 514 (1972), identifies four factors: (1) length of delay, (2) reason for delay, (3) assertion of the right, and (4) prejudice. Delay accompanied by restrictive conditions and impaired defense preparation constitutes structural prejudice. *Doggett v. United States*, 505 U.S. 647, 654 (1992).

## III. Argument

### A. Victims

The Government justified early continuances on the basis of "thousands of victims." See Dkt. 60 (Mar. 13, 2020). Yet the Government did not produce any victim identities or affidavits then — and to this day, it has produced none.

The first actual victims appeared only in the Draft Presentence Report (Dkt. 371, Oct. 25, 2024), which identified just twelve victims with $458,502.40 in total losses — less than one-tenth of one percent of the indictment's alleged $722 million. None were tied to me.

This demonstrates that the "victims" justification used since 2020 was boilerplate, unsupported by the record, and carried forward long after the narrative had collapsed. See Exhibits D and E.

### B. Server Narrative Errors and Inconsistencies

The Government invoked Romanian servers as justification for delay, beginning in 2023. See Exhibits C and E. In reality, these were ordinary mining servers containing only software to create Bitcoin, and no victim or loss data. Yet "Romanian servers" continued to appear in orders through Dkt. 478 in 2025.

**C. Plea Negotiation Excuse**

Plea negotiations are not a valid Speedy Trial exclusion. *United States v. Larson*, 417 F.3d 741, 745 (7th Cir. 2005). Yet "ongoing plea discussions" appear repeatedly as a justification, including in Dkt. 478.

**D. Discovery / Privilege Review Excuse**

The Government invoked "voluminous discovery" and "privilege review" to justify delay. In reality, I was denied meaningful discovery access.

As of February 5, 2025, when I became pro se, the Government has refused to provide me discovery access despite multiple motions requesting it. A continuance premised on discovery review is illusory when the defendant cannot review the materials.

**E. Dkt. 478 as Applied is Invalid**

On August 29, 2025, the Court entered Dkt. 478, excluding time until October 30, 2025. The order repeated the same boilerplate findings that have appeared in earlier continuances: that the case is complex, that discovery is voluminous (two million records, server images, Romanian data), and that ongoing plea discussions might conserve resources.

This exclusion is invalid:

1. **Discovery Withholding Made the Rationale Illusory.**

    - The Government continues to deny me discovery access while citing its volume to justify delay.

2. **Recycled Boilerplate Without Contemporaneous Findings.**

    - Every continuance order in this case has recycled the same stock language: complexity, victims, Romanian servers, plea talks, privilege review.
    - Exhibit B (Continuance Timeline) and Exhibit E (Recurring Justifications Table) show the same rationales repeated from Dkt. 28 (Jan. 15, 2020) through Dkt. 478 (Aug. 29, 2025).

3. **Victims and Servers Narratives Collapsed Yet Were Still Cited.**

    - Exhibits C and D demonstrate that the Government's "thousands of victims" and "Romanian servers" claims collapsed. By the Draft PSR (Dkt. 371, Oct. 25, 2024), only twelve victims were identified, none tied to me. Yet Dkt. 478 still cited those narratives.

   4. **Plea Negotiations Are Not a Valid STA Basis.**
      - Dkt. 478 again relied on plea discussions. But plea talks are not a lawful STA exclusion. *United States v. Larson*, 417 F.3d 741, 745 (7th Cir. 2005).

**Result:** Because Dkt. 478 rests on illusory and recycled justifications, and because the Government continues to deny me discovery access while citing its volume as a reason for delay, the order is invalid as applied to me.

### F. Count 1 as Procedural Leverage

Count 1 (wire fraud conspiracy) was not part of my plea agreement. Yet it was repeatedly cited to justify "complexity" exclusions. It served as leverage, not a trial-ready charge.

### G. Burden of Proof Under the STA

When the Court recognizes my rescission of my autograph on the plea statement, the burden will rest on the Government to justify each exclusion with contemporaneous, case-specific findings. Boilerplate is insufficient. *Zedner*, 547 U.S. at 506–07.

## IV. Institutional Failure and Prejudice Require Dismissal With Prejudice

The institutional framework failed its duty under the Act. The Government repeatedly offered boilerplate continuances, and the Court's orders did not make the contemporaneous, case-specific findings required by *Zedner*. This structural failure, compounded by restrictive bail conditions and the denial of discovery access, requires dismissal with prejudice.

## V. Prejudice as Independent Ground for Dismissal

The prolonged delay, combined with oppressive conditions and discovery denial, independently violates my Sixth Amendment rights under *Barker* and *Doggett*.

## VI. Relief Requested

I respectfully request that the Court:

1. Declare Dkt. 478 invalid as applied to me;

2. Confirm that no time shall be excluded under the STA for me pursuant to Dkt. 478;

3. When the Court recognizes my rescission of my autograph on the plea statement the Speedy Trial Act clock for me shall run unaffected by Dkt. 478.

4. Grant such further relief as the Court deems just.


**Dated:** September 10,2025

Respectfully submitted,
 /s/ Jobadiah Sinclair Weeks
Jobadiah Sinclair Weeks
Pro Se Defendant
2301 Collins Avenue
Miami Beach, FL 33139
Email: silenceweeks1@gmail.com
Electronically Signed via DocuSign



# Exhibits

- **Exhibit A** – Continuance Timeline

- **Exhibit B** – Romania Server Justification Repetition

- **Exhibit C** – Victim Narrative Errors & Inconsistencies

- **Exhibit D** – Recurring Justifications Table

- **Exhibit E** – Discovery / Privilege Review Table

- **Exhibit F** – Post-Plea Requests for Exclusions Timeline