UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

United States of America,
    Plaintiff,

v.

Jobadiah Sinclair Weeks,
    Defendant.

Crim. No. 2:19-cr-877 (CCC)

## DEFENDANT'S SUPPLEMENTAL MOTION TO VACATE THE PLEA

### INTRODUCTION

Defendant Jobadiah Sinclair Weeks respectfully supplements his pending Motion to Vacate the Plea (Dkt. 401). The plea was not knowing, voluntary, or intelligent because the Government has failed to account for seized property, continues to withhold even uncontested assets, and has refused to provide warrant materials, inventories, and forensic reports needed to verify asset handling. These custodial failures were never disclosed during plea negotiations and fundamentally altered the consequences of the plea.

### BACKGROUND

- On December 10, 2019, federal agents seized cryptocurrency, cash, precious metals, and digital devices from Defendant.
- No criminal forfeiture order has ever been entered.
- Defendant reasonably understood **that absent forfeiture, the Government would preserve and return seized property.**

Since at least **February 26, 2025**, Defendant has repeatedly raised the Government's mishandling of seized assets (see Exhibit B to Dkt. 403). Filings since then (Dkts. 446, 469, 477, 480, sealed supplements) have documented:

- **Missing or unlogged property**: approximately 4.999 BTC, $7,500 in cash, an Apple MacBook containing a Jaxx wallet with ~119 BTC, Huawei and iPhone wallets with ~23 BTC.
- **Contradictory and incomplete custody records**: broken chains of custody for seizures in Arvada and Palm Beach; duplicate or inconsistent inventory entries.

- **Assets still withheld**: the Government also provided **written assurances** (Torntore email, Apr. 2, 2025 see Dkt. 480) that assets would be returned. To date, no return has occurred.

- **Unexplained discrepancy**: Government's own December 2019 evidence report reflects approximately 5 BTC transferred about an hour before screenshots were taken. Those funds are absent from the final accounting.

- **Magnitude of prejudice**: Defendant's financial disclosures (Aug. 30, 2021) identified ~1,000 BTC in seized wallets and devices. The Government refuses to produce forensic imaging reports or blockchain tracing records.

- **Secrecy**: Warrant affidavits and inventories remain sealed (Dkt. 477), and the Government has refused to provide copies or meaningful access despite repeated requests.

**LEGAL STANDARD**

- Fed. R. Crim. P. 11(d)(2)(B): plea may be withdrawn before sentencing upon a showing of a "fair and just reason."

- A plea is involuntary if induced by misrepresentation, omission, or concealment of material facts. *Brady v. United States*, 397 U.S. 742 (1970); *Ferrara v. United States*, 456 F.3d 278 (1st Cir. 2006).

**ARGUMENT**

1. **Custodial Failures = Material Misrepresentation**

    - Defendant pleaded under the assumption seized assets would be preserved.
    - The record now shows systemic failures, including missing BTC, cash, devices, and unreconciled inventories.

2. **Withholding of Assets Shows Involuntariness**

    - The government agreed that assets would be returned (Dkt. 480).
    - Written assurances were given in April 2025.
    - Retention despite admission and agreement proves the plea was induced on false premises.

3. **Secrecy and Lack of Forensic Records Compound Prejudice**

    - Warrant materials and inventories remain sealed (Dkt. 477).
    - No forensic imaging reports, blockchain audits, or custody declarations have been produced.
    - Defendants cannot verify what was seized, how it was handled, or whether it was preserved.

4. **Prejudice Under Fifth & Sixth Amendments**

    - Assets were needed to fund defense and meet basic living needs.
    - Their loss or withholding amounts to a de facto forfeiture without process, depriving Defendant of property and undermining right to counsel.

**CROSS-REFERENCES**
Defendant incorporates by reference:

- Motion to Vacate the Plea (Dkt. 401).
- Motion to Compel Discovery (Dkt. 403, Exhibit B on assets).
- Motion for Partial Return of Property (Dkt. 446).
- Supplemental Notice of Post-Filing Discrepancies (sealed, June 17, 2025).
- Motion to Compel Prompt Ruling on Section VI.A (sealed, June 27, 2025).
- Motion to Compel Ruling on Partial Return (Dkt. 469, Aug. 7, 2025).
- Motion to Unseal Warrant Materials (Dkt. 477, Aug. 28, 2025).
- Supplemental Declaration re 3.7 BTC, ETH, LTC, BCH (Dkt. 480, Sept. 3, 2025).

**RELIEF REQUESTED**
Defendant respectfully requests that the Court:

1. To vacate the guilty plea under Rule 11(d)(2)(B);
2. Resolve this motion on the papers; and
3. Order that if the Government cannot produce a sworn, reconciled inventory of all seized property within **14 days**, the plea must be deemed involuntary as a matter of law.

**CONCLUSION**

For the reasons stated, the plea cannot stand. Defendant respectfully requests that this Court grant this Supplemental Motion and allow vacation of his guilty plea.

Respectfully submitted,
/s/ Jobadiah Weeks
Jobadiah Sinclair Weeks
Pro Se Defendant
2301 Collins Avenue
Miami Beach, FL 33139
Email: silenceweeks1@gmail.com
Electronically Signed via DocuSign
Dated: September 12, 2025

