UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

United States of America,
    Plaintiff,

v.

Jobadiah Sinclair Weeks,
    Defendant.

Crim. No. 2:19-cr-877 (CCC)

## MOTION TO COMPEL ACCOUNTING OF SEIZED ASSETS

**INTRODUCTION**

Defendant Jobadiah Sinclair Weeks respectfully moves this Court under Fed. R. Crim. P. 41(g) and its equitable powers for an order compelling the Government to produce a full, reconciled accounting of all property seized on or about December 10, 2019. More than five and a half years have passed with no forfeiture order, no return of property, and no verified inventory. The Government has refused to provide warrant materials, chain-of-custody records, or forensic reports necessary to confirm the integrity and disposition of seized assets.

**BACKGROUND**

- Assets seized included amongst others cryptocurrency (BTC, ETH, LTC, BCH), cryptocurrency cold-storage wallets and devices, cash ($7,500), precious metals (gold and silver coins and bars), and digital devices (Apple MacBook, Huawei and iPhone wallets, cold wallets, Sandisk SD card, USB drives).

- No criminal forfeiture order has ever been entered.

- Despite repeated requests since February 26, 2025 (see Exhibit B to Dkt. 403), the Government has failed to reconcile inventories, provide chain-of-custody documentation, or release uncontested assets.

- Filings since then (Dkts. 446, 469, 477, 480, sealed supplements) have documented:

    - **Conflicting and incomplete inventories**: duplicate entries, vague descriptors ("possible gold/silver coins"), and missing devices.

    - **Missing high-value items**: 4.999 BTC discrepancy, $7,500 cash never logged, Apple MacBook with ~119 BTC Jaxx wallet, unlisted Huawei phone with ~23 BTC.

    - **No forensic records**: the Government has produced no imaging reports, blockchain tracing logs, or sworn agent declarations. Defendant has repeatedly requested these records, including in his Motion for Partial Return

      of Property (Dkt. 446), his June 17, 2025 sealed supplement, and his Motion to Unseal Warrant Materials (Dkt. 477). To date, no such reports have been produced.

- **Written assurances ignored**: AUSA Anthony Torntore confirmed in writing on April 2, 2025 that digital assets would be returned. No return has occurred.
- **Continued secrecy**: Warrant affidavits and inventories remain sealed (Dkt. 477), and the Government refuses to provide access despite Defendant's waiver of confidentiality.

## LEGAL STANDARD

- Rule 41(g) provides that a person aggrieved by deprivation of property may move for its return.
- The burden is on the Government to demonstrate lawful retention. *United States v. Chambers*, 192 F.3d 374, 377 (3d Cir. 1999).
- Due process requires preservation, accurate chain of custody, and disclosure of exculpatory information. *Brady v. Maryland*, 373 U.S. 83 (1963).

## ARGUMENT

1. **Government Must Account for All Seized Property**
   - After more than five and a half years, the absence of a reconciled inventory violates Rule 41(f) and Rule 41(g).
   - Contradictory logs and missing entries raise a presumption of spoliation.

2. **Secrecy Prevents Independent Verification**
   - Warrant and inventory materials remain sealed (Dkt. 477).
   - Without unsealed or redacted records, Defendant cannot verify what was seized or whether it was preserved.

3. **Custodial Failures Confirm Mismanagement**
   - Missing BTC and cash, absence of forensic audits, and unlogged devices demonstrate systemic evidence mishandling.
   - Defendant is entitled to sworn proof of custody trail and preservation.

4. **Direct Link to Plea Voluntariness**

    - These failures reinforce Defendant's Supplemental Motion to Vacate the Plea (Dkt. 401 and supplement).
    - If assets are lost or unaccounted for, the plea was induced on false premises.

**RELIEF REQUESTED**

Defendant respectfully requests that this Court order the Government, within **14 days**, to produce:

1. A reconciled inventory cross-referencing all seized items by 1B numbers, control numbers, physical descriptions, evidence box identifiers, and seizure locations;
2. Complete chain-of-custody logs for both Arvada and Palm Beach seizures, including transport, storage, intake, and transfer records;
3. All forensic imaging reports, blockchain tracing logs, and audit records for seized digital assets and devices (as previously requested in Dkts. 446, 477, and related filings);
4. Sworn declarations from responsible custodial agents identifying the current status, location, and handling of all seized property; and
5. Written explanations for any missing or unavailable items, including identification of responsible personnel and efforts to recover records.

If the Government fails to comply, Defendant requests that the Court draw an adverse inference that the property is lost or dissipated, and that such failure supports vacating Defendant's guilty plea.

**CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that this Court grant this Motion to Compel Accounting of Seized Assets and provide such further relief as justice requires.

Respectfully submitted,
/s/ Jobadiah Weeks
Jobadiah Sinclair Weeks
Pro Se Defendant
2301 Collins Avenue
Miami Beach, FL 33139
Email: silenceweeks1@gmail.com
Electronically Signed via DocuSign
Dated: September 12, 2025

