**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

United States of America,
    Plaintiff,

v.

Jobadiah Sinclair Weeks,
    Defendant.

Crim. No. 2:19-cr-877 (CCC)

# Supplemental Memorandum in Support of Defendant's Motion to Vacate Plea for Lack of Discovery Access (Dkt. 401)

## I. Introduction

A guilty plea must be knowing, voluntary, and intelligent.[1] I was arraigned on January 15, 2020, and signed a plea agreement on September 21, 2020 — only eight months later. The plea hearing was held on November 5, 2020. At that time, I had been detained since December 2019 and had never been granted meaningful access to discovery.[2] Because a plea entered without discovery cannot be informed, the plea is void ab initio and must be vacated.

The record shows that:

- For a case of alleged **$722 million fraud and "thousands of victims,"** an eight-month arraignment-to-plea window was objectively inadequate to review voluminous discovery;

- No discovery was produced to me before I signed the plea;

- Jail restrictions and COVID lockdowns made review of digital or voluminous materials impossible;

- Out of **approximately 52 hours of total communication with me**, counsel billed only **1.2 hours for discovery review** and **0.9 hours for plea consultation**, confirming that no meaningful review occurred; and

---

[1] Boykin v. Alabama, 395 U.S. 238, 242–44 (1969).
[2] Cf. United States v. Ruiz, 536 U.S. 622, 629–33 (2002) (distinguishing impeachment from exculpatory evidence and reaffirming that exculpatory material must be disclosed to ensure voluntariness of a plea).

- The Government knew or should have known that I lacked discovery access, as later confirmed when its own Presentence Report collapsed the narrative of "thousands of victims" and "$722 million" in losses.

## II. Legal Standards

**Rule 11 Requirements**. I must understand the charges, the rights waived, and the factual basis for the plea. Without discovery, no informed waiver is possible.

**Constitutional Protections.** Denial of discovery violated my Fifth Amendment due process rights and my Sixth Amendment rights to counsel, confrontation, and preparation (*Strickland v. Washington*; *Weatherford v. Bursey*).

**Discovery Obligations.** The Government's obligations under Rule 16, *Brady*, and *Giglio* are non-negotiable. A plea induced without disclosure of material exculpatory evidence is invalid. *Ferrara v. United States*, 456 F.3d 278 (1st Cir. 2006).

**Prosecutorial Duties and Ethical Standards.** The Department of Justice's own Justice Manual § 9-16.000 (Plea Agreements) requires prosecutors to ensure that any plea is knowing, voluntary, and based on a factual foundation. Likewise, the ABA Standards for Criminal Justice: Prosecution Function § 3-3.9 (2017) obligates prosecutors to timely disclose evidence that may negate guilt or mitigate the offense. These standards underscore that the Government knew or should have known that proceeding with a plea in the absence of discovery access violated both constitutional requirements and its own professional obligations.

Taken together, binding precedent and professional standards make clear that a plea entered without discovery access is neither knowing nor voluntary. *Boykin v. Alabama*, 395 U.S. 238, 242–44 (1969); *Brady v. United States*, 397 U.S. 742, 748 (1970) (valid plea requires a voluntary and intelligent choice among alternatives); *United States v. Ruiz*, 536 U.S. 622, 629–33 (2002); *Ferrara v. United States*, 456 F.3d 278, 290–91 (1st Cir. 2006); Justice Manual § 9-16.000; ABA Standards for Criminal Justice: Prosecution Function § 3-3.9 (2017).

## III. Factual Record of Discovery Denial

The Government denied discovery while citing its "volume" to justify continuances. The Court accepted boilerplate justifications without inquiry. To this day, the pattern has not changed:

- The Government has failed to respond to my pending motion regarding continuances and discovery access (Dkt. 482, filed Sept. 10, 2025). Under local rules, a response would ordinarily be due within 7–14 days, yet silence has persisted.

- Since I elected to proceed Pro Se in February 2025, the Government has **continued to refuse meaningful discovery access.** This ongoing denial confirms that discovery was never provided at the critical pre-plea stage either.

- The refusal is not an isolated oversight but part of a systemic approach: discovery has been withheld before the plea, after the plea, and even after I asserted my rights directly as Pro Se.

- As a result, any suggestion that I knowingly or voluntarily waived rights in 2020 is untenable.

The Government's continuing refusal to provide discovery is itself proof that it was never disclosed before the plea. This ongoing violation underscores that the plea was entered in the dark and remains constitutionally infirm.[3]

## IV. Government's "Discovery Burden" Excuse Was Illusory

Continuance orders (Dkts. 28, 60, 118, 159, 478) repeatedly cited the supposed burden of "voluminous discovery." Yet I never saw any of it.

The very rationale for delay — that the Government needed additional time to manage massive discovery — was contradicted by its refusal to produce any discovery to me before the plea. The continuances thus served to mask a deprivation rather than to facilitate review.

The Court, relying on boilerplate justifications, granted delays that effectively denied me the right to test the Government's allegations. But continuances premised on a fiction cannot justify a plea taken in the absence of discovery. See *Zedner v. United States*, 547 U.S. 489, 506–07 (2006) (requiring case-specific findings to exclude time under the Speedy Trial Act; boilerplate or after-the-fact justifications are insufficient).

