# APPENDIX A

Petition for Writ of Mandamus filed in the United States
Court of Appeals for the Third Circuit
Dated September 23, 2025)

[Exhibits omitted for volume]

UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT

_____

In re: Jobadiah Sinclair Weeks,

       Petitioner.

_____


No. [to be assigned]


On Petition for a Writ of Mandamus from the

United States District Court for the District of New Jersey

(Related case: United States v. Goettsche, Weeks, et al.,

No. 2:19-cr-877 (D.N.J.))


## 1.     PRELIMINARY STATEMENT

This petition arises from the District Court's prolonged and unjustified inaction. On December 10, 2019, federal agents seized Petitioner's property—including cryptocurrency, cash, and digital devices. No criminal forfeiture order has ever been entered. For more than five years, Petitioner has sought the return of non-forfeitable assets through every available channel.

Beginning in October 2023, Petitioner and prior counsel made repeated informal requests to the U.S. Attorney's Office, including letters, emails, and phone calls with AUSAs and Pretrial Services. These efforts, documented in counsel's records, are set out in Exhibit E. They were ignored or met with empty assurances. On September 5, 2024, Petitioner sent formal letters to both the U.S. Attorney's Office and the District Court requesting action on seized assets and unsealing of warrant materials (Exhibits A & B). Neither received any response.

From February through April 2025, Petitioner filed discovery motions and a rebuttal letter (Dkts. 402, 403, 404, 406, 421; compiled in Exhibit C), some of which directly implicated the asset issues. None was ruled upon. In June 2025,

1

Petitioner filed a Supplemental Rule 41(g) Motion for Return of Property (Dkt. 446) along with related sealed filings, motions to compel, and motions to unseal (Dkts. 469, 477, 484, 486; compiled in Exhibit D). The Government filed no oppositions. The District Court issued no rulings.

December 2024 — The Government admitted that approximately 5 BTC in its custody were missing and that ~8.67 BTC should be returned. No corrective steps were taken, and no investigation has been disclosed regarding how assets in federal custody disappeared. Such a disappearance raises serious concerns regarding the Government's ability to safeguard seized property and undermines confidence in the integrity of the prosecution.

The consequences are substantial. Petitioner's property rights remain violated. His due process rights have been impaired by the absence of inventories, custody logs, or audits. His ability to litigate his Supplemental Motion to Vacate his Plea (Dkt. 485) has been obstructed, as unresolved asset disputes directly bear on the voluntariness of his plea.

Mandamus relief is warranted because:

1. **No other adequate means of relief exist.** The District Court has not ruled on at least fifteen filings, and Petitioner cannot appeal from judicial silence.

2. **The right to relief is clear and indisputable.** Rule 41(g) requires prompt return of non-forfeitable property, Rule 41(f) requires accurate inventories, and controlling precedent rejects indefinite government retention.

3. **Issuance is appropriate under the circumstances.** More than five years have passed since the seizure, over a year since multiple unanswered filings, and the Government itself has admitted assets are missing and returnable.

This case satisfies the standard for mandamus set forth in *Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367 (2004). First, Petitioner has no other adequate means of relief, as the District Court has refused to rule on more than fifteen pending motions and submissions. Second, Petitioner's right to relief is clear and indisputable: Rule 41(f) and Rule 41(g) impose

non-discretionary duties, and the Government has acknowledged missing and returnable assets. Third, issuance is appropriate under the circumstances: more than five years of seizure, over a year of unanswered filings, repeated Government assurances and admissions, and complete judicial inaction. Each factor is developed in the Argument below.

## 2.    RELIEF SOUGHT

Petitioner respectfully requests that this Court issue a writ of mandamus:

1. **Directing the District Court to promptly rule** on Petitioner's pending motions and sealed submissions concerning seized assets, warrant materials, and related discovery, including:

   - Entry 1 (Dkt. 446) – Supplemental Rule 41(g) Motion for Return of Property;

   - Entry 2 (Sealed, June 7, 2025) – Letter re Inventory & Chain of Custody;

   - Entry 3 (Sealed, June 17, 2025) – Supplemental Notice of Post-Filing Discrepancies;

   - Entry 4 (Dkt. 469) – Motion to Compel Ruling on Dkt. 446;

   - Entry 5 (Dkt. 477) – Motion to Unseal Search Warrant Materials and Compel Production;

   - Entry 7 (Dkt. 484) – Motion to Unseal Defendant's Prior Sealed Filings;

   - Entry 9 (Dkt. 486) – Motion to Compel Accounting of Seized Assets;

   - Early 2025 discovery motions (Dkts. 402, 403, 404, 406, 421).

