**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

United States of America,
    Plaintiff,

v.

Jobadiah Sinclair Weeks,
    Defendant.

Case No. 2:19-cr-877 (SDW)

## LETTER MOTION REQUESTING PRODUCTION OF LAB REPORT AND CHAIN OF CUSTODY RECORDS

Honorable Michael A. Hammer
United States Magistrate Judge
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

**Re: Motion for Bail Modification (Dkt. 470) – Request for Production of May 23, 2025 Test Documentation**

Dear Judge Hammer:

I respectfully submit this letter motion in advance of the bail hearing scheduled for November 6, 2025.

As the Court is aware, the Government's opposition to my pending bail modification motion (Dkt. 470) relies heavily on an alleged "positive" drug test dated May 23, 2025. Despite repeated requests, neither I nor my prior counsel have been provided with the underlying laboratory report, toxicology documentation, or the complete chain-of-custody records for that test.

Because the Government is invoking this alleged result as a basis both to oppose modification and to seek revocation, I respectfully request that the Court direct the Government and/or Pretrial Services to produce the following materials sufficiently in advance of the hearing:

- The full laboratory report of the May 23, 2025 test;
- The complete chain-of-custody records, including collection, handling, transfer, and receipt documentation;
- Any confirmatory testing results or related laboratory communications.

**Additional Due Process Concern**
My then-counsel, Mr. Ernesto Cerimele, was not timely informed of the alleged positive result and was not afforded the opportunity to request confirmatory or split-sample testing. The absence of notice and the denial of an opportunity to challenge the result deprived me of basic due process safeguards. This omission underscores the necessity of full production of the laboratory and chain-of-custody records in advance of the November 6 hearing and raises substantial doubt as to the reliability of the Government's reliance on this untested allegation.

**Immediate Notice Requirement**
Under standard Pretrial Services practice, presumptive drug test results are available within minutes and must be disclosed immediately so that the defendant may request confirmatory or split-sample testing. In this case, no such notice was provided to me or to my counsel at the time of collection. As a result, I was deprived of any opportunity to request a counter-test or preserve the sample. This failure further undermines the reliability of the Government's reliance on the May 23, 2025 test.

**Prior Request and Government Non-Response**
I have previously raised this concern in my filings (see, e.g., Dkt. 459 and Dkt. 470), yet the Government's opposition (Dkt. 472) did not include or attach the laboratory report, chain of custody, or confirmatory results. The Government's failure to respond on this point leaves the record incomplete and prevents fair adjudication. I therefore renew my request and respectfully ask the Court to compel production in advance of the November 6 hearing.

**Delay and Pattern (Mandamus Writ)**
The May 23, 2025 test has now been cited for months without any supporting documentation. This prolonged non-production is highly irregular. If such evidence exists, it should have been produced immediately. If it does not exist, then the Government has repeatedly relied on an allegation with no factual basis. This mirrors broader discovery concerns already the subject of Mandamus proceedings, and further supports the need for clear production before the Court acts on the Government's revocation request.

**Requested Relief**
I respectfully request that the Court order the Government and/or Pretrial Services to produce the above-listed documentation no later than **October 25, 2025** (or another date the Court deems appropriate) so that I may fairly prepare for the hearing.

Respectfully submitted,

/s/ Jobadiah Sinclair Weeks
Jobadiah Sinclair Weeks
Pro Se
Dated: October 2, 2025

