UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

United States of America,
        Plaintiff,

v.

Jobadiah Sinclair Weeks,
        Defendant.

Crim. No. 19-cr-877 (CCC)


TIME-SENSITIVE MOTION TO COMPEL PRODUCTION OF THE
FEBRUARY 5, 2025 FARETTA-HEARING TRANSCRIPT AND
CORRECTION OF THE RECORD PRIOR TO THE NOVEMBER 6
BAIL-STATUS CONFERENCE

TO THE HONORABLE COURT:

I, Jobadiah Sinclair Weeks, appearing *pro se*, respectfully move on a
time-sensitive basis pursuant to L. Civ. R. 7.1(d)(4), as the upcoming November
6 bail-status conference requires a verified record for an order directing
immediate correction of the procedural record to ensure that the upcoming
November 6, 2025 bail-status conference proceeds on a complete and accurate
record.


## I. BACKGROUND

1. On October 17, 2025, I filed a Motion for Reconsideration and
   Clarification of the October 8 Order (ECF 497), identifying several
   record defects affecting that ruling.

2. First, the Government's filing at Dkt 417 referenced an *Exhibit A* (see
   Dkt 417 at 2 n.1) that was never filed on the docket. The Government has

shown no excusable reason under Rule 45(b) for failing to correct its omission despite multiple notices. I notified the Government of this omission in correspondence dated October 13, 2025 (attached as Exhibit B, Proposed Joint Submission regarding bail-condition modifications), yet the Government has not taken steps to correct or re-file the missing exhibit, and no reply or acknowledgment was received. The same correspondence also proposed a joint submission regarding bail-condition relaxation, but the Government did not respond to agree to a joint filing, making this separate motion necessary to ensure the record is corrected before the November 6 bail-status conference.

3. The Government's continued inaction—first following the Notice of Errata regarding Dkt 417, and again after Defendant's October 13, 2025 correspondence—demonstrates ongoing neglect of its duty to maintain an accurate and complete record. The Court's intervention is therefore necessary to ensure procedural fairness and record integrity before further proceedings.

4. Second, the docket for Dkt 393 reflects a *Faretta* hearing held February 5, 2025 before Magistrate Judge Hammer, yet the Government never filed or produced the certified transcript or written waiver from that proceeding. Despite citing my purported *Faretta* waiver in later filings and in the October 8 Order, the Government has not ensured that the transcript or certification exists in the record.

5. Third, my Notice of Dismissal of Counsel, bearing a Clerk's "Received Jan 22, 2025" stamp, was hand-delivered and mailed, but never entered on CM/ECF. Copies of the notarized notice and stamped receipt are attached as Exhibits A and A-1. The absence of this filing from CM/ECF constitutes a clerical error correctable nunc pro tunc under Rule 36 and L. Civ. R. 79.1.

6. These omissions materially affect the Court's prior reliance on my *pro se* status and the completeness of the record for any further determinations, including bail.

7. On January 22, 2025, Defendant submitted a notarized Notice of Dismissal of Counsel, formally invoking his right to self-representation. The filing was received and date-stamped by the Clerk but was never entered on the electronic docket. Although this written notice clearly expressed Defendant's decision to proceed *pro se*, the Court was nonetheless required to conduct a *Faretta* colloquy to ensure that any waiver of counsel was knowing, intelligent, and voluntary. See *Faretta v. California*, 422 U.S. 806, 835 (1975); *United States v. Peppers*, 302 F.3d 120, 132–33 (3d Cir. 2002). The January 22 filing therefore establishes the timing and intent of Defendant's request, while the February 5, 2025 hearing represents the formal validation of that waiver on the record. The omission of the January 22 document from CM/ECF further underscores the need for record correction under Fed. R. Crim. P. 36 and L. Civ. R. 79.1.

## II. LEGAL BASIS

Under Fed. R. Crim. P. 36 and D.N.J. L. Civ. R. 79.1, the Court may at any time correct clerical errors or omissions in the record. *See United States v. Bennett*, 423 F.3d 271 (3d Cir. 2005).

 A valid *Faretta* waiver must appear on the record to sustain *pro se* proceedings. *Faretta v. California*, 422 U.S. 806 (1975); *United States v. Peppers*, 302 F.3d 120 (3d Cir. 2002).[1] *See also United States v. Goodson*, 544 F.3d 529, 539 (3d Cir. 2008) (holding that the district court bears an independent duty to ensure voluntariness and factual basis of pleas).

 When rulings rely on incomplete filings, reconsideration or partial vacatur is required. *Max's Seafood Café v. Quinteros*, 176 F.3d 669 (3d Cir. 1999).

The Government bears an affirmative duty to ensure that materials it relies upon—including hearing transcripts cited to establish *pro se* status—are properly filed and accessible. *See Berger v. United States*, 295 U.S. 78, 88 (1935); *Napue v. Illinois*, 360 U.S. 264, 269–70 (1959).

---

[1] See also United States v. Goodson, 544 F.3d 529, 539 (3d Cir. 2008) (holding that the district court bears an independent duty to ensure voluntariness and factual basis of pleas).

## III. RELIEF REQUESTED

I respectfully ask that the Court:

1. Direct the Court Reporter to certify and file the transcript of the February 5, 2025 *Faretta* hearing (Dkt 393) within five (5) days, and direct the Government to ensure that the record includes the referenced Exhibit A cited in its prior submission. If unavailable, direct Magistrate Judge Hammer to conduct a supplemental colloquy confirming that any waiver of counsel was knowing, voluntary, and intelligent, as the Government bears the burden of ensuring the record's completeness regarding my waiver of counsel;

2. Direct the Clerk of Court to enter *nunc pro tunc* my Notice of Dismissal of Counsel bearing the Clerk's "Received Jan 22, 2025" stamp and correct the docket accordingly, pursuant to *Fed. R. Crim. P.* 36 and D.N.J. L. Civ. R. 79.1;

3. Direct the Government to re-file *Dkt 417* in full, including its referenced Exhibit A, which remains missing despite my October 13, 2025 notice of the omission and the Government's refusal to proceed with a joint bail submission, so that the Court and I may review the complete submission cited in the October 8 Order; and

4. Grant such further relief as the Court deems just and proper to ensure that the record is complete and accurate before the November 6, 2025 bail-status conference.

## IV. CONCLUSION

These limited procedural corrections are necessary to preserve due process, enable full review of the pending reconsideration motion, and permit the Court to address bail and related issues on a verified record.

Ensuring the record's completeness before the upcoming proceeding accords with this Court's inherent supervisory authority, *United States v. Hasting*, 461 U.S. 499 (1983).

Respectfully submitted,

Jobadiah Sinclair Weeks (pro se)

Signed via DocuSign
/s/ Jobadiah Sinclair Weeks
18101 Collins Avenue, #4209
Sunny Isles Beach, FL 33160
Dated: October 20, 2025

Attachments

- Exhibit A — Notarized Notice of Dismissal of Counsel (Received Jan 22, 2025)

- Exhibit A-1 — Photograph of Clerk's "Received Jan 22, 2025" Stamp

- Exhibit B — Defendant's October 13, 2025 Email to AUSAs Moore and Chenoweth (Proposed Joint Submission re: Bail Conditions and Notice of Missing Exhibit A in Dkt 417)