Case 2:19-cr-00877-CCC    Document 506    Filed 10/21/25    Page 1 of 2 PageID: 6852



**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Trevor A. Chenoweth*  *970 Broad Street, 7th floor*  *973-645-2700*
*Robert Taj Moore*  *Newark, New Jersey 07102*  *Fax: 973-645-2702*
*Assistant United States Attorney*

October 21, 2025

The Honorable Claire C. Cecchi
United States District Judge
Martin Luther King, Jr. Federal Building
   & Courthouse
50 Walnut Street
Newark, New Jersey 07102

      Re:  *United States v. Jobadiah Sinclair Weeks*,
           Crim. No. 19-00877-CCC-3

Dear Judge Cecchi:

      On October 8, 2025, Your Honor issued an opinion and order denying all of defendant Jobadiah Sinclair Weeks's pending motions, including motions to dismiss, compel discovery, and to withdraw his plea of guilty. See ECF No. 497 (the "October 8 Order"). The October 8 Order required that the Defendant and the Government, no later than October 31, 2025, "submit a joint letter…outlining any outstanding issues before the Court and/or among the parties that must be resolved before sentencing." Id.  It is the Government's position that the October 8 Order resolved all material issues and that the record is complete. The Government is prepared to proceed to sentencing and respectfully requests an expeditious sentencing hearing date.

      After the October 8 Order, the Defendant has continued to raise issues already resolved by the order.  On October 10, 2025, the Defendant submitted to the Government a draft letter in which he memorialized his wish to renew "his prior requests to unseal Dkts. 477, 484, and 489, together with any attached exhibits or schedules, for the reasons set forth in the *Renewed Motion to Unseal or, in the Alternative, for In-Camera Review* filed contemporaneously herewith." See Defendant's October 10, 2025 Letter (attached as "Exhibit A"). The Defendant's letter further states that:

Defendant notes that the Government previously confirmed in writing (April 2, 2025) that the digital assets in question "would be returned," and has identified no continuing law-enforcement or privacy basis for secrecy. The sealed materials are necessary for accurate custody reconciliation, ongoing evidentiary hearings, and preparation for sentencing.

Any personally identifying or sensitive information (such as wallet addresses) can be redacted in accordance with Local Civil Rule 5.3(c). Defendant therefore requests that the Court direct unsealing of the above dockets or, alternatively, conduct an in-camera review to determine whether limited redactions are warranted.

Id.

The Government opposes the Defendant's request to renew these motions. Your Honor fairly denied these motions and there is no justification to revisit them. The Government also acknowledges the Defendant's October 17, 2025 filing, in which he claims that "developments…arose after the Court's decision." ECF No. 500. However, the Government is unaware of any developments, and the Defendant appears to reiterate similar claims that Your Honor previously denied.

Additionally, the Government disagrees with the Defendant's argument in his October 20, 2025 filing, ECF No. 503, that the absence on the docket of some of his *pro se* letters – as well as a copy of his plea hearing transcript, which the Government referenced in one of its replies – is a roadblock to future proceedings.

With all material matters now resolved, the Government respectfully requests a sentencing date at the Court's earliest convenience.

        Respectfully yours,

        Todd Blanche
        United States Deputy Attorney General

        Alina Habba
        Acting United States Attorney
        Special Attorney

        */s/ Robert Taj Moore*
        By: Trevor A. Chenoweth
        Robert Taj Moore
        Assistant U.S. Attorneys