UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

United States v. Goettsche, Weeks, et al.   No. 2:19-cr-877 (CCC)

**Letter from Defendant Weeks Pursuant to ECF 497 — Government Non-Response**

**VIA ECF**
October 28, 2025

Hon. Claire C. Cecchi
United States District Judge
Martin Luther King Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

Re: Joint Letter Regarding Sealing / Unsealing of Records (Pursuant to ECF 497)

Dear Judge Cecchi:

Pursuant to the Court's October 8, 2025 Opinion and Order (ECF 497), directing the parties to confer and submit a joint letter identifying which documents should remain sealed or be unsealed, Defendant Jobadiah Sinclair Weeks respectfully submits this letter to document his good-faith compliance and the Government's non-response.

Defendant transmitted a draft joint letter and supporting materials to Assistant U.S. Attorneys Robert Moore and Trevor Chenoweth on October 10 and again on October 24, 2025, requesting their input by October 27. The initial October 10 transmittal included the draft Joint Letter, the draft Motion to Unseal, and the corresponding Annexe referenced therein. The subsequent October 24 email provided the updated Annex A matrix for the Government's completion. No response was received. Accordingly, Defendant files his portion so that the record reflects his compliance with ECF 497 and the Government's non-participation.

**Defendant's Position**

Defendant renews his prior requests to unseal Dkts. 477, 484, and 489, together with any attached exhibits or schedules, for the reasons previously stated in his Renewed Motion to Unseal.

The Government previously confirmed in writing (April 2, 2025) that the digital assets in question "would be returned" and has identified no continuing law-enforcement or privacy basis for secrecy. The sealed materials are necessary for accurate custody reconciliation, ongoing evidentiary hearings, and preparation for sentencing.

The IRS's income calculations underlying Defendant's plea and sentencing exposure were derived from wallet data and blockchain transactions contained within the sealed materials. Unsealing these records is therefore essential to verify the accuracy of those calculations and the integrity of the evidentiary record. Because those same materials form part of the factual basis that the Court was required to find under Fed. R. Crim. P. 11(b)(3), continued sealing impairs the Court's own ability to confirm that the plea rested on an accurate and complete record.

Any personally identifying information (e.g., wallet addresses) can be redacted in accordance with Local Civil Rule 5.3(c). Defendant therefore requests that the Court direct unsealing of the above dockets or otherwise order their production in unredacted form to complete the record.

**Government's Position**

*No response received from AUSAs Robert Moore or Trevor Chenoweth as of October 28, 2025.*

**Joint or Unresolved Matters**

Defendant does not object to narrowly tailored redactions consistent with Local Civil Rule 5.3(c). He requests that the Court consider the attached Annex A matrix when determining the appropriate scope of unsealing.

**Request for Expedited Consideration**

Given that this submission arises directly from the Court's October 8, 2025 Order (ECF 497) and that no response was received from the Government by the Court's prescribed deadline, Defendant respectfully requests expedited consideration so that the sealing status of the identified materials can be clarified before further proceedings or sentencing preparation continue. Prompt resolution will also ensure the record remains accurate and complete in accordance with Fed. R. Crim. P. 11(b)(3) and Local Civil Rule 5.3.

Respectfully submitted,

/s/ **Jobadiah Sinclair Weeks**
Pro Se Defendant
18101 Collins Avenue, #4209
Sunny Isles Beach, FL 33160
Signed via DocuSign

Signed by:
Joby Weeks
87866A420DB4490...