

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, 7th floor*   973-645-2700
*Newark, New Jersey 07102*

October 31, 2025

**Via ECF**

Hon. Claire C. Cecchi
U.S. District Judge
Martin Luther King, Jr. Building
   & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

      Re:   <u>United States v. Jobadiah S. Weeks</u>, Crim. No. 19-877

Dear Judge Cecchi:

    We write in response to the Opinion and Order dated October 8, 2025, ECF No. 497 (the "October 8 Opinion and Order"), and the text order entered on October 22, 2025, ECF No. 508, requiring that the parties, by October 31, 2025, set out their positions on Defendant's motions to seal and unseal certain filings on the docket. The Defendant independently filed his response to the docket on October 28, 2025. ECF No. 510. The Government submits this joint letter after sharing a draft and conferring with Defendant through standby counsel.

    The Government agrees that all of the sealed docket entries identified by the Court in its October 8 Opinion and Order at page 22 may be unsealed. Those filings are summarized for the Court's convenience in a table below.

| ECF | Description of Sealed Filing | Government Position |
|---|---|---|
| 448 | Motion regarding alleged discrepancies in chain of custody of seized items. (Denied by the Court in October 8 Opinion and Order at 19–20). | Motion may be unsealed. No sensitive content appears in the motion. |
| 451, 452 | Motion to Dismiss Count 1 of the Indictment. (Denied by the Court in October 8 Opinion and Order at 21) | Motions may be unsealed. No sensitive content appears in the motions. References to the Draft PSR are not themselves sensitive. |

| ECF | Description of Sealed Filing | Government Position |
|---|---|---|
| 466, 467, 468 | Motion to compel ruling on ECF No. 446 (regarding seized assets), related motion to seal and proposed order. (Denied by the Court in October 8 Opinion and Order at 19–20). | Motions may be unsealed. No sensitive content appears in the motions or supporting papers. Further, Defendant requested unsealing himself in ECF Nos. 484 and 489. |

Based on the "Annex" attached to Defendant's October 28, 2025, filing it appears that Defendant agrees with the unsealing of the docket entries listed in the table above. ECF No. 510-1.[1] Other than unsealing of the docket entries listed above, the Government disagrees with the other relief requested in Defendant's "Annex," however.

In particular, the parties disagree about whether Defendant may seek further disclosures from the Government. Defendant appears to interpret the Court's October 8 Opinion and Order as inviting briefing regarding "unsealing" of "sealed" documents such as search warrant inventories and other documents that have never been docketed.

The Government's position is that the Court's October 8 Opinion and Order was correct in ruling that Defendant has no further right to seek discovery now that he has pleaded guilty and his motion to withdraw his guilty plea has been denied. ECF No. 497 at 21–22. The Defendant entered a guilty plea knowingly and voluntarily, and he waived his right to trial in the process. *See* ECF No. 146. As a result, he forfeited his right to additional discovery related to his guilt.

Thus, to the extent Defendant's motions to unseal are in reality motions to compel further disclosures by the Government, such as search warrant inventories, the Government opposes the motions for the reasons stated in its prior submissions and in the Court's October 8 Opinion and Order.

Accordingly, as stated in its letter dated October 21, 2025 addressed to Your Honor, the Government opposes Defendant's requests to renew his previously denied motions and believes that there are no further impediments to proceeding to sentencing (other than Defendant's motion for reconsideration). ECF No. 506.

The Defendant's position on these matters is set out in his October 28, 2025, filing, ECF No. 510, and in the paragraph below, which was provided by Defendant.

*Defendant, through standby counsel, submits the following position for inclusion in the parties' joint response to the Court's October 22, 2025 Text Order (ECF*

---

[1] Entry # 3 in Defendant's Annex A appears to refer, in part, to a motion filed by Defendant to unseal his own prior filings. ECF No. 484. None of the actual docket entries listed in the Annex themselves appear to be sealed, however.

*508): Defendant concurs that the sealed docket entries identified by the Court (Dkts. 448, 451–452, 466–468) may be unsealed. Defendant further understands the Court's October 8, 2025 Opinion and Order (ECF 497) to permit clarification of any materials necessary to ensure that the record is complete and accurate prior to sentencing, including those not yet docketed but relied upon in prior determinations. Consistent with the Motion for Reconsideration filed today, October 30, Defendant maintains that this limited record-correction process does not constitute renewed discovery but rather a procedural safeguard to ensure transparency and accuracy under Fed. R. Crim. P. 16, Brady v. Maryland, 373 U.S. 83 (1963), and Fed. R. Crim. P. 11(b)(3).*

Respectfully submitted,

TODD BLANCHE
United States Deputy Attorney General

ALINA HABBA
Acting United States Attorney
Special Attorney

By: Trevor A. Chenoweth
Robert Taj Moore
Assistant U.S. Attorneys

cc:  Jobadiah S. Weeks (via ECF)
Ernesto Cerimele, Esq. (via ECF)