UNITED STATES DISTRICT COURT

**DISTRICT OF NEW JERSEY**

**United States v. Goettsche, Weeks, et al.**

Case No. 2:19-cr-877 (CCC)

and

**Jobadiah Sinclair Weeks**

Defendant (pro se)

SUPPLEMENTAL LETTER-MOTION TO MAGISTRATE JUDGE HAMMER REGARDING OUTSTANDING DISCOVERY AND ASSET-CUSTODY CLARIFICATION

Dear Judge Hammer:

Defendant respectfully submits this supplemental letter-motion to renew and update the record concerning outstanding discovery previously requested from the United States. Prior to filing, Defendant sought confirmation from former counsel of what discovery materials had been received before execution of the plea agreement. No response was provided, confirming that indirect access through prior counsel was unavailable.

On September 23, 2025, Defendant therefore transmitted a written request to AUSAs Robert Moore and Trevor Chenoweth (Exhibit A), seeking confirmation of the discovery provided to prior counsel, including any indexes or forensic-extraction materials (email Exhibit B). *Brady* and *Rule 16* obligations attach to the defendant personally, not to counsel, and the Government retains an independent duty to ensure access once a defendant proceeds *pro se*. *United States v. Perdomo*, 929 F.2d 967 (3d Cir. 1991).

1

These issues overlap with the pending asset-custody record and the related mandamus petition before the Third Circuit. This submission does not seek renewed *Rule 41(g)* relief or additional discovery but a limited administrative reconciliation of records the Court already directed be clarified in its recent Opinion and Order (ECF 497). Verification under the Court's supervisory authority will ensure an accurate and complete record without additional hearings or delay.

This supplemental letter-motion seeks only administrative clarification of discovery and record-completeness issues referenced in the Court's Opinion and Order (ECF 497). It does not request modification or reconsideration of that ruling, and therefore falls within the Court's pretrial supervisory authority as referred to Magistrate Judge Hammer under 28 U.S.C. § 636(b)(1)(A).

**I. BASIS FOR RENEWAL**

The Court's recent *Opinion and Order* referenced materials—including "Dkt. 1 at 12" and an "August 12, 2020 proffer session"—that were never produced to Defendant or included in the Government's submissions (see Exhibit C, excerpts of the *Opinion and Order* showing those citations). Because these items bear directly on the factual basis of the plea and on Defendant's pending Motion for Reconsideration and Record Correction (Dkt. 511), clarification of what was provided to prior counsel is essential to preserve an accurate, reviewable record.

In light of the Department of Justice's stated commitment to equal enforcement, prompt clarification of these materials will also enhance judicial efficiency by ensuring that later motions concerning discovery or asset custody are resolved on a unified, complete record.

The Government should therefore either file the referenced items or certify a valid, excusable reason for their unavailability. Absent such certification, the record cannot be deemed complete,

and any continued reliance on unproduced materials would prejudice Defendant's ability to verify the factual basis of the plea.

## II. RELATIONSHIP TO ASSET-CUSTODY DISCOVERY

The discovery clarification sought here directly overlaps with the unresolved asset-custody record. Defendant believes that certain custody materials were provided or referenced to former counsel but never transmitted to him personally. Determining what was produced before the plea will show

 (1) whether former counsel received the same documentation now withheld, and

 (2) whether the plea's factual basis rested on incomplete asset information.

Pre-plea discovery likely included:

- IRS-CI "Crypto Seizures Memo" (Dec. 10 2019);
- Colorado and Florida Memoranda of Agreement for seized devices;
- IRS digital-asset inventory logs and valuation spreadsheets;
- FBI chain-of-custody or evidence-tracking summaries; and
- Correspondence between AUSAs and IRS-CI regarding return or conversion of seized assets.

Confirming whether these items were produced will establish whether the Government's custody representations rest on a complete factual record and will aid both the discovery and *Rule 41(g)* determinations without further hearings.

## III. ADDITIONAL MISSING CATEGORIES

In addition to the asset-custody items above, Defendant seeks clarification whether the following warrant- and seizure-related materials were ever disclosed to prior counsel or remain withheld:[1]

---

[1] These categories fall within standard post-indictment discovery under *Fed. R. Crim. P.* 16(a)(1)(E) and 41(f)(1)(C), which require production of executed warrants, returns, and inventories once a search is complete. See also *U.S. Dep't of Justice, Justice Manual* § 9-13.420 ("Search Warrants—Disclosure of Applications and

1. The executed search and seizure warrants, together with their supporting affidavits (redacted if necessary) and returns or inventories for all digital-asset or device seizures conducted by IRS-CI, FBI, or any other agency;
2. Any emails, text messages, call logs, or memoranda among AUSAs, IRS-CI, or FBI personnel relating to the planning, timing, or scope of those seizures, including coordination concerning the movement or valuation of seized assets;
3. Chain-of-custody and transfer records reflecting the movement of seized assets between Colorado, Florida, and IRS-CI evidence facilities or other storage locations; and
4. Any correspondence or filings concerning the sealing, unsealing, or continued nondisclosure of the above warrants or related materials.

These are standard post-indictment disclosures under *Fed. R. Crim. P.* 16(a)(1)(E) and 41(f)(1)(C), which require production of executed warrants, returns, and inventories once a search is complete (see also DOJ *Justice Manual* § 9-13.420). Because the Government has relied on these events to support the plea and forfeiture positions, confirmation of their prior production—or certification of their absence—is necessary to ensure the record's completeness and fairness.

