UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

**United States of America**

v.

**Jobadiah Sinclair Weeks**

Crim. No. 19-877 (CCC)

SUPPLEMENTAL SUBMISSION REGARDING BAIL CONDITIONS, DISCOVERY NON-COMPLIANCE, AND RECORD CLARIFICATIONS (PER DKT 501)

(Pursuant to Court's Text Order of October 20, 2025 (Dkt. 501))

**INTRODUCTION**

Pursuant to the Court's Text Order of October 20, 2025 (Dkt. 501), which terminated Defendant's prior motion to modify bail without prejudice pending completion of residence remediation, Defendant respectfully submits this supplemental filing to correct and clarify the record and to request modification of existing conditions based on newly obtained forensic evidence.

This submission provides certified laboratory evidence disproving the Government's May 23, 2025 cocaine-use allegation and documents repeated good-faith efforts to obtain the underlying toxicology materials. The independent hair-follicle toxicology report attached as Exhibit A establishes that no controlled substances were present. Defendant therefore requests corrective

1

relief and modification of bail conditions consistent with *Fed. R. Crim. P.* 16, *Brady v. Maryland*, 373 U.S. 83 (1963), and fundamental due-process principles.

This supplemental submission is filed pursuant to Judge Hammer's supervision of bail-condition compliance under Dkt. 501.

## I. GOVERNMENT NON-DISCLOSURE AND FALSE FACTUAL PREMISE

The Government's prior representation that Defendant "tested positive for cocaine" (Gov't Letter, Dkt. 472) was never supported by any laboratory record, chain-of-custody documentation, or confirmatory report. No such materials were produced despite repeated written requests and subsequent court filings. That unsupported allegation became the factual predicate for restrictive bail conditions that remain in place today.

### A. Record of Requests and Non-Production

On October 2, 2025, Defendant formally requested production of the May 23 lab report, chain-of-custody documentation, and any confirmatory results in an email to AUSAs Moore and Chenoweth (attached as Exhibit D, *"Request for May 23, 2025 Lab Report & Chain of Custody"*). The Government neither responded nor produced any materials.

Defendant renewed that request through his Letter Motion for Production of Lab Report and Chain of Custody Records (Dkt. 494). The Government again filed no opposition and produced nothing. To date, neither Defendant nor the Court has been provided any laboratory data substantiating the claim.

Under *Fed. R. Crim. P.* 16(a)(1)(F), the prosecution must disclose "results or reports of any scientific test or experiment" in its possession if material to the defense or to a judicial determination of detention. By asserting a "positive" result while refusing disclosure, the

Government violated Rule 16 and deprived Defendant of the ability to contest the evidence. See *Brady*, 373 U.S. 83; *United States v. George*, 761 F. Supp. 2d 442, 447 (D. Md. 2011).

**B. Independent Forensic Evidence Now Refutes the Claim**

A certified hair-follicle toxicology analysis conducted on November 7, 2025, by Labcorp detected no presence of cocaine or any controlled substance. Hair testing provides a retrospective window of approximately twelve months of substance exposure, allowing detection of even remote use during that period. The accompanying report and chain-of-custody documentation (Exhibit A) therefore confirm that no controlled substances were present at any time within the detectable range. These negative results directly contradict the Government's May 23 allegation and demonstrate that the prior representation lacked any factual foundation.

**C. Good-Faith Conferral and Renewed Bail Proposals**

Consistent with the Court's directive encouraging conferral, Defendant previously circulated to the Government a detailed summary of proposed bail-condition modifications and invited response. See Exhibit B (Attachment A – Proposed Bail-Condition Modifications & Government Position Table) and Exhibit C (Email of Oct. 13, 2025, *"Proposed Joint Submission – DKT. 497 Reference"*).

In addition, on November 4, 2025, Defendant emailed the Government inviting it to correct the docket by withdrawing or amending the cocaine-use reference to reflect the verified negative toxicology result. As of filing, no correction has been made.

