

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

| | | |
|---|---|---|
| *Trevor A. Chenoweth*<br>*Assistant U.S. Attorney* | *970 Broad Street, 7th floor*<br>*Newark, New Jersey 07102* | *973-645-2700* |

November 25, 2025

**<u>Via ECF</u>**

Hon. Michael A. Hammer
U.S. Magistrate Judge
Martin Luther King, Jr. Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

       Re:    <u>*United States v. Jobadiah Sinclair Weeks*</u>, Crim. No. 19-cr-877

Dear Judge Hammer:

      The Government submits this letter brief in further opposition to Defendant Jobadiah Sinclar Weeks' ("Weeks") motions regarding the conditions of his release, including the motion for modification filed on July 22, 2025, ECF No. 459, his letter filed on August 8, 2025, ECF No. 470, and the "supplemental submission" and exhibits filed on November 10, 2025, ECF No. 517. This letter also renews the Government's motion for revocation of pretrial release made in its August 12, 2025 letter brief, ECF No. 472, and August 25, 2025 supplemental letter, ECF No. 476, and incorporates the arguments in those letters by reference. In short, the Government respectfully requests that the Court revoke Weeks' pretrial release and remand him to federal custody pending sentencing.

      The Bail Reform Act instructs that courts "may only reopen a detention or bail hearing . . . before trial if the Court 'finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.'" *United States v. Johnson*, 2022 WL 375319, at *2 (D.N.J. Feb. 8, 2022). Weeks' renewed motion and multiple filings raise no new issues that have not been previously addressed by the Court. The Government has previously responded to Weeks repeated requests to loosen the conditions of his release, and the Court has ordered continuation of the same or more strict conditions. The conditions are necessary to assure Weeks' appearance in court and the safety of the community, and there are no changed circumstances that would warrant reopening the discussion of the conditions of his release. Instead, there are now additional reasons to revoke Weeks' release.

## I.    Weeks violated the no-internet condition (again).

Since last before the Court, Weeks has continued to violate the conditions of his release, both as discussed in the Government's previous letters, but also again since the Government's last bail-related filing.

On August 26, 2025, Weeks again accessed the internet to participate in a videoconference interview, in direct contravention of the Court's ruling at the May 20, 2025 bail hearing that continued "computer and smartphone-connected restrictions" were the "bare minimum of which that is necessary and appropriate to ensure that Mr. Weeks does not pose a risk of flight nor of harm to the community and also under § 3148(b) complies with Pretrial's conditions." Transcript 49:7–12 (May 20, 2025). Weeks appeared for approximately twenty-four minutes on "Decentralize.TV" and sat for an interview about this case.[1] Again, Weeks has continued to disregard the Court's orders, despite numerous stern warnings.

## II.   Weeks' arguments regarding drug testing are misleading.

In addition, Weeks contends that his previous positive test for cocaine usage was an "unsupported allegation." He demands production of the supporting documentation for this test from the Government. Def. Supp. Sub. at 2. The allegation is supported by laboratory testing as confirmed by one of the supervising pretrial services officers in the Southern District of Florida, as discussed in the Government's August 12, 2025 letter brief. Ltr. Br. at 2.

Weeks states that a recent test of hair taken from his head "detected no presence of cocaine or any controlled substance." Def. Supp. Sub. at 3. The Court should not credit the "hair-follicle" test that Weeks submits as Exhibit A, except to show Weeks' continued attempts to deceive the Court and Pretrial Services. Based on Weeks' submission, he ordered the hair test from Laboratory Corporation of America Holdings ("Labcorp"), and the sample was taken on November 4, 2025. Def. Supp. Sub. Ex. A at 1. Weeks claims that "hair testing provides a retrospective window of approximately *twelve months* of substance exposure." Def. Supp. Sub. at 3 (emphasis added).

The website of the very same testing service Weeks used, however, states that "hair follicle drugs of abuse testing offers up to a *90-day window for detection* of drug use."[2] The website provides further detail about the "drug detection window," stating

---

[1] DECENTRALIZE TV, *Joby Weeks on Defending Against DOJ Indictment and Exposing Government Overreach*, at 6:37–30:41 (Aug. 26, 2025 at 3:42:05 PM), https://decentralize.tv/Posts/2025-08-26-decentralized-tv-joby-weeks-on-defending-against-doj-indictment-exposing-government-overreach.html.

