

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, 7th floor*　　　　　　　　　　　　　　　　　　973-645-2700
*Newark, New Jersey 07102*

November 26, 2025

<u>**Via ECF**</u>

Hon. Michael A. Hammer
United States District Judge
Martin Luther King, Jr. Federal Building
  & United States Courthouse
50 Walnut Street
Newark, New Jersey 07101

　　　　Re:　<u>United States v. Jobadiah Sinclair Weeks</u>
　　　　　　Crim. No. 19-00877 (CCC)

Dear Judge Hammer:

　　　The Government submits this letter brief in response to Jobadiah Sinclair Weeks's ("Weeks" or the "Defendant") "supplemental letter-motion regarding outstanding discovery and asset-custody clarification." ECF No. 513. In short, the Government opposes the Defendant's requests on the merits, and respectfully highlights that Weeks has pending before the Honorable Claire C. Cecchi a motion for reconsideration, in which the Defendant makes substantially similar arguments regarding claimed outstanding discovery and asset-custody information. <u>See</u> ECF No. 511 (where the Defendant refers back to several motions to compel discovery, including ECF Nos. 402, 403, and 406). As a result, the Defendant's motion does not appear to be appropriately presented to Your Honor, and should be denied on that basis alone.

　　　In Weeks's pending motion for reconsideration, which relates back to several motions the Court previously denied, ECF No. 497, Weeks argues, among other things, that the Court should compel discovery of a variety of documents, including Department of Justice records that might relate to the Government's charging rationale and other documents previously disclosed to prior counsel. <u>See</u> <u>generally</u> ECF No. 511. The Government replied to Weeks's reconsideration motion on November 19, 2025. To the extent Weeks believes the motion currently before Your Honor must be reviewed by the judiciary, it is the Government's view that the request would be properly presented to Judge Cecchi, who is already reconsidering

substantially similar and overlapping claims. The Defendant's decision to seek an opinion from a different judge would only muddy the water and create confusion regarding what is and is not authorized in this case. This is not an "administrative clarification of discovery." ECF No. 513. This motion does exactly what the Defendant claims it does not do – it "request[s] modification or reconsideration of [Judge Cecchi's] ruling." Id.

This appears to be an attempt on the Defendant's part to achieve two goals, both of which are illegitimate: (1) pose substantially similar questions to different judges in an attempt to get different instructions; and (2) side step the Court's October 22, 2025 instruction to Weeks that his reconsideration motion not exceed 15 pages. See ECF No. 508. By splitting his response in two, and sending different parts to different judges, Weeks seeks to ignore the Court order and aims to create conflicting opinions so he might be able to generate openings for future frivolous filings. Your Honor should deny the motion and defer to the pending outcome of Weeks's reconsideration motion, which makes substantially similar arguments and is appropriately before the Honorable Claire C. Cecchi.

Very truly yours,

TODD BLANCHE
U.S. Deputy Attorney General

ALINA HABBA
Acting U.S. Attorney
Special Attorney

By:  */s/ Robert Taj Moore*
Trevor A. Chenoweth
Robert Taj Moore
Assistant U.S. Attorney

cc:   Ernesto Cerimele, Esq.