UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.

MATTHEW BRENT GOETTSCHE,
RUSS ALBERT MEDLIN,
JOBADIAH SINCLAIR WEEKS,
JOSEPH FRANK ABEL, and
SILVIU CATALIN BALACI,

    *Defendants.*

Case No. 19-cr-00877-CCC

# MEMORANDUM IN SUPPORT OF REQUEST FOR COMPLIANCE WITH THE CRIME VICTIMS' RIGHTS ACT

RECEIVED

DEC 05 2025

AT 8:30
CLERK, U.S. DISTRICT

Peter Katz, Esq.
Law Offices of Peter Katz, LLC
116 Village Blvd., 2nd Floor
Princeton, NJ 08540
(609) 734-4380
peter@pkatzlegal.com
*Attorney for M.H.*

December 5, 2025

The undersigned submits this memorandum on behalf of *M.H.*, whose identity is known to the United States, a victim of the offenses charged in the above captioned case, to respectfully request that the Court immediately set a reasonable trial schedule to comply with the statutory requirements of the Crime Victims' Rights Act ("CVRA").

**I. BACKGROUND**

From at least in or around April 2014 through in or about December 2019, the defendants: Matthew Brent Goettsche, Russ Albert Medlin, Jobadiah Sinclair Weeks, Joseph Frank Abel, and Silviu Catalin Balaci promoted, owned, and operated BitClub Network ("BCN") (Defendant Medlin has not been arrested and remains a fugitive). The allegations in the indictment make clear that the defendants worked together to defraud numerous victims – including *M.H.* – out of approximately 100,000 Bitcoin. At the time of the Indictment – exactly 6 years ago today – those Bitcoin were valued at approximately $722 Million. Today, the value is approximately $9 Billion. *M.H.* invested a total of approximately 2285 Bitcoin with a 2019 approximate value of $16.26 Million and a current value of approximately $211 Million.

On December 5, 2019, a Grand Jury in this District indicted the defendants, charging them in Count One with Conspiring to Commit Wire Fraud, in violation of 18 U.S.C. § 1349, and in Count Two with Conspiring to Offer and Sell Unregistered Securities, in violation of 18 U.S.C. § 371, as well as a Forfeiture Allegation as to Count One, which included Specific Property to be Forfeited.

Shortly thereafter, the Federal Bureau of Investigations ("FBI") reached out to the public to help it identify victims of the scheme. The FBI established the "BitClub Network Victim Questionnaire" (the "Questionnaire") and asked victims to complete it and submit it to a dedicated FBI-established email address used solely for that purpose.

On December 19, 2019, *M.H.* completed each and every section of the Questionnaire and submitted it (along with supporting documentation) to the FBI email address demonstrating that *M.H.*'s BCN account contained Bitcoin with a then total value of approximately $16.26 Million. Therefore, *M.H.* is a crime victim as that term is defined in the CVRA at 18 U.S.C. § 3771(e)(2)(A), the Mandatory Victim Restitution Act ("MVRA") – 18 U.S.C. § 3663A(a)(2), and the Victim and Witness Protection Act ("VWPA") – 18 U.S.C. § 3663(a)(2). *M.H.* has a legal interest in any forfeitable property under 21 U.S.C. § 853(n) and a right to restitution under 18 U.S.C. §§ 3663, 3663A, and 3771.

On July 9, 2020, Defendant Balaci entered a guilty plea to a single-count information charging him with conspiracy to: (1) commit wire fraud, in violation of 18 U.S.C. § 1343, and (2) promote the sale of an unregistered security, in violation of 15 U.S.C. §§ 77e and 77x, all in violation of the general conspiracy statute, 18 U.S.C. § 371.

On September 3, 2020, Defendant Abel enter a guilty plea to a single-count information charging him with willfully filing a false tax return, in violation of 26 U.S.C. § 7206(1).

On November 5, 2020, Defendant Weeks enter a guilty plea to a single-count information charging him with willful tax evasion, in violation of 26 U.S.C. § 7201.[1]

Therefore, as of November 5, 2020, the only remaining, pending defendant was Matthew Goettsche.

