UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

United States of America
v.
Jobadiah Sinclair Weeks
Crim. No. 19-877 (CCC)

NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING MISAPPLICATION OF CASE LAW IN ECF 497

Defendant Jobadiah Sinclair Weeks respectfully submits this Notice of Supplemental Authority to assist the Court in its consideration of the pending Motion for Reconsideration (ECF 511). This filing is not a motion and seeks no additional relief. It is submitted solely to ensure that issues of law relevant to the Court's October 8, 2025 *Opinion and Order* (ECF 497) are properly preserved for the record and for any potential appellate review.

This Notice identifies several areas where controlling or closely analogous legal authority appears to have been misapplied or relied upon in factually distinct contexts. This clarification is offered only to assist the Court and to ensure an accurate legal framework.

**1. Securities Classification Under Howey and Related Authorities**

The *Opinion and Order* relies on *SEC v. W.J. Howey Co.*, 328 U.S. 293 (1946), together with *SEC v. Teshuater*, *SEC v. Shavers*, and *In re BitConnect Securities Litigation*, to conclude that BCN "mining-pool shares" constituted securities as a matter of law. Those cases involved:

- centralized managerial control,
- formal investment contracts,
- pooling of investor funds, or
- fixed, promised, or advertised returns.

Bitclub Network "shares," as described in the Indictment and Plea Agreement, lacked those features. In addition, the *Opinion and Order* applies strict-liability § 5 precedents (*SEC v. Current Financial Services*, *SEC v. U.S. Funding Corp.*) without first resolving the threshold Howey question of whether the instrument qualifies as a security at all—a determination that

Howey requires to be fact-specific. This notice is submitted solely to highlight that the cited authorities do not establish security status on the facts present here.

## 2. Selective-Prosecution Standard

The *Opinion and Order* concludes that Defendant's selective-prosecution challenge fails because he did not identify an impermissible classification and because other individuals were not charged.
However, the Supreme Court has repeatedly held that certain constitutional challenges—including selective prosecution—survive a guilty plea:

- *Blackledge v. Perry*, 417 U.S. 21 (1974)
- *Menna v. New York*, 423 U.S. 61 (1975)
- *Class v. United States*, 583 U.S. 285 (2018)

These authorities clarify that a guilty plea does not bar claims that challenge "the Government's power to prosecute at all." This notice is submitted solely so that the applicable standard is preserved in the record.

The Opinion also relies on general plea-withdrawal authorities (e.g., Brown, King, Siddons), which do not address the distinct constitutional sequencing issues identified here.

## 3. Brady/Giglio Framework and Distinction From Work-Product Cases

The *Opinion and Order* relies on *Gov't of the Virgin Islands v. Fahie* and *United States v. Armstrong* to hold that certain materials—including SARs, MOIs, and the October 8, 2020 Grand Jury Evaluation Memorandum—were not required to be disclosed. Those authorities concern deliberative prosecutorial work product, not factual investigative materials, which are subject to disclosure under *Brady*, *Giglio*, and *United States v. Perdomo*, 929 F.2d 967 (3d Cir. 1991). This distinction is noted here only to ensure clarity in the applicable legal standard.

## 4. Post-Plea Motions Under Miller

The *Opinion and Order* cites *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), to conclude that certain post-plea motions cannot proceed. *Miller*, however, applies only after a plea is determined to be valid. Where the validity of the plea itself is under challenge—on Rule 11, voluntariness, or constitutional grounds—*Miller* does not foreclose additional motions. This supplemental authority is offered solely to preserve the correct sequencing of analysis.

**5. Characterization of Defendant's Jurisdiction Arguments**

The *Opinion and Order* cites sovereign-citizen cases such as *United States v. Burris*, *Wiggins*, and *Murakush Caliphate* to characterize Defendant's jurisdiction-related filings. Defendant did not raise sovereign-citizen theories; his arguments concerned misidentification and agency, not personal sovereignty. For clarity, Defendant notes that Dkt. 397 — the filing cited in part by the Government in support of that characterization — was withdrawn and appeared twice on the docket due to clerical duplication.

This clarification is provided solely so that the record accurately reflects the arguments presented.

**Conclusion**

This Notice is submitted only to ensure that the Court has the benefit of the controlling authorities implicated by the issues addressed in ECF 497 and to preserve those issues for any reviewing court. Defendant does not request any additional relief beyond what is already set forth in his pending Motion for Reconsideration (ECF 511).

/s/ Jobadiah Sinclair Weeks
Jobadiah Sinclair Weeks
Defendant, pro se
Address on file with Pretrial Services
Date: December 18, 2025

Signed by:
Joby Weeks
87866A420DB4490...