UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**United States of America**
 v.
**Jobadiah Sinclair Weeks**, et al.

Case No. 2:19-cr-877 (CCC)

**NOTICE REGARDING PENDING RECORD-CLARIFICATION AND SUPERVISORY ISSUES**

Defendant Jobadiah Sinclair Weeks respectfully submits this Notice to apprise the Court of certain unresolved procedural matters previously identified by the Court and to seek guidance as to their orderly resolution.

This filing is submitted in a non-adversarial posture. It is not a motion, does not seek substantive relief, and is intended solely to assist the Court in managing the record and exercising its supervisory authority in a manner consistent with judicial economy and orderly administration.

**I. Procedural Background**

1. On October 3, 2025, the Court requested further action concerning unsealing and related record-integrity issues.

2. On October 8, 2025, the Court issued its Opinion and Order addressing those matters.

3. On December 3, 2025, Defendant submitted his response, completing the record as contemplated by the Court's Order.

4. A petition for writ of mandamus addressing overlapping issues of record access and supervision is presently pending before the United States Court of Appeals for the Third Circuit.

5. Since the December 3 submission, no further direction or ruling has been issued with respect to these matters.

## II. Clarification of the Present Posture

Defendant wishes to clarify the limited scope and purpose of this Notice.

First, Defendant is not requesting the return, valuation, or disposition of any assets at this time. Defendant likewise does not seek to reopen discovery, expand the evidentiary record, or obtain determinations on contested factual matters.

Second, the case has reached a procedural juncture at which further progress depends on court-directed clarification to ensure an orderly and reviewable record. Certain custody- and record-related issues identified in the Court's October 8 Opinion and Order remain unresolved, and the parties lack guidance as to the appropriate procedural path forward.

Third, this posture does not reflect a dispute between the parties. Defendant has completed the briefing requested by the Court, and the Government's position similarly depends on judicial direction. Absent such guidance, neither party can responsibly proceed, and the appellate proceedings presently pending likewise remain contingent on district-court action.

## III. Significance of the Unresolved Issues

The unresolved matters do not involve a purely ministerial or de minimis record concern. As reflected in prior filings on the docket, they relate to digital-asset custody and associated records of substantial scope, the precise contours of which cannot be confirmed absent judicial supervision.[1]

Given the characteristics of such assets—including volatility, traceability, and custodial sensitivity—continued uncertainty regarding the status of the record and the assets addressed therein has practical consequences independent of the merits. Judicial clarification at this stage would assist in ensuring that the record before this Court, and any reviewing court, rests on a defined and reliable footing.

### III.A. Discrete Issues Remaining Unresolved

Without seeking adjudication of disputed facts, Defendant notes that several discrete issues identified in prior filings and in the Court's October 8 Opinion and Order remain unresolved in the absence of further guidance, including:

---

[1] See Defendant's Motion to Unseal Search Warrant Materials and to Compel Production of Chain-of-Custody, Forensic, and Asset-Handling Documents, Dkt. 477 (Aug. 28, 2025), which discusses the magnitude of the seized digital assets in the context of missing inventories and unresolved custody records. Defendant does not request that the Court adopt any specific figure at this stage and cites that filing solely to illustrate why judicial supervision and record clarification are required.

- the scope of assets subject to continued government custody, as distinct from assets no longer relied upon for any articulated forfeiture or evidentiary purpose;

- the status and completeness of custody, transfer, and reconciliation records sufficient to permit record certification;

- the treatment of materials previously referenced under seal, including whether such materials remain operative for purposes of sentencing history or appellate review; and

- the appropriate supervisory locus for limited administrative reconciliation where factual clarification is required but merits adjudication is not sought.

Several of these record-clarification and custody-related issues are also the subject of pending, limited requests before the Magistrate Judge, framed to proceed under the Court's supervisory authority and directed solely to administrative reconciliation and discovery completeness. Their continued pendency further illustrates that meaningful progress now depends on district-court guidance as to scope, sequencing, and record posture, rather than on further party-driven submissions.[2]

### IV. Effect of Continued Pendency

In the absence of further guidance:

- the record cannot be confirmed as complete for purposes of review;

- the status of certain custody-related matters remains indeterminate; and

- the parties and the Court of Appeals remain dependent on district-court clarification that has not yet occurred.

This Notice is submitted to avoid unnecessary procedural drift and to facilitate orderly resolution consistent with the Court's prior engagement with these issues.

### V. Request for Guidance

Defendant respectfully requests only that the Court provide guidance as to how the unresolved matters identified in the October 8, 2025 Opinion and Order, and implicated in the pending appellate proceedings, are to be addressed, so that the parties and any reviewing court may proceed in an orderly and informed manner.

No substantive outcome is sought by this filing.

---

[2] See Defendant's supplemental letter-motions and related submissions directed to Magistrate Judge Hammer seeking limited administrative clarification of discovery completeness and asset-custody records. Those submissions do not request substantive relief and are framed to proceed under the Court's supervisory authority.

**VI. Reservation of Rights**

Defendant reserves all rights with respect to pending motions, appellate proceedings, and any future relief that may become appropriate. This Notice is submitted in good faith to assist the Court and is not intended to waive or prejudice any position.

Respectfully submitted,

/s/ Jobadiah Sinclair Weeks
Jobadiah Sinclair Weeks
Pro Se Defendant

Address on file with Pretrial Services

Dated: January 30, 2026

Signed by:
Joby Weeks
87866A420DB4490...