**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JOBADIAH SINCLAIR WEEKS,<br><br>        Defendant. | Criminal Action No. 19-877<br><br>**OPINION & ORDER** |

**CECCHI**, **District Judge.**

Before the Court is pro se defendant Jobadiah Sinclair Weeks' ("Weeks" or "Defendant") motion for reconsideration, ECF No. 511, of the Court's Opinion and Order dated October 8, 2025 (the "Opinion and Order"), which denied Defendant's motion to withdraw his guilty plea and other various motions, *see* ECF No. 497. The Government opposed Defendant's motion, ECF No. 522, and Defendant replied, ECF No. 534. Also before the Court is Defendant's motion to seal, ECF No. 466, and the parties' supplemental submissions, ECF Nos. 510, 512, which respond to the Court's orders regarding the issue of sealing, ECF Nos. 497, 508. Additionally, Defendant has filed a motion to compel production and to correct the record, ECF No. 503; a supplemental motion for return of property, ECF No. 520; a motion to supplement the record, ECF No. 535; a notice of supplemental authority, ECF No. 542; and a letter requesting case scheduling, ECF No. 546. The Court has considered the parties' submissions, and for the reasons expressed below, Defendant's motions are denied, and certain filings stipulated to by the parties shall be unsealed.

I.    **BACKGROUND**

The Court refers to the Opinion and Order for a complete background of this case, and otherwise assumes familiarity.  For purposes of this motion, the following procedural history is relevant.

On October 8, 2025, the Court denied Defendant's motion to withdraw his guilty plea, and addressed numerous other motions filed by Defendant.  ECF No. 497.  The Court denied all but one of Defendant's motions:  the motion to seal, ECF No. 466.  *Id.* at 23.  The Court reserved ruling on Defendant's motion to seal and directed the parties to file a joint letter stipulating to or setting forth arguments regarding which sealed documents should remain sealed or be unsealed. *Id.*

On October 17, 2025, Defendant filed a motion for reconsideration, which exceeded the page limit set forth in Local Rule 7.2(b).  *See* ECF No. 500; *see also* ECF No. 508.  The Court directed Defendant to file an amended motion for reconsideration that complies with the Local Rules.  ECF No. 508.  On October 30, 2025, Defendant filed a compliant motion for reconsideration, which "supersedes ECF No. 500 in its entirety."  ECF No. 511 at 1.  In response to the Court's order requiring a joint letter addressing issues of sealing, the parties filed separate letters setting forth their positions.  *See* ECF Nos. 510, 512.

Since the Opinion and Order was issued, Defendant has submitted numerous additional submissions with this Court, in addition to several filings requesting relief from Magistrate Judge Michael A. Hammer.  *See* ECF Nos. 503, 520, 535, 542, 546.  The Court notes that several of Defendant's motions are repetitive, seek to supplement his prior motions, or both, despite prior warnings.  Nonetheless, the Court has reviewed all of Defendant's submissions.

## II.    DISCUSSION

### A.  Motion for Reconsideration

Motions for reconsideration are filed pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1(i), which allow a party to seek reconsideration of matters the party believes the judge has "overlooked."  *See Shore Options Inc. v. Great Am. Ins. Grp.*, No. 20-3835, 2021 WL 2103260, at *2 (D.N.J. May 25, 2021).  Local Civil Rule 7.1(i) applies to criminal cases in the District of New Jersey.  *See* L. Crim. R. 1.1.  "The standard for reargument is high and reconsideration is to be granted only sparingly."  *Yarrell v. Bartkowski*, No. 10–5337, 2012 WL 1600316, at *3 (D.N.J. May 7, 2012).  To be successful on a motion for reconsideration, a petitioner has the burden to demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Shore Options*, 2021 WL 2103260, at *2 (alteration in original) (quoting *Max's Seafood Cafe ex. rel. Lou–Ann v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).  Mere disagreement with the Court's decision is not a basis for reconsideration.  *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999); L. Civ. R. 7.1(i).

