# KOBRE & KIM

800 Third Avenue
New York, New York 10022
www.kobrekim.com
Tel +1 212 488 1200

February 9, 2026

**VIA ECF**

Honorable Claire C. Cecchi
United States District Court
District of New Jersey
Martin Luther King Building
& U.S. Courthouse
50 Walnut Street Room 4015
Newark, NJ 07101

      Re:    *United States v. Goettsche*, 19-CR-877 (CCC)

Dear Judge Cecchi:

      Defendant Matthew Goettsche respectfully objects to the government's recent letter motion, Dkt. No. 556, which seeks to set trial for November 4, 2026, and to exclude time under the Speedy Trial Act through November 18, 2026.[1] For the reasons set forth below, the government's motion should be denied. Mr. Goettsche respectfully asserts his right to a speedy trial, and requests a hearing before the Court to set a reasonable trial date in June of 2026, as the interests of justice require. Once a firm trial date is set, no further continuances should be granted.

## DISCUSSION

      Simply put, there is no legal basis to support the government's continued request to delay trial. Whatever arguments the government once had, they have evaporated with the passage of time. From the vantage of 2026—more than six years after this case was first charged—it is clear the time has come for Mr. Goettsche to have his day in court.

      The Court initially designated this case "complex" on March 13, 2020, just a few months after the indictment was unsealed. *See* Dkt. No. 60 (citing 18 U.S.C. § 3161(h)(7)(B)(ii)). The Court referenced a number of factors that reasonably supported that conclusion *at the time*, such as (i) the number of defendants charged, (ii) the existence of novel questions of fact and law, and

---

[1] Counsel is unaware of any legal basis for excluding time under the Speedy Trial Act to a date certain *beyond* the date set for trial.

Americas (New York, Buenos Aires, Chicago, Delaware, Miami, San Francisco, São Paulo, Washington DC)
Asia-Pacific (Hong Kong, Seoul, Shanghai), EMEA (London, Tel Aviv), Offshore (BVI, Cayman Islands)

Kobre & Kim refers to Kobre & Kim llp, a New York Limited Liability Partnership.

Hon. Claire C. Cecchi
February 9, 2026
Page 2

(iii) the volume and complexity of discovery. *See id*. Notably, despite the government's best efforts to contort this case to fit into the framework set forth by *United States v. Scarfo*, 41 F.4th 136 (3d Cir. 2022), not a single one of those factors still exists today.

      First, it is clear that Mr. Goettsche will proceed to trial alone. One of his co-defendants remains incarcerated on unrelated charges overseas, and each of the remaining defendants have entered pleas and await sentencing. *See* Dkt. Nos. 112 (Balaci plea); 124 (Abel plea); 148 (Weeks plea). Second, while a cryptocurrency case may have presented unusually thorny questions in 2019, six years later, these issues are hardly novel. Finally, as the government itself has represented to the Court, the vast majority—if not all—of the discovery in this case was produced years ago. *See* Dkt. No. 544 at 2 ("The materials already produced constitute the majority—*potentially even the totality*—of the Government's current discovery obligations.") (emphasis added); Dkt. No. 556 at 1 (noting that "the Government has already produced the substantial majority of expected discovery in this case" but is unable to "yet represent that it has completed pretrial discovery"). The parties have had ample time in which to digest that material, including the oft-touted BitClub Network server, which the government produced back in March of 2020.

      The government argues there may be new Rule 16 discovery, but it is hardly new: Mr. Goettsche respectfully submits that the government's inexcusable delay in diligently executing a search of devices it seized over six years ago warrants exclusion of that evidence.[2] *See United States v. Lee*, 573 F.3d 155, 161 (3d Cir. 2009) ("When a party fails to comply with Rule 16, the

---

[2]     The government referenced "[s]everal additional devices" that it claims "were recently decrypted after years of continued password-cracking attempts by law enforcement." *See* Dkt. No. 544. That careful phrasing is intended to evoke for the Court a picture of diligent agents using every tool at their disposal until, finally, a technological breakthrough allowed them to "crack" the devices' encryption. That is counterfactual in the extreme: Not only have these devices been in the government's possession as of the date the search warrant was executed—in 2019—but the "continued password-cracking attempts" consist of nothing more than the agents' decision to finally identify and input potential passwords they have had in their custody for the full pendency of this case. *See* Dkt. No. 544 at 2; Dkt. No. 556 at 3.

