

**U.S. Department of Justice**

*United States Attorney's Office*
*District of New Jersey*

*970 Broad Street, 7th floor*    *973-645-2700*
*Newark, New Jersey 07102*

March 13, 2026

**VIA EMAIL**

The Honorable Claire C. Cecchi
United States District Judge
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

      Re:    *United States v. Matthew Goettsche et al.*, 19-cr-877-CCC

Dear Judge Cecchi:

      The United States submits this letter to respectfully request that this Court (1) convene a status conference in this matter as soon as possible and (2) during that status conference, conduct an inquiry pursuant to *Missouri v. Frye*, 566 U.S. 134 (2012).[1]  As the Government explained in its separate February 6, 2026 motion for the entry of a proposed scheduling order and Speedy Trial Act continuance, *see* D.E. 556, plea negotiations in this matter have terminated, and a jury trial will be required to resolve this case.  A *Frye* colloquy, however, is also required to place on the record the defendant's rejection of a plea offer previously made by the Government.

      As this Court is aware, the Supreme Court in *Frye* held that defense counsel's failure to inform and properly advise a client about a plea offer from the Government can amount to ineffective assistance.  Recognizing that this holding would create an opportunity for defendants to manipulate the process, the Court went on to suggest that trial courts consider adopting procedures to deter such mischief:

---

[1]    The Government respectfully suggests that the requested status conference would also provide this Court an opportunity to address the pending motion practice between the parties regarding pretrial scheduling and the setting of a trial date.  To be clear, however, this submission constitutes a motion distinct from the Government's pending motion for entry of a scheduling order and Speedy Trial Act continuance filed on February 6, 2026 (D.E. 556).

> The prosecution and the trial courts may adopt some measures to help ensure against late, frivolous, or fabricated claims after a later, less advantageous plea offer has been accepted or after a trial leading to conviction with resulting harsh consequences. . . . [:] formal offers can be made part of the record at any subsequent plea proceeding *or before a trial on the merits*, all to ensure that a defendant has been fully advised before those further proceedings commence.

*Id.* at 146 (emphasis added).

In this case, the Government made a formal plea offer to the defendant dated December 12, 2025, which was transmitted to defense counsel. Defense counsel subsequently notified the Government that the defendant had rejected that offer.

In light of the Supreme Court's decision in *Frye*, the Government believes it appropriate for the Court to conduct an inquiry designed to prevent the defendant from claiming that counsel failed to convey and advise him about the formal plea offer made by the Government, and to make a sufficient record that counsel fulfilled those obligations.

## Proposed Colloquy

### *Proposed Colloquy for Defense Counsel*

Specifically, the Government respectfully suggests that, after the Government sets forth on the record that the December 12, 2025 plea offer was sent to defense counsel as described above,[2] the Court ask defense counsel the following questions:

1. Did you receive a proposed plea agreement dated December 12, 2025?

2. Did you provide a copy of that proposed plea agreement to your client?

3. Did you review the proposed plea agreement with your client prior to the expiration date of the plea offer?

4. Did you have a sufficient opportunity to discuss the proposed plea agreement with your client?

5. Did your client reject the proposed plea agreement?

---

[2] To ensure compliance with the prohibition against judicial involvement in plea negotiations, *see* Fed. R. Crim. P. 11(c), the Government will not describe the terms of any plea offers.

- 3 -

6. Did you explain to your client that, at any time before the verdict, he could plead guilty to the Indictment without any plea agreement with the Government?

<u>*Proposed Colloquy for the Defendant*</u>

If defense counsel answers "yes" to each of these questions, the Government respectfully suggests that the Court address the defendant as follows:

> I am going to ask you some questions.  Do not disclose any communications with your attorney.  Do not tell me the terms of any plea offer made by the Government.  The Court is not involved in any plea negotiations, and it has no opinion regarding your decision whether to plead guilty or proceed to trial.  When I ask you these questions, please give me a yes or no answer to each question – nothing more.

1. Did you receive the proposed plea agreement dated December 12, 2025?

2. Did you have a sufficient opportunity to consult with your attorney about that proposed plea agreement?

3. Do you understand that it is exclusively your decision whether to accept or reject the proposed plea agreement, but that you should make that decision in consultation with your attorney?

4. Did you, in fact, reject the proposed plea agreement?

5. Do you also understand that, at any time before the verdict, you have the right to plead guilty to the Indictment without any plea agreement with the Government?

- 4 -

      The Government believes that this proposed procedure will effectively ferret out and ameliorate any *Frye* problems without compromising or intruding upon the attorney-client relationship.

                                  Respectfully Submitted,

                                  TODD BLANCHE
                                  U.S. Deputy Attorney General

                                  PHILIP LAMPARELLO
                                  Senior Counsel

                                  */s/ Andrew M. Trombly*
                                  _____

                                  Andrew M. Trombly
                                  Trevor A. Chenoweth
                                  Robert Taj Moore
                                  Assistant U.S. Attorneys