**UNITED STATES DISTRICT COURT**
District of New Jersey

**UNITED STATES OF AMERICA,**
Plaintiff,
v.
JOBADIAH SINCLAIR WEEKS,
Defendant.

**Criminal No.: 19-877 (CCC)**

**NOTICE AND REQUEST REGARDING INCOMPLETE RECORD AND AVAILABILITY OF PLEA COLLOQUY TRANSCRIPT**

## I. INTRODUCTION

This Notice is submitted to address the current status of the record prior to sentencing.

As set forth below, the record on which sentencing would proceed is both substantively unresolved and procedurally incomplete. In particular, (i) core evidentiary issues raised in pre-plea motions remain unresolved on the merits, and (ii) the defense has not been provided access to the transcript of the plea colloquy necessary to evaluate whether the requirements of Rule 11 were satisfied.

These conditions bear directly on the reliability and completeness of the record underlying the plea.

Under these circumstances, proceeding to sentencing would risk reliance on an incomplete and untested record.

## II. UNRESOLVED PRE-PLEA EVIDENTIARY ISSUES

Prior to the entry of the plea, the defense filed multiple motions directed at the existence, authentication, and sufficiency of the Government's evidence, including motions seeking production of underlying evidentiary materials and clarification of the Government's factual assertions.

1

The Government did not fully respond to these motions. Where it did respond, including in part at Dkt. 417, it did so only partially and without providing the underlying evidentiary materials necessary to resolve the issues raised. The Government did not identify authenticated datasets, did not produce the referenced digital records, and did not clarify the evidentiary basis for the attributed statements.

This pattern is further reflected in earlier filings. For example, the Government's detention submission (Dkt. 24) referenced supporting materials and exhibits that were not included in the filed record, and those materials have not been produced despite subsequent requests. The absence of referenced but unproduced materials further underscores that the evidentiary record, as presented, cannot be fully identified, located, or verified based on the materials available to the defense.

As a result, the central issues raised by the defense—including whether the attributed digital statements can be identified, located, or verified in any authenticated form, whether they are supported by verifiable source material, and whether the asserted theories of liability are supported by sufficient evidence—remain unresolved.

These issues were not adjudicated on the merits prior to the plea and were subsequently treated as moot. However, issues bearing directly on the existence and sufficiency of the evidentiary record are not extinguished by the entry of a plea and remain relevant to the Court's Rule 11 determination and to the integrity of the record at sentencing.

## III. AVAILABILITY OF THE PLEA COLLOQUY TRANSCRIPT

The transcript of the plea colloquy (Dkt. 551), reflecting proceedings held on November 5, 2020, was not made available on the docket until February 2, 2026, shortly before the Court's Opinion and Order.

Prior to that time, the plea colloquy was not part of the accessible record, including in connection with the Government's filings (see, e.g., Dkt. 417).

This issue was previously identified on the docket. In its April 21, 2025 Opposition (Dkt. 417), the Government expressly relied on the plea colloquy transcript as "Exhibit A," yet the filed exhibit did not contain that transcript. See Dkt. 481. As a result, the Government's submission relied on material that was not part of the record at the time. No response or correction was made prior to the Court's subsequent Opinion and Order, and the transcript was not made available on the docket until February 2, 2026 (Dkt. 551).

The timing of these events is significant. The Court's Opinion and Order was issued on February 4, 2026, two days after the transcript was first noted on the docket (Dkt. 551). As a practical matter, the defense did not have access to the plea colloquy transcript at that time. This is confirmed by the defense's subsequent request for the transcript on March 2, 2026,

2

which remains outstanding. Accordingly, the Court's ruling was issued at a time when the defense did not have meaningful access to the plea colloquy transcript necessary to evaluate or respond to the Rule 11 record.

The defense further filed a Notice of Errata (Dkt. 481) identifying record-related issues, to which no response was received from either the Government or the Court.

Following the docketing of Dkt. 551, the defense requested access to the plea colloquy transcript on March 2, 2026, but has not received the transcript to date.

The plea colloquy constitutes the core record for evaluating whether the requirements of Rule 11 were satisfied, including whether a sufficient factual basis was established and whether the plea was knowing and voluntary.

Without access to that transcript, the defense cannot meaningfully assess whether the plea rests on a reliable and complete evidentiary foundation.

## IV. RULE 11 AND RECORD INTEGRITY

Rule 11(b)(3) requires that the Court determine that a factual basis exists for the plea based on reliable evidence in the record.

That determination presupposes that:

- the evidentiary basis has been identified and is capable of verification;
- core evidentiary disputes have been resolved or addressed; and
- the defense has had a meaningful opportunity to review the record on which the plea rests.

Here, the record reflects that:

- key evidentiary issues raised in pre-plea motions remain unresolved; and
- the defense has not had access to the plea colloquy transcript necessary to evaluate the Rule 11 proceeding itself.

The Court therefore cannot proceed to sentencing on a record that is both substantively unresolved and procedurally incomplete, nor without affording the defense a meaningful opportunity to review the plea colloquy and evaluate whether the requirements of Rule 11 were satisfied.

Proceeding to sentencing under these circumstances would risk reliance on a record that has not been fully developed or tested in a manner consistent with Rule 11 and due process requirements, and would further entrench a record whose evidentiary foundation has not been resolved.

3

## V. REQUEST FOR RELIEF

The Court has already recognized the need for additional time in this matter by granting my request to adjourn sentencing. See Dkt. 567. In light of that adjournment, addressing the record issues identified above prior to the scheduling of a new sentencing date would ensure that any further proceedings are based on a complete and reliable record.

For the foregoing reasons, the defense respectfully requests that the Court:

1. Direct prompt production of the plea colloquy transcript to the defense;
2. Reopen the record to address the issues raised in the pre-plea motions, including:
    - whether the attributed digital statements can be identified, located, and verified in authenticated evidentiary materials;
    - the evidentiary basis supporting those statements; and
    - the sufficiency of the asserted theories of liability;
3. Permit appropriate supplemental submissions following review of the plea colloquy transcript and development of the record; and
4. Defer further proceedings as necessary, including sentencing-related deadlines, to allow for meaningful review and resolution of these issues.

## VI. CONCLUSION

The integrity of a guilty plea cannot rest on an undeveloped or unverified record.

Where the evidentiary record remains unresolved and the plea colloquy has not been made meaningfully available to the defense prior to sentencing, further proceedings should be deferred to ensure that the requirements of Rule 11 and due process are satisfied and that the record reflects a reliable evidentiary foundation.

**Respectfully submitted,**

/s/ Jobadiah Sinclair Weeks
Jobadiah Sinclair Weeks Defendant
Pro Se
[Address on file with Pretrial Services]
Email: silenceweeks1@gmail.com
Dated: March 26, 2026



Signed by:
Joby Weeks
87866A420DB4490...

4