

**U.S. Department of Justice**

*United States Attorney's Office*
*District of New Jersey*

---

*970 Broad Street, 7th floor*                                    *973-645-2700*
*Newark, New Jersey 07102*

April 1, 2026

Honorable Claire C. Cecchi
Martin Luther King, Jr. Federal Building
   & United States Courthouse
50 Walnut Street
Newark, New Jersey 07102

      Re:  <u>United States v. Jobadiah Sinclair Weeks</u>, 19-cr-877-3-CCC

Dear Judge Cecchi:

      The Government writes to respectfully request that this Court set a date at its earliest convenience for the defendant, Jobadiah Weeks, to be sentenced in this matter. Weeks stands before this Court having entered a knowing and voluntary plea of guilty to two federal crimes—a plea that he has since tried, through multiple rounds of meritless and dilatory litigation and motion practice, to retract. As Your Honor is aware, this Court had previously set a sentencing date that was adjourned indefinitely, presumably because of an authority-related claim brought by Weeks. In light of the subsequent appointment of Robert Frazer as United States Attorney for this District, any authority-related claim Weeks may have had (he had none) has now been resolved. The time has come, therefore, for this matter to proceed to sentencing and for Weeks to be sentenced for the serious crimes to which he has pleaded guilty.

      Specifically, on February 4, 2026, and alongside its denial of Weeks's motion for reconsideration of this Court's earlier denial of his motion to withdraw his guilty plea, Your Honor scheduled a sentencing hearing in this matter for April 16, 2026. ECF Nos. 553-54. On Friday, March 20, 2026, Weeks moved to adjourn the sentencing hearing. ECF No. 566. In his motion, Weeks argued, among other things, that "substantial concerns regarding the legality of the current leadership structure of [the United States Attorney's Office for the District of New Jersey]" presented a "substantial risk of later challenge" that warranted an adjournment.[1] <u>Id.</u> On Monday, March 23, 2026, Your Honor granted Weeks's request. ECF No. 567.

---

[1] Although the vast majority of Weeks' motion for an adjournment is directed to his authority-related claim, Weeks' motion also alludes—vaguely, and with no explanation or development—to other bases for postponement. For example, Weeks

On Monday, March 23, 2026, exercising its authority under 28 U.S.C. § 546(d), the United States District Court for the District of New Jersey appointed Robert Frazer as the United States Attorney for this District. As a result, the primary basis invoked by Weeks to delay his sentencing—that of "unresolved questions concerning the authority" of this Office "to proceed in this matter," ECF No. 566 at 1—has now been resolved beyond dispute.

The Government now respectfully requests this Court to set a new sentencing date for Weeks at this Court's earliest convenience. With United States Attorney Frazer's appointment, there is no longer even arguably any authority-related impediment to proceeding with sentencing. And as the Government has explained in prior submissions to this Court, and as this Court is by this point acutely aware, Weeks will continue to file frivolous and redundant motions in order to delay his sentencing hearing—and, therefore, to delay justice—for as long as he is allowed to do so. <u>See</u> ECF No. 547. Thus, Week's attempts at delay and distraction will not stop until he is sentenced for the crimes he committed and to which he has pleaded guilty. Indeed, Weeks's most recent filing in this matter illustrates the point. Earlier today, March 31, 2026, Weeks filed another submission directed to the sufficiency of the factual basis of his plea—a claim that this Court has already considered and rejected multiple times. <u>See</u> ECF No. 569.

---

complains—with no further explanation—about "unresolved and insufficiently verified issues concerning the financial reconstruction underlying the Presentence Investigartion Report." <u>See</u> ECF No. 566 at 1. But to the extent Weeks actually has any specific objections to the PSR, he has now had well over one year to lodge those objections in the form required by Fed. R. Crim. P. 32(f). Objections to the PSR are, if anything, a reason to accelerate sentencing, not delay it. Weeks also refers to a motion he has filed under Fed. R. Crim. P. 41(g) in the District of Colorado for the return of property lawfully held by law enforcement in that District. <u>See</u> ECF No. 566 at 4. But that property had been in law enforcement's possession for *years* before Weeks filed his motion on the eve of sentencing. And Weeks makes no attempt to explain why a Rule 41(g) motion pending in another District provides either a legal or prudential basis to delay sentencing in this matter—nor could he, because no such basis exists. In short, Weeks' motion amounts to nothing more than his latest attempt to delay sentencing on the crimes to which he has pleaded guilty.

This Court can expect an unabated stream of such meritless, redundant, and frivolous submissions by Weeks to continue until Weeks is sentenced and justice is done in this case. The Government respectfully urges this Court to set this matter for sentencing at its earliest convenience.

Respectfully submitted,

ROBERT FRAZER
United States Attorney


*/s/ Andrew M. Trombly*
Andrew M. Trombly
Trevor A. Chenoweth
Robert Taj Moore
Assistant U.S. Attorneys