

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

_____

*970 Broad Street, 7ᵗʰ floor*                          *973-645-2700*
*Newark, New Jersey 07102*                        *Fax: 973-645-2702*


May 9, 2026


Honorable Claire C. Cecchi
Martin Luther King, Jr. Federal Building
   & United States Courthouse
50 Walnut Street
Newark, New Jersey 07102

        Re:    *United States v. Matthew Brent Goettsche*
                Crim. No. 19-877

Dear Judge Cecchi:

     The Government respectfully submits this letter to supplement its February 5, 2026 motion requesting the entry of a proposed scheduling order and of an ends-of-justice continuance pursuant to 18 U.S.C. § 3161(h)(7) through November 18, 2026 (D.E. 556) (the "Motion") to accommodate an anticipated trial in this matter. In the Government's view, the Motion has remained pending since its filing, including following the April 16, 2026 in-person hearing before Your Honor, D.E. 575, 579, and further telephonic status conferences held on April 21, 2026, April 28, 2026, and May 5, 2026, D.E. 580, 581.   The Government writes to provide the Court with additional information relevant to this Court's disposition of the Motion and to the Speedy Trial Act posture of this matter, and to respectfully request that the Court now grant the Motion by entering the proposed Speedy Trial Act continuance, attached hereto, which the Government has slightly modified to extend through October 20, 2026 rather than November 18, 2026, as previously submitted, to reflect the current October 6, 2026 trial date.

-1-

## I.   Ratification

The Government now advises the Court that on May 7, 2026, Robert Frazer, United States Attorney for the District of New Jersey, ratified the following three actions the Government took in this case prior to his appointment in March 2026:

1. The Government's November 25, 2025 motion, made jointly with the defense, for a Speedy Trial Act continuance through December 26, 2025 (D.E. 523), which the Court entered on the same date (D.E. 525);

2. The Government's December 30, 2025 one-party motion for a Speedy Trial Act continuance through January 31, 2026 (D.E. 544), which the Court granted on January 5, 2026 with the defendant's consent (D.E. 545); and

3. The Motion itself, which, as noted above, remains pending.

To be clear, the Government does not believe or concede that U.S. Attorney Frazer's ratification of these actions was required to validate these motions or for any other purpose.   Nevertheless, the Government now proffers U.S. Attorney Frazer's ratification of these actions in an abundance of caution and in a continuing effort to narrow the issues before this Court in order to bring this matter to trial in October 2026.

## II.   Proposed Continuance

The Government now respectfully revives the request previously made in the Motion that this Court entering the proposed Speedy Trial Act continuance (modified to October 20, 2026, two weeks after the beginning of jury selection on October 6, 2026).   The record amply reflects the complexity of this case to support entry of the proposed continuance.   Indeed, the Government already furnished many of the circumstances rendering this case complex in the Motion itself.   *See* Motion at 2-3.   And further conferences between the Court and the parties have only made this basis even more clear.   During the April 16, 2026 status and *Frye* conference (and hearing on this Motion), for example, the parties and the Court addressed at great length the remaining motion practice, discovery, and other pretrial matters that would have to be completed before trial could proceed in this matter.   *See generally* D.E. 579 (Transcript of April 16, 2026 Conference).   This Court itself made a complex-case finding during that conference as well.   *See id.* at 36:11-37:4.   Although the parties continue to work together productively to narrow the issues requiring this Court's resolution as much as possible, this case remains complex, and the parties still require time to—among other things—complete discovery, file Rule 12 pretrial motions, exchange exhibits and expert disclosures,

and file additional motions *in limine,* if any.   In light of the complexity of this case and the remaining pretrial matters requiring completion, the Government maintains that the ends of justice are served by granting the requested continuance (which would exclude fewer than five months of additional time before trial begins) and outweigh the public's and defendant's interest in a speedy trial.

## III.    Conclusion

The Government respectfully requests that this Court grant the Motion by entering the attached proposed continuance.[1]

Respectfully submitted,

ROBERT FRAZER
United States Attorney

*/s/ Andrew M. Trombly*

By:    Andrew M. Trombly
Trevor A. Chenoweth
Robert Taj Moore
Assistant U.S. Attorneys

---

[1]    The Motion also requested the entry of a proposed scheduling order setting pretrial deadlines in anticipation of trial in this matter.   That application remains pending, and so the entry of the proposed continuance would not fully dispose of the Motion.   Nevertheless, the Government acknowledges that the scheduling-order issue remains under active discussion by the Court and the parties, and so the Government does not address that issue in this submission.