UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

United States of America,

v.

Jobadiah Sinclair Weeks,

Defendant.

Criminal No. 2:19-cr-00877-CCC

DEFENDANT'S SUPPLEMENTAL NOTICE REGARDING CONTINUING ACCESS
LIMITATIONS, FORENSIC REVIEW MATERIALS, DIGITAL ASSET ACCOUNTING
ISSUES, AND RELATED PRESERVATION MATTERS

I, Jobadiah Sinclair Weeks, respectfully submits this Supplemental Notice to preserve and
document continuing issues concerning:

(1) seized electronic-device materials;
(2) forensic extraction and review datasets;
(3) copied/exported digital-device environments;
(4) digital asset accounting;
(5) chain-of-custody and preservation issues;
(6) and continuing lack of meaningful operational access to seized digital materials.

This Notice is submitted for preservation and procedural purposes only and is relevant to
ongoing sentencing-related, appellate, Rule 41(g), and anticipated post-conviction
proceedings.

As previously recognized by this Court in its February 4, 2026 Opinion and Order (ECF No.
554), Rule 41(g) property-return proceedings must generally proceed in the district where the
property was seized. See ECF No. 554 at 9–10.  I therefore submit this Notice not to relitigate
the pending Rule 41(g) proceedings, but to preserve and document the continuing procedural,
forensic, accounting, and access-related issues associated with the seized digital environment.

The pending Rule 41(g) proceedings in the District of Colorado remain the primary vehicle
for substantive property-return and accounting relief concerning the seized digital assets and
associated materials.

1

I. GOVERNMENT OPERATIONAL CONTROL OVER EXTRACTED DEVICE DATA

Recent review of correspondence dated March–April 2021 (Exhibit A), May 2026 filter-review and production communications (Exhibits B–D), prior motions and filings on the criminal docket, and related materials materially clarifies the extent to which the Government and associated review personnel processed, copied, filtered, exported, and made operationally available for review and potential dissemination data derived from my seized devices.

The combined materials demonstrate that the Government maintained extracted and reviewable datasets derived from my seized devices, including copied/exported device-content environments, encrypted productions, and structured filter-review procedures.

As reflected in Exhibit A, already in March–April 2021 copied contents of my seized laptop and other electronic devices had been transferred onto an external hard drive utilizing FTK-related forensic imaging workflows and BitLocker-encrypted exported data environments.

The correspondence expressly stated:

> *"you should have received the copies of the hard drive for your laptop and other electronic devices seized by the government."*

The materials further reflect that copied and exported datasets existed, that extracted device-content environments were operationally accessible within the Government's review infrastructure, and that external copies of seized-device contents had already been distributed.

Exhibit B consists of May 2026 communications between me and the United States Attorney's Office concerning encrypted filter-review productions provided to me, including acknowledgment that the productions required BitLocker-compatible software and were not natively accessible on macOS systems.

The Government specifically stated:

> *"The U.S. Attorney's Office can only use BitLocker for encryption."*

Exhibit C consists of a May 19, 2026 communication from the United States Attorney's Office directed to Ernesto Cerimele, acting as designated protocol/filter counsel for me. The communication stated that the "full content" of my seized devices could potentially be produced to counsel for co-defendant Goettsche following segregation of filter materials and without further "Attachment B" review.

Exhibit D consists of May 2026 filter-review correspondence concerning the Government's extracted-data review environment. The correspondence reflects that the Government maintained a searchable dataset consisting of approximately 179,369 records, implemented structured filter-review procedures, and maintained operational mechanisms for review, export, and potential dissemination concerning the seized digital environment.

## II. CONTINUING LACK OF MEANINGFUL ACCESS

Despite the Government's demonstrated extraction, filtering, review, export, and dissemination capabilities, meaningful access to substantial portions of the seized digital materials still has not been achieved.

As reflected in the attached materials, I received BitLocker-encrypted productions in 2021 and again in 2026, yet meaningful review access remained unavailable without additional technical assistance and compatible software.

More than four years after the initial encrypted hard-drive production, meaningful access issues remain unresolved without restored operational access to the underlying seized devices or associated digital-asset environments.

At the same time, restored operational access to the originally seized computers, phones, external storage devices, and associated digital-asset environments has not been provided, and substantial forensic, custodial, and accounting questions remain unresolved.

The seized devices included or were believed to include digital asset-related materials and associated authentication infrastructure. Substantial unresolved questions nevertheless remain concerning forensic images, extracted datasets, wallet-related artifacts, dissemination history, and chain-of-custody documentation associated with the seized digital environment.

## III. PRIOR REQUESTS, MOTIONS, AND NOTICE TO THE GOVERNMENT

The present issues substantially predate the pending Rule 41(g) proceedings in the District of Colorado.

