# Exhibit A

March–April 2021 Correspondence Concerning Encrypted
Hard-Drive Production and Device-Content Copies

## Description

This exhibit consists of correspondence dated March–April 2021
concerning the Government's production of BitLocker-encrypted
hard-drive copies containing contents derived from my seized
electronic devices, including references to FTK-related imaging
and exported review materials.

The correspondence reflects that copied contents of seized
devices had already been extracted and transferred onto external
review media and distributed to me.

## Purpose

This exhibit is submitted to demonstrate:

- that copied/exported datasets of seized-device contents
  existed as early as March–April 2021;
- that the Government possessed operational extraction and
  export capability concerning the seized digital environment;
- that external review copies of seized-device contents had
  already been distributed;
- and that meaningful operational access issues nevertheless
  remained unresolved despite the production.



**Joby Weeks <jobyweeks@gmail.com>**

---

## Weeks: Copy of Hard Drive of Seized Laptop
3 messages

---

**Gaugush, Simon A.** <SGaugush@carltonfields.com>                    Mon, Apr 5, 2021 at 7:14 PM
To: Joby Weeks <jobyweeks@gmail.com>
Cc: "Lambe, Samantha" <SLambe@carltonfields.com>, "Yaeger, Michael L." <MYaeger@carltonfields.com>, "Maranto, Angie S." <amaranto@carltonfields.com>

Joby,

We hope all is well.  About 10 days ago, you should have received the copies of the hard drive for your laptop and other electronic devices seized by the government.  We didn't know that your new laptop was a Mac, so that caused some unanticipated issues with conversion and viewing of the materials saved on the hard drive we sent you.  We have conferred with the Practice Tech folks at the firm, and here is what they have suggested:

·    The FTK imager for Mac software that we have linked below should work to allow you to review the materials on the hard drive using your Mac.  We have not used FTK imager before, so we are not entirely sure how effective and user friendly it will be.

·    We encrypted the hard drive with BitLocker to protect your information.  BitLocker may also cause issues when working on a Mac. We did find a driver that should allow a Mac device to access BitLocker encrypted devices.  If that works, great.  If not, we will need to find a solution.  One solution is to send the drive to you unencrypted.  This would be a personal decision on your part given that loss of the hard drive in transit would allow someone else to view the materials on it.

·    Try to access the materials on the drive we sent you using the two software programs below.  If you run into trouble we will confer with the government again about the need for the actual devices. As we have discussed previously, Matt Goettsche's attorneys have been objecting to the return of the actual devices on authentication grounds.  That has made the government overly-hesitant to return the actual devices to us.

1.  FTK imager for Mac- https://accessdata.com/product-download/mac-os-10-5-and-10-6x-version-3-1-1

2.  BitLocker driver for Mac- https://www.m3datarecovery.com/mac-bitlocker/

Let's catch up this week.



**Simon A Gaugush**
Attorney at Law

4221 W. Boy Scout Blvd., Ste. 1000
Tampa, Florida 33607-5780
Direct: 813.229.4227 | Fax: 813.229.4133
Cell: 813.860.7984

SGaugush@carltonfields.com | www.carltonfields.com

bio | vcard

**Carlton Fields is ISO 27001:2013 certified**

*Confidential: This e-mail contains a communication protected by the attorney-client privilege or constitutes work product. If you do not expect such a communication, please delete this message without reading it or any attachment and then notify the sender of this inadvertent delivery.*

---

**From:** Joby Weeks <jobyweeks@gmail.com>
**Sent:** Saturday, April 3, 2021 7:05 PM
**To:** Gaugush, Simon A. <SGaugush@carltonfields.com>
**Cc:** Lambe, Samantha <SLambe@carltonfields.com>; Yaeger, Michael L. <MYaeger@carltonfields.com>; Maranto, Angie S. <amaranto@carltonfields.com>
**Subject:** Re: Copy of Hard Drive of Seized Laptop

Hey guys

Any update on getting my computer drive? ETA?

I need it so I can do these taxes… The deadline is coming up and the government still has my stuff.

Thanks

Joby

On Mar 29, 2021, at 9:34 AM, Gaugush, Simon A. <SGaugush@carltonfields.com> wrote:

Joby,

We're working on trying to find a solution. The computer specialist who helped out with this project is out today. We'll circle back with you on Tuesday or Wednesday with some ideas.

