

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Andrew M. Trombly*          *970 Broad Street, 7th floor*          *973-645-2700*
*Trevor A. Chenoweth*        *Newark, New Jersey 07102*
*Robert Taj Moore*
*Assistant United States Attorneys*

June 18, 2026

Honorable Claire C. Cecchi
United States District Judge
Martin Luther King, Jr. Federal Building
   & United States Courthouse
50 Walnut Street
Newark, New Jersey 07102

     Re:  *United States v. Matthew Brent Goettsche et al.*, Crim. No. 19-877 (CCC)

Dear Judge Cecchi:

     The Government writes in response to the motions to dismiss filed by Defendant Matthew Brent Goettsche.  D.E. 594, 595 (the "Motions").  At this time, and before electing how to respond to the Motions, the Government requests a status conference at the Court's earliest convenience to ascertain whether the currently scheduled October 6, 2026 trial date remains intact.

     The Motions raise, among other claims, a claim for dismissal of the Indictment for an asserted violation of the Speedy Trial Act.  Embedded within that claim, however, is an assertion that the Government lacked authority at the time it made an otherwise time-tolling motion under the Speedy Trial Act in February 2026.  Both the Government and this Court have warned Goettsche before that proceeding with this authority-based claim would place the October 6, 2026 trial date in jeopardy.  *See, e.g.*, April 16, 2026 Tr. 45:15-19; Sched. Order, D.E. 586.  That is especially so because, as this Court has made clear, any dismissal under the Speedy Trial Act would almost certainly be without prejudice and would, therefore, serve only to delay trial in this matter further by requiring the Government to re-indict this case.[1]  And

---

[1]    Goettsche himself has indicated that resolution of the merits underlying his authority-based Speedy Trial Act claim could require transferring this case to Chief Judge Brann.  *See* D.E. 594 at 1 n.1.  But as Goettsche surely knows, that step would likely cause significant delay for no practical effect, given the near-certainty of a without-prejudice dismissal even if dismissal were required—all this after having demanded for months a near-immediate trial date.

although this issue is hardly a close call, the Government will brief this Court more fully at the appropriate time on why any dismissal should be without prejudice.[2]

At this time, however, the Government remains committed to the October 6, 2026 trial date. To that end, and in order to both narrow the issues requiring this Court's resolution and proceed to trial as expeditiously as possible, the Government is considering responding to the Motions by asking the Court to assume, ***solely for the sake of argument and expediency and without conceding the merits***, a technical violation of the Speedy Trial Act did occur and to dismiss the Indictment on that basis—but without prejudice, allowing the Government to re-indict the case and keep this proceeding on track and on schedule. In other words, although Goettsche's authority-based claims are entirely baseless, the Government is considering forgoing litigation on the merits of those claims if doing so would preserve the October 6, 2026 trial date.

For that reason, the Government requests—before making this critical decision—a status conference at the Court's earliest convenience to verify that the October 6, 2026 trial date remains in place. If so, the Government will likely proceed in this manner with respect to the Motions. But if the trial date will be adjourned regardless, that fact would bear on the Government's decision. The Government respectfully requests that this status conference be set at the Court's earliest convenience, since a number of critical pretrial deadlines, including the exchange of exhibit lists and expert disclosures, fall over the coming weeks, leaving the parties with virtually no leeway for further scheduling adjustment between now and the October 2026 trial date.

---

[2] Even if dismissal were required under the Speedy Trial Act—it is not—any dismissal would be without prejudice, as the Court has already anticipated. Goettsche signed continuances for years in hopes of resolving the case by plea and then suddenly refused to sign continuances earlier this year while at the same time planning to file pretrial motions and requesting a trial nearly five months later in June. *See Vermont v. Brillon*, 556 U.S. 81, 90 (2009) ("[D]elay caused by the defense weighs against the defendant . . . ."). And here, the Government has consistently remained committed to proceeding to trial as soon as practicable. *See United States v. Stevenson*, 832 F.3d 412, 420 (3d Cir. 2016) (finding dismissal with prejudice inappropriate in the absence of the Government's "bad faith" or attempt to "gain some tactical advantage"). In addition, the charges involve hundreds of millions of dollars stolen from victims all over the world—they are unquestionably in the highest tiers of seriousness. *See United States v. Palmer*, 2024 WL 3952074, at *5 (D.N.J. Aug. 27, 2024) ("When the crime is serious, the court should dismiss with prejudice only for a correspondingly serious or prejudicial delay.") (citing *United States v. Cardona-Rivera*, 64 F.3d 361, 363-64 (8th Cir. 1995)).

- 3 -

The Government thanks the Court for its consideration.[3]

<div style="margin-left:50%">

Respectfully Submitted,

ROBERT FRAZER
United States Attorney

*/s/ Andrew M. Trombly*

Andrew M. Trombly
Trevor A. Chenoweth
Robert Taj Moore
Assistant U.S. Attorneys

</div>

cc:   All counsel of record (via ECF)

---

[3]   To the extent necessary, the Government respectfully requests that this submission also be construed as a motion for an extension of the deadline to file its responses to Goettsche's pretrial motions until a date to be specified by the Court in light of this submission.