COLE SCHOTZ P.C.

Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, NJ 07602-0800
201-489-3000 201-489-1536 fax

New York

Delaware

Maryland

Texas

Florida

Michael S. Weinstein
Member
Admitted in NJ and NY

Reply to New Jersey Office
Writer's Direct Line: 201.525.6321
Writer's Direct Fax: 201.678.6321
Writer's E-Mail: MWeinstein@coleschotz.com

August 27, 2026

**Via Electronic Case Filing**

Honorable Claire C. Cecchi, U.S.D.J.
United States District Court for the
District of New Jersey
50 Walnut Street-MLK Building
Courtroom 5B
Newark, NJ 07101

Re: USA v. Goettsche
Criminal No. 19-877 (CCC)

Dear Judge Cecchi:

We represent Movant Christopher Scanlon, a third-party who is not a defendant in the above-captioned matter. On July 28, 2026, this Court, upon application of the Government, Ordered Dismissal with Prejudice of all charges against Mr. Goettsche. Consequently, on July 31, 2026, Mr. Scanlon filed his Motion to Vacate Seizure Warrant ("Motion") in the above-referenced matter.[1] Government counsel was served via email on July 31, 2026.

Pursuant to District of New Jersey Local Civil Rule 7.1(c)(1), made applicable to this case through District of New Jersey Local Criminal Rule 1.1, Mr. Scanlon's Motion was made returnable by September 8, 2026, as expressly stated in the Motion. Pursuant to the Court's Local Rules and Motions Days Calendar, the Government's opposition was due no later than August 25, 2026, fourteen days prior to the Motion Day. *See* Local Rule 7.1(d)(2); https://www.njd.uscourts.gov/sites/njd/files/2026Motions.pdf. The Government was put on notice when it was served on July 31, 2026, and the Government's time to oppose has expired.

[1] The Clerk's Office confirmed that Mr. Scanlon's Motion was received by the Court on July 31, 2026, but that because it referenced an *ex parte* warrant, it would not appear on the public docket until and if the Court ruled so. That Ruling remains pending.

The Government has not opposed Mr. Scanlon's Motion[2] and has not sought an extension of time. Any opposition has been forfeited, and the Court may treat the Motion as unopposed. *See Young v. United States*, 152 F. Supp. 3d 337, 353-54 (D.N.J. 2015); *DiPaolo v. Moran*, 407 F.3d 140, 145 (3d Cir. 2005). As noted in our moving papers, the continued restraint of Mr. Scanlon's assets without any surviving legal process constitutes an ongoing deprivation of property causing continuing prejudice and harm.

WHEREFORE, Mr. Scanlon respectfully requests that this Court issue an order granting the Motion ordering that the seizure warrant is vacated, and directing the return or release of Mr. Scanlon's account at its earliest convenience, and prior to the September 8, 2026 return date.

Respectfully submitted,

COLE SCHOTZ P.C.

*/s/ Michael S. Weinstein*

Michael S. Weinstein

cc: Christopher Scanlon
USA Robert L. Frazier
AUSA Andrew Mark Trombly
AUSA Nathaniel Botwinick
AUSA Robert Taj Moore
AUSA Trevor Andrew Chenoweth

[2] Undersigned counsel confirmed with the Clerk's Office on August 26, 2026 that no opposition or request for extension had been filed.