UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Claire C. Cecchi, U.S.D.J. |
| v. | : | Crim. No. 19-877 |
| MATTHEW BRENT GOETTSCHE, | : | STIPULATION AND ORDER OF INTERLOCUTORY SALE AND |
| Defendant. | : | MODIFICATION OF POST INDICTMENT RESTRAINING ORDER |
| | : | (Getch 2021's interest in Orbesehc Industrial LLC) |

WHEREAS, on December 5, 2019, a federal grand jury in the District of New Jersey returned an Indictment charging Matthew Brent Goettsche ("Goettsche") and others with conspiracy to commit wire fraud, contrary to 18 U.S.C. § 1343, in violation of 18 U.S.C. § 1349 (Count One); and conspiracy to offer and sell unregistered securities, contrary to 15 U.S.C. §§ 77e and 77x, in violation of 18 U.S.C. § 371 (Count Two) ("Indictment");

WHEREAS, the Indictment contained a forfeiture allegation as to Count One that gave notice of the United States' intent to forfeit, upon conviction, all right, title, and interest of Goettsche in all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the wire fraud conspiracy offense, and all property traceable thereto, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c);

WHEREAS, on or about December 9, 2019, the Court entered a Post-Indictment Restraining Order restraining Goettsche and others from transferring or encumbering certain assets, as well as from taking any action

that would diminish the value of the asset ("Restraining Order"), including the following:

> Any and all ownership interest held in the name, on behalf or for the benefit of Matthew Goettsche … and/or Getch 2021 LLC in the assets of … Orbesehc Industrial LLC[1] ("Subject Asset");

WHEREAS, on or about December 9, 2019, the United States filed a Third Forfeiture Bill of Particulars alleging that the assets set forth in the Restraining Order, including the Subject Asset, are subject to forfeiture in this action pursuant to Federal Rule of Criminal Procedure 32.2(a), 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c);

WHEREAS, on or about December 9, 2019, the United States served notice upon all person and entities believed to have an interest in the Subject Asset;

WHEREAS, the United States, Goettsche, Getch 2021 LLC ("Getch"), Orbesehc Industrial, LLC ("Orbesehc"), Sdlonyer, LLC ("Sdlonyer"), and John Reynolds ("Reynolds") agree that Getch's interest in Orbesehc ("Getch's Interest") will be redeemed prior to a final adjudication on the merits; and

WHEREAS, the United States, Goettsche, Getch, Orbesehc, Sdlonyer, and Reynolds have agreed that Getch's Interest is to be redeemed before the conclusion of the forfeiture proceedings, with the net proceeds of the redemption and the Total Distributions (defined below) to be held as substitute res pending further order of this Court;

---

[1] The Parties (defined below) agree that the entity referenced as Orbesehc Industrial LLC in the Restraining Order is Orbesehc Industrial, LLC and subject to the Restraining Order.

WHEREAS, the interlocutory sale of an asset on consent, and with the Court's authorization, is authorized by 21 U.S.C. § 853(e)(1) and Fed. R. Crim. P. 32.2(b)(7) (incorporating the provisions of Rule G(7)(b)(i)-(iv) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions);

WHEREAS, 21 U.S.C. § 853(g) confers broad power upon the Court to take any action necessary to protect the interest of the United States in an asset named in an order of forfeiture; and

NOW, THEREFORE, it is hereby STIPULATED, ORDERED AND AGREED by and between the United States, by and through its counsel, Robert Frazer, United States Attorney for the District of New Jersey and Assistant United States Attorney, Nathaniel Botwinick, appearing; Goettsche, Getch, Reynolds, Orbesehc, and Sdlonyer (collectively, "Parties"):

1. Goettsche, Getch, Reynolds, Orbesehc, and Sdlonyer represent that the Amended and Restated Operating Agreement of Orbesehc Industrial, LLC (the cover page of the document refers to it as the "Amended and Restated Limited Liability Company Agreement of Orbesehc Industrial, LLC") made as of March 11, 2019, between Getch and Sdlonyer ("Operating Agreement") is in full force and effect and sets forth Sdlonyer's right to cause the redemption of Getch's Interest.

2. Goettsche, Getch, Reynolds, Orbesehc, and Sdlonyer agree that, pursuant to Section 5.05 of the Operating Agreement, Sdlonyer has the

unilateral right to cause the redemption of Getch's Interest at any time after January 31, 2024.

3. Goettsche, Getch, Reynolds, Orbesehc, and Sdlonyer agree that Sdlonyer has properly exercised its right to cause the redemption of Getch's Interest.

4. Goettsche, Getch, Reynolds, Orbesehc, and Sdlonyer agree that the price for the redemption of Getch's Interest is $3,000,000 ("Redemption Price").

5. Goettsche, Getch, Reynolds, Orbesehc, and Sdlonyer agree that: (a) pursuant to the Operating Agreement and as part of Getch's Interest in Orbesehc, from and after the Initial Monthly Distribution Date (as defined in the Operating Agreement), Getch is entitled to certain mandatory monthly distributions, which distributions equaled $12,500 per month ("Distributions"); and (b) in compliance with the Restraining Order: (i) each of the Distributions has been set aside by Orbesehc; and (ii) the Distributions are currently in a segregated bank account.

6. Goettsche, Getch, Reynolds, Orbesehc, and Sdlonyer agree that, as of June 1, 2026, the total amount of Distributions to which Getch is entitled is $887,500 ("Total Distributions").

7. Goettsche, Getch, Reynolds, Orbesehc, and Sdlonyer agree that the Redemption Price and the Total Distributions would collectively be substitute res for the Subject Asset.

8. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(g), each of the Parties agree to the interlocutory sale of Getch's Interest for the Redemption Price.

9. In furtherance of the interlocutory sale, the Parties agree to execute promptly any documents which may be required to complete the interlocutory sale of Getch's Interest for the Redemption Price.

10. The Redemption Price, all income or interest accrued thereon, and the Total Distributions shall be the substitute res for the Subject Asset. The Redemption Price and the Total Distributions shall be transferred to the United States at the closing in accordance with directions to be provided by the United States Attorney's Office, Federal Bureau of Investigation, or United States Marshals Service. The Redemption Price and the Total Distributions shall be deposited and held by the United States Marshals Service (or its designee) in the asset forfeiture fund pending further order of the Court. Following the redemption of Getch's Interest and the transfer of the Redemption Price and the Total Distributions to the United States as provided above, neither Goettsche nor Getch shall have any interest in Orbesehc, whether pursuant to Getch's Interest, or otherwise, and Reynolds, Sdlonyer, and Orbesehc shall be released from the Restraining Order and any obligations pursuant thereto, and shall be free to conduct their business without regard to the Restraining Order, the United States, Goettsche, or Getch. The Restraining Order is hereby deemed amended accordingly.

11. The substitute res shall be treated as the equivalent of the Subject Asset and all claims and defenses applicable to the Subject Asset shall apply to the substitute res. Nothing in this Stipulation shall be construed to be a waiver of any rights, claims, or interests held by Goettsche or Getch in connection with the Subject Asset.

12. Should Goettsche be convicted of the charges in the Indictment, upon the disposition of any petitions filed pursuant to 21 U.S.C. § 853, the Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n) and 18 U.S.C. § 982(b)(1), in which all interests in the substitute res will be addressed.

13. Reynolds, Orbesehc, and Sdlonyer understand and agree that they waive any rights to litigate further its interest in the Subject Asset and further pursue remission or mitigation of the forfeiture of the Subject Asset.

14. Each of the Parties agrees to bear its costs and attorneys' fees.

15. Goettsche, Getch, Reynolds, Orbesehc, and Sdlonyer are each hereby barred from asserting any claim against the United States, its departments and agencies, officers, employees, and agents, in their individual and official capacities, in connection with or arising out of, the United States' actions against and relating to the Subject Asset.

16. Goettsche represents and warrants that he has full authority to execute this Stipulation on behalf of Getch. Reynolds represents and warrants that he has full authority to execute this Stipulation on behalf of Sdlonyer, both in the case of Sdlonyer as one of the Parties, and in the case of Sdlonyer

executing this Stipulation as the Manager of Orbesehc. The United States signatory represents that the undersigned is signing this Stipulation in his/her official capacity and that the undersigned is authorized to execute this Stipulation. Goettsche and Reynolds further represent that each of them has obtained all consents, approvals or other acts of any kind required to be obtained or done to enable them to lawfully execute this Stipulation on behalf of the relevant entity. The attorneys executing this Stipulation are not Parties to this Stipulation.

17. The United States reserves the right, in its discretion, to terminate the forfeiture at any time and release the Subject Asset. In either event, the United States shall promptly notify the other Parties of such action. A discretionary termination of forfeiture shall not be a basis for any award of attorneys' fees or costs.

18. The signature pages of this Stipulation may be executed in one or more counterparts and transmitted by facsimile or electronic means. Counterparts will be deemed an original, and all of them together will constitute the same instrument.

19. This Stipulation constitutes the complete agreement by and among the Parties and may not be amended except by written consent of the Parties.

20. This Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this Stipulation and Order.

**AGREED AND CONSENTED TO BY:**

United States of America:

Robert Frazer
United States Attorney

Jordan M. Anger
______________________________ Dated: 10/19/2026
By: ~~Nathaniel Botwinick~~ Jordan M. Anger
Assistant United States Attorney

Matthew Brent Goettsche individually:

DocuSigned by: Matthew Brent Goettsche
5DA88FFFDF6A4D8...
______________________________ Dated: 6/19/2026
Matthew Brent Goettsche
Defendant

Signed by: Rodney Villazor
D0EB7FE711A0402...
______________________________ Dated: 6/23/2026
Rodney Villazor
Counsel for defendant
Matthew Brent Goettsche

Getch 2021, LLC:

DocuSigned by: Matthew Brent Goettsche
5DA88FFFDF6A4D8...
______________________________ Dated: 6/19/2026
By: Matthew Brent Goettsche
Sole Member

Signed by: Rodney Villazor
D0EB7FE711A0402...
______________________________ Dated: 6/23/2026
Rodney Villazor, Esq.
Counsel for Getch 2021, LLC

John Reynolds individually:

Signed by:
John Reynolds
F98AD3F3AA584E7...
John Reynolds

Dated: 6/19/2026

Signed by:
Brad R. Curl
D01100326415417...
Brad R. Curl
Counsel for John Reynolds

Dated: 6/23/2026

Orbesehc Industrial, LLC:

By: Sdlonyer, LLC, Manager

By: Signed by:
John Reynolds
F98AD3F3AA584E7...
John Reynolds, Sole Member

Dated: 6/19/2026

Sdlonyer, LLC:

Signed by:
John Reynolds
F98AD3F3AA584E7...
By: John Reynolds
Sole Member

Dated: 6/19/2026

**ORDER**

Having reviewed the foregoing Stipulation and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED, AND DEGREED that the Stipulation is

SO ORDERED.

ORDERED this ______ day of ________________, 2026.

________________________________
Hon. Claire C. Cecchi, U.S.D.J.