**This contradiction not only undermines the validity of the continuances but also highlights that the Government knew I had no discovery access — a point confirmed by the record itself.**

---

[3] See Ferrara v. United States, 456 F.3d 278, 290–91 (1st Cir. 2006) (vacating plea where Government withheld exculpatory evidence); United States v. Ruiz, 536 U.S. 622, 629–33 (2002) (distinguishing impeachment from exculpatory evidence and reaffirming duty to disclose).

## V.  The Government Knew or Should Have Known Discovery Was Unavailable

The record demonstrates not only that I never had meaningful discovery access, but also that the Government knew or should have known this fact at the time of the plea.

1. **Short Arraignment-to-Plea Timeline.**
    I was arraigned in January 2020 and signed my plea on September 21, 2020 — only eight months later. For a case of this magnitude, with allegations of "thousands of victims" and "$722 million" in losses, this compressed period was plainly insufficient for a detained defendant to review voluminous discovery even if it had been produced.

2. **COVID-19 Restrictions.**
    Beginning in March 2020, jail lockdowns barred in-person visits and sharply curtailed library and computer access. Counsel could not meaningfully review discovery with me. The Government was fully aware of these restrictions, as courts across the country, including this District, granted continuances on that basis.

3. **No Discovery Was Produced.**
    I was not given discovery at arraignment or at any time before signing the plea. Billing records confirm that counsel recorded only **1.2 hours** of discovery-related work — limited to Facebook data and diary notes — with no review of financial, blockchain, or victim-related materials.

4. **Inadequate Jail Facilities.**
    Even if materials had been produced, I lacked the means to review them. The jail provided little or no computer access, and COVID restrictions eliminated any realistic possibility of discovery review. The Government knew or should have known that discovery access was impossible under these conditions.

5. **Evidence the Government Knew I Had No Discovery Access.**
    The Government's own Presentence Report later revealed a collapse of the "thousands of victims / $722M loss" narrative, showing instead only a dozen victims and less than $500,000 in losses.

    - Had I been given discovery, it would have been clear that there were **no identifiable victims on the scale alleged**, and I would have immediately challenged the factual basis for the plea.

    - The fact that I did not raise such a protest at the time is itself proof that I lacked discovery access. Any defendant who had seen the underlying materials would have contested the Government's sweeping loss and victim claims.

    - The Government, aware of this silence, knew or should have known that I could not meaningfully review the evidence. The effect of the Government's

withholding was that I could not expose this discrepancy before signing the plea.

Whether by prosecutorial withholding, ineffective assistance of counsel, or systemic failure, the effect is the same: I entered a plea without access to discovery. The Government knew or should have known this, and the resulting waiver of rights was neither knowing nor voluntary.

- **Prosecutorial Withholding.** The Government advanced a sweeping $722M / "thousands of victims" narrative while ensuring I could not test it, then later conceded in its own PSR that the narrative collapsed.
- **Ineffective Assistance.** Counsel billed only 1.2 hours for discovery review, failed to obtain core financial or victim records, and allowed me to sign a plea without informed consultation.
- **Systemic Defect.** Jail restrictions, COVID lockdowns, and the Court's acceptance of boilerplate continuances combined to make discovery access impossible.

Any one of these failings — prosecutorial, counsel-related, or systemic — independently undermines the validity of the plea. Taken together, they constitute a structural defect requiring vacatur.

## VI. Prejudice

The denial of discovery was not a technical oversight; it caused concrete, irreparable prejudice. Without access to evidence, I could not test the Government's allegations, consult meaningfully with counsel, or make a voluntary waiver of rights.

1. **Inability to Test the Factual Basis.**

- I could not verify the Government's sweeping claims of "thousands of victims," "$722 million loss," or alleged overseas servers.
- Had I received the withheld materials, I could have immediately demonstrated:
    - **Ex. C (Victim Narrative Collapse):** Draft PSR and plea agreements showed the "thousands of victims" claim shrank to only 12 victims with under $500,000 in losses.
    - **Ex. A (Withheld Discovery Categories):** IRS forms and SARs would have exposed the absence of identified victims and financial flows consistent with the Government's narrative.
    - **Ex. B (Continuance Orders):** The Government itself cited "voluminous discovery" as a burden, yet none was made available for me to test its allegations.

This is precisely the prejudice recognized in *Ferrara v. United States*, 456 F.3d 278, 290–91 (1st Cir. 2006), where the court vacated a plea because suppressed evidence undermined the factual basis.

2. **Ineffective Assistance Overlay.**

- Of 52 billed hours, counsel devoted only 1.2 hours to discovery review (limited to Facebook and diary notes) and 0.9 hours to plea consultation, with no review of IRS data, blockchain evidence, or victim records (see Ex. D).
- Recommending a guilty plea without review of these core categories was constitutionally deficient. See *Strickland v. Washington*, 466 U.S. 668, 690–91 (1984) (counsel must make reasonable investigations); *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (ineffective assistance standard applies to guilty pleas); *Padilla v. Kentucky*, 559 U.S. 356, 364–66 (2010) (confirming that *Strickland* applies with full force to plea advice).