2. **Compelling the Government to respond** to these filings.

3. **Granting such further relief** as this Court deems just and proper.

*Note: Petitioner does not seek mandamus relief on Entry 6 (Dkt. 483), Entry 8 (Dkt. 485), or Entry 10 (OPR/OIG letter), but includes them to show prejudice, institutional importance, and exhaustion of remedies.*

## 3.    JURISDICTION AND AUTHORITY

This Court has jurisdiction to issue a writ of mandamus under the All Writs Act, 28 U.S.C. § 1651(a). The Act empowers federal appellate courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

Mandamus is a "drastic and extraordinary remedy," reserved for cases where the petitioner has no other adequate means of relief, the right to issuance is clear and indisputable, and the writ is appropriate under the circumstances. *Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 380–81 (2004).

This petition arises from the District Court's ongoing failure to adjudicate Petitioner's properly filed motions and submissions concerning seized assets, warrant materials, and related discovery. Because judicial silence cannot be appealed and leaves Petitioner without remedy, mandamus is the only vehicle available to compel the District Court to act.

This Court's supervisory authority is directly implicated where a district court fails to perform its basic duty to rule on properly filed motions.

## 4.    STATEMENT OF FACTS (CHRONOLOGICAL TIMELINE)

- **Dec. 10, 2019** — Federal agents seized cryptocurrency, cash (€7,500 equivalent), precious metals, and digital devices from Petitioner. No criminal forfeiture order has ever been entered.

4

- **Sept. 2020 – June 2021** — Counsel communications documented in Carlton Fields invoices, reflecting requests to AUSA Jamie Hoxie, AUSA Torntore, and representatives of IRS storage in West Palm Beach (**Ex. D-1**).

- **Mar. 22, 2024** — Letter from prior counsel Stone Magnanini to the Government, requesting action on seized assets (**Ex. D-2**).

- **Sept. 5, 2024** — Letter from prior counsel Stone Magnanini to the Government, reiterating asset return requests (**Ex. D-2**).

- **Oct. 2023 – Feb. 2025** — Counsel communications documented in Stone Magnanini invoices, reflecting multiple phone calls with AUSAs and Pretrial Services, all of which were positive about asset return but never followed by corrective action (**Ex. D-3**).

- **Feb. 20, 2025** — Petitioner's request to AUSA Torntore for asset return (**Ex. A-1**).

- **Feb. 26, 2025** — Motion to Compel Discovery (**Dkt. 402; Ex. B-1**).

- **Feb. 26, 2025** — Rule 41(g) demand letter, incorporated in Dkt. 446 (**Ex. A-2**).

- **Mar. 3, 2025** — Motion for Discovery on Selective Prosecution (**Dkt. 403; Ex. B-2**).

- **Mar. 4, 2025** — Request for Expedited Ruling on Selective Prosecution (**Dkt. 404; Ex. B-3**).

- **Mar. 5, 2025** — Supplemental Motion to Compel Discovery (**Dkt. 406; Ex. B-4**).

- **Apr. 2, 2025** — Stand-in attorney Ernesto Cerimele contacted AUSA Torntore, who confirmed by email that the assets would be returned (**Ex. F-1**).

5

- **Apr. 2, 2025** — The Government provided a written commitment to return assets, confirmed in Torntore's email (**Ex. F-1**). No corrective steps were taken.

- **Apr. 12, 2025** — Petitioner follow-up letter (incorporated in Dkt. 446 exhibits) (**Ex. A-3**).

- **Apr. 25, 2025** — Letter rebutting Government claims and outlining Brady violations (**Dkt. 421; Ex. B-5**).

- **May 31, 2025** — Petitioner follow-up letter (incorporated in Dkt. 446 exhibits) (**Ex. A-4**).

- **June 6, 2025** — Supplemental Rule 41(g) Motion for Return of Property (**Dkt. 446; Ex. C-1**).

- **June 7, 2025** — Sealed submission re inventory & chain of custody (**Sealed; Ex. C-2**).

- **June 17, 2025** — Sealed supplemental notice of post-filing discrepancies (**Sealed; Ex. C-3**).