### IV. AUGUST 17, 2020 PROFFER MEMORANDUM AND HOXIE STATEMENT

Defendant acknowledges that a redacted Treasury / IRS-CI Memorandum of Interview dated August 17, 2020 (Exhibit E) has been produced. The memorandum records a statement by AUSA Jamie Hoxie that Defendant "should not solicit information from co-defendant Goettsche" and "does not have a cooperation agreement with the Government." Defendant understands that this position was discussed and agreed upon with former counsel at the time. He therefore seeks confirmation whether this instruction—or related notes, emails, or correspondence reflecting the Government's position that Defendant would remain joined with his co-defendants—was ever provided to prior counsel. If it was not previously disclosed,

---

Affidavits"). Records of chain of custody and evidence handling are likewise produced to verify forensic integrity; only deliberative communications or attorney work product fall outside Rule 16 disclosure.

Defendant respectfully requests that the Court direct the Government to produce it now or certify its nonexistence on the record.

The disclosed version is expressly labeled "Redacted Version," confirming that a complete original exists in Government files. Consistent with standard IRS-CI practice, such memoranda are prepared unredacted before disclosure. Defendant therefore requests production of the full version together with the underlying Hoxie statement and any contemporaneous communications. If already produced, the Government should identify the Bates range or transmittal date; if not, it should certify their existence and produce them on the record as required under *Rule 16(a)(1)(B)(ii)* and *Brady v. Maryland*, 373 U.S. 83 (1963).

### V. WORK-PRODUCT, SEALING, AND IRS-CI "SPECIAL AGENT'S REPORT"

The Government previously invoked the work-product doctrine and sealing restrictions to withhold comparable materials. Those objections do not apply here. Under *Rule 16(a)(2)*, the work-product exception protects only internal prosecutorial opinions or trial-strategy memoranda—not warrants, inventories, or inter-agency correspondence already transmitted to defense counsel or filed with the Court. Once such materials are disclosed, they cannot retroactively regain protected status. Likewise, any sealing order governs public access, not the defendant's right to review documents previously provided to counsel or relied upon in plea or forfeiture proceedings. Confirming whether these items were part of the prior production will therefore resolve both issues without further dispute.

Defendant also requests authentication and disclosure details concerning the IRS-CI "Special Agent's Report" (Report-SAR-Weeks, *Jobadiah – Streamlined*), transmitted by AUSA Torntore on December 6, 2024 (Exhibit D). The report, prepared by Special Agent Veniamin Karavchuk and approved by Supervisory Special Agent Oleg Pobereyko, is referenced in the Treasury / IRS-CI Memorandum of Interview dated August 17, 2020, which records statements by AUSAs

Hoxie and Torntore during the proffer session. Because the same agents authored the SAR and participated in that proffer, Defendant seeks confirmation whether the SAR—or any earlier draft or derivative form—was transmitted to former counsel before the plea, and if so, the date and accompanying correspondence.

The SAR outlines the Government's theory of tax evasion and the elements purportedly establishing willfulness and tax due. Its timing and disclosure history therefore bear directly on the integrity of the plea record and the reliability of the factual basis supporting conviction. If the SAR was withheld until December 2024, that delay would indicate that key evidentiary materials forming the factual basis of the plea were not contemporaneously disclosed, raising *Brady* and due-process concerns.

Because the SAR forms part of the same evidentiary set as the August 17, 2020 Treasury / IRS-CI proffer memorandum and was logically used in connection with the grand-jury presentation that led to indictment, Defendant requests clarification of the specific date, method, and accompanying materials through which the SAR or its contents were presented or relied upon. If the SAR was not used in that process, the Government should so certify on the record.

## VI. REQUESTED RELIEF

Defendant respectfully requests that the Court direct the Government to file, within three (3) business days of this Order or such other time as the Court deems appropriate, a short letter identifying:

1. The dates, formats, and Bates-ranges (or other file designations) of all discovery productions made to prior counsel before September 21, 2020;
2. Any accompanying indexes, cover letters, or forensic-extraction reports;

3. Whether the materials cited in the Court's recent Opinion and Order—including the alleged "August 12, 2020 proffer" and "Dkt. 1 at 12" references—were included in those productions;

4. Whether the unredacted Treasury / IRS-CI Memorandum of Interview dated August 17, 2020 (with the Hoxie statement and any related notes or correspondence) was produced to prior counsel, or certification of its nonexistence; and

5. Whether the IRS-CI "Special Agent's Report" (Report-SAR-Weeks, Jobadiah – Streamlined), referenced in the August 17 2020 Treasury Proffer Memorandum, was provided to former counsel before the plea, and if so, the date, method, and cover communication of that disclosure.

This clarification is authorized under the Court's supervisory authority and Rule 36 to maintain an accurate record without further proceedings.

Respectfully submitted,
Signed via DocuSign
/s/ Jobadiah Sinclair Weeks
Defendant (pro se)
18101 Collins Avenue, #4209
Sunny Isles Beach, FL 33160
Dated: November 5, 2025



Attachments
**Exhibit A**. Discovery Clarification Letter to AUSAs dated September 23 2025
**Exhibit B.** Email transmitting the September 23 letter (14-day response requested)
**Exhibit C.** Excerpt of Court's Opinion and Order (ECF 497) showing citations to materials not in Defendant's possession
**Exhibit D.** IRS-CI Report-SAR-Weeks, Jobadiah – Streamlined (transmitted Dec 6, 2024 via AUSA Torntore)
**Exhibit E.** Treasury/IRS-CI Memorandum of Interview (August 17, 2020 Proffer Memo – Redacted Version)