In addition, Defendant attaches as Exhibit F a separate memorandum (Annex B) identifying factual misstatements in the Government's original bail opposition (ECF 24). Because those

3

inaccuracies influenced the continuing conditions of release, the accompanying analysis forms part of this submission and should be reviewed in conjunction with the present motion.

**II. RELIEF REQUESTED**

Given the Government's failure to substantiate its accusation and Defendant's presentation of verified exculpatory and clarifying evidence, Defendant respectfully requests that the Court:

1. **Acknowledge and Correct the Record** — Formally recognize that the Government's May 23, 2025 cocaine-use allegation (Dkt. 472) lacks evidentiary support and that the certified independent toxicology analysis attached as Exhibit A conclusively refutes that claim;

2. **Order Disclosure** — Direct the Government to produce all laboratory records, chain-of-custody documentation, and related communications concerning the May 23 test within seven (7) days, as previously requested in Dkt. 494 and by email (Exhibit D);

3. **Modify Bail Conditions** — Grant the modification originally sought in Dkt. 459, limited at this stage to movement within Defendant's verified residential complex, while reserving the right to seek further adjustments. Defendant will continue to comply with the same drug-testing schedule and procedures previously administered by Pretrial Services, consisting of one standard test per month, ensuring uninterrupted monitoring under existing supervision protocols.

4. **Reserve Remedial Rights** — If the Government does not produce the requested materials within the specified period, Defendant reserves the right to seek appropriate remedial relief under Rule 16(d)(2) or other applicable authority; and

5. **Incorporate Record-Clarification Findings** — Direct that the factual corrections set forth in Exhibit F (Memorandum on Record Misstatements and Clarifications Relating to Government's January 15 2020 Bail Filing, ECF 24) be deemed part of the bail record for purposes of any further review or modification, and that any reliance on the mis-stated material in prior bail determinations be disregarded.

In the alternative, Defendant seeks record correction under Fed. R. Crim. P. 36 to remove or amend any references based on unsubstantiated or mischaracterized facts.

### III. CONCLUSION

Defendant has maintained full compliance with all release conditions and now presents verified forensic evidence disproving the Government's sole adverse factual allegation. Under these circumstances, continued restrictive conditions serve no statutory or equitable purpose.

Defendant respectfully requests that the Court grant the relief outlined above and decide the matter on the papers in the interest of judicial economy.

Defendant further notes that a forthcoming Request for Judicial Fact-Finding and Record Designation will consolidate the evidentiary materials referenced herein and in Exhibit F. This present submission is limited to bail-related corrections and forensic clarifications pursuant to Dkt. 501, with the broader factual record to follow under separate filing.

Respectfully submitted,

Signed via DocuSign

/s/ Jobadiah Sinclair Weeks

Defendant (pro se)

18101 Collins Avenue, #4209

Sunny Isles Beach, FL 33160

Dated: November 10, 2025

Signed by:
Joby Weeks
87866A420DB4490...

**Exhibit List**

**Exhibit A** – Certified Hair-Follicle Toxicology Report (Labcorp, November 7, 2025) showing no controlled substances; includes full chain-of-custody certification.

**Exhibit B** – Attachment A: Proposed Bail-Condition Modifications and Government Position Table.

**Exhibit C** – Email dated October 13, 2025, subject line "Proposed Joint Submission – Supplemental Motion to Modify Pretrial Release Conditions (ECF 497 Reference)."

**Exhibit D** – Email dated October 2, 2025, subject line "Request for May 23, 2025 Lab Report & Chain of Custody."

**Exhibit E** – Email dated November 4, 2025, subject line "Invitation to Correct Docket Reference to May 23 Toxicology Claim."

**Exhibit F** – Memorandum on Record Misstatements and Clarifications Relating to Government's January 15, 2020 Bail Filing (ECF 24) — filed as Annex B to this submission.