[2] LABCORP, *Hair Drug Testing*, https://www.labcorp.com/organizations/capabilities/employee-testing-wellness/pre-employment-drug-testing/hair-drug-testing (last visited Nov. 24, 2025) (attached as Ex. 1) (emphasis added).

that the time frame of effective testing varies based on a range of factors, such as hair growth. Weeks tested positive for cocaine in May 2025, over five *months* prior to the taking of his hair sample—far outside the detection range for a hair test as stated by Labcorp's website itself. Tellingly, in his submission Weeks never denies that he ingested cocaine, he merely asserts that the hair test "confirm[s] that no controlled substances were present at any time within the detectable range." Def. Supp. Sub. at 3.

Weeks also repeatedly demands that the Government produce documentation of the testing performed by Pretrial Services, citing Rule 16. There is no legal basis to demand production of this test from the U.S. Attorney's Office or prosecution team, however. The U.S. Pretrial Services Agency, like the U.S. Probation Office, is an arm of the U.S. Courts, not the Executive Branch. *See United States v. Loza-Gracia*, 670 F.3d 639, 643 (5th Cir. 2012) ("Unlike the U.S. Attorney's Office, which is organized under the executive branch of the federal government, 'the United States Probation Office is a branch of the federal judiciary and 'an investigatory and supervisory arm' of the sentencing court.'") (citations omitted). Accordingly, the U.S. Attorney's Office does not possess notes, documents, and other investigatory materials within the custody of the Pretrial Services Agency. If Weeks wants to access these documents, he must request them from Pretrial Services or seek a court order instructing Pretrial Services to produce the documents.

In any case, production of the lab reports is not necessary to revoke Weeks' pretrial release. He has demonstrated repeatedly that he refuses to comply with the conditions imposed by the Court beyond drug testing. The positive test, obtained in the regular course by Pretrial Services, and Weeks' attempt to deceive the court by offering an ineffective hair test, are reason enough to continue the drug testing condition until Pretrial Services concludes that less frequent testing is appropriate.

## III. Weeks' additional arguments are improper and fail to justify loosening the conditions of release.

Finally, Weeks submits a fifteen-page exhibit that attempts to attack assertions made by the Government regarding detention in its original submission from 2020. Def. Supp. Sub., Ex. F. Weeks' submission is an inappropriate attempt to continue his repeated filing of lengthy and duplicative motions, which the Court has already directed Weeks to cease, citing the Local Rules. *See* Text Order regarding Motion for Reconsideration (ECF No. 508) ("Weeks' motion . . . exceeds the page limit set forth in the Local Rules. . . . Defendant shall note that he may not extend the page limit by including argument in attached exhibits."). Weeks' submission relies upon his own interpretation of evidence proffered by the Government in 2020. The Government stands by its proffered evidence, which shows Weeks' means and possible desire to flee as of that time.

Putting aside the details of the parties' previous bail litigation, Weeks' argument is insufficient to reopen the question of conditions of release when he has repeatedly violated the conditions imposed by the Court since the original decisions regarding detention were made over five years ago. *See Johnson*, 2022 WL 375319 at *2; *United States v. Merola*, 2008 WL 4449624, at *2 (D.N.J. Sept. 30, 2008) (denying motion for reconsideration of "strict provisions" of release including "24-hour home incarceration"); *United States v. Caldwell*, Crim. Action No. 21-181 (CKK), 2022 WL 168343, at *6 (D.D.C. Jan. 19. 2022) ("New and material information . . . consists of something other than a defendant's own evaluation of his character or the strength of the case against him; instead, it must consist of truly changed circumstances, something unexpected, or a significant event."). Indeed, Judge Cecchi has now denied Weeks' motion to withdraw his guilty plea, Opinion & Order at 19, ECF No. 497 (Oct. 8, 2025), and a presumption of detention now applies, 18 U.S.C. § 3143(a)(1),[3] which Weeks cannot overcome by clear and convincing evidence.

## IV.  Conclusion

Weeks continues to thumb his nose at the Court's orders. The Court should deny Weeks' motion to modify the conditions of his release. The Government respectfully requests that the Court instead hold a bail review hearing and revoke release based on Weeks' multiple prior violations and order him detained pending sentencing.

Respectfully submitted,

TODD BLANCHE
United States Deputy Attorney General

ALINA HABBA
Acting United States Attorney
Special Attorney

By:    Trevor A. Chenoweth
       Robert Taj Moore
       Assistant U.S. Attorney

(Attachment)

cc:    Ernesto Cerimele, Esq.

---

[3] Weeks' filing of a motion for reconsideration of Judge Cecchi's decision, Mot. Reconsideration, ECF No. 511 (Oct. 30, 2025), does not change the standard under § 3143.