On December 9, 2020, the government filed its First Forfeiture Bill of Particulars which listed additional property of the defendants that was subject to forfeiture.

On March 25, 2021, the government filed its Second Forfeiture Bill of Particulars which listed additional property of the defendants that was subject to forfeiture.

On July 22, 2021, the government filed its Third Forfeiture Bill of Particulars which listed additional property of the defendants that was subject to forfeiture.

On November 9, 2022, the government filed its Fourth Forfeiture Bill of Particulars which listed additional property of the defendants that was subject to forfeiture.

On January 5, 2023, the government filed its Fifth Forfeiture Bill of Particulars which listed additional property of the defendants that was subject to forfeiture.

A rough estimate of the current collective value of all the forfeitable property is between $450 Million and $550 Million.

During the pendency of the case there have been approximately 34 Orders of Excludable Delay. It appears that based upon a review of the Court's online record system, PACER, this case has been pending longer than virtually any other active, non-fugitive, pre-plea criminal case in the District.

As of the date of this filing, it does not appear that a motion or trial schedule has been set by the Court.

---

[1] Weeks subsequently moved to withdraw his guilty plea in February 2025; however, Your Honor has denied the motion. See Docket No. 497.

## II. LEGAL STANDARD

### A. The Victim's Rights Under the Crime Victims' Rights Act

The CVRA guarantees crime victims, among other rights:

- The right to full and timely restitution as provided in law (§ 3771(a)(6));
- The right to proceedings free from unreasonable delay (§ 3771(a)(7)); and
- The right to be treated with fairness and with respect for the victim's dignity and privacy (§ 3771(a)(8)).

The statute charges the District Court with ensuring that the victims of crime are afforded these rights, and the court must state the reasons for any decision denying relief sought under the provisions of the CVRA on the record. 18 U.S.C. § 3771(b). "Although the statute primarily tasks the court with the responsibility of securing these rights, prosecutors and other relevant agents of the Department of Justice are commanded to 'make their best efforts to see that crime victims are notified of, and accorded' their rights under the CVRA. *United States v. Rubin,* 558 F. Supp. 2d 411 (EDNY 2008), *quoting* 18 U.S.C. § 3771(c)(1).

Once a victim has asserted a violation of a right guaranteed by the CVRA, the district court must take up and decide any such motion "forthwith." 18 U.S.C. § 3771(d)(3).

## III.  REQUEST FOR RELIEF

The 6-year, prolonged inaction and delay has effectively deprived *M.H.* from (1) asserting legal interest in the forfeited property, (2) full and timely restitution, (3) a reasonably speedy resolution, and (4) being treated with fairness and respect for dignity. Such a delay (6 years and counting, without any known end in sight) violates the CVRA's guarantee of proceedings free from unreasonable delay. 18 U.S.C. § 3771(a)(7). Each additional day the criminal matter is stalled compounds the prejudice to *M.H.* (and the myriad of other BCN

victims) and erodes the very rights Congress sought to protect. *M.H.* should be made whole for the significant financial harm caused as soon as reasonably possible.

In *United States v. Gibbs*, the Court denied a motion to continue by the defendant on the basis that he had already been granted a continuance of a year and "further delaying the trial would ... deny the alleged victims in this case their 'right to proceedings free from unreasonable delay.'" 2025 US Dist LEXIS 72245, at 5-6 (D. Del., Apr. 16, 2025).

In *United States v. Turner*, 367 F. Supp. 2d 319 (EDNY 2005), in one of the first published decisions about the then-newly passed CVRA, Magistrate Judge Orenstein noted "that the Senate sponsors of the CVRA were explicit in their view that the statutory right to proceedings free from unreasonable delay neither 'curtail[s] the Government's need for reasonable time to organize and prosecute its case' nor 'infringe[s] on the defendant's due process right to prepare a defense.' On the other hand, delays for other reasons, particularly 'for the mere convenience of the parties must take into account the victim's countervailing interest in a speedy trial." Id. at 43-44, quoting Senate Debate at S4268-69 (statement of Sen. Kyl). Judge Orenstein acknowledged that "[u]nder the statute's phrasing... a victim could...object to scheduling decisions on the ground that the resulting delay would be unreasonable." Id. at 44.