Defendant's motion for reconsideration is difficult to parse and includes a number of overlapping requests, many of which seek "clarifications," "corrections," or the production of documents from the Government.  Defendant does not frame all of his requests within the governing standard for reconsideration, i.e., by demonstrating that the Court's prior rulings were clearly erroneous, caused a manifest injustice, or that new evidence or intervening law warrants relief.  The Court treats Defendant's motion as one seeking reconsideration only, and will not consider extraneous requests for relief that Defendant has previously raised and that the Court has

already denied.  Based on Defendant's briefing, the Court liberally construes his motion to seek reconsideration of the Court's denial of his motion to withdraw his guilty plea, ECF No. 401; motions for return of seized property, ECF Nos. 446, 448, 486; and discovery motions, ECF Nos. 402, 403, 406, 477.

### 1.  Reconsideration of the Motion to Withdraw Defendant's Guilty Plea

Defendant appears to make four arguments in support of his motion to reconsider the Court's denial of his motion to withdraw his guilty plea:  (1) the Court relied on documents that were not in the record, which he contends makes the Court's resulting rulings invalid; (2) the Court overlooked evidence of coercion; (3) the Court retroactively applied new interpretations of the law that did not apply to Defendant at the time of his conduct; and (4) Defendant lacks access to discovery he deems necessary to "verify the plea's factual basis."[1]  ECF No 511 at 5; *see generally* ECF No. 511.  The Court will address each in turn.

First, Defendant argues that the Court relied on documents that are not publicly filed or that he otherwise does not have in his possession, which he considers a clear error of law. Specifically, Defendant points to the transcript of his plea hearing, the transcript of his *Faretta* hearing, an "August 12, 2020 letter or proffer," and "the IRS-CI SAR summary and related internal investigative exhibits cited as Dkt. 1 at 12."  ECF No. 511 at 3–4.

The Court did not rely on an "August 12, 2020 letter or proffer" in reaching any of its holdings, *see* ECF No. 497 at 17, and the other materials referenced are and were available to Defendant to review.  Copies of the plea hearing transcript and the *Faretta* hearing transcript "may be obtained from the court reporter or transcriber at the rates established by the Judicial

---

[1] Defendant also mentions, without elaboration, that the Opinion and Order "omitted the *Jones* prejudice prong."  ECF No. 511 at 7.  To the extent Defendant is referring to the prejudice prong of the standard for withdrawing a guilty plea, *see United States v. Jones*, 336 F.3d 245, 255 (3d Cir. 2003), the Court sufficiently discussed this prong in its Opinion and Order, *see* ECF No. 497 at 18–19.

Conference" by "any party or attorney of record" and anyone who visits the public terminals of the Clerk's Office, where the transcript can be made available for public inspection. *See* "Policy on the Electronic Availability of Transcripts of Court Proceedings."[2]  And the document that Defendant mistakenly refers to as "the IRS-CI SAR summary and related internal investigative exhibits cited as Dkt. 1 at 12" appears to be the Indictment, which is available to Defendant. *See* ECF No. 1.

Notwithstanding the fact that all materials relied upon by the Court were and are available to Defendant, Defendant has failed to demonstrate any clear error of law regarding his purported lack of access to documents.  Defendant contends that his lack of access to certain documents "violates the adversarial-record rule and constitutes a facial Rule 11(b)(3) error."  ECF No. 511 at 4.  Defendant neither defines the purported "adversarial-record rule," nor does the Court recognize such a doctrine.  A rule that appears not to exist cannot be a basis for reconsideration.  And Federal Rule of Criminal Procedure 11(b)(3) requires courts to "determine that there is a factual basis for the plea" "[b]efore entering judgment on a guilty plea."  Fed. R. Crim. P. 11(b)(3).  Defendant does not explain, and the Court does not discern, how his lack of access to these materials could have impaired the Court's ability to make that determination at his plea hearing.  Defendant also contends that *United States v. Dupree*, 617 F.3d 724, 732 (3d Cir. 2010) supports his position, but *Dupree* is not relevant to this issue.  *Dupree* addresses whether an argument must be raised in the district court to be preserved on appeal.  *See id.*  The decision has no bearing on whether the availability of documents to a criminal defendant affects the voluntariness of his guilty plea.  *See id.*

---

[2] Available at https://www.njd.uscourts.gov/sites/njd/files/PolicyETranscripts.pdf.