      These last-ditch efforts do not satisfy the government's obligations to review and produce discovery on a rolling basis under the Court's Standing Order for Criminal Trial Scheduling and Discovery, much less the "reasonableness" requirements of the Fourth Amendment. *See United States v. Wey*, 256 F. Supp. 3d 355, 383 (S.D.N.Y. 2017) ("Although "there is no established upper limit as to when the government must review seized electronic data to determine whether the evidence falls within the scope of a warrant," courts have recognized that "the Fourth Amendment requires the government to complete its review, *i.e.*, execute the warrant, within a 'reasonable' period of time.") (citation omitted); Dkt. No. 117 (Scheduling Order). Thus, while defense counsel has engaged with the government's filter review process so as not to further delay the proceedings, Mr. Goettsche by no means concedes that any materials identified by the government will be admissible at trial.

Hon. Claire C. Cecchi
February 9, 2026
Page 3

district court is empowered to order that party to comply with the Rule, grant a continuance, exclude the evidence, or enter other just relief."). It is too cute by half to argue that because "this Court has never entered a scheduling order setting a firm deadline for pretrial discovery," *see* Dkt. No. 556 at 2, the government was excused from its obligations under Rule 16, this Court's standing orders, and the Fourth Amendment.

The government next points—shockingly—to Mr. Goettsche's desire to potentially file pretrial motions as proof that he has no genuine desire to proceed to trial. *See* Dkt. No. 556 at 4; Dkt. No. 544 at 3 n.2. Nothing could be further from the truth. While Mr. Goettsche was meaningfully engaged in plea negotiations, he consented to the exclusion of time; six years later, with those negotiations at an impasse, he is entitled to his day in court, and to a firm and reasonable trial date, even if he chooses to exercise his legal right to file appropriate pretrial motions.

In short, there is no justification for an ongoing designation of this case as complex, nor is there a statutory basis for a further exclusion of time. *See* 18 U.S.C. § 3161(h); *Zedner v. United States*, 547 U.S. 489, 500-01 (2006); *United States v. Reese*, 917 F.3d 177, 184 (3d Cir. 2019) (vacating a conviction and remanding for dismissal of the indictment due to Speedy Trial Act violation). Nor is Mr. Goettsche's interest the only one at issue: the Court must consider, and vindicate, the public's independent interest in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A) (requiring the district court to find "that the ends of justice served ... outweigh the best interest *of the public* and the defendant in a speedy trial" (emphasis added)); *Zedner*, 547 U.S. at 501 ("[The Speedy Trial] Act was designed with the public interest firmly in mind."). The case has now been pending for six years—longer than the entirety of the five-year period during which the alleged conspiracy existed.

Mr. Goettsche's position remains as it was when the government last sought a continuance: he will be ready for trial in June. The government's framing of its self-serving argument as in the best interest of "both parties" must be rejected out of hand. *See* Dkt. No. 556 at 4. The law is clear: the government neglected to diligently review and produce discovery on a rolling basis and now wishes for more time to complete that process; the government is concerned about its ability to produce "over a dozen witnesses, including experts" at an eventual trial, and the government wants more time to prepare. *See id* at 3. Unfortunately for the government, the Speedy Trial Act expressly forbids excluding time on these grounds. *See* 18 U.S.C. § 3161(h)(7)(C) ("No continuance under subparagraph (A) of this paragraph shall be granted because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government.").

At root, this request comes down to the government's apparent lack of readiness and due diligence to try the case. The answer is not, as the government would have it, a thirty-third continuance; it is, instead, for them to dismiss the indictment. Barring that, the Court should set a hearing at which the parties can present for the Court's consideration a reasonable pretrial schedule that would allow the case to be tried in June of 2026.

Hon. Claire C. Cecchi
February 9, 2026
Page 4

                              Respectfully submitted,

                              **KOBRE & KIM LLP**

                              */s/ Jessica Fender*

                              Jessica Fender
                              Jonathan D. Cogan
                              Michael Keilty
                              800 Third Avenue
                              New York, NY 10022
                              Telephone: +1 (212) 488 1200
                              jonathan.cogan@kobrekim.com
                              michael.keilty@kobrekim.com
                              jessica.fender@kobrekim.com

                              Matthew I. Menchel
                              Evelyn Baltodano Sheehan
                              201 Biscayne Blvd #1900
                              Miami, FL 33131
                              Telephone: (305) 967-6100
                              matthew.menchel@kobrekim.com
                              evelyn.sheehan@kobrekim.com

                              *Attorneys for Defendant*
                              *Matthew Goettsche*

Encl. Attachment A: Proposed Order
cc: All counsel of record (via ECF)