As reflected in prior filings, I repeatedly sought forensic clarification, extraction records, chain-of-custody information, digital asset accounting, and meaningful access to seized-device review materials.

The procedural record reflects that I filed, among other submissions:

   (1) discovery-related motions (ECF Nos. 402, 403, 406, 477);
   (2) motions relating to return of property (ECF Nos. 446, 448, 486); and
   (3) additional supplemental filings concerning seized digital materials and related
        records.

These filings demonstrate longstanding unresolved disputes concerning forensic access, digital asset accounting, custodial clarification, and meaningful operational access to the seized digital environment.

I additionally submitted targeted requests seeking limited access to business and financial records contained on the seized devices for purposes of preparing sentencing-related

3

submissions and reviewing financial issues referenced in the Presentence Investigation Report.

Despite these repeated requests and motions, meaningful operational access and reconciled accounting still remain unresolved.

IV. RELEVANCE TO SENTENCING, APPEAL, RULE 41(g), AND POST-CONVICTION PROCEEDINGS

The issues presented herein extend beyond simple property-return concerns and directly affect my ability to preserve and prepare sentencing-related, appellate, Rule 41(g), and anticipated post-conviction proceedings.

As reflected in the Government's own communications and disclosures, the Government obtained, processed, filtered, copied, exported, and made operationally available for review and potential dissemination substantial portions of the seized digital materials while I continue to lack meaningful access to substantial portions of the underlying seized digital ecosystem.

This lack of meaningful access was not merely theoretical. During the past seventeen months, I repeatedly sought access to seized-device contents, business records, forensic materials, extracted datasets, metadata, and digital asset-related information for purposes of:

  (1) preparing PSR objections;
  (2) sentencing-related submissions;
  (3) Rule 41(g) proceedings;
  (4) appellate preservation;
  (5) and anticipated post-conviction claims.

Despite those repeated requests, meaningful operational access to substantial portions of the seized digital environment still has not been achieved. At the same time, the Government maintained the demonstrated ability to process, filter, review, export, and make the same extracted materials operationally available within its review infrastructure and to third parties or other counsel.

This continuing imbalance materially impairs my ability to:

  (1) reconstruct and evaluate the evidentiary and forensic record;
  (2) analyze the tracing, valuation, movement, and disposition of seized digital assets;
  (3) identify potentially exculpatory, mitigating, impeachment, or reconstructive evidence; and
  (4) prepare sentencing-related, appellate, and post-conviction claims relating to evidentiary reliability, forensic handling, and digital asset accounting.

These issues are additionally relevant to the pending Rule 41(g) proceedings in the District of Colorado concerning return of property, preservation obligations, and accounting of seized digital assets.

I submit this Notice to ensure that continuing access limitations, preservation concerns, forensic-accounting issues, and evidentiary reconstruction issues associated with the seized digital environment remain clearly preserved on the record.

V. PRESERVATION AND PROCEDURAL NOTICE

This Notice is additionally submitted to preserve and document the continuing procedural and factual record concerning:

(1) forensic extraction activities;
(2) copied/exported datasets;
(3) digital asset accounting;
(4) dissemination capability;
(5) continuing access limitations;
(6) and unresolved custodial and forensic-accounting issues associated with the seized digital environment.

I respectfully request that the Court:

1.  take notice of the continuing access, accounting, forensic-review, and preservation issues described herein;
2.  permit this filing and accompanying exhibits to become part of the procedural record relevant to sentencing-related, appellate, Rule 41(g), and anticipated post-conviction proceedings;
3.  direct preservation of all forensic images, extracted datasets, exported review materials, filter-review databases, metadata, chain-of-custody records, and related materials associated with my seized electronic devices and digital assets, whether presently maintained by the Government, filter personnel, contractors, or associated review platforms;
4.  grant such other and further preservation-related relief as the Court deems appropriate.

5

EXHIBITS

The following exhibits are submitted in support of this Supplemental Notice:

Exhibit A

March–April 2021 correspondence concerning production of BitLocker-encrypted hard drive copies containing contents of seized electronic devices and related FTK/imaging references.

Exhibit B

May 2026 communications concerning encrypted filter-review productions and continuing inability to meaningfully access the produced materials.

Exhibit C

May 19, 2026 communication concerning potential production of the "full content" of my seized devices following filter-review segregation procedures.

Exhibit D

May 2026 filter-review correspondence concerning the Government's extracted-data review environment, searchable dataset structure, and review/release procedures.

Exhibit E

March 2026 request seeking limited access to business and financial records contained on seized devices for sentencing-related and PSR-related preparation.

Respectfully submitted,
/s/ Jobadiah Sinclair Weeks
Jobadiah Sinclair Weeks
Defendant, Pro Se
[Address on file with Pretrial Services]
Email: silenceweeks1@gmail.com
Dated: May 21, 2026

Signed by:
Joby Weeks
87866A420DB4490...

6