**Simon A Gaugush**
Attorney at Law | Carlton Fields
4221 W. Boy Scout Blvd., Ste. 1000 | Tampa, Florida 33607-5780
Direct: 813.229.4227 | Fax: 813.229.4133
Cell: 813.860.7984
SGaugush@carltonfields.com

---

**From:** Joby Weeks <jobyweeks@gmail.com>
**Sent:** Friday, March 26, 2021 7:15 PM
**To:** Maranto, Angie S. <amaranto@carltonfields.com>
**Cc:** Gaugush, Simon A. <SGaugush@carltonfields.com>; Lambe, Samantha <SLambe@carltonfields.com>
**Subject:** Re: Copy of Hard Drive of Seized Laptop

Aloha team

I just tried plugging the hard drive you sent me into my computer but it says its unreadable. (Im on a Mac) I could be doing it wrong or maybe it was only formatted for a PC?

Maybe you can have the guys double check it will run on a Mac before sending over to me?

Cheers

Joby

On Mar 23, 2021, at 1:01 PM, Maranto, Angie S. <amaranto@carltonfields.com> wrote:

Joby,

On behalf of Simon Gaugush, I sent a hard drive containing the contents of the seized laptop to you via federal express to arrive tomorrow (around noon).  The hard drive is password protected.  The password is:   2021Weeks! Please do not hesitate to contact us with any questions.

<image001.png>
**Angie S. Maranto**
Legal Administrative Assistant

4221 W. Boy Scout Blvd., Ste. 1000
Tampa, Florida 33607-5780
Direct: 813.229.4985 | Fax: 813.229.4133

amaranto@carltonfields.com | www.carltonfields.com

**Carlton Fields is ISO 27001:2013 certified**

*Confidential: This e-mail contains a communication protected by the attorney-client privilege or constitutes work product. If you do not expect such a communication, please delete this message without reading it or any attachment and then notify the sender of this inadvertent delivery.*

---

**Joby Weeks** <jobyweeks@gmail.com>                    Tue, Apr 6, 2021 at 11:46 PM
To: Simon Gaugush <SGaugush@carltonfields.com>
Cc: "Lambe, Samantha" <SLambe@carltonfields.com>, "Yaeger, Michael L." <MYaeger@carltonfields.com>, "Maranto, Angie S." <amaranto@carltonfields.com>

Hey guys
I bought a new PC
I still cant open these files.
Got anyone who could walk me through on a zoom which programs to open them with?
Getting close!
Cheers
Joby

On Apr 5, 2021, at 11:14 AM, Gaugush, Simon A. <SGaugush@carltonfields.com> wrote:

Joby,

# Exhibit B

May 2026 Communications Concerning Encrypted Filter-Review Productions and Continuing Access Limitations

## Description

This exhibit consists of May 2026 communications between me and the United States Attorney's Office concerning encrypted filter-review productions provided to me, including communications acknowledging that the productions required BitLocker-compatible software and were not natively accessible on macOS systems.

The exhibit additionally includes communications concerning my inability to meaningfully open or review the produced materials in their delivered form.

## Purpose

This exhibit is submitted to demonstrate:

- continuing access limitations associated with encrypted filter-review productions;
- that meaningful operational access issues remained unresolved years after the original seizures;
- that the Government maintained ongoing production and review capability concerning extracted device materials;
- and that I continued to seek usable access to seized digital materials relevant to ongoing proceedings.

21-05-2026, 08:53                                                            Gmail - Unable to Open ZIP File on Mac

 Gmail                                                                    **Silence Weeks <silenceweeks1@gmail.com>**

---

**Unable to Open ZIP File on Mac**
2 messages

---

**Silence Weeks** <silenceweeks1@gmail.com>                                          Tue, May 19, 2026 at 9:25 PM
To: "Liquori, Francesca (USANJ)" <Francesca.Liquori3@usdoj.gov>

Dear Ms. Liquori,

Thank you for sending the hard drive.

We are currently unable to open the ZIP file on our Mac system. It appears the file may have been compressed or encrypted in a format that is not opening properly on macOS.

Could you please assist us with access to the files, or alternatively provide a Mac-compatible version of the materials.

Thank you in advance for your assistance.