3. **Structural Harm.**

- Denial of discovery access is not subject to harmless-error analysis; it is a structural defect. See *United States v. Gonzalez-Lopez*, 548 U.S. 140, 150 (2006) (structural errors require automatic reversal); *Zedner v. United States*, 547 U.S. 489, 509 (2006) (structural violations require vacatur without harmless-error review).
- Because I never saw or could review the withheld IRS, SAR, and victim-related records, my waiver of trial rights was not informed. See *Boykin v. Alabama*, 395 U.S. 238, 242–44 (1969); *Brady v. United States*, 397 U.S. 742, 748 (1970).

The exhibits confirm that I lacked access to the very materials necessary to test the Government's case. This practical prejudice shows the plea was void ab initio and requires vacatur.

# VII. Institutional Failures

The discovery deprivation was not an isolated oversight but the result of systemic institutional failures.

- **Government's Excuse.** The Government denied discovery while citing its "volume" to justify repeated continuances.
- **Court's Reliance.** The Court accepted boilerplate continuance justifications without inquiry, allowing delay premised on evidence I never received. See *Zedner v. United States*, 547 U.S. 489, 506–07 (2006) (boilerplate justifications are insufficient to exclude time).
- **Unanswered Motions.** The Government has not responded to my motion regarding continuances and discovery access (Dkt. 482, filed Sept. 10, 2025). Silence should

- not be allowed to operate as tacit acceptance.

- **Ongoing Withholding.** Since I elected to proceed Pro Se in February 2025, the Government has continued to deny meaningful discovery access. This ongoing refusal confirms that discovery was never provided at the critical pre-plea stage either.

- **Ignored Duties.** The Department of Justice's own **Justice Manual § 9-16.000 (Plea Agreements)** requires prosecutors to ensure that any plea is knowing, voluntary, and factually grounded. Likewise, the **ABA Standards for Criminal Justice: Prosecution Function § 3-3.9 (2017)** obligates prosecutors to timely disclose evidence that may negate guilt or mitigate the offense. The combined effect of systemic pressures — including COVID restrictions, voluminous data, and reliance on boilerplate continuances — was that the standards of fairness were not met in the plea process.

**The pattern is unmistakable:** the Government invoked "voluminous discovery" to delay proceedings, withheld that discovery at all critical points, ignored both its own policies and professional standards, and continues to do so today. This systemic failure renders the plea void ab initio and independently warrants vacatur.

## VIII. Remedy

The appropriate and primary remedy is vacatur of the plea. A guilty plea entered without discovery access cannot be knowing or voluntary, and must be set aside.

- **Vacatur of the Plea.** Under Federal Rule of Criminal Procedure 11(d)(2)(B), I may withdraw a plea if there is a "fair and just reason." A plea taken without discovery access is constitutionally infirm and void ab initio.

- **Restoration to Pre-Plea Status.** Upon vacatur, I should be restored to my pre-plea position with full discovery access, so that I may meaningfully test the Government's allegations and prepare a defense.

- **Alternative Remedy.** If the Court finds that the Government's ongoing withholding and institutional failures have irreparably compromised fairness, then dismissal with prejudice may be warranted to protect the integrity of the judicial process.

## IX. Conclusion

The record establishes that I signed my plea on September 21, 2020 without ever having meaningful access to discovery. The Government invoked "voluminous discovery" to obtain continuances, withheld that discovery at all critical points, and continues to withhold it to this day. Counsel failed to demand disclosure or provide adequate consultation, and the Court accepted boilerplate justifications that masked the deprivation.

Whether the cause was prosecutorial withholding, ineffective assistance of counsel, or systemic pressures during the COVID and discovery periods, the effect was the same: my plea was entered without the access and safeguards necessary for it to be knowing and voluntary.

- I could not test the factual basis for the charges.
- I could not make an informed waiver of trial rights.
- I could not receive constitutionally adequate assistance of counsel.

As the Supreme Court and appellate courts have consistently recognized, including in *Boykin v. Alabama*, *Brady v. United States*, *United States v. Ruiz*, *Ferrara v. United States*, *Padilla v. Kentucky*, *United States v. Gonzalez-Lopez*, and *Zedner v. United States*, a plea entered without meaningful discovery access and informed waiver is void ab initio and must be vacated.

I respectfully request that the Court vacate my guilty plea and grant such further relief as justice requires.

**Respectfully submitted,**

Jobadiah Sinclair Weeks
 Pro Se Defendant
2301 Collins Avenue
Miami Beach, FL 33139
Email: silenceweeks1@gmail.com
Electronically Signed via DocuSign
Dated: September 16, 2025



**Exhibits**

- Ex. A: Discovery categories withheld (IRS forms, SARs, audits).
- Ex. B: Continuance orders citing discovery burden.
- Ex. C: Victim narrative collapse (Draft PSR, plea agreements).
- Ex. D: Billing/communication timeline.