- **Aug. 7, 2025** — Motion to Compel ruling on Dkt. 446 (**Dkt. 469; Ex. C-4**).

- **Aug. 22, 2025** — Email to AUSA Eicher requesting action on seized assets and unsealing (**Ex. A-5**).

- **Aug. 29, 2025** — Motion to Unseal Warrant Materials (**Dkt. 477; Ex. C-5**).

- **Sept. 11, 2025** — Notice of Supplemental Evidence (pointing to White Paper & Dershowitz submission) (**Dkt. 483; Ex. C-6; materials at Ex. D-1/D-2**).

- **Sept. 12, 2025** — Motion to Unseal Defendant's prior sealed filings (**Dkt. 484; Ex. C-7**).

- **Sept. 12, 2025** — Supplemental Motion to Vacate Plea (**Dkt. 485; Ex. C-8**).

- **Sept. 12, 2025** — Motion to Compel Accounting of Seized Assets (**Dkt. 486; Ex. C-9**).

- **Sept. 12, 2025** — Complaint to DOJ's OPR and OIG, copied to AUSAs Chenoweth & Moore (**Ex. C-10**).

- **Sept. 18, 2025** — Follow-up letter to AUSAs noting missed opposition deadline on Dkt. 477 and warning mandamus would be sought (**Ex. F-1**).

**Current Status.** More than five years after the seizure, at least fifteen filings remain unresolved. The Government has filed no oppositions and did not respond to Petitioner's letters or oversight referrals, and the District Court has issued no rulings. **Despite a written agreement by the Government to return the assets (Ex. F-1), no corrective steps were taken.**

## 5. ISSUES PRESENTED

1. **Cheney Factor One — No Adequate Remedy**
   Whether mandamus is warranted where the District Court has failed to rule on at least fifteen pending motions and submissions, leaving Petitioner with no other adequate remedy.

2. **Cheney Factor Two — Clear and Indisputable Right**
   Whether Petitioner's right to relief is clear and indisputable where Rule 41 requires prompt return and complete inventories, the Government has admitted assets are missing and returnable, and precedent forbids indefinite retention.

3. **Cheney Factor Three — Appropriateness of Issuance**
   Whether extraordinary circumstances justify mandamus where more than
   five years have passed since seizure, over fifteen filings remain
   unresolved, and even oversight referrals produced no action.

4. **Prejudice to Plea Validity and Due Process**
   Whether the District Court's refusal to rule on asset and discovery
   motions prevents adjudication of Petitioner's plea-withdrawal motion,
   causing irreparable prejudice.

## 6.    ARGUMENT

This petition satisfies all three requirements for mandamus set out in *Cheney v.
U.S. District Court for the District of Columbia*, 542 U.S. 367 (2004). First,
Petitioner has no other adequate remedy, as the District Court has refused to rule
on numerous properly filed motions. Second, Petitioner's right to relief is clear
and indisputable under Rule 41(f) and (g). Third, the extraordinary
circumstances of prolonged seizure, government admissions, and judicial
inaction make issuance of the writ appropriate.

### A. Cheney Factor One — No Adequate Remedy

- Mandamus is proper when no other adequate means of relief exist.

- The District Court has failed to rule on at least fifteen pending filings
  concerning seized assets, discovery, and related issues (see Statement of
  Facts, pp. 4–7).

- Judicial silence is not appealable; Petitioner cannot trigger review without
  rulings.

8

- Oversight referrals to DOJ's OPR and OIG produced no action.

*Therefore, mandamus is the only adequate remedy.*

## B. Cheney Factor Two — Clear and Indisputable Right

- Rule 41(f) requires accurate inventories; Rule 41(g) requires the prompt return of non-forfeitable property. These duties are non-discretionary.

- Courts must adjudicate properly filed motions; prolonged silence denies due process.

- The Government itself admitted in **April 2, 2025** that assets were missing and returnable (see Statement of Facts, pp. 4–7; Ex. F-1). Yet no corrective steps were taken, inventories remain unreconciled, and custody logs have never been produced.

- The Government has not opposed these motions, and still the District Court has issued no rulings.

*Petitioner's right to relief is therefore clear and indisputable.*

## C. Cheney Factor Three — Appropriateness of Issuance / Extraordinary Circumstances

- Mandamus is appropriate where delay or inaction is extraordinary.

- Over **five years** have passed since the seizure; over a year since repeated motions and letters went unanswered.