Here, *M.H.* – a statutory crime victim – is not opposed to *reasonable* delays so that Justice may be meted out. That said, any further delay without a motion or trial schedule at this 6th anniversary of the Indictment, cannot be considered reasonable. There is no doubt that the BCN fraud was complex. However, it does not appear to be any more so than a myriad of other crypto-based frauds which were all resolved in significantly less time than BCN.

Below is a partial list of similar cases that were charged long after the instant Indictment and have been resolved either by plea or trial in far less than the 6-years and counting in the instant case.

- **United States v. Sam Bankman-Fried**, No. 1:22-cr-00673-LAK (S.D.N.Y.): The founder of the FTX cryptocurrency exchange was indicted in December 2022, convicted at trial in November 2023, and sentenced in March 2024 – approximately fifteen months after indictment.

- **United States v. Do Kwon**, No. 1:23-cr-00151-PAE (S.D.N.Y.): Kwon, founder of Terraform Labs, was charged in March 2023 based on allegations involving tens of billions in investor losses. A superseding indictment was filed in January 2025, and he pleaded guilty in August 2025. A Consent Preliminary Order of Forfeiture in the amount of $19,286,774.86 was entered, and sentencing is currently scheduled for December 2025 – placing the case on track for resolution within approximately three years from commencement.

- **United States v. Alexander Mashinsky**, No. 1:23-cr-00347-JGK (S.D.N.Y.): The former CEO of Celsius Network was indicted in July 2023, pleaded guilty in December 2024, and was sentenced in May 2025, resolving the case in under two years.

- **United States v. Karl Sebastian Greenwood (OneCoin)**, No. 1:17-cr-00630-ER (S.D.N.Y.): Greenwood was charged in connection with the multibillion-dollar OneCoin fraud in April 2020 and was sentenced in September 2023, concluding the matter in just over three years.

- **United States v. Avraham Eisenberg**, No. 1:23-cr-00010-AS (S.D.N.Y.): Eisenberg was indicted in January 2023 for manipulating the Mango Markets exchange and illicitly obtaining $110 million. He was convicted in April 2024 and sentenced in April 2025; however, on May 23, 2025, the court later acquitted him and vacated the conviction, bringing the matter to final resolution within approximately two years.

- **United States v. Anton and James Pere Bueno**, No. 1:24-cr-00293-JGLC (S.D.N.Y.): The Pere Bueno brothers were arrested in May 2024 for an unprecedented exploit of the Ethereum blockchain involving $25 million in stolen assets. Their case proceeded to trial in November 2025 – within eighteen months of arrest – though the trial ended in a mistrial.

- **United States v. Gutemberg Dos Santos (AirBit Club)**, No. 1:20-cr-00456-ER (S.D.N.Y.): Defendant Pablo Renato Rodriguez was indicted in August 2020 for operating a global crypto-based pyramid scheme and was sentenced in September 2023 (as the last non-cooperator sentenced), approximately three years after indictment.

- **United States v. Braden John Karony ET AL.**, No. 1:23-cr-00600-PKC (E.D.N.Y.): Karony, the former CEO of SafeMoon, was indicted in October 2023 on securities fraud, wire fraud, and money laundering charges. He is pending sentencing scheduled for January 2026, reflecting a timeline of roughly two years and three months from indictment to anticipated resolution.

- **United States v. Horst Jicha**, No. 1:24-cr-00015-AMD (E.D.N.Y.): Jicha was charged in January 2024 with securities fraud and related offenses tied to the USI Tech crypto-investment scheme. The case moved swiftly toward a March 2025 trial date, but Jicha fled while on release in October 2024, demonstrating that the matter reached trial posture within ten months.

- **United States v. Anatoly Legkodymov**, No. 1:23-cr-00017-PAC (S.D.N.Y.): Legkodymov, founder of cryptocurrency exchange Bitzlato, was indicted in January 2023 and pleaded guilty in July 2024, concluding the case within eighteen months of indictment.

As such, *M.H.* respectfully requests that the Court set a reasonable motion and trial schedule, consistent with the explicit terms of the CVRA.

Respectfully Submitted,

Peter Katz, Esq.
*Counsel for M.H.*