Most saliently, Defendant does not appear to dispute the substance of the proceedings in which he participated. At his plea hearing, he swore under oath he was guilty and that his plea was voluntary, and at his subsequent *Faretta* hearing, he knowingly waived his right to counsel. The mere fact that Defendant does not possess transcripts of those proceedings does not render their contents inaccurate or unreliable.

Second, Defendant argues that the Court overlooked conditions that coerced him to plead guilty. He argues that the Opinion and Order failed to discuss his conditions of confinement, denial of discovery access, communication restrictions, multiple transfers, limited counsel access, isolation from family, asset restraint, and refusal to release digital funds needed for counsel or bail. ECF No. 511 at 7–8. Defendant argues that his position is supported by *Machibroda v. United States*, 368 U.S. 487 (1962) and *Brady v. United States*, 397 U.S. 742 (1970), which, by Defendant's interpretation, deem the cumulative impact of these conditions coercive.

The Court did not, however, overlook the bases for coercion that Defendant raised in his motion to withdraw his guilty plea. In its Opinion and Order, the Court expressly considered and rejected each of Defendant's coercion arguments based on applicable law. *See* ECF No. 497 at 11–13. Defendant now largely reiterates his complaints about his conditions of confinement and adds a list of other generalized grievances that he did not raise as coercive in his original motion. "New arguments that could have been raised in [a party's] original motion are inappropriate grounds for reconsideration," and so the Court will not consider these additional grounds. *Denger v. Merret*, No. 08-3454, 2011 WL 5825971, at *4 (D.N.J. Nov. 16, 2011). In any event, these alleged harms, which are either routine aspects of criminal proceedings or unsupported assertions of misconduct, do not establish coercion, much less clear error of fact or law warranting reconsideration.

Moreover, Defendant is mistaken to the extent he suggests that *Machibroda* and *Brady* establish any clear error of law. In *Machibroda*, the Supreme Court held that a prosecutor's promise of a specific sentence, coupled with instructions to the defendant not to discuss this promise with his counsel, and threatening him for doing so, would, if true, render a guilty plea coerced. *See Machibroda*, 368 U.S. at 489–93. Defendant has not alleged, in either his original motion or his reconsideration motion, that anything similar transpired here. And in *Brady*, the Supreme Court held that a guilty plea is not coerced just because it was influenced by the fear of a possibly higher penalty—a holding that certainly does not support Defendant's position. *See Brady*, 397 U.S. at 750–51.

Third, Defendant argues that the Court retroactively applied new interpretations of the law that did not apply to Defendant at the time of his conduct. Specifically, Defendant argues that his conduct—which he describes as "peripheral promotional activity" causing no investor harm—was not subject to section 5 of the Securities Act at the time it occurred. ECF No. 511 at 9. Defendant states that "[b]etween 2014 and 2019—the conduct period—the United States lacked clear, publicly available guidance classifying participation in distributed-network mining or promotional activity as a securities or wire-fraud offense" and "[t]he absence of pre-2020 regulatory definitions deprived Defendant of constitutionally adequate notice and rendered any Rule 11 factual-basis finding incomplete." *Id* at 10–11.

Defendant's argument—which he made in his motion to withdraw his guilty plea—still fails. Count Two charges Defendant with conspiracy to commit an offense against the United States. *See* ECF No. 1. The "offense against the United States" here is offering and selling unregistered shares in violation of section 5 of the Securities Act, 15 U.S.C. § 77e and 77x. *See* ECF No. 1 at 15. As the Court explained in its Opinion and Order, Defendant was not indicted

based on a novel theory of securities law; he was charged with conspiring to offer and sell unregistered shares of BitClub Network ("BCN"), which are securities as defined by 15 U.S.C. § 77b(a)(1) and the *Howey* test, established in 1946. *See* ECF 497 at 8. Neither the facts nor the governing law have changed since the Court's Opinion and Order, and Defendant has failed to point to any clear error of law or fact that would warrant a different outcome.