Kind regards,

Jobadiah Silence Weeks

---

**Liquori, Francesca (USANJ)** <Francesca.Liquori3@usdoj.gov>                        Wed, May 20, 2026 at 7:08 PM
To: "silenceweeks1@gmail.com" <silenceweeks1@gmail.com>
Cc: Ernesto Cerimele <ernesto@klingemanlaw.com>

Good Afternoon,


The U.S. Attorney's Office can only use BitLocker for encryption. You can open a BitLocker-encrypted drive on a Mac operating system by using third-party software, such as Hasleo BitLocker Anywhere for Mac or UUByte BitLocker Geeker. Note that, since macOS does not natively support Windows BitLocker, you will need to plug in the drive, ignore the "unreadable" prompt, and enter your PIN/password in the app to mount.


As noted in our previous emails, this drive was sent to you over 30 days ago. You are now well beyond the 30-day deadline set in the filter agreement, dated March 19, 2026 and signed by you on March 20, 2026, for submitting your privilege log. You failed to alert us that you were unable to open the drive until May 19, 2026 and that was after prompting by me in my May 15, 2026 email. We will agree to an additional 15 days for you to provide your privilege log, which begins today and ends on **June 4, 2026**. **If you cannot meet this new deadline, we will deem your privilege assertions waived**.

21-05-2026, 08:53                                              Gmail - Unable to Open ZIP File on Mac

Thank you,

Francesca


**Francesca Liquori**

Assistant United States Attorney

U.S. Attorney's Office

District of New Jersey

970 Broad Street, Suite 700

Newark, NJ 07102

Desk: (973) 297-4373

Cell:   (862) 754-2335

francesca.liquori3@usdoj.gov

[Quoted text hidden]

# Exhibit C

May 19, 2026 Communication Concerning Potential Production of "Full Content" Device Materials

## Description

This exhibit consists of a May 19, 2026 communication from the United States Attorney's Office directed to Ernesto Cerimele, acting as designated protocol/filter counsel for me, concerning potential production of the "full content" of my seized devices following segregation of filter materials and without further "Attachment B" review.

## Purpose

This exhibit is submitted to demonstrate:

- that the Government maintained operational control over extracted device-content environments;
- that the Government possessed the ability to segregate, filter, and potentially disseminate extracted device materials;
- that review and dissemination procedures concerning seized-device contents existed;
- and that extracted datasets associated with my seized devices remained operationally available within the Government's review infrastructure.

21-05-2026, 08:48                                    Gmail - Fwd: BCN - Weeks, Goettsche

 Gmail                                                    **Silence Weeks <silenceweeks1@gmail.com>**

**Fwd: BCN - Weeks, Goettsche**
1 message

**Ernesto Cerimele** <ernesto@klingemanlaw.com>                      Wed, May 20, 2026 at 1:19 PM
To: Silence Weeks <silenceweeks1@gmail.com>

Joby,

Can you confirm?

Ernesto Cerimele, Esq.
Klingeman Cerimele, Attorneys
Of Counsel to Porzio, Bromberg & Newman
5 Sylvan Way, Suite 110
Parsippany, NJ
Cell: (908) 922-9630

Begin forwarded message:

> **From:** "Trombly, Andrew (USANJ)" <andrew.trombly@usdoj.gov>
> **Date:** May 19, 2026 at 11:05:24 PM EDT
> **To:** Ernesto Cerimele <ernesto@klingemanlaw.com>
> **Cc:** "Moore, Taj (USANJ)" <robert.moore3@usdoj.gov>, "Chenoweth, Trevor (USANJ)" <trevor.chenoweth@usdoj.gov>
> **Subject: BCN - Weeks, Goettsche**

Hey Ernesto,

Hope you're doing well. We're told by Rodney (counsel for Mr. Goettsche) that Mr. Weeks will not oppose the Government producing to Mr. Goettsche, for purposes of this litigation and pursuant to the PO in place, the full content of Mr. Weeks' seized devices—without any further scope/Attachment B review—following segregation of any records hitting on Mr. Weeks' filter terms.  Although we don't necessarily concede that Mr. Weeks' consent here is required (since the Government maintains that the same content is validly seized anyway under the applicable SW), could you please confirm that this is in fact Mr. Weeks' position?