- Court inaction extends to at least fifteen filings, despite repeated Government assurances, admissions, and oversight referrals.

9

- This case presents precisely the type of institutional inaction mandamus was designed to correct: a district court's refusal to perform its duty to decide properly filed motions.

*Issuance is appropriate under these extraordinary circumstances.*

## D. Prejudice to Plea Validity and Due Process

- The District Court's refusal to rule on asset and discovery motions obstructs adjudication of Petitioner's **Supplemental Motion to Vacate the Plea (Dkt. 485)**.

- That motion argues the plea was involuntary because custodial failures and missing assets were withheld.

- Until the asset and discovery motions are resolved, the plea challenge cannot be fairly adjudicated.

- The prejudice is ongoing and concrete: unresolved filings, unreconciled inventories, missing property, and impaired constitutional rights.

Mandamus does not ask this Court to decide the plea issue. It asks only that the District Court fulfill its duty to rule, without which Petitioner's constitutional claim remains frozen.

*Until these motions are adjudicated, Petitioner's plea challenge cannot be fairly reviewed.*

## E. Rebuttal to Anticipated Government Excuses

The Government may contend that delay was due to inter-agency custody, personnel changes, or the complexity of digital assets. These explanations cannot justify years of silence and inaction. Rule 41(g) requires the prompt return of non-forfeitable property, and Rule 41(f) mandates a complete and

accurate inventory. Administrative disarray is not a defense to due process violations. See *United States v. Chambers*, 192 F.3d 374, 377–78 (3d Cir. 1999) (Rule 41(g) relief appropriate when property is retained without justification); *United States v. Wilson*, 540 F.2d 1100, 1104 (D.C. Cir. 1976) (property must be returned once its evidentiary use ends); *United States v. Premises Known as 608 Taylor Ave.*, 584 F.2d 1297, 1302 (3d Cir. 1978) (equity requires return where Government delays unduly).

The Government may also invoke potential forfeiture or restitution, ongoing investigations, or chain-of-custody disputes. But as documented in Exhibit D (counsel chronology, 2020–2025) and Exhibit A (Petitioner's letters, 2025), Petitioner and counsel repeatedly pressed the Government for clarification, inventories, and a return schedule. Despite those opportunities, the Government neither produced records nor returned property.

**The duty to safeguard and return seized property is non-discretionary. The Court should not permit silence and delay to operate as a substitute for lawful adjudication.**

## 7.    RELIEF REQUESTED

Petitioner respectfully requests that this Court:

1. **Issue a writ of mandamus** directing the District Court to promptly adjudicate Petitioner's pending motions and sealed submissions concerning seized assets, warrant materials, and related discovery (including Entries 1–5, 7, and 9, and the related discovery motions at Dkts. 402, 403, 404, 406, and 421);

2. **Order the Government to respond within 14 days** of this Court's order; and

3. **Grant such other and further relief** as this Court deems just and proper.

*As noted in Section 1, Petitioner does not seek mandamus relief on Entries 6, 8, or 10, but references them solely to show prejudice, institutional importance, and exhaustion of remedies.*

11

## 8.    CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that this Court grant the petition for a writ of mandamus and direct the District Court to promptly rule on the pending motions and submissions.


Respectfully submitted,


Jobadiah Sinclair Weeks

Petitioner, pro se

Trump Palace, 18101 Collins ave, #4209

Sunny Isles FL 33160


Date: September 23, 2025


EXHIBIT INDEX

**Exhibit A – Petitioner's Direct Requests to Government (Feb.–Aug. 2025)**

- A-1. Request to AUSA Torntore (Feb. 20, 2025) – asset return (exhibit in Dkt. 446)
- A-2. Rule 41(g) Demand Letter (Feb. 26, 2025) – exhibit in Dkt. 446
- A-3. Follow-up Letter (Apr. 12, 2025) –  exhibit in Dkt 446
- A-4. Follow-up Letter (May 31, 2025) – exhibit in Dkt 446
- A-5. Email to AUSA Eicher (Aug. 22, 2025) – request re seized assets & unsealing