Furthermore, Defendant admitted to conspiring to promote and sell shares in BCN mining pools, which he acknowledged, under oath, he knew were unregistered securities. At the plea hearing, the Government stated all the elements of Count Two, conspiracy to commit an offense against the United States (18 U.S.C. § 371), and the elements of the underlying offense, offering or selling unregistered securities (15 U.S.C. § 77e, 77x). *See* ECF No. 417-1 at 22:12–23:20. The Government clearly described the scienter element—that Defendant knew the securities were not registered—and Defendant testified that his conduct satisfied that element. *See* ECF No. 417-1 at 23:15–17 (describing the third element as "knowing that the securities were not registered and not exempt, . . . the Defendant willfully sold them or caused them to be sold to the public"); *id.* at 38:7–10 (Q: "Do you also agree that you knew at the time you and others were selling these shares that the sale of those shares was wrongful?" A: "Yes."). The Court then stated its findings based on Defendant's testimony, and accepted Defendant's plea. *Id.* at 43:10–44:2. Defendant has not offered any persuasive argument or evidence that such testimony was coerced, or that the Court or Government misstated the law at the plea hearing.[3]

---

[3] The Court notes that its Opinion and Order inadvertently referenced the civil standard for offering or selling unregistered securities. However, as explained above, at Defendant's plea hearing, the Court applied the criminal standard in determining, pursuant to Rule 11, that a sufficient factual basis existed for Defendant's guilty plea. Moreover, the reference to the civil standard was not outcome-determinative. Nonetheless, to clarify this issue, the Court issues an amended version of the Opinion and Order.

Fourth, Defendant argues that after his *Faretta* hearing, he was denied "access to prior-counsel files and Rule 16 and *Brady* materials necessary to verify the plea's factual basis," rendering "self-representation meaningless and the plea unknowing." ECF No. 511 at 5. This argument is unavailing. Given that Defendant's *Faretta* hearing occurred *after* he pleaded guilty, any alleged lack of access to discovery thereafter could not have affected the voluntariness of his plea. And to the extent Defendant argues that his plea may be withdrawn because he did not have access to documents *after* his plea, the Third Circuit has stated that a "knowing and voluntary plea constitute[s] a waiver of any right [a criminal defendant] may have had to receive documents." *United States v. Daisi*, 510 F. App'x 194, 196 (3d Cir. 2013).

For these reasons, Defendant's motion for reconsideration of the Court's denial of his motion to withdraw his guilty plea is denied.

### 2. Reconsideration of Motions for Return of Property

Defendant appears to make three arguments in support of his motion to reconsider the Court's denial of his motions to return property: (1) the Court denied these motions as moot, indicating that they were overlooked rather than adjudicated on the merits; (2) the Government did not respond to these motions; and (3) due-process concerns recognized in *Culley v. Marshall* support the return of his property.

First, Defendant argues that the Opinion and Order "declared numerous live motions 'moot' based solely on denial of plea withdrawal, sweeping in Rule 41(g) property-return and Brady and Rule 16 discovery requests that remain justiciable irrespective of a plea or conviction." ECF No. 511 at 6. Defendant contends that his property return motions were thus overlooked. *Id.* But the Court did not deny Defendant's property motions as moot; they were denied because a motion to return property "must be filed in the district where the property was seized," and

Defendant's property was not seized in this district. Fed. R. Crim. P. 41(g); *see also* ECF No. 497 at 19. Defendant makes no argument challenging this holding, and thus identifies no clear error of fact or law.

Second, Defendant appears to argue that his motions to return property should be granted because the Government did not respond to them. But "the Court need not grant [a] motion solely on the basis that it was not opposed." *Ali v. Hilton Gateway/ WIPC Mgmt.*, No. 05-2459, 2006 WL 8458200, at *1 (D.N.J. Mar. 28, 2006) (citing *Stackhouse v. Mazurkiewicz*, 951 F.2d 29 (3d Cir. 1991) (holding that a district court should not have granted a motion solely on the basis that it was unopposed)). Accordingly, the Government's lack of opposition does not, on its own, justify granting Defendant's motion.