Thank you,

Gmail - Fwd: BCN - Weeks, Goettsche

Drew

Andrew M. Trombly

Deputy Chief, Criminal Division

U.S. Attorney's Office for the District of New Jersey

970 Broad Street | Newark, NJ 07102

Office: 973-645-2847

Mobile: 862-754-1978

# Exhibit D

May 2026 Filter-Review Correspondence Concerning Searchable Dataset Structures and Review Procedures

**Description**

This exhibit consists of May 2026 filter-review correspondence concerning the Government's extracted-data review environment, including references to searchable datasets consisting of approximately 179,369 records, structured privilege-review procedures, and review/release mechanisms relating to seized-device materials.

**Purpose**

This exhibit is submitted to demonstrate:

- that substantial searchable extracted-data environments existed;
- that structured filter-review and privilege-review systems were operational;
- that the Government possessed the ability to search, review, segregate, export, and release extracted materials;
- and that the seized digital environment had been processed into structured review datasets suitable for operational review and dissemination procedures.

21-05-2026, 08:53                                   Gmail - US v. Weeks - letter regarding filter review

 Gmail                                                            **Silence Weeks <silenceweeks1@gmail.com>**

**US v. Weeks - letter regarding filter review**
21 messages

**Liquori, Francesca (USANJ)** <Francesca.Liquori3@usdoj.gov>                          Thu, Mar 5, 2026 at 9:15 PM
To: "silenceweeks1@gmail.com" <silenceweeks1@gmail.com>, Ernesto Cerimele <ernesto@klingemanlaw.com>

Good Afternoon,

Attached please find a letter regarding the review of potentially privileged materials relating to *US v. Goettsche et al*. **Please note the deadlines set forth on pages 3 and 4**.

Thank you,

Francesca

**Francesca Liquori**

Assistant United States Attorney

U.S. Attorney's Office

District of New Jersey

970 Broad Street, Suite 700

Newark, NJ 07102

Desk: (973) 297-4373

Cell:   (862) 754-2335

francesca.liquori3@usdoj.gov

---

📄 **March 5 Letter with Attachment.pdf**
312K

---

**Silence Weeks** <silenceweeks1@gmail.com>                                           Fri, Mar 6, 2026 at 2:05 PM
To: "Liquori, Francesca (USANJ)" <Francesca.Liquori3@usdoj.gov>
Cc: Ernesto Cerimele <ernesto@klingemanlaw.com>

Dear Ms. Liquori,

Please find attached my response to your March 5, 2026 correspondence regarding the proposed filter review.

Thank you for your attention to this matter. I look forward to your response regarding the provision of the identified materials.

Sincerely,
Jobadiah Sinclair Weeks

cc: Ernesto Cerimele, Esq.

[Quoted text hidden]

📄 **06032026 Answer Liquori Filter Team.pdf**
70K

---

**Liquori, Francesca (USANJ)** <Francesca.Liquori3@usdoj.gov>                                                          Mon, Mar 9, 2026 at 3:52 PM
To: Silence Weeks <silenceweeks1@gmail.com>, Ernesto Cerimele <ernesto@klingemanlaw.com>

Good Morning,

Please see the attached letter and note the March 13 response date.

[Quoted text hidden]

📄 **March 9 Letter to Weeks.pdf**
213K

---

**Silence Weeks** <silenceweeks1@gmail.com>                                                                          Tue, Mar 10, 2026 at 7:14 PM
To: "Liquori, Francesca (USANJ)" <Francesca.Liquori3@usdoj.gov>
Cc: Ernesto Cerimele <ernesto@klingemanlaw.com>

Dear Ms. Liquori,

Thank you for your March 9, 2026 letter regarding the proposed filter review procedure and the production of the identified materials.

I am willing to review the materials in the native load file format referenced in your letter. Before confirming the procedure outlined in the March 5 Letter to Weeks, however, I would appreciate clarification on several points relating to the scope of the materials to be provided.

First, the letter indicates that the materials total approximately 172 kilobytes, not including the data stored on the devices. Please confirm whether this dataset represents only the materials identified by the filter team as potentially privileged, or whether it includes all materials extracted from the seized devices.

Second, please confirm whether forensic extractions of the seized devices have been completed and, if so, the dates of those extractions and the forensic tools used. In particular, I would appreciate confirmation regarding the status of any extraction from the iPhone 8 referenced in the seizure inventory as the "2FA phone."

Third, please confirm whether any accompanying metadata relating to device processing, extraction logs, or hash values will be provided together with the native load file.