**Exhibit B – Early 2025 Discovery Filings (Compilation)**

- B-1. Dkt. 402 — Motion to Compel Discovery (Feb. 26, 2025)
- B-2. Dkt. 403 — Motion for Discovery on Selective Prosecution (Mar. 3, 2025)
- B-3. Dkt. 404 — Request for Expedited Ruling on Selective Prosecution (Mar. 4, 2025)
- B-4. Dkt. 406 — Supplemental Motion to Compel Discovery (Mar. 5, 2025)
- B-5. Dkt. 421 — Letter rebutting Gov't Apr. 22 claims; due process & Brady violations (Apr. 25, 2025)

**Exhibit C – Asset & Warrant Motions (June–Sept. 2025)**

- C-1. Dkt. 446 — Supplemental Rule 41(g) Motion for Return of Property (June 6, 2025)
- C-2. Sealed Filing — Letter re Inventory & Chain of Custody (June 7, 2025) *(Filed under seal in D.N.J.; see sealing note)*

13

- C-3. Sealed Filing — Supplemental Notice of Post-Filing Discrepancies (June 17, 2025) *(Filed under seal in D.N.J.; see sealing note)*

- C-4. Dkt. 469 — Motion to Compel Ruling on Dkt. 446 (Aug. 7, 2025)

- C-5. Dkt. 477 — Motion to Unseal Search Warrant Materials (Aug. 29, 2025)

- C-6. Dkt. 483 — Notice of Supplemental Evidence: White Paper with Dershowitz note (Sept. 11, 2025)

  - C-6a. Attached White Paper: *Crypto Enforcement Process Failures – BCN Case Study & Institutional Audit* (Bradford L. Geyer, June 15, 2025) — 50 pp.

  - C-6b. Attached Cover Note: Prof. Alan M. Dershowitz to Ed Martin (September 10, 2025)

- C-7. Dkt. 484 — Motion to Unseal Defendant's Prior Sealed Filings (Sept. 12, 2025)

- C-8. Dkt. 485 — Supplemental Motion to Vacate Plea (Sept. 12, 2025)

- C-9. Dkt. 486 — Motion to Compel Accounting of Seized Assets (Sept. 12, 2025)

- C-10. OPR/OIG Letter (Sept. 12, 2025)

**Exhibit D – Chronology of Counsel Communications (Sept. 2020 – June 2025)**

- **D-1.** Extract from invoices (Sept. 2020 – June 2021) – Carlton Fields entries reflecting requests to AUSA Jamie Hoxie, AUSA Torntore, and representatives of IRS storage in West Palm Beach (invoices exhibit in Dkt 488).

14

- **D-2.** Letters from prior counsel Stone Magnanini – including March 22, 2024 formal request (filed as exhibit in Dkt. 446) and Sept. 5, 2024 letter (also exhibit in Dkt. 446).

- **D-3.** Extract from invoices (Oct. 2023 – Feb. 2025) – Stone Magnanini entries reflecting multiple phone calls with AUSAs.

*(All demonstrating repeated, both answered and unanswered, efforts to secure asset return outside of motion practice.)*

**Exhibit E – Sept. 18, 2025 Notice to AUSAs**

- E-1. Letter from Petitioner to AUSAs Trevor Chenoweth & Robert Moore (Sept. 18, 2025) — notes missed opposition deadline on Dkt. 477, references Sept. 12 OPR/OIG filing, and states intention to seek mandamus if no response by Sept. 22, 2025

**Exhibit F – Government Written Admission re Asset Return**

- F-1. April 2, 2025 email/letter from AUSA Anthony Torntore confirming FBI/IRS coordination for asset return email incorporated in Dkt 480

## Certificate of Compliance

1. This petition complies with the type-volume limitation of Federal Rule of Appellate Procedure 21(d) and 32(c)(2) because it contains **2,963 words**, excluding the parts of the petition exempted by Rule 32(f).

2. This petition complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)–(6) because it has been prepared in a proportionally spaced typeface using **Times New Roman 14-point font** and is double-spaced, with footnotes in a typeface and size permitted by the Rule.