Third, Defendant argues that the continued retention of his property "implicates the due-process concerns recognized in *Culley v. Marshall*, 144 S. Ct. 790 (2024) (Gorsuch, J., concurring)." ECF No. 511 at 14. However, in *Culley v. Marshall*, 601 U.S. 377 (2024), the Court held that in civil forfeiture cases, the Due Process Clause requires a timely forfeiture hearing, but not a preliminary hearing. Defendant's property was not seized under civil forfeiture laws, nor is he complaining about a lack of hearing. Therefore, *Culley* does not support Defendant's position.

Defendant makes no further arguments that the Court's denial of his motions to return property were clearly erroneous, or that new evidence or a change in law warrants reconsideration. In his reply brief, Defendant notes that he requests information from the Government, including the identity of custodians of certain property, the statutory basis for continued restraint of assets, and other information related to his seized digital assets. *See* ECF No. 534, Ex. A at 2. None of these requests fall within the scope of a motion for reconsideration, nor does Defendant provide any authoritative basis for his requests. Therefore, the Court will not consider these extraneous

requests, and Defendant's motion to reconsider the Court's denial of his motions for return of property is denied.

### 3. Reconsideration of Motions for Discovery

Defendant argues that the Court erred by denying his discovery motions as moot "based solely on denial of plea withdrawal," and that his motions should have been granted.  ECF No. 511 at 6.  He contends that the motions "remain[ed] justiciable irrespective of a plea or conviction," and that *United States v. Chambers*, 192 F.3d 374 (3d Cir. 1999) and "*United States v. Noel*, 708 F.3d 376 (3d Cir. 2013)" support this proposition.  As an initial matter, *Chambers* does not concern discovery, and the case citation for *Noel* appears to be incorrect.  To the extent Defendant refers to *United States v. Noel*, 905 F.3d 258 (3d Cir. 2018), that case likewise does not appear to be relevant to Defendant's arguments.

The only other argument Defendant offers, without elaboration, is that the Government has violated its *Brady* and Rule 16 obligations by failing to provide certain discovery.  Putting aside that Defendant has not explained any clear error of law or fact, Defendant's proposition is incorrect.  "There can be no violation of *Brady* unless the Government's non-disclosure infringes upon the defendant's fair trial right."  *Gov't of Virgin Islands in Int. of N.G.*, 34 F. App'x 417, 419 (3d Cir. 2002).  By pleading guilty, Defendant waived his right to trial, and so his right to a fair trial cannot be infringed.  Furthermore, the purpose of Rule 16 discovery is "to assist trial preparation."  *United States v. Worman*, No. 07-00040, 2007 WL 2221425, at *3 (E.D. Pa. Aug. 1, 2007) (citing *United States v. Wecht*, 484 F.3d 194, 209 (3d Cir. 2007)).  A defendant who has waived trial, therefore, does not require discovery to assist trial preparation.  *See United States v. Parsons*, No. 13-104, 2015 WL 898259, at *6 (E.D. Pa. Feb. 27, 2015) ("[S]ince Defendant will not be permitted to withdraw his guilty plea, there will be no trial in this case.  Therefore,

Defendant has no need for discovery to prepare his case."). Furthermore, Defendant has not provided any other authority that supports a right to discovery after pleading guilty. For these reasons, Defendant's argument fails.

Defendant also requests that the Government "certify or provide" various records to "permit verification of the factual basis and tax calculations." ECF No. 511 at 14. None of these requests fall within the scope of a motion for reconsideration, nor does Defendant provide any authoritative basis for his requests. Therefore, the Court will not consider these extraneous requests. For the reasons stated above, Defendant's motion to reconsider the Court's denial of his motions for discovery, ECF Nos. 402, 403, 406, 477, is denied.