To the extent that additional datasets exist relating to the forensic extraction or processing of the seized devices, I would appreciate confirmation whether such materials are intended to be included in the production associated with the proposed filter review procedure.

I raise these questions only to ensure that the review process proceeds efficiently and that the scope of the materials being provided is clearly understood before the protocol is finalized.

I look forward to your response and will promptly address the proposed procedure upon receipt of the requested clarification.

Sincerely,

Jobadiah Sinclair Weeks
Pro Se Defendant

21-05-2026, 08:53

cc: Ernesto Cerimele, Esq.
Standby Counsel

[Quoted text hidden]

---

**Silence Weeks** <silenceweeks1@gmail.com>                                                    Tue, Mar 10, 2026 at 7:47 PM
To: "Liquori, Francesca (USANJ)" <Francesca.Liquori3@usdoj.gov>
Cc: Ernesto Cerimele <ernesto@klingemanlaw.com>

Dear Ms. Liquori,

Following my earlier message today, I reviewed the Memorandum of Activity prepared in connection with the Southern District of Florida search warrant.

The document states that at approximately 4:01 p.m. I consented to a search of my Facebook account, email accounts (jobyweeks@gmail.com and jobyweeks@me.com), cell phone, Telegram account, WhatsApp account, and Skype account, and that these accounts were located on the phone that had been seized earlier that day.

For ease of reference, I have attached the relevant excerpt from the Memorandum of Activity.

Could you please confirm whether any data derived from those accounts—including Facebook, Gmail, me.com, Telegram, WhatsApp, or Skype—forms part of the materials currently held by the filter team or included in the dataset referenced in your March 9 letter?

This question is simply to clarify the scope of the materials subject to the proposed filter review.

Thank you for your assistance.

Sincerely,

Jobadiah Sinclair Weeks
Pro Se Defendant

cc: Ernesto Cerimele, Esq.
Standby Counsel

[Quoted text hidden]

📄 **Filter team March 10 attachment.pdf**
122K

---

**Silence Weeks** <silenceweeks1@gmail.com>                                                    Mon, Mar 16, 2026 at 8:43 PM
To: "Liquori, Francesca (USANJ)" <Francesca.Liquori3@usdoj.gov>
Cc: Ernesto Cerimele <ernesto@klingemanlaw.com>

Dear Ms. Liquori,

I am writing to follow up on my March 10, 2026 message regarding whether any data derived from the accounts referenced in the Memorandum of Activity (Facebook, Gmail, me.com, Telegram, WhatsApp, or Skype) forms part of the materials currently held by the filter team or included in the dataset referenced in your March 9 letter.

Could you please confirm whether any such materials are included in the filter review dataset?

Thank you for your assistance.

Sincerely,

Jobadiah Sinclair Weeks
Pro Se Defendant

cc: Ernesto Cerimele, Esq.

[Quoted text hidden]

---

**Liquori, Francesca (USANJ)** <Francesca.Liquori3@usdoj.gov>                    Mon, Mar 16, 2026 at 8:46 PM
To: Silence Weeks <silenceweeks1@gmail.com>
Cc: Ernesto Cerimele <ernesto@klingemanlaw.com>

Good Afternoon,

Please see the attached letter and note the March 19 response date.

[Quoted text hidden]

📄 **March 16 Letter to Weeks.pdf**
215K

---

**Silence Weeks** <silenceweeks1@gmail.com>                                     Mon, Mar 16, 2026 at 9:19 PM
To: "Liquori, Francesca (USANJ)" <Francesca.Liquori3@usdoj.gov>

Subject: Filter Review Procedure – Response

Dear Ms. Liquori,

Thank you for your March 16, 2026 letter regarding the proposed filter review procedure.

I do not object to the entry of a Rule 502(d) order as proposed and am prepared to consent to such an order.

I also agree that a filter review procedure is appropriate in order to address potentially privileged communications contained within the datasets referenced in your March 9 and March 16 correspondence. In order to facilitate that process, I am prepared to proceed with a filter protocol, subject to clarification of several procedural points.

In particular, I request confirmation that:

1. the filter review will be conducted solely by the filter team and that materials identified as potentially privileged will not be made available to the prosecution team unless and until privilege issues are resolved;

2. any disputes concerning privilege designations may be submitted to the Court for resolution before disclosure to the prosecution team;

3. non-privileged business records contained within the datasets, including contracts, business correspondence, and other commercial documentation, may be made available to me upon completion of the filter review.