# APPENDIX B

 Letter to DOJ Office of Professional Responsibility and Office of Inspector General
Dated September 12, 2025

[Not previously docketed]

Via U.S. Mail and Online Submission

Office of Professional Responsibility
U.S. Department of Justice
950 Pennsylvania Avenue NW, Suite 3266
Washington, D.C. 20530-0001

Office of the Inspector General
U.S. Department of Justice
950 Pennsylvania Avenue NW, Suite 4706
Washington, D.C. 20530

Email: OPR.FOIA@usdoj.gov

Copy: Trevor.Chenoweth@usdoj.gov and Robert.Moore3@usdoj.gov

**Re: Seized Asset Mismanagement in United States v. Goettsche, No. 2:19-cr-877 (D.N.J.)**

Dear Sir or Madam,

I write in my capacity as *Defendant Pro Se* in **United States v. Goettsche, No. 2:19-cr-877 (D.N.J.)**. On **September 10, 2025**, an institutional white paper titled *Crypto Enforcement Process Failures: BCN Case Study & Institutional Audit* (Dkt. 483), with commentary by **Alan M. Dershowitz**, was filed in my case and is attached here for reference. That audit highlights systemic risks in DOJ's handling of digital assets and prosecutorial discretion. Unfortunately, many of the failures it describes are now concretely manifest in my matter.

On December 10, 2019, federal agents seized substantial cryptocurrencies, precious metals, cold wallets, and digital devices from me. More than five and a half years later:

- No criminal forfeiture order has ever been entered;

- No reconciled inventory has been produced, despite repeated requests and multiple court filings;

- No forensic reports, blockchain tracing logs, or device-imaging records have been disclosed;

- Assets the Government acknowledged as subject to return remain withheld.

1

By way of example:

- The Government's own December 2019 evidence report reflects a **5 BTC discrepancy**, with approximately 5 Bitcoin transferred an hour before screenshots were taken; the blockchain shows this transfer, but it is unaccounted for in the final inventory.

- On the day I was arrested, **$7,500 in cash** was taken from me. This act is noted in the memorandum of activity, but the money is missing from the chain of custody.

- On April 2, 2025, AUSA Anthony Torntore provided **for the third time since March 2024** written assurances that the seized digital assets would be returned. To date, no return has occurred.

Following March 2024, Torntore said to follow up with the FBI to return the assets, but the responsible persons moved out. In December 2024, Torntore tried again, but the new responsible person was no longer working with the FBI. In March 2025, when I was already proceeding *Pro Se*, Torntore again agreed by email that my assets should be returned. However, nothing happened.

In good faith, I initially sought to resolve these matters discreetly under seal, in order to avoid unnecessary embarrassment to the assigned AUSA or to the Department. On June 17, 2025, I filed a sealed Supplemental Notice of Post-Filing Discrepancies, documenting inventory gaps and chain-of-custody failures. On August 7, 2025, I filed a sealed motion to compel a ruling on Section VI.A of that supplement, limited to reconciliation and sworn custodial declarations. The Government has filed no response.

Since then, multiple additional motions have been filed, including:

- Dkt. 446 – Motion for Partial Return of Property (June 6, 2025)

- Dkt. 469 – Motion to Compel Ruling on Partial Return (Aug. 7, 2025)

- Dkt. 477 – Motion to Unseal Warrant Materials (Aug. 28, 2025)

- Dkt. 480 – Supplemental Declaration confirming digital assets subject to return (Sept. 3, 2025)

- Dkt. 483 – White Paper (Institutional Audit)

To date, the Government has filed no opposition or substantive response. Silence now extends across months of filings.

2

**Request for Review**

Given the gravity of these issues, I respectfully request that your offices:

1. Review DOJ's handling of seized assets in United States v. Goettsche, including chain of custody, preservation, and return obligations;

2. Determine whether DOJ personnel have violated DOJ asset-handling policies, Rule 41(g) obligations, or constitutional duties of disclosure;

3. Take remedial action to ensure accurate inventories, forensic records, and lawful disposition of seized property are produced to the Court and to me; and

4. Advise whether these matters will be referred to the Criminal Division's Asset Forfeiture & Money Laundering Section (AFMLS) for institutional oversight.

**Conclusion**

The Court record already reflects these concerns. All referenced filings, including the White Paper (Dkt. 483), are available on the public docket in *United States v. Goettsche*.

I have withheld filing a mandamus petition at this time, in the hope that DOJ oversight will address these custodial failures directly. If no remedial action is taken promptly, I will have no choice but to proceed with mandamus and further public filings.

Respectfully submitted,

/s/ Jobadiah Sinclair Weeks
**Joby Weeks, Pro Se**
Defendant, *United States v. Goettsche, No. 2:19-cr-877 (D.N.J.)*

September 15, 2025



Signed by:
Joby Weeks
87866A420DB4490...