### B. Request to Correct a Clerical Error

Although not relevant to his motion for reconsideration, Defendant includes in his motion a request to correct the record pursuant to Rule 36 and Local Rule 79.1. ECF No. 511 at 13. He contends that a "Notice of Dismissal of Counsel" dated January 22, 2025 was never filed on the docket. ECF No. 511, Ex. A. This issue appears to be resolved, given that this submission now appears on the docket. *See* ECF No. 552.

### C. Motion to Seal

Also before the Court is Defendant's motion to seal. ECF No. 466. Defendant filed subsequent letters expressing his intent to unseal the documents he previously sought to seal. *See* ECF Nos. 484, 489. Given the volume of submissions filed regarding sealing, the Court requested the parties' positions as to which sealed documents should be unsealed. *See* ECF No. 497 at 22. The parties submitted letters, and agreed that the following docket entries may be unsealed: ECF Nos. 448, 451, 452, 466, 467, and 468. *See* ECF Nos. 510, 512. Upon review of these submissions, and considering the parties' stipulations, the Court agrees that these documents shall be unsealed.

Accordingly, Defendant's motion to seal, ECF No. 466, is denied as moot, and ECF Nos. 448, 451, 452, 466, 467, and 468 shall be unsealed.

### D.  Other Submissions

Defendant has additionally filed a motion to compel production and to correct the record, ECF No. 503; a supplemental motion for return of property, ECF No. 520; a motion to supplement the record, ECF No. 535; a notice of supplemental authority, ECF No. 542; and a letter requesting case scheduling, ECF No. 546.  To the extent these submissions seek relief, they are denied.

ECF No. 503 and ECF No. 520 seek the same relief sought in his motion for reconsideration and prior motions.  *See* ECF No. 503 (seeking public filing of plea hearing transcript, *Faretta* hearing transcript, and Notice of Dismissal); ECF No. 520 (seeking return of property).  For the same reasons stated in this opinion and in the Court's prior Opinion and Order, these motions are denied.

Defendant also filed a motion to supplement the record, ECF No. 535, and a "Notice of Supplemental Authority," ECF No. 542.  Defendant notes that the "motion does not seek any determination on the merits of the pending motions," ECF No. 535 at 1, and the notice "is not a motion and seeks no additional relief," ECF No. 542 at 1.  Notwithstanding these statements, Defendant's submissions contain further argument in support of his motion for reconsideration and a recitation of alleged factual inconsistencies provided to "clarify" the record.  *See* ECF Nos. 535, 542.  Defendant cites no authority requiring the Court to take any action in response to these submissions.  Furthermore, Defendant did not seek leave to supplement his motion for reconsideration, and his filings violate the Court's order, which limited his motion to fifteen pages with double-spaced text, and set a due date of November 5, 2025.  *See* ECF No. 508.  Therefore, these submissions are not properly before the Court.  In any event, the Court notes that the

arguments contained in Defendant's supplemental filings are without merit, and would not change the outcome of this decision.

Lastly, Defendant filed a letter requesting "pretrial scheduling and discovery milestones." ECF No. 546.  As stated, Defendant has pleaded guilty, the Court has determined that his plea was valid, and so there will be no trial for which scheduling or discovery is needed.  Therefore, Defendant's request is denied.

III.    **CONCLUSION**

For the aforementioned reasons, the Court hereby denies Defendant's pending motions.

Accordingly, IT IS on this 4th day of February, 2026:

**ORDERED** that Defendant's motions (ECF Nos. 466, 503, 511, 520, 535) are **DENIED**; and it is further

**ORDERED** that ECF Nos. 448, 451, 452, 466, 467, and 468 shall be **UNSEALED**; and it is further

**ORDERED** that sentencing in this matter is scheduled for April 16, 2026 at 10:30 AM in the Martin Luther King Building and U.S. Courthouse, 50 Walnut Street, Courtroom 5B, before Judge Claire C. Cecchi.

**SO ORDERED.**

_/s/ Claire C. Cecchi_
**CLAIRE C. CECCHI, U.S.D.J.**