Once these procedural points are clarified, I will promptly review and execute the proposed filter agreement.

Sincerely,

Jobadiah Sinclair Weeks
Pro Se Defendant

cc: Ernesto Cerimele, Esq., Standby Counsel

[Quoted text hidden]

---

**Liquori, Francesca (USANJ)** <Francesca.Liquori3@usdoj.gov>                    Tue, Mar 17, 2026 at 3:47 PM
To: Silence Weeks <silenceweeks1@gmail.com>
Cc: Ernesto Cerimele <ernesto@klingemanlaw.com>

Good Morning,

Gmail - US v. Weeks - letter regarding filter review

Thank you for your prompt response. If you do not object to the entry of a Rule 502(d) order then there is no need for the proposed filter review procedure. Can you please consult with your standby counsel and let me know how you would like to proceed?

[Quoted text hidden]

---

**Silence Weeks** <silenceweeks1@gmail.com>                                                     Wed, Mar 18, 2026 at 3:38 PM
To: "Liquori, Francesca (USANJ)" <Francesca.Liquori3@usdoj.gov>
Cc: Ernesto Cerimele <ernesto@klingemanlaw.com>

Dear Ms. Liquori,

Thank you for your March 17, 2026 email. I do not object to entry of a Rule 502(d) order. My understanding, however, is that such an order does not by itself resolve the separate procedural issue of how potentially privileged materials will be screened before any disclosure to the prosecution team.

Accordingly, I am prepared to consent to a Rule 502(d) order, provided that potentially privileged materials remain with the filter team unless and until any privilege issues are resolved, and that disputed materials are not disclosed to the prosecution team pending such resolution.

If the government's position is that no filter protocol or equivalent screening safeguard will be used, then I do not agree that direct disclosure to the prosecution team should proceed on that basis alone.

Please let me know if the government will confirm those protections, or whether this issue should be presented to the Court.

Sincerely,
Jobadiah Sinclair Weeks

[Quoted text hidden]

---

**Ernesto Cerimele** <ernesto@klingemanlaw.com>                                                 Wed, Mar 18, 2026 at 9:54 PM
To: "Liquori, Francesca (USANJ)" <Francesca.Liquori3@usdoj.gov>, Silence Weeks <silenceweeks1@gmail.com>

Francesca,


I have conferred with Mr. Weeks about this issue. He does not consent to a waiver or the entry of the 502(d) order.  He will agree to the protocol set forth in your March 5, 2026 letter, provided that he has 30 days to review the 179,369 "records" identified in the letter. To the extent that the 179,369 "records" results in exponentially more "pages", and an adequate review cannot be completed in 30 days, Mr. Weeks reserves the right to request additional time to complete the review.


Ernesto Cerimele, Esq.

Klingeman Cerimele, Attorneys

5 Sylvan Way, Suite 110

Parsippany, NJ 07054

Cell: (908) 922-9630

klingemanlaw.com


[Quoted text hidden]

21-05-2026, 08:53                                     Gmail - US v. Weeks - letter regarding filter review

---

**Liquori, Francesca (USANJ)** <Francesca.Liquori3@usdoj.gov>                    Fri, Mar 20, 2026 at 2:22 AM
To: Ernesto Cerimele <ernesto@klingemanlaw.com>, Silence Weeks <silenceweeks1@gmail.com>

Good Evening,

Please see the attached letter and note the March 23 response date.

[Quoted text hidden]

---

📄 **March 19 Letter to Weeks.pdf**
256K

---

**Ernesto Cerimele** <ernesto@klingemanlaw.com>                                  Fri, Mar 20, 2026 at 3:04 PM
To: Francesca Liquori <Francesca.Liquori3@usdoj.gov>
Cc: Silence Weeks <silenceweeks1@gmail.com>

Francesca,

Attached please find Mr. Weeks's signature and agreement to the protocol.