# APPENDIX C

Letter to AUSAs Trevor Chenoweth and Robert Moore
regarding missed opposition deadline on Dkt. 477
Dated September 18, 2025

*Note: the attached letter bears a date of August 28, 2025, in error. The transmission occurred on September 18, 2025, as shown by the accompanying email header. The body of the letter reflects September deadlines and the intent to file mandamus if no response was received by September 22, 2025.*

[Not previously docketed]

| | | |
|---|---|---|
| **Van:** | **Silence Weeks** silenceweeks1@gmail.com 🔗 | SW |
| **Onderwerp:** | Unsealing & Asset Accounting — proposal to resolve (Dkts. 446, 477, 484, 486) | |
| **Datum:** | 18 september 2025 om 19:34 | |
| **Aan:** | Trevor.Chenoweth@usdoj.gov, Robert.Moore3@usdoj.gov | |
| **Kopie:** | Ernesto Cerimele ernesto@klingemanlaw.com | |
| **Blinde kopie:** | miwjagtenberg@gmail.com | |

Dear Mr. Chenoweth and Mr. Moore,

Following up on my letter today regarding **Dkt. 477 (Motion to Unseal Search Warrant Materials and Compel Production)**, I'd like to resolve this cooperatively.

**Proposed path to resolution (no court order needed):**

1. **Unsealing:** Government does not oppose unsealing my own prior sealed filings (or, if preferred, re-filing them in narrowly redacted form).

2. **Accounting package (within 14 days):**
   - Reconciled inventory (cross-referencing 1B/control numbers, item descriptions, locations).
   - Complete **chain-of-custody** logs (Arvada + Palm Beach seizures, transport/storage/intake/transfer).
   - Any **forensic imaging/blockchain tracing** reports and audit logs.
   - **Sworn custodial declaration(s)** identifying current status and location of all seized property.

3. **Interim release of uncontested assets** from **Dkt. 446** (3.6704622 BTC; 48.916537 ETH; 91.851854 LTC; 2.9765462 BCH) solely for counsel/living expenses, without prejudice to either side.

4. **Joint filing:** We file a short **notice of non-opposition/production schedule** on the docket so the Court is informed.

If you disagree with any item, please propose edits—I'm flexible on format and timing if we're moving forward in good faith.

I am available **Friday, September 19, and Monday morning, September 22, for a brief call**. Please note that if I do not receive the Government's position by **midday Monday, September 22**, I will proceed with filing a Petition for Writ of Mandamus in the Third Circuit.

I'm available today, Friday and Monday for a brief call.

Respectfully,
**/s/ Jobadiah Sinclair Weeks**
Pro Se Defendant

> **18092025 AUSAs letter Unseal Search Warrant Materials Final...** 

**By Email**
AUSA Trevor Chenoweth, AUSA
AUSA Robert Moore, AUSA
United States Attorney's Office
District of New Jersey

**Subject:** Motion to Unseal Search Warrant Materials – Request for Government's Position

Dear Mr. Chenoweth and Mr. Moore,

As you are newly assigned to this matter, I wanted to bring to your attention the current status of Defendant's Motion to Unseal Search Warrant Materials and to Compel Production of Chain-of-Custody and Asset-Handling Records (Dkt. 477), filed August 29, 2025.

Under the Local Criminal Rules, the Government's opposition was due on or about September 12, 2025. No opposition has been filed to date. At the time of filing, AUSA Ingrid Eicher appeared to be departing from the case, which may explain the absence of a response.

Given the importance of the requested disclosures — and the prejudice caused by continued delay — I respectfully ask that we clarify the Government's position. If the Government does not oppose the relief requested, I would request that the materials be produced directly or that a notice of non-opposition be filed with the Court.

If the Government intends to oppose, please advise when your response will be filed. I remain available to discuss this informally if that would help resolve matters without further motion practice.

As you know, I also raised these custodial failures with the Department's Office of Professional Responsibility and Office of the Inspector General on September 12, 2025, copying you both on that submission. To date, no remedial action or Government response has followed. Given the continued silence, if I do not receive the Government's position by midday Monday, September 22, I will proceed with a Petition for Writ of Mandamus in the Third Circuit.

Respectfully,

/s/ Jobadiah Weeks
**Jobadiah Sinclair Weeks**
Pro Se Defendant
2301 Collins Avenue
Miami Beach, FL 33139
Email: silenceweeks1@gmail.com
Dated: August 28, 2025

Signed by:

Joby Weeks

87866A420DB4490...