21-05-2026, 08:53                                          Gmail - Unable to Open ZIP File on Mac

Thank you,

Francesca


**Francesca Liquori**

Assistant United States Attorney

U.S. Attorney's Office

District of New Jersey

970 Broad Street, Suite 700

Newark, NJ 07102

Desk: (973) 297-4373

Cell:   (862) 754-2335

francesca.liquori3@usdoj.gov

[Quoted text hidden]

21-05-2026, 08:53                                                                        Gmail - Unable to Open ZIP File on Mac

 **Gmail**                                                                          **Silence Weeks <silenceweeks1@gmail.com>**

---

**Unable to Open ZIP File on Mac**
2 messages

---

**Silence Weeks** <silenceweeks1@gmail.com>                                                 Tue, May 19, 2026 at 9:25 PM
To: "Liquori, Francesca (USANJ)" <Francesca.Liquori3@usdoj.gov>

Dear Ms. Liquori,

Thank you for sending the hard drive.

We are currently unable to open the ZIP file on our Mac system. It appears the file may have been compressed or encrypted in a format that is not opening properly on macOS.

Could you please assist us with access to the files, or alternatively provide a Mac-compatible version of the materials.

Thank you in advance for your assistance.

Kind regards,

Jobadiah Silence Weeks

---

**Liquori, Francesca (USANJ)** <Francesca.Liquori3@usdoj.gov>                                  Wed, May 20, 2026 at 7:08 PM
To: "silenceweeks1@gmail.com" <silenceweeks1@gmail.com>
Cc: Ernesto Cerimele <ernesto@klingemanlaw.com>

Good Afternoon,


The U.S. Attorney's Office can only use BitLocker for encryption. You can open a BitLocker-encrypted drive on a Mac operating system by using third-party software, such as Hasleo BitLocker Anywhere for Mac or UUByte BitLocker Geeker. Note that, since macOS does not natively support Windows BitLocker, you will need to plug in the drive, ignore the "unreadable" prompt, and enter your PIN/password in the app to mount.


As noted in our previous emails, this drive was sent to you over 30 days ago. You are now well beyond the 30-day deadline set in the filter agreement, dated March 19, 2026 and signed by you on March 20, 2026, for submitting your privilege log. You failed to alert us that you were unable to open the drive until May 19, 2026 and that was after prompting by me in my May 15, 2026 email. We will agree to an additional 15 days for you to provide your privilege log, which begins today and ends on **June 4, 2026**. <u>**If you cannot meet this new deadline, we will deem your privilege assertions waived**</u>.

---

# Exhibit E

March 2026 Request for Limited Access to Business and Financial Records Contained on Seized Devices

## Description

This exhibit consists of a March 2026 request submitted by me seeking limited access to business and financial records contained on seized electronic devices for purposes of preparing sentencing-related submissions and reviewing financial issues referenced in the Presentence Investigation Report.

The requested materials included records relating to cryptocurrency-mining hardware transactions, Bitfury-related agreements, and related business communications.

## Purpose

This exhibit is submitted to demonstrate:

- that I sought narrowly tailored and practical access to identifiable business and financial records;
- that the requests were directly connected to active sentencing-related and litigation-related issues;
- that I repeatedly sought cooperative access to seized materials through limited and targeted requests;
- and that meaningful operational access issues nevertheless remained unresolved.

 **Gmail**    **Silence Weeks <silenceweeks1@gmail.com>**

## Request for Access to Business Records Contained on Seized Devices
1 message

**Silence Weeks** <silenceweeks1@gmail.com>    Mon, Mar 16, 2026 at 9:00 PM
To: "Liquori, Francesca (USANJ)" <Francesca.Liquori3@usdoj.gov>
Cc: Ernesto Cerimele <ernesto@klingemanlaw.com>

Dear Ms. Liquori,

I am writing regarding electronic devices seized during the investigation that remain in government custody.

Those devices contain business records relevant to financial issues referenced in the Presentence Investigation Report, including contractual documentation and related records concerning cryptocurrency mining hardware transactions with third-party suppliers such as Bitfury.

In order to review materials relevant to the financial issues discussed in the PSR objections, I respectfully request access to copies of any non-privileged documents contained on the seized devices relating to:

• Bitfury hardware purchase agreements or contracts
• communications or records relating to Bitfury transactions
• documentation relating to cryptocurrency mining hardware brokerage transactions

If these materials are part of the dataset currently under filter review, please advise whether they may be produced or otherwise made available.

Thank you for your assistance.

Sincerely,

Jobadiah Sinclair Weeks
Pro Se Defendant

cc: Ernesto